**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Physicians Network Association, Inc., | Case No. 24-90532 (ARP) |
| Debtor.<br>Tax I.D. No. 75-2450559 | |
| In re: | Chapter 11 |
| 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC, | Case No. 24-90536 (ARP) |
| Debtor.<br>Tax I.D. No. 86-3223831 | |
| In re: | Chapter 11 |
| Alpine CA Behavioral Health HoldCo, LLC, | Case No. 24-90537 (ARP) |
| Debtor.<br>Tax I.D. No. 87-3896299 | |
| In re: | Chapter 11 |
| Behavioral Health Management Systems, LLC, | Case No. 24-90538 (ARP) |
| Debtor.<br>Tax I.D. No. 83-4002952 | |
| In re: | Chapter 11 |
| Boynton Beach Florida Behavioral Health Hospital Company, LLC, | Case No. 24-90539 (ARP) |
| Debtor.<br>Tax I.D. No. 86-3410154 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CCS-CMGC Intermediate Holdings 2, Inc. | Case No. 24-90541 (ARP) |
| Debtor. | |
| Tax I.D. No. 83-1435061 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CCS-CMGC Intermediate Holdings, Inc., | Case No. 24-90540 (ARP) |
| Debtor. | |
| Tax I.D. No. 83-1387234 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CCS-CMGC Parent Holdings, LP, | Case No. 24-90535 (ARP) |
| Debtor. | |
| Tax I.D. No. 83-1459251 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CCS-CMGC Parent GP, LLC, | Case No. 24-90534 (ARP) |
| Debtor. | |
| Tax I.D. No. 83-1412522 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CHC Companies, LLC, | Case No. 24-90542 (ARP) |
| Debtor. | |
| Tax I.D. No. 20-5114318 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Conmed Healthcare Management, LLC, | Case No. 24-90543 (ARP) |
| Debtor. | |
| Tax I.D. No. 42-1297992 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Correct Care Holdings, LLC, | Case No. 24-90544 (ARP) |
| Debtor. | |
| Tax I.D. No. 46-1501406 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Correct Care of South Carolina, LLC, | Case No. 24-90545 (ARP) |
| Debtor. | |
| Tax I.D. No. 63-1166611 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Correctional Healthcare Companies, LLC, | Case No. 24-90546 (ARP) |
| Debtor. | |
| Tax I.D. No. 27-1813172 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Correctional Healthcare Holding Company, LLC, | Case No. 24-90547 (ARP) |
| Debtor. | |
| Tax I.D. No. 46-1580164 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Harborview Center, LLC, | Case No. 24-90548 (ARP) |
| Debtor. | |
| Tax I.D. No. 83-3654233 | |

| | |
|---|---|
| In re: | Chapter 11 |
| HCS Correctional Management, LLC, | Case No. 24-90549 (ARP) |
| Debtor. | |
| Tax I.D. No. 30-0999604 | |

| | |
|---|---|
| In re:<br><br>Healthcare Professionals, LLC,<br><br>                             Debtor.<br>Tax I.D. No. 35-2416196 | Chapter 11<br><br>Case No. 24-90550 (ARP) |
| In re:<br><br>Jessamine Healthcare, LLC,<br><br>                             Debtor.<br>Tax I.D. No. 90-0580757 | Chapter 11<br><br>Case No. 24-90551 (ARP) |
| In re:<br><br>Justice Served Health Holdings, LLC,<br><br>                             Debtor.<br>Tax I.D. No. 93-3605284 | Chapter 11<br><br>Case No. 24-90552 (ARP) |
| In re:<br><br>Missouri JSH Holdco, LLC,<br><br>                             Debtor.<br>Tax I.D. No. 99-2272235 | Chapter 11<br><br>Case No. 24-90553 (ARP) |
| In re:<br><br>Missouri JSH Manager, Inc.,<br><br>                             Debtor.<br>Tax I.D. No. 99-2292676 | Chapter 11<br><br>Case No. 24-90554 (ARP) |
| In re:<br><br>Perimeter Hill RPA, LLC,<br><br>                             Debtor.<br>Tax I.D. No. 93-2014061 | Chapter 11<br><br>Case No. 24-90555 (ARP) |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath CFMG, Inc., | Case No. 24-90556 (ARP) |
| Debtor. | |
| Tax I.D. No. 46-1363407 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath Community Care Holdings, LLC, | Case No. 24-90558 (ARP) |
| Debtor. | |
| Tax I.D. No. 87-4304235 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath Community Care Management, LLC, | Case No. 24-90559 (ARP) |
| Debtor. | |
| Tax I.D. No. 87-4329332 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath Community Care Centers of Virginia, LLC, | Case No. 24-90557 (ARP) |
| Debtor. | |
| Tax I.D. No. 86-3398769 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath Education, LLC, | Case No. 24-90560 (ARP) |
| Debtor. | |
| Tax I.D. No. 30-0100814 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath Group Holdings, LLC, | Case No. 24-90561 (ARP) |
| Debtor. | |
| Tax I.D. No. 27-3482253 | |

