IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' <u>EMERGENCY</u>
MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
IMPLEMENTATION OF PROCEDURES TO MAINTAIN AND PROTECT
CONFIDENTIAL HEALTH INFORMATION AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on November 12, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on November 12, 2024, at 5:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

1

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this emergency motion (this "Motion"):[2]

### Relief Requested

1. By this Motion, and pursuant to sections 105, 107, and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") and rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form annexed hereto (the "Order"), (a) approving procedures to maintain and protect the confidential health information as required by HIPAA (as defined below) and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges,* General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

---

[2] The facts and circumstances supporting this Motion are set forth in the *Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

4.     Venue of these chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.     Wellpath is the premier provider of localized, high quality, compassionate care to vulnerable patients in challenging clinical environments. Wellpath is the leading medical and mental health services provider in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers. Headquartered in Nashville, Tennessee with operations in approximately 420 facilities across 39 states, Wellpath provides outsourced solutions to the correctional healthcare and behavioral healthcare industries. Wellpath offers an array of healthcare services to its federal, state, and local government partners, including on-site medical services, telehealth and mental health programs, and pharmacy management. Wellpath employs more than 13,000 people and serves nearly 200,000 patients daily.[3]

6.     On November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committee has been appointed or designated.

---

[3]   Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the First Day Declaration.

8. Over the past five years, the Debtors provided care to approximately 6,500,000 incarcerated or detained patients across 41 states. In the ordinary course, the Debtors experience a high turnover rate in their patient population due to their patients' various lengths of incarceration or detention (ranging from overnight stays to long-term sentences). When the Debtors provide care, the patients reside at the facility in which they are incarcerated or detained and their files maintained by the Debtors reflect such residency. However, once a patient exits a facility, the Debtors no longer have access to such patient's address or contact information. As a result, the Debtors do not have the current addresses or contact information for the numerous patients for whom the Debtors provided care but the patients are no longer incarcerated or detained at a facility.

**Confidentiality Procedures**

9. As discussed in greater detail in the First Day Declaration, the Debtors provide localized, high-quality, compassionate care to nearly 200,000 patients daily. In the course of providing their services, the Debtors collect certain individually identifiable health information for patients. The Debtors request that the Court approve the procedures set forth herein (collectively, the "Confidentiality Procedures") to balance the need to protect confidential health information pursuant to HIPAA with the need to disclose information regarding these chapter 11 cases to the public:

   a) the Debtors and Epiq Corporate Restructuring, LLC (the "Noticing and Claims Agent") may prepare and maintain (i) a separate creditor matrix of the Debtors' current and former patients (the "Patient Matrix")[4] and (ii) separate schedules of

---

[4] For the avoidance of doubt, the Debtors believe that the protections sought in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (II) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (III) Granting Related Relief* (the "Creditor Matrix Motion"), if approved, would apply to the Patient Matrix in addition to the relief requested herein.

4

      claims that may be asserted by the Debtors' current and former patients against the Debtors (the "Patient Schedules");[5]

  b) the Debtors and the Noticing and Claims Agent shall not be required to file the Patient Matrix or the Patient Schedules with the Court; instead, the Debtors and the Noticing and Claims Agent shall be allowed to file versions of the Patient Matrix and the Patient Schedules that redact confidential health information,[6] such as the names, addresses, and any unique identifying numbers (except those assigned to code the data)[7] of the current and former patients;

  c) to the extent that any paper filed or to be filed with the Court in these chapter 11 cases, including the Schedules and Statements,[8] includes confidential health information, the Debtors shall be authorized to redact the confidential health information from such filing; *provided*, *however*, that the Patient Matrix and the Patient Schedules, and any other papers filed in these chapter 11 cases from which the Debtors have redacted the confidential health information, may be reviewed by (i) the Court, (ii) the office of the U.S. Trustee for the Southern District of Texas (the "U.S. Trustee"), (iii) any applicable state regulatory agency (through the respective state attorney general),[9] and (iv) any other party in interest that obtains, after notice and a hearing, authorization from the Court, *provided*, in each case, that the recipient of such unredacted confidential health information shall not transfer or otherwise provide such unredacted confidential health information to any person or entity without a further order from the Court; and

  d) the Debtors may continue their storage and maintenance of current and former patient records in the ordinary course, including transferring or paying a third-party provider to maintain such records in the case of facility or office closure, in accordance with applicable federal and state laws and regulations.

---

[5] To the extent that a current or former patient has filed a lawsuit against the Debtors, information about the lawsuit is not confidential and would be filed with this Court.

[6] Confidential health information includes information that "[r]elates to the past, present, or future physical or mental health or condition of an individual; the provision of healthcare to an individual; or the past, present, or future payment for the provision of healthcare to an individual." 45 C.F.R. § 160.103. For the avoidance of doubt, all 18 identifiers set forth in 45 C.F.R. § 164.51(b)(2) must be removed or redacted given their classification as confidential health information.

[7] 45 C.F.R. § 164.514(b)(2)(i)(R).

[8] As defined in the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief* filed contemporaneously herewith.

[9] Under 45 C.F.R. § 164.512(f)(1)(ii), protected health information may be disclosed in response to "(A) A court order . . . issued by a judicial officer [or] (C) An administrative request . . . provided that: (1) The information sought is relevant and material to a legitimate law enforcement inquiry."

**Basis for Relief**

10. The Health Insurance Portability and Accountability Act of 1996, Public Law 104-191, the Health Information Technology for Economic and Clinical Health Act, Public Law 111-5 § 13001 *et seq.*, and their implementing regulations (collectively, "HIPAA") impose stringent standards on health care providers for the use and disclosure of individual health information and establish significant penalties for violations of these standards. *See* 42 U.S.C. § 1302d, *et seq*. and 45 C.F.R. § 164.502.

11. Because the Debtors are health care providers that transmit health information, they are considered "covered entities" under 45 C.F.R. § 160.103 and, therefore, must comply with the confidentiality requirements of HIPAA.[10] This designation prevents the Debtors from disclosing confidential health information, except in limited circumstances. *See* 45 C.F.R. § 164.502.

12. The Debtors could be subject to significant monetary penalties for the unauthorized disclosure of confidential health information. *See* 45 C.F.R. § 160.402. Under 45 C.F.R. § 160.404, monetary penalties of up to $50,000 could be imposed for each violation, up to an aggregate of $1,500,000 for identical violations occurring during a calendar year. Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. *See* 45 C.F.R. § 160.404(b)(2)(i). Further penalties may also be imposed under state privacy acts for violation of patient privacy rules. For example, California provides for civil penalties up to $2,500 per violation by a healthcare professional that

---

[10] A "business associate" includes persons who receive protected health information from a covered entity to provide management, legal, accounting, and consulting services for that covered entity. *See* 45 C.F.R. § 160.103. The Debtors have filed an application seeking to employ Noticing and Claims Agent. Because Noticing and Claims Agent has confirmed that it is compliant with and handles data in accordance with HIPAA, it will be able to compile the names and addresses of the Debtors' current and former patients to serve any necessary notices and to compile the information needed for the Patient Schedules.

negligently discloses medical information (in addition to damages paid to the patient).[11] Non-licensed persons or entities in California who knowingly or willfully disclose medical information may be liable for a civil penalty up to $25,000 per violation.[12] Similarly, Texas imposes civil penalties ranging from $5,000 to $25,000 per violation for unauthorized disclosure of protected health information.[13] In Florida, subject to limited exceptions, protected health information may not be disclosed without written authorization from the patient; violators are subject to discipline by either the state attorney general or the appropriate licensing authority for a provider.[14]

13. The Debtors recognize that the requirements to maintain confidentiality under HIPAA may conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under section 521(a)(1)(A) of the Bankruptcy Code and the duty to file schedules of assets and liabilities under section 521(a)(1)(B)(i) of the Bankruptcy Code.

14. The Debtors respectfully request that such health information be protected through the Confidentiality Procedures proposed herein pursuant to section 107(c) of the Bankruptcy Code, which provides that the Court:

> "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)  Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

---

[11] Cal. Civ. Code § 56.36 (2021).  Disclosures that are knowing or willful are subject to increased penalties.

[12] *Id.*

[13] Tex. Health & Safety Code § 5181.201.

[14] Fla. Stat. § 456.057.  The Attorney General can impose a fine up to $5,000 per violation.

> (B) Other information contained in a paper described in subparagraph (A)."

11 U.S.C. §107(c)(1); *see also* Fed. R. Bankr. P. 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation). The Debtors believe that the relief requested herein balances the need to maintain confidentiality with respect to health information under HIPAA with the need for disclosure under the Bankruptcy Code.

15. The Court also may approve the proposed Confidentiality Procedures pursuant to section 105(a) of the Bankruptcy Code, which authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The Debtors believe that the relief requested herein appropriately balances the need to maintain confidential health information under HIPAA and analogous health care data privacy laws with the need for adequate disclosure under the Bankruptcy Code. Given the nature of any information that may reveal even the identity of patients who have received healthcare services from the Debtors, confidentiality in this context is of paramount importance.

## Emergency Consideration

17. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003. Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003. As set forth in this Motion and the First Day Declaration, the Debtors believe that an orderly transition into chapter 11 is critical to the viability of the Debtors'

businesses, operations, and estates and that any delay in granting the relief requested herein could cause immediate and irreparable harm. Accordingly, the Debtors submit that the relief requested herein satisfies the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## **Reservation of Rights**

18. Nothing contained herein or any actions taken pursuant to the relief requested in this Motion is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

**Notice**

19. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders; (d) counsel to the Ad Hoc Group; (e) counsel to the Prepetition First Lien Administrative Agent; (f) counsel to the Prepetition Second Lien Administrative Agent; (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) any party identified in section E of the *Procedures for Complex Cases in the Southern District of Texas* (collectively, the "Notice Parties"). A copy of this Motion and the Order or approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/Wellpath. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 12, 2024  
Dallas, Texas

/s/ Marcus A. Helt

Marcus A. Helt (Texas Bar #24052187)  
MCDERMOTT WILL & EMERY LLP  
2501 N. Harwood Street, Suite 1900  
Dallas, Texas 75201-1664  
Telephone: (214) 295-8000  
Facsimile: (972) 232-3098  
Email: mhelt@mwe.com

-and-

Felicia Gerber Perlman (*pro hac vice* admission pending)  
Bradley Thomas Giordano (*pro hac vice* admission pending)  
Jake Jumbeck (*pro hac vice* admission pending)  
Carole Wurzelbacher (*pro hac vice* admission pending)  
Carmen Dingman (*pro hac vice* admission pending)  
MCDERMOTT WILL & EMERY LLP  
444 West Lake Street, Suite 4000  
Chicago, Illinois 60606-0029  
Telephone: (312) 372-2000  
Facsimile: (312) 984-7700  
Email: fperlman@mwe.com  
bgiordano@mwe.com  
jjumbeck@mwe.com  
cwurzelbacher@mwe.com  
cdingman@mwe.com

-and-

Steven Z. Szanzer (*pro hac vice* admission pending)  
MCDERMOTT WILL & EMERY LLP  
One Vanderbilt Avenue  
New York, New York 10017  
Telephone: (212) 547-5400  
Facsimile: (212) 547-5444  
Email: sszanzer@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and accurate to the best of my knowledge, information, and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Marcus A. Helt*
Marcus A. Helt

## Certificate of Service

I certify that, on November 12, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marcus A. Helt*
Marcus A. Helt