IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket No.** |

**ORDER (I) AUTHORIZING THE
IMPLEMENTATION OF PROCEDURES TO MAINTAIN AND
PROTECT CONFIDENTIAL HEALTH INFORMATION AS REQUIRED
BY APPLICABLE PRIVACY RULES AND (II) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) approving procedures to maintain and protect the confidentiality of health information as required by HIPAA and (b) granting related relief, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and the First Day Declaration; and this Court having held a hearing to consider the relief requested in the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized to implement the following Confidentiality Procedures to maintain and protect confidential health information in these chapter 11 cases:

    a) the Debtors and the Noticing and Claims Agent may prepare and maintain a separate Patient Matrix and separate Patient Schedules;

    b) the Debtors and the Noticing and Claims Agent shall not be required to file the Patient Matrix or the Patient Schedules with this Court; instead, the Debtors and the Noticing and Claims Agent shall be allowed to file under seal versions of the Patient Matrix and the Patient Schedules that redact confidential health information, such as the names, addresses, and any unique identifying numbers (except those assigned to code the data) of the current and former patients;

    c) to the extent that any paper filed or to be filed with this Court in these chapter 11 cases, including the Schedules and Statements, includes confidential health information, the Debtors shall be authorized to redact the confidential health information from such filing; *provided*, *however*, that the Patient Matrix and the Patient Schedules, and any other papers filed in these chapter 11 cases from which the Debtors have redacted the confidential health information, may be reviewed by (i) this Court, (ii) the U.S. Trustee, (iii) any applicable state regulatory

agency (through the respective state attorney general), and (iv) any other party in interest that obtains, after notice and a hearing, authorization from this Court, *provided*, in each case, that the recipient of such unredacted confidential health information shall not transfer or otherwise provide such unredacted confidential health information to any other person or entity without a further order from this Court; and

    d) the Debtors may continue their storage and maintenance of current and former patient records in the ordinary course, including transferring or paying a third-party provider to maintain such records in the case of facility or office closure, in accordance with applicable federal and state laws and regulations.

2. The unredacted versions of the Patient Matrix and Patient Schedules shall not be made available to any party (other than those specified in paragraph 1 of this Order) or filed on the public docket; instead, such Patient Matrix and Patient Schedules shall remain under seal until further order of this Court.

3. This Order does not apply to any information of Patients that have filed lawsuits against the Debtors, and the Debtors shall disclose information about such Patients as required under the Bankruptcy Rules.

4. The Debtors shall inform the U.S. Trustee and this Court promptly after denying, pursuant to this Order, any request for an unredacted document containing confidential health information. Nothing herein precludes a party in interest's right to file a motion requesting that this Court unseal the confidential health information redacted pursuant to this Order. The rights of all parties in these chapter 11 cases to object for any reason to the relief set forth in this Order, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

5. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

7. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024  
Houston, Texas

_____  
UNITED STATES BANKRUPTCY JUDGE