United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 12, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Physicians Network Association, Inc.,<br><br>        Debtor.<br>Tax I.D. No. 75-2450559 | Chapter 11<br><br>Case No. 24-90532 (ARP) |
| In re:<br><br>901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC,<br><br>        Debtor.<br>Tax I.D. No. 86-3223831 | Chapter 11<br><br>Case No. 24-90536 (ARP) |
| In re:<br><br>Alpine CA Behavioral Health HoldCo, LLC,<br><br>        Debtor.<br>Tax I.D. No. 87-3896299 | Chapter 11<br><br>Case No. 24-90537 (ARP) |
| In re:<br><br>Behavioral Health Management Systems, LLC,<br><br>        Debtor.<br>Tax I.D. No. 83-4002952 | Chapter 11<br><br>Case No. 24-90538 (ARP) |
| In re:<br><br>Boynton Beach Florida Behavioral Health Hospital Company, LLC,<br>        Debtor.<br>Tax I.D. No. 86-3410154 | Chapter 11<br><br>Case No. 24-90539 (ARP) |

| | |
|---|---|
| In re: | Chapter 11 |
| CCS-CMGC Intermediate Holdings 2, Inc. | Case No. 24-90541 (ARP) |
| Debtor.<br>Tax I.D. No. 83-1435061 | |
| In re: | Chapter 11 |
| CCS-CMGC Intermediate Holdings, Inc., | Case No. 24-90540 (ARP) |
| Debtor.<br>Tax I.D. No. 83-1387234 | |
| In re: | Chapter 11 |
| CCS-CMGC Parent Holdings, LP, | Case No. 24-90535 (ARP) |
| Debtor.<br>Tax I.D. No. 83-1459251 | |
| In re: | Chapter 11 |
| CCS-CMGC Parent GP, LLC, | Case No. 24-90534 (ARP) |
| Debtor.<br>Tax I.D. No. 83-1412522 | |
| In re: | Chapter 11 |
| CHC Companies, LLC, | Case No. 24-90542 (ARP) |
| Debtor.<br>Tax I.D. No. 20-5114318 | |
| In re: | Chapter 11 |
| Conmed Healthcare Management, LLC, | Case No. 24-90543 (ARP) |
| Debtor.<br>Tax I.D. No. 42-1297992 | |

2

| | |
|---|---|
| In re:<br><br>Correct Care Holdings, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 46-1501406 | Chapter 11<br><br>Case No. 24-90544 (ARP) |
| In re:<br><br>Correct Care of South Carolina, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 63-1166611 | Chapter 11<br><br>Case No. 24-90545 (ARP) |
| In re:<br><br>Correctional Healthcare Companies, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 27-1813172 | Chapter 11<br><br>Case No. 24-90546 (ARP) |
| In re:<br><br>Correctional Healthcare Holding Company, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 46-1580164 | Chapter 11<br><br>Case No. 24-90547 (ARP) |
| In re:<br><br>Harborview Center, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 83-3654233 | Chapter 11<br><br>Case No. 24-90548 (ARP) |
| In re:<br><br>HCS Correctional Management, LLC,<br><br>                       Debtor.<br>Tax I.D. No. 30-0999604 | Chapter 11<br><br>Case No. 24-90549 (ARP) |

| | |
|---|---|
| In re:<br><br>Healthcare Professionals, LLC,<br><br>                   Debtor.<br>Tax I.D. No. 35-2416196 | Chapter 11<br><br>Case No. 24-90550 (ARP) |
| In re:<br><br>Jessamine Healthcare, LLC,<br><br>                   Debtor.<br>Tax I.D. No. 90-0580757 | Chapter 11<br><br>Case No. 24-90551 (ARP) |
| In re:<br><br>Justice Served Health Holdings, LLC,<br><br>                   Debtor.<br>Tax I.D. No. 93-3605284 | Chapter 11<br><br>Case No. 24-90552 (ARP) |
| In re:<br><br>Missouri JSH Holdco, LLC,<br><br>                   Debtor.<br>Tax I.D. No. 99-2272235 | Chapter 11<br><br>Case No. 24-90553 (ARP) |
| In re:<br><br>Missouri JSH Manager, Inc.,<br><br>                   Debtor.<br>Tax I.D. No. 99-2292676 | Chapter 11<br><br>Case No. 24-90554 (ARP) |
| In re:<br><br>Perimeter Hill RPA, LLC,<br><br>                   Debtor.<br>Tax I.D. No. 93-2014061 | Chapter 11<br><br>Case No. 24-90555 (ARP) |

| | |
|---|---|
| In re: | Chapter 11 |
| Wellpath CFMG, Inc., | Case No. 24-90556 (ARP) |
| Debtor. | |
| Tax I.D. No. 46-1363407 | |
| In re: | Chapter 11 |
| Wellpath Community Care Holdings, LLC, | Case No. 24-90558 (ARP) |
| Debtor. | |
| Tax I.D. No. 87-4304235 | |
| In re: | Chapter 11 |
| Wellpath Community Care Management, LLC, | Case No. 24-90559 (ARP) |
| Debtor. | |
| Tax I.D. No. 87-4329332 | |
| In re: | Chapter 11 |
| Wellpath Community Care Centers of Virginia, LLC, | Case No. 24-90557 (ARP) |
| Debtor. | |
| Tax I.D. No. 86-3398769 | |
| In re: | Chapter 11 |
| Wellpath Education, LLC, | Case No. 24-90560 (ARP) |
| Debtor. | |
| Tax I.D. No. 30-0100814 | |
| In re: | Chapter 11 |
| Wellpath Group Holdings, LLC, | Case No. 24-90561 (ARP) |
| Debtor. | |
| Tax I.D. No. 27-3482253 | |

| | |
|---|---|
| In re:<br><br>Wellpath Holdings, Inc.,<br><br>             Debtor.<br>Tax I.D. No. 83-1316669 | Chapter 11<br><br>Case No. 24-90533 (ARP) |
| In re:<br><br>Wellpath Hospital Holding Company, LLC,<br><br>             Debtor.<br>Tax I.D. No. 86-3177119 | Chapter 11<br><br>Case No. 24-90562 (ARP) |
| In re:<br><br>Wellpath LLC,<br><br>             Debtor.<br>Tax I.D. No. 32-0092573 | Chapter 11<br><br>Case No. 24-90563 (ARP) |
| In re:<br><br>Wellpath Management, Inc.,<br><br>             Debtor.<br>Tax I.D. No. 46-1365058 | Chapter 11<br><br>Case No. 24-90564 (ARP) |
| In re:<br><br>Wellpath Recovery Solutions, LLC,<br><br>             Debtor.<br>Tax I.D. No. 65-0749307 | Chapter 11<br><br>Case No. 24-90565 (ARP) |
| In re:<br><br>Wellpath SF Holdco, LLC,<br><br>             Debtor.<br>Tax I.D. No. 99-2418460 | Chapter 11<br><br>Case No. 24-90566 (ARP) |

| | |
|---|---|
| In re:<br><br>WHC, LLC,<br><br>                                 Debtor.<br><br>Tax I.D. No. 88-2673631 | Chapter 11<br><br>Case No. 24-90567 (ARP) |
| In re:<br><br>WPMed, LLC,<br><br>                                 Debtor.<br><br>Tax I.D. No. 52-1530272 | Chapter 11<br><br>Case No. 24-90568 (ARP) |
| In re:<br><br>Zenova Management, LLC,<br><br>                                 Debtor.<br><br>Tax I.D. No. 93-4088609 | Chapter 11<br><br>Case No. 24-90569 (ARP) |
| In re:<br><br>Zenova Telehealth, LLC,<br><br>                                 Debtor.<br><br>Tax I.D. No. 93-4088427 | Chapter 11<br><br>Case No. 24-90570 (ARP) |

## ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of these chapter 11 cases for procedural purposes only and (b) granting related relief, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of*

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

7

*Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.);

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this

Court having found that it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of these chapter 11 cases and related

proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to the Notice Parties, such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and this Court having reviewed and considered the Motion and the First Day

Declaration; and this Court having held a hearing, if necessary, to consider the relief requested in

the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and the First Day Declaration and at the Hearing (if any)

establish just cause for the relief granted herein; and this Court having found that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties in interest; and this Court having determined that the relief requested in the Motion

is necessary to avoid immediate and irreparable harm to the Debtors and their estates as

contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or

asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court orders that the above referenced cases are jointly administered for

procedural purposes only and shall be jointly administered by this Court under the case number

assigned to Wellpath Holdings Inc., 24-90533 (ARP).

2.      Additionally, the following checked items are ordered:

    a.    ☒ One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

    b.    ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

    c.    ☒ Other: See below.

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of these chapter 11 cases, the Debtors, or the Debtors' estates.

4.      The caption of the jointly administered cases will read as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| In re: | Chapter 11 |
|---|---|
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

---

5.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6.      A docket entry shall be entered on the docket of each Debtor's chapter 11 case (other than the chapter 11 case of Wellpath Holdings, Inc.) substantially as follows:

An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of this chapter 11 case solely for procedural purposes with the chapter 11 cases of Physicians Network Association, Inc., 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC, Alpine CA Behavioral Health HoldCo, LLC, Behavioral Health Management Systems, LLC, Boynton Beach Florida Behavioral Health Hospital Company, LLC, CCS-CMGC Intermediate Holdings 2, Inc., CCS-CMGC Intermediate Holdings, Inc., CCS-CMGC Parent Holdings, LP, CCS-CMGC Parent GP, LLC, CHC Companies, LLC, Conmed Healthcare Management, LLC, Correct Care Holdings, LLC, Correct Care of South Carolina, LLC, Correctional Healthcare Companies, LLC, Correctional Healthcare Holding Company, LLC, Harborview Center, LLC, HCS Correctional Management, LLC, Healthcare Professionals, LLC, Jessamine Healthcare, LLC, Justice Served Health Holdings, LLC, Missouri JSH Holdco, LLC, Missouri JSH Manager, Inc., Perimeter Hill RPA, LLC, Wellpath CFMG, Inc., Wellpath Community Care Holdings, LLC, Wellpath Community Care Management, LLC, Wellpath Community Care Centers of Virginia, LLC, Wellpath Education, LLC, Wellpath Group Holdings, LLC, Wellpath Holdings, Inc., Wellpath Hospital Holding Company, LLC, Wellpath LLC, Wellpath Management, Inc., Wellpath Recovery Solutions, LLC, Wellpath SF Holdco, LLC, WHC, LLC, WPMed, LLC, Zenova Management, LLC, and Zenova Telehealth, LLC. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-90533 (ARP).**

7.      The requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived; *provided*, that the list of the Debtors in these chapter 11 cases set forth on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath shall include the last four digits of each Debtor's tax identification number.

8.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

9.      Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

11.     This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 12, 2024

_____
Alfredo R Pérez
United States Bankruptcy Judge