United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Joint Administration Requested)<br><br>**Re: Docket No.** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) AUTHORIZING SERVICE OF PARTIES IN INTEREST BY EMAIL, (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF COMMENCEMENT AND OTHER INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an Order (this "Order") (a) authorizing the Debtors to redact personal identifying information from documents filed with the Court in these chapter 11 cases (including any Creditor Matrix, Schedule, or Statement), (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information, and (c) granting related relief, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and the First Day Declaration; and this Court having held a hearing to consider the relief requested in the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors and Epiq are authorized to redact on the Creditor Matrix, Schedules and Statements, claims register, proofs of claim, or other documents filed with the Court (a) the names, email addresses, and home addresses of all individual creditors—including the Debtors' patients, employees, contract workers, former employees, vendors, and suppliers—and any individual equityholders, (b) all personally identifiable information of minors, and (c) the names, home and email addresses and other personal data of any natural person, in each case to the extent

that they are processed subject to the CCPA, CPA, CPRA, and TDPSA. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, proofs of claim, and any other filings redacted pursuant to this Order to (x) the Court, the U.S. Trustee, Epiq, counsel to the DIP Lenders, counsel to the Ad Hoc Group, and counsel to any statutory committee appointed in these chapter 11 cases and (y) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the CCPA, CPA, CPRA, and TDPSA; *provided*, in each case, that the recipient of such unredacted documents shall not transfer or otherwise provide such unredacted document to any other person or entity without a further order from this Court.

2. The Debtors shall inform the U.S. Trustee and this Court promptly after denying, pursuant to this Order, any request for an unredacted document. Nothing herein precludes a party in interest's right to file a motion requesting that this Court unseal the redacted document pursuant to this Order. The rights of all parties in these chapter 11 cases to object for any reason to the relief set forth in this Order, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

3. The Debtors are authorized, but not directed, to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix, including via email, if available.

4. As soon as practicable after entry of this Order, the Debtors shall cause the Notice of Commencement (with such changes as may be required for publication) to be published at least once in (a) *The New York Times*, *USA Today*, and *Prison Legal News* and (b) such other publications that the Debtors determine are appropriate in their business judgment. In addition, the Debtors are authorized, but not directed, to (a) distribute the Notice of Commencement to

organizations that support the Debtors' patient population (b) request that the organizations post and/or distribute the information to its members, and (c) post a copy of the Notice of Commencement to its information bulletin board accessible to its patient populations within each respective facility. This Court believes that the foregoing efforts are sufficient to ensure that current and former patients would receive constructive notice of the commencement of these chapter 11 cases and, as a result, the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(l).

5. The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved and the Debtors, through Epiq, are authorized, but not directed, to serve the Notice of Commencement on all parties listed on the Creditor Matrix. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security

interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

8. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

9. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 12, 2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

# EXHIBIT 1

### Notice of Commencement

| **Information to identify the case:** |
|---|
| Debtor:    <u>Wellpath Holdings, Inc., *et al.*</u>           EIN:  <u>83-1316669</u><br>                    Name<br><br>United States Bankruptcy Court for the Southern District of Texas<br><br>Case Number: <u>24-90533 (ARP)</u>            Date case filed for Chapter 11: <u>11/11/2024</u> |

Official Form 309F1 (For Corporations or Partnerships)

---

**Notice of Chapter 11 Bankruptcy Case**                                                                          12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines.  Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities.  This means that creditors generally may not take action to collect debts from the debtor or the debtor's property.  For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor.  Creditors cannot demand repayment from the debtor by mail, phone, or otherwise.  Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt.  A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney.  All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in**

**the case.**

1. **Debtors' full name:** <u>See chart below</u>.

   **List of Jointly Administered Cases**

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 1 | Physicians Network Association, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90532 (ARP) | 75-2450559 |
| 2 | Alpine CA Behavioral Health HoldCo, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90537 (ARP) | 87-3896299 |
| 3 | Behavioral Health Management Systems, LLC | 2120 Alpine Blvd., Alpine, CA 91901 | 24-90538 (ARP) | 83-4002952 |
| 4 | Boynton Beach Florida Behavioral Health Hospital Company, LLC | 4905 Park Ridge Blvd, Boynton Beach, FL 33426 | 24-90539 (ARP) | 86-3410154 |
| 5 | CCS-CMGC Intermediate Holdings 2, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90541 (ARP) | 83-1435061 |
| 6 | CCS-CMGC Intermediate Holdings, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90540 (ARP) | 83-1387234 |
| 7 | CCS-CMGC Parent GP, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90534 (ARP) | 83-1412522 |
| 8 | CCS-CMGC Parent Holdings, LP | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90535 (ARP) | 83-1459251 |
| 9 | CHC Companies, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90542 (ARP) | 20-5114318 |
| 10 | Conmed Healthcare Management, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90543 (ARP) | 42-1297992 |
| 11 | Correct Care Holdings, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90544 (ARP) | 46-1501406 |
| 12 | Correct Care of South Carolina, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90545 (ARP) | 63-1166611 |
| 13 | Correctional Healthcare Companies, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90546 (ARP) | 27-1813172 |
| 14 | Correctional Healthcare Holding Company, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90547 (ARP) | 46-1580164 |
| 15 | Harborview Center, LLC | 490 W 14th St, Long Beach, CA 90813 | 24-90548 (ARP) | 83-3654233 |
| 16 | HCS Correctional Management, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90549 (ARP) | 30-0999604 |
| 17 | Healthcare Professionals, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90550 (ARP) | 35-2416196 |
| 18 | Jessamine Healthcare, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90551 (ARP) | 90-0580757 |
| 19 | Justice Served Health Holdings, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90552 (ARP) | 93-3605284 |
| 20 | Missouri JSH Holdco, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90553 (ARP) | 99-2272235 |
| 21 | Missouri JSH Manager, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90554 (ARP) | 99-2292676 |
| 22 | Perimeter Hill RPA, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90555 (ARP) | 93-2014061 |
| 23 | 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC | 993 45th Street, West Palm Beach, FL 33407 | 24-90536 (ARP) | 86-3223831 |
| 24 | Wellpath CFMG, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90556 (ARP) | 46-1363407 |
| 25 | Wellpath Community Care Holdings, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90558 (ARP) | 87-4304235 |
| 26 | Wellpath Community Care Management, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90559 (ARP) | 87-4329332 |
| 27 | Wellpath Community Care Centers of Virginia, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90557 (ARP) | 86-3398769 |
| 28 | Wellpath Education, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90560 (ARP) | 30-0100814 |
| 29 | Wellpath Group Holdings, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90561 (ARP) | 27-3482253 |
| 30 | Wellpath Holdings, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90533 (ARP) | 83-1316669 |
| 31 | Wellpath Hospital Holding Company, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90562 (ARP) | 86-3177119 |

| | | | | |
|---|---|---|---|---|
| 32 | Wellpath LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90563 (ARP) | 32-0092573 |
| 33 | Wellpath Management, Inc. | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90564 (ARP) | 46-1365058 |
| 34 | Wellpath Recovery Solutions, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90565 (ARP) | 65-0749307 |
| 35 | Wellpath SF Holdco, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90566 (ARP) | 99-2418460 |
| 36 | WHC, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90567 (ARP) | 88-2673631 |
| 37 | WPMed, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90568 (ARP) | 52-1530272 |
| 38 | Zenova Management, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90569 (ARP) | 93-4088609 |
| 39 | Zenova Telehealth, LLC | 3340 Perimeter Hill Drive, Nashville, Tennessee 37211 | 24-90570 (ARP) | 93-4088427 |

**2. All other names used in the last 8 years:**

**3. Address: See chart above.**

**4. Debtors' attorneys**

**MCDERMOTT WILL & EMERY LLP**
Marcus A. Helt (Texas Bar #24052187)
845 Texas Avenue, Suite 4000
Houston, Texas 7702-1658
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
Jake Jumbeck (*pro hac vice* admission pending)
Carole Wurzelbacher (*pro hac vice* admission pending)
Carmen Dingman (*pro hac vice* admission pending)
444 West Lake Street, Suite 4000
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              bgiordano@mwe.com
              jjumbeck@mwe.com
              cwurzelbacher@mwe.com
              cdingman@mwe.com

Debtors' notice and claims agent (for court documents and case information inquiries):

**Case Website**: https://dm.epiq11.com/Wellpath

**Telephone**:    (888) 884-6182 (Toll Free)
                 +1 (503) 479-4073 (International)

Email:  wellpathinfo@epiqglobal.com

**MCDERMOTT WILL & EMERY LLP**
Steven Z. Szanzer (*pro hac vice* admission pending)
One Vanderbilt Avenue
New York, New York 10017
Telephone:    (212) 547-5400
Facsimile:    (212) 547-5444
Email:        sszanzer@mwe.com

| | | |
|---|---|---|
| **5. Bankruptcy Clerk's Office**<br><br>**Documents in this case may be filed at this address.**<br><br>**You may inspect all records** in this case at this office or online at https://pacer.uscourts.gov/. | **United States Courthouse**<br>**515 Rusk Street**<br>**Houston, TX 77002**<br><br>All documents in this case are available filed free of charge on the website of the Debtors' notice and claims agent at https://dm.epiq11.com/Wellpath | **Hours Open:  Monday – Friday**<br>**8:00 AM - 5:00 PM CT**<br>**Contact phone:  (713) 250-5500** |
| **6. Meeting of Creditors** | | |
| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so.<br><br><br>Dial in will be: 866-707-5468 / Participant Code 6166997# | Not yet set.  The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | **Location:**<br>Bob Casey United States Courthouse, Office of the United States Trustee,<br>515 Rusk, Suite 3401 Houston, Texas, 77002 |
| **7. Proof of claim deadline:** | **Deadline for filing proofs of claim:** | Not yet set. If a deadline is set, the court will send you another notice.<br><br>When Filing Proofs of Claim, claims may be sent to either address below or filed electronically via the case website: https://dm.epiq11.com/Wellpath<br><br>If by First-Class Mail:<br>Wellpath, Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420<br><br>If by Hand Delivery or Overnight Mail:<br>Wellpath, Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

|   |   |   |
|---|---|---|
|   |   | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office or on the case website at https://dm.epiq11.com/Wellpath. <br><br>Your claim will be allowed in the amount scheduled unless: <br>• Your claim is designated as *disputed*, *contingent*, or *unliquidated*; <br>• You file a proof of claim in a different amount; or <br>• You receive another notice. <br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. <br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. <br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. | **Exception to discharge deadline** | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline imposed by Federal Rule of Bankruptcy Procedure 4007(c). <br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will |

| | |
|---|---|
| | remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**If you have any questions related to this notice, please call (888) 884-6182 (toll-free for U.S.-based parties) or +1 (503) 479-4073 (for international parties), or send an email to wellpathinfo@epiqglobal.com.  You may access documents and case information free of charge at https://dm.epiq11.com/Wellpath.**