IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. You must also appear at the hearing if one is set. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, and pursuant to sections 105, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form annexed hereto (the "Order"), authorizing and establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who (a) will be retained pursuant to section 327 of the Bankruptcy Code and, if applicable, section

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

1103 of the Bankruptcy Code and (b) are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, the "Retained Professionals"). Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals be structured in accordance with the procedures described herein.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges,* General Order *2012-6* (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of these chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. Wellpath is the premier provider of localized, high quality, compassionate care to vulnerable patients in challenging clinical environments. Wellpath is the leading medical and mental health services provider in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers. Headquartered in Nashville, Tennessee with operations in approximately 420 facilities across 39 states, Wellpath provides outsourced solutions to the correctional healthcare and behavioral healthcare industries. Wellpath offers an array of healthcare services to its federal, state, and local government partners, including

on-site medical services, telehealth and mental health programs, and pharmacy management. Wellpath employs more than 13,000 people and serves nearly 200,000 patients daily.[2]

6. On November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committee has been appointed or designated.

8. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 27] entered by the Court, on November 12, 2024, in each of these chapter 11 cases.

### Retention of Professionals

9. In the near term, the Debtors intend to file applications seeking approval to employ and retain, as Retained Professionals, (a) McDermott Will & Emery, LLP, as proposed counsel to represent them in the chapter 11 cases, (b) FTI Consulting, Inc., as proposed financial advisors, (c) Lazard Frères & Co. LLC, as proposed investment banker, (d) MTS Health Partners, L.P., as proposed healthcare investment banker, and (d) McDonald Hopkins, LLC, as proposed special

---

[2] Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 20] and incorporated by reference herein.

3

counsel.  The Debtors may need to retain additional Retained Professionals in connection with the continued proceeding of the chapter 11 cases.[3]

### The Proposed Compensation Procedures

10. The Debtors believe that establishing orderly procedures for the payment of fees and reimbursement of expenses of Retained Professionals would (a) streamline the administration of the chapter 11 cases and otherwise promote efficiency for the Court, the Office of the United States Trustee for Region 7 (the "U.S. Trustee"), and all other parties in interest, (b) allow the Debtors to closely monitor the costs of administering the chapter 11 cases, (c) ensure the Debtors are maintaining an appropriate level of liquidity so as to satisfy its retention obligations, and (d) ensure the accuracy of the Debtors' forecasted cash flows.  Accordingly, the Debtors propose that the payment of compensation and reimbursement of expenses of the Retained Professionals be structured in accordance with the terms and conditions set forth in **Exhibit 1** to the Order (the "Compensation Procedures"),[4] and incorporated herein by reference.

11. Pursuant to the Compensation Procedures, Retained Professionals may file Monthly Fee Statements with the Court and serve them upon the Compensation Notice Parties (which includes the Debtor, counsel to any committee appointed in the chapter 11 cases, and the U.S. Trustee).  If no objections from the Compensation Notice Parties are received by the

---

[3] In the near term, the Debtors intend to file the *Debtors' Motion for Entry of an Order (I) Approving Procedures for the Retention and Compensation of Ordinary Course Professionals, and (II) Granting Related Relief* (the "OCP Motion").  The OCP Motion will seek authority for the Debtors to continue to retain certain professionals (the "OCPs") in the ordinary course of business on terms substantially similar to those in effect before the Petition Date.  If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submitting, filing, or serving interim or final fee applications.  As will be set forth in the OCP Motion, any OCP seeking payment of fees and disbursements exceeding the applicable monthly cap would be obligated to serve a monthly fee statement for the full amount of fees and disbursements sought for such month.  For the avoidance of doubt, the term "Retained Professionals" used herein does not include any professional retained in accordance with any order entered granting the OCP Motion.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Compensation Procedures.

applicable Retained Professional(s) within 14 days of such filing, 80% of the fees and 100% of the expenses requested by such Retained Professional(s) would be payable by the Debtors. Interim Fee Applications may be similarly filed with the Court and served on the Compensation Notice Parties every three months, through which the Retained Professionals will seek the Court's approval of the 20% holdback of their fees.

12. Finally, the Debtors request that the Court limit service of the Monthly Fee Statements and the Interim Fee Applications (and the notices thereof) to the Compensation Notice Parties and submit that establishing a streamlined process for serving and providing notice of such statements and applications is appropriate to provide the parties most active in the chapter 11 cases the opportunity to review the Retained Professionals' fees and expenses while also saving the Debtors unnecessary administration costs.

## Basis for Relief

13. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

14. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Under section 331 of the Bankruptcy Code, professionals are limited to seeking payment of fees and expenses no more than three times per year absent approval from the

5

bankruptcy court increasing such frequency. While the Bankruptcy Code remains silent as to the circumstances that may warrant such increases in frequency, "[t]he legislative history noted that the appropriate cases warranting more frequent applications include 'very large cases where the legal work is extensive.'" 3 Collier on Bankruptcy P 331.03 (16th 2023) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41–42 (1978) ("The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments.")).

15.  Finally, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . .

'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted).

16. Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases. Courts consider several factors in deciding whether to establish interim compensation procedures, including "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation); *see also In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727–30 (Bankr. D. Del. 2000) (approving interim compensation procedures because more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on the debtors' professionals, while also permitting debtors to "better manage their cash flow," and indicating that courts should consider the size of the bankruptcy case when deciding whether to establish interim compensation procedures) (citing *In re Knudsen Corp.*, 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988)).

17. Here, implementation of the proposed Compensation Procedures is justified and in the best interest of the Debtors' estates and their creditors. The proposed Compensation Procedures would (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to the chapter 11 cases, (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses, (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Statements, and (d) eliminate undue financial burdens on the Retained Professionals. Moreover, absent streamlined compensation procedures, the professional fee

application and review process could create an exceptional burden on the Debtors, the Court, the Retained Professionals, and other parties in interest. The proposed Compensation Procedures would greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial resources. Accordingly, the Debtors submit the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

18. Based on the foregoing, the Debtors respectfully submit that the Compensation Procedures are fair and reasonable and that the relief requested herein is reasonable, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

### Notice

19. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders; (d) counsel to the Ad Hoc Group; (e) counsel to the Prepetition First Lien Administrative Agent; (f) counsel to the Prepetition Second Lien Administrative Agent; (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) any party identified in section E of the Procedures for Complex Cases in the Southern District of Texas (collectively, the "Notice Parties"). A copy of this Motion and the Order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/Wellpath. Based on the

circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no other or further notice is required.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 13, 2024<br>Dallas, Texas | */s/ Marcus A. Helt*<br>Marcus A. Helt (Texas Bar #24052187)<br>MCDERMOTT WILL & EMERY LLP<br>2501 N. Harwood Street, Suite 1900<br>Dallas, Texas 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>Email: mhelt@mwe.com<br><br>-and-<br><br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>Jake Jumbeck (admitted *pro hac vice*)<br>Carole Wurzelbacher (admitted *pro hac vice*)<br>Carmen Dingman (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606-0029<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: fperlman@mwe.com<br>bgiordano@mwe.com<br>jjumbeck@mwe.com<br>cwurzelbacher@mwe.com<br>cdingman@mwe.com<br><br>-and-<br><br>Steven Z. Szanzer (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>Email: sszanzer@mwe.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**Certificate of Service**

    I certify that, on November 13, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Marcus A. Helt*
                                              Marcus A. Helt