IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-90533 (ARP) |
| | § | |
| WELLPATH HOLDINGS, INC., *et al.*,1 | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | |

NOTICE OF APPOINTMENT
OF PATIENT CARE OMBUDSMAN UNDER 11 U.S.C. § 333

TO: TO THE HONORABLE ALFREDO R. PEREZ,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas, by and through his undersigned counsel, hereby appoints **Susan Nielsen Goodman**, whose contact information is PO Box 69734, Oro Valley, Arizona 85737, (520) 744-7061, sgoodman@pivothealthaz.com as the Patient Care Ombudsman ("PCO"), pursuant to Fed. R. Bankr. P. 2007.2(c) and the Order requiring the appointment at ECF No. 1. The appointee's verified statement pursuant to Fed. R. Bankr. P. 2007.2(c) is attached as **Exhibit 1**.

Section 333(b) of the Bankruptcy Code provides that the PCO shall:

(1) monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;

(2) not later than 60 days after the date of this appointment, and not less frequently than at 60-day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and

(3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such

---

1 A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

- 1 -

determination; and

Section 333(c) of the Bankruptcy Code provides further that:

(1)  An ombudsman appointed under section 333(a) of the Bankruptcy Code shall maintain any information obtained by such ombudsman under section 333 of the Bankruptcy Code that relates to patients (including information relating to patient records) as confidential information.  Such ombudsman may not review confidential patient records unless the court approves such review in advance and imposes restrictions on such ombudsman to protect the confidentiality of such records.

Pursuant to Fed. R. Bankr. P. 2015.1:

(a)  Reports.
Unless the court orders otherwise, a patient care ombudsman, at least 14 days before making a report under § 333(b)(2) of the Code, shall give notice that the report will be made to the court, unless the court orders otherwise. The notice shall be transmitted to the United States Trustee, posted conspicuously at the health care facility that is the subject of the report, and served on the debtor, all patients, and any committee elected under § 705 or appointed under § 1102 of the Code or its authorized agent, or, if the case is chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d), and such other entities as the court may direct.  The notice shall state the date and time when the report will be made, the manner in which the report will be made, and, if the report is in writing, the name, address, telephone number, email address, and website, if any, of the person from whom a copy of the report may be obtained at the debtor's expense.

(b)  Authorization to Review Confidential Patient Records.
A motion for the health care ombudsman under § 333(c) to review confidential patient records shall be governed by Rule 9014, served on the patient and any family member or other contact person whose name and address has been given to the debtor for the purpose of providing information regarding the patient's health care, and transmitted to the United States Trustee subject to applicable nonbankruptcy law relating to patient privacy.  Unless the court orders otherwise, a hearing on the motion may be commended no earlier than 14 days after service of the motion.

The PCO will keep contemporaneous records of time and expenses in tenths (.1) hour increments and bill the estate at no more than $450.00 per hour for services rendered, $225.00 per hour for travel time, $150.00 - $450.00 per hour and for paraprofessional and professional services,

if utilized, and for reimbursement of actual and necessary expenses; and

    The PCO may, if necessary and only upon application to the Court, hire legal counsel to represent her in this case.

Dated: November 15, 2024.                                      Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
for the Southern and Western Districts of Texas

*/s/ Ha M. Nguyen*
Ha Nguyen, Trial Attorney
CA Bar #305411
FED ID NO. 3623593
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: Ha.Nguyen@usdoj.gov
Cell: 202-590-7962

## Certificate of Service

    A copy of the foregoing was served by electronic means to all parties receiving notice via ECF on the date this pleading was filed.

*/s/ Ha M. Nguyen*
Ha M. Nguyen