| | |
|---|---|
| In re:<br><br>Wellpath Holdings, Inc.,<br><br>                            Debtor.<br>Tax I.D. No. 83-1316669 | Chapter 11<br><br>Case No. 24-90533 (ARP) |
| In re:<br><br>Wellpath Hospital Holding Company, LLC,<br><br>                            Debtor.<br>Tax I.D. No. 86-3177119 | Chapter 11<br><br>Case No. 24-90562 (ARP) |
| In re:<br><br>Wellpath LLC,<br><br>                            Debtor.<br>Tax I.D. No. 32-0092573 | Chapter 11<br><br>Case No. 24-90563 (ARP) |
| In re:<br><br>Wellpath Management, Inc.,<br><br>                            Debtor.<br>Tax I.D. No. 46-1365058 | Chapter 11<br><br>Case No. 24-90564 (ARP) |
| In re:<br><br>Wellpath Recovery Solutions, LLC,<br><br>                            Debtor.<br>Tax I.D. No. 65-0749307 | Chapter 11<br><br>Case No. 24-90565 (ARP) |
| In re:<br><br>Wellpath SF Holdco, LLC,<br><br>                            Debtor.<br>Tax I.D. No. 99-2418460 | Chapter 11<br><br>Case No. 24-90566 (ARP) |

6

| | |
|---|---|
| In re:<br><br>WHC, LLC,<br><br>                Debtor.<br>Tax I.D. No. 88-2673631 | Chapter 11<br><br>Case No. 24-90567 (ARP) |
| In re:<br><br>WPMed, LLC,<br><br>                Debtor.<br>Tax I.D. No. 52-1530272 | Chapter 11<br><br>Case No. 24-90568 (ARP) |
| In re:<br><br>Zenova Management, LLC,<br><br>                Debtor.<br>Tax I.D. No. 93-4088609 | Chapter 11<br><br>Case No. 24-90569 (ARP) |
| In re:<br><br>Zenova Telehealth, LLC,<br><br>                Debtor.<br>Tax I.D. No. 93-4088427 | Chapter 11<br><br>Case No. 24-90570 (ARP) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

<div style="border:1px solid">

**Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on November 12, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November 12, 2024, at 5:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

</div>

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this emergency motion (this "<u>Motion</u>"):[1]

<u>**Relief Requested**</u>

1.      By this Motion, and pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rules 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>"), the Debtors seek entry of an order,

---

[1]   The facts and circumstances supporting this Motion are set forth in the *Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

substantially in the form annexed hereto (the "Order"), directing the joint administration of these chapter 11 cases for procedural purposes only.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for all of these chapter 11 cases under the case of *Wellpath Holdings, Inc., et al*., Case No. 24-90533, and that the cases be administered under a consolidated caption, as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

---

2.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each Debtor's chapter 11 case (other than the chapter 11 case of Wellpath Holdings, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of this chapter 11 case solely for procedural purposes with the chapter 11 cases of Physicians Network Association, Inc.,

901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC, Alpine CA Behavioral Health HoldCo, LLC, Behavioral Health Management Systems, LLC, Boynton Beach Florida Behavioral Health Hospital Company, LLC, CCS-CMGC Intermediate Holdings 2, Inc., CCS-CMGC Intermediate Holdings, Inc., CCS-CMGC Parent Holdings, LP, CCS-CMGC Parent GP, LLC, CHC Companies, LLC, Conmed Healthcare Management, LLC, Correct Care Holdings, LLC, Correct Care of South Carolina, LLC, Correctional Healthcare Companies, LLC, Correctional Healthcare Holding Company, LLC, Harborview Center, LLC, HCS Correctional Management, LLC, Healthcare Professionals, LLC, Jessamine Healthcare, LLC, Justice Served Health Holdings, LLC, Missouri JSH Holdco, LLC, Missouri JSH Manager, Inc., Perimeter Hill RPA, LLC, Wellpath CFMG, Inc., Wellpath Community Care Holdings, LLC, Wellpath Community Care Management, LLC, Wellpath Community Care Centers of Virginia, LLC, Wellpath Education, LLC, Wellpath Group Holdings, LLC, Wellpath Holdings, Inc., Wellpath Hospital Holding Company, LLC, Wellpath LLC, Wellpath Management, Inc., Wellpath Recovery Solutions, LLC, Wellpath SF Holdco, LLC, WHC, LLC, WPMed, LLC, Zenova Management, LLC, and Zenova Telehealth, LLC.  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-90533 (ARP).**

4.      In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

## Jurisdiction and Venue

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges, General Order 2012-6* (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

6.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

7.     Venue of these chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

8.     Wellpath is the premier provider of localized, high quality, compassionate care to vulnerable patients in challenging clinical environments.  Wellpath is the leading medical and mental health services provider in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers.  Headquartered in Nashville, Tennessee with operations in approximately 420 facilities across 39 states, Wellpath provides outsourced solutions to the correctional healthcare and behavioral healthcare industries.  Wellpath offers an array of healthcare services to its federal, state, and local government partners, including on-site medical services, telehealth and mental health programs, and pharmacy management. Wellpath employs more than 13,000 people and serves nearly 200,000 patients daily.[2]

9.     On November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committee has been appointed or designated.

## Basis for Relief

11.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  Each Debtor is an "affiliate,"

---

[2]     Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the First Day Declaration.

as that term is defined under section 101(2) of the Bankruptcy Code, of Wellpath Holdings, Inc. or one of its Debtor affiliates.  Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that Wellpath Holdings, Inc. is an affiliate of each of the other Debtors.

12.    On the Petition Date, the Debtors commenced the 39 chapter 11 cases referenced above by filing petitions for voluntary relief with the Court.   Given the provisions of the Bankruptcy Rules and the Bankruptcy Local Rules and the Debtors' affiliation with one another, joint administration of these chapter 11 cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest.  Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources.  The Debtors' financial affairs and business operations are closely related.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor and its respective estate.  The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates.  Moreover, each creditor shall still file its claim against a particular estate.  In fact, all creditors would benefit by the reduced costs that would result from the joint administration of these chapter 11 cases.  The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") would be simplified.

13.    Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.  This information is available on all of the Debtors' chapter 11 petitions.  Waiver of this

requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

14.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

15.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**<u>Emergency Consideration</u>**

16.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003.  Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003.  As set forth in this Motion and the First Day Declaration, the Debtors believe that an orderly transition into chapter 11 is critical to the viability of the Debtors' businesses, operations, and estates and that any delay in granting the relief requested herein could cause immediate and irreparable harm.  Furthermore, the failure to receive the relief requested herein during the first 21 days of these chapter 11 cases may severely impact the Debtors' restructuring at this critical juncture because, among other things, the requested relief will save costs and avoid undue administrative burden and confusion associated with separately administered cases.   Accordingly, the Debtors submit that the relief requested herein satisfies the

13

"immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**<u>Notice</u>**

17.     Notice of this Motion will be provided to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders; (d) counsel to the Ad Hoc Group; (e) counsel to the Prepetition First Lien Administrative Agent; (f) counsel to the Prepetition Second Lien Administrative Agent; (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) any party identified in section E of the Procedures for Complex Cases in the Southern District of Texas (collectively, the "<u>Notice Parties</u>").  A copy of this Motion and the Order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/Wellpath.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 12, 2024
Dallas, Texas

*/s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:          mhelt@mwe.com

-and-

Felicia Gerber Perlman (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
Jake Jumbeck (*pro hac vice* admission pending)
Carole Wurzelbacher (*pro hac vice* admission pending)
Carmen Dingman (*pro hac vice* admission pending)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:          fperlman@mwe.com
                bgiordano@mwe.com
                jjumbeck@mwe.com
                cwurzelbacher@mwe.com
                cdingman@mwe.com

-and-

Steven Z. Szanzer (*pro hac vice* admission pending)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444
Email:          sszanzer@mwe.com


*Proposed Counsel to the Debtors and Debtors in Possession*

15

### Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and accurate to the best of my knowledge, information, and belief.  This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Marcus A. Helt*
Marcus A. Helt


### Certificate of Service

I certify that, on November 12, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marcus A. Helt*
Marcus A. Helt