## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) APPROVING PROCEDURES
FOR THE RETENTION AND COMPENSATION OF ORDINARY
COURSE PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.     By this Motion, and pursuant to sections 105, 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form annexed hereto (the "Order"), approving procedures for the retention and compensation of certain professionals that the Debtors employ in the ordinary course of business (collectively,

---

[1]     A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

the "Ordinary Course Professionals"), without the submission of separate retention applications or the entry of separate retention orders for each such Ordinary Course Professional.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.     Venue of these chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.     Wellpath is the premier provider of localized, high quality, compassionate care to vulnerable patients in challenging clinical environments. Wellpath is the leading medical and mental health services provider in correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers.  Headquartered in Nashville, Tennessee with operations in approximately 420 facilities across 39 states, Wellpath provides outsourced solutions to the correctional healthcare and behavioral healthcare industries.  Wellpath offers an array of healthcare services to its federal, state, and local government partners, including on-site   medical   services,   telehealth   and   mental   health   programs,   and   pharmacy

management.  Wellpath employs more than 13,000 people and serves nearly 200,000 patients daily.[2]

6.      On the November 11, 2024 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code

7.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committee has been appointed or designated.

8.      These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>"), and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 27].

**B.      The Ordinary Course Professionals.**

9.      The Debtors employ various Ordinary Course Professionals to provide services in matters unrelated to these chapter 11 cases.  Attached hereto as **<u>Exhibit A</u>**, **<u>Exhibit B</u>**, and **<u>Exhibit C</u>** are non-exclusive lists of Ordinary Course Professionals that the Debtors employ as of the Petition Date (the "<u>Tier 1 OCP List</u>," the "<u>Tier 2 OCP List</u>," and the "<u>Tier 3 OCP List</u>," respectively, and together, the "<u>Ordinary Course Professional Lists</u>").[3]  The Debtors seek to

---

[2]   Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") [Docket No. 20].  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

[3]   Although **<u>Exhibit A</u>** and **<u>Exhibit B</u>** hereto are substantially complete, due to the breadth of issues confronting the Debtors in the normal operation of their businesses, the Debtors may have inadvertently omitted one or more Ordinary Course Professionals.  Further, the Debtors may require the services of additional Ordinary Course

continue employing such Ordinary Course Professionals in the same manner and for the same purposes as the Ordinary Course Professionals were retained before the Petition Date.  In the past, the Ordinary Course Professionals have rendered services relating to such diverse subjects as litigation, financial advisory, public affairs and lobbying, public relations, patient safety, governmental investigations, insurance, transactional work, and consulting, as well as other services for the Debtors in relation to issues that have a direct and significant impact on the Debtors' day-to-day operations.

10.     The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth in the OCP Compensation Procedures (as defined below) are in the best interests of the Debtors, their estates, and their creditors.  The Ordinary Course Professionals have a great deal of background knowledge, expertise, and familiarity with the Debtors and their operations.  Thus, the Debtors believe that the continued employment of the Ordinary Course Professionals, many of whom are already familiar with the Debtors' businesses and affairs, is necessary to avoid disruption of the Debtors' normal business operations.

11.     Furthermore, the relief requested would save the estates the substantial expense associated with applying for separate court approval for the employment of each professional.  The requested relief also would avoid the incurrence of substantial additional fees relating to the preparation and prosecution of fee applications.  Likewise, the OCP Compensation Procedures will relieve the Court and the Office of the United States Trustee for the Southern District of Texas

---

Professionals while these chapter 11 cases are active.  As the Debtors retain additional Ordinary Course Professionals during these chapter 11 cases, such professionals would comply with the practices and requirements set forth herein and the Debtors shall file a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals Lists.

4

(the "U.S. Trustee") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

12.     Accordingly, the Debtors propose that the payment of compensation and reimbursement of expenses of the Ordinary Course Professionals be structured in accordance with the terms and conditions set forth in **Exhibit 1** to the Order (the "OCP Compensation Procedures"), incorporated herein by reference.

### Basis for Relief

13.     Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons" retained to represent or perform services of the estate. 11 U.S.C. § 327.  In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, whether the entity must be retained by express approval of the court, courts generally consider whether such entity is involved in the debtor's actual restructuring effort, rather than the debtor's ongoing business operations.  *See, e.g., In re Cyrus II P'ship*, No. 05-39857, 2008 WL 3003824 at *2–3 (Bankr. S.D. Tex. July 31, 2008); *In re Lowry Graphics, Inc.*, 86 B.R. 74, 78 (Bankr. S.D. Tex. 1988); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."); *see also* 11 U.S.C. § 363(c) (permitting the debtors to "enter into transactions . . . in the ordinary course of business, without notice or a hearing").  In making this determination, courts often consider the following factors:

(a)     whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b)     whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)     whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)     whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)     the extent of the entity's involvement in the administration of the debtor's estate; and

(f)     whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See, e.g., In re First Merchants Acceptance Corp., No. 97-150 JJF, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); In re Sieling Assocs. Ltd. P'ship, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); In re Riker Indus., Inc., 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring approval, under section 327 of the Bankruptcy Code of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); In re ABC Dentistry, P.A., No. 18-3205, 2019 WL 913356, at *9 (Bankr. S.D. Tex. Feb. 21, 2019) (finding that professionals not employed as estate or committee professionals are not subject to section 327 or section 330 of the Bankruptcy Code).  The foregoing factors must be considered in their totality when determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  See First Merchs., No. 97-1500, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

14.     Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified purpose, other than to represent the trustee in conducting a case, an attorney that has represented the debtor, if in the best interest of the estate,


Professionals would provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for the retention and payment of the Ordinary Course Professionals in accordance with the Compensation Procedures and, thereby, avoid any subsequent controversy with respect thereto.

17.    The Debtors represent that (a) the retention of the Ordinary Course Professionals is necessary for the day-to-day operations of the Debtors' businesses, (b) expenses for the Ordinary Course Professionals will be monitored, and (c) the Ordinary Course Professionals will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-Ordinary Course Professional.

18.    The Debtors and their estates will be well-served by continued retention of the Ordinary Course Professionals because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues.  In light of the large number of Ordinary Course Professionals and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for Ordinary Course Professionals who would receive relatively modest fees, it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.  Therefore, the Debtors believe that it is in the best interests of the Debtors, their estates and creditors, and all parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the Compensation Procedures and, thereby, avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses.

19.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any Ordinary Course Professional hold interests materially adverse to the Debtors, their estates or creditors, or other parties in interest with respect to the matters for which they are to be employed, and thus, all of the Ordinary Course Professionals that the Debtors propose to retain meet the applicable retention requirements under section 327(e) of the Bankruptcy Code.  In any event, the Compensation Procedures include a requirement that each Ordinary Course Professional file a Declaration of Disinterestedness and be subject to a reasonable objection period before such Ordinary Course Professional can be retained and compensated.  By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

20.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.  The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates and economic stakeholders.  Accordingly, the Debtors respectfully submit that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **Reservation of Rights**

21.     Nothing contained herein or any actions taken pursuant to the relief requested in this Motion is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  The Debtors also expressly reserve their rights to contest any claims related to the Ordinary Course Professionals and the compensation thereof under applicable bankruptcy and non-bankruptcy law.  Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed as, an admission as to the amount, priority, character, or validity of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**<u>Notice</u>**

22.     Notice of this Motion will be provided to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders; (d) counsel to the Ad Hoc Group; (e) counsel to the Prepetition First Lien Administrative Agent; (f) counsel to the Prepetition Second Lien Administrative Agent; (g) the Ordinary Course Professionals, (h) the Office of the United States Attorney for the Southern District of Texas; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any party identified in section E of the Procedures for Complex Cases in the Southern District of Texas (collectively, the "<u>Notice Parties</u>").  A copy of this Motion and the Order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/Wellpath.  Based on the circumstances surrounding this Motion and the nature of the relief requested, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  November 21, 2024
Dallas, Texas

*/s/ Marcus A. Helt*

Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098
Email:          mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:      (312) 372-2000
Facsimile:      (312) 984-7700
Email:          fperlman@mwe.com
                bgiordano@mwe.com
                jjumbeck@mwe.com
                cwurzelbacher@mwe.com
                cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:      (212) 547-5400
Facsimile:      (212) 547-5444
Email:          sszanzer@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **<u>Certificate of Service</u>**

I certify that, on November 21, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

<div align="right">

*/s/ Marcus A. Helt*
Marcus A. Helt

</div>

## EXHIBIT A

### Tier 1 OCP List

| Ordinary Course Professional | Types of Matters Typically Handled |
|---|---|
| Barnes & Thornburg LLP | eDiscovery Matters |
| Deloitte & Touche LLP | Financial Auditor |
| Gordon Rees Scully Mansukhani LLP DBA Gordon & Rees LLP | Professional Liability Litigation |

## EXHIBIT B

### Tier 2 OCPs List

| Ordinary Course Professional | Types of Matters Typically Handled |
|---|---|
| Barclay Damon, LLP | Professional Liability Litigation |
| Bertling Law Group | Professional Liability Litigation |
| Billing, Cochran, Lyles, Mauro & Ramsey PA | Professional Liability Litigation |
| Burns White LLC | Professional Liability Litigation |
| Cardinale Fayard a Prof Law Corp DBA Medical Defense Law Group | Professional Liability Litigation |
| Cassiday Schade LLP | Professional Liability Litigation |
| Chapman and Associates PC DBA Chapman Law Group | Professional Liability Litigation |
| Copeland Stair Kingma Lovell LLP | Professional Liability Litigation |
| Foley, Baron, Metzger & Juip, PLLC | Professional Liability Litigation |
| Ford & Harrison, LLP | Employee Professional Liability Litigation |
| Fox Ballard PLLC | Professional Liability Litigation |
| Hall & Evans LLC | Professional Liability Litigation |
| Hardin, Jesson & Terry PLC | Professional Liability Litigation |
| Hutchinson Cox LLC | Professional Liability Litigation |
| Kopka Pinkus & Dolin PC | Professional Liability Litigation |
| Koufman Law Group, LLC | Professional Liability Litigation |
| Larry S. Davis P.A | Transaction Advisory (Legal) |
| Lewis Brisbois Bisgaard & Smith LLP | Professional Liability Litigation |
| Morrison Mahoney LLP | Professional Liability Litigation |
| Ogletree, Deakins, Nash, Smoak & Stewart P.C. | Employee Professional Liability Litigation |
| Park & Associates, LLC | Professional Liability Litigation |
| Paul Frank + Collins PC | Professional Liability Litigation |
| PricewaterhouseCoopers LLP | Australia Sale Auditor |
| Serpe, Jones, Andrews, Callender & Bell PLLC | Professional Liability Litigation |
| Seyfarth Shaw LLP | Employee Professional Liability Litigation |
| Struck Love Bojanowski & Acedo, PLC | Professional Liability Litigation |
| Teague, Campbell, Dennis, & Gorham, LLP | Professional Liability Litigation |
| Weber Gallagher Simpson Stapleton Fires & Newby LLP | Professional Liability Litigation |
| Wimbish Gentile McCray & Roeber PLLC | Professional Liability Litigation |

## EXHIBIT C

## Tier 3 OCPs List

| Ordinary Course Professional | Types of Matters Typically Handled |
|---|---|
| Adams and Reese LLP | Contract Litigation |
| Akerman LLP | HIG Litigation |
| Athene Law LLP | California Healthcare Law |
| Ausley & McMullen, PA | Contract Litigation |
| Baker Donelson LLP | Professional Liability Litigation |
| Bass Berry & Sims PLC | Healthcare Litigation |
| Blackburn Domene & Burchett, PLLC | Professional Liability Litigation |
| Buckingham, Doolittle, & Burroughs, LLC | Professional Liability Litigation |
| Bullivant Houser Bailey PC | Professional Liability Litigation |
| Cades Schutte A Ltd Liability Law Partnership LLP | Professional Liability Litigation |
| Cassem, Tierney, Adams, Gotch & Douglas | Professional Liability Litigation |
| Cauthorn Owens & Sanders, LLP | Contract Litigation |
| Crowe LLC | Risk Auditor |
| Dinse P.C. | Professional Liability Litigation |
| Driggers Law Firm LLC | Professional Liability Litigation |
| Eccleston and Wolf, P.C. | Professional Liability Litigation |
| Faraci Leasure LLC | Professional Liability Litigation |
| Feldesman Leifer LLP | Healthcare Litigation |
| Frilot LLC | Professional Liability Litigation |
| Gold & Ferrante, PC | Professional Liability Litigation |
| Hall Booth Smith, P.C. | Professional Liability Litigation |
| Hall Prangle & Schoonveld, LLC | Professional Liability Litigation |
| Hancock, Daniel, Johnson & Nagle PC | Patient Safety Litigation |
| Holland & Knight LLP | Contract Review Services |
| Honigman LLP | Government Litigation Matters |
| Husch Blackwell LLP | Contract and Transaction Litigation |
| Jerome M Varanini DBA Law Offices of Jerome M Varanini | Professional Liability Litigation |
| Johnson Hanan Vosler Hawthorne & Snider DBA Johnson and Hanan PC | Professional Liability Litigation |
| King & Spalding LLP | Government Investigation Matters |
| Kummerlen Law PLLC | Professional Liability Litigation |
| Legal Med., LLC | Healthcare Litigation |
| Lewis Thomason King Krieg & Waldrop P.C. | Professional Liability Litigation |
| Littler Mendelson, PC | Employment Litigation |
| Lyons, Brandt, Cook & Hiramatsu, AAL, ALC | Professional Liability Litigation |
| Marks, ONeil, OBrien, Doherty & Kelly PC | Professional Liability Litigation |

| | |
|---|---|
| Matthew A Kaufman PLC DBA The Kaufman Law Firm | Professional Liability Litigation |
| Matthews, Shiels, Pearce, Knott, Eden, & Davis, LLP | Professional Liability Litigation |
| Meridian Lawyers LTD | Professional Liability Litigation |
| Meyer Fluegge & Tenney Inc PS | Professional Liability Litigation |
| Morgan Brown & Joy LLP | Employment Litigation |
| Murtagh, Cossu, Venditti & Castro-Blanco LLP | Professional Liability Litigation |
| Parker Poe Adams & Bernstein LLP DBA Parker Poe | Government Litigation Matters |
| Parks Chesin & Walbert PC | Government Contract Litigation |
| Pettit Kohn Ingrassia Lutz & Dolin PC | HIG Litigation |
| Property Valuation Services | Property Tax Matters |
| Quarles & Brady LLP | Pharmacy Litigation Matters |
| Quattlebaum, Grooms & Tull PLLC | Professional Liability Litigation |
| Quintairos, Prieto, Wood & Boyer, P.A. | Professional Liability Litigation |
| Reed Smith LLP | Insurance Coverage Advisory |
| Reese Henry LLP | Tax Consulting Matters |
| Sandberg Phoenix & von Gontard P.C. | Professional Liability Litigation |
| Sanders Warren & Russell LLP | Professional Liability Litigation |
| Scofield & Rivera, LLC | Professional Liability Litigation |
| Sherrard Roe Voigt & Harbison PLC | Government Litigation Matters |
| Strategic Risk Solutions | Captive Administration Matters |
| Sweeny, Wingate, & Barrow, P.A. | Professional Liability Litigation |
| Thompson Bowie & Hatch LLC | Professional Liability Litigation |
| Walton Management Company | WOTC Credit Tax Matters |
| Wheeler Trigg ODonnell LLP | Government Investigation Matters |
| Whiteford Taylor & Preston LLP | Professional Liability Litigation |
| Womble Bond Dickinson LLP | Government Investigation Matters |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| | Jointly Administered |
| Debtors. | **Re: Docket No.** |

**ORDER APPROVING PROCEDURES FOR THE RETENTION
AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order approving procedures for the retention and compensation of Ordinary Course Professionals, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     To the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, but not directed, in their sole discretion to employ the Ordinary Course Professionals and to compensate such Ordinary Course Professionals pursuant to the terms and conditions set forth in **Exhibit 1** hereto (the "OCP Compensation Procedures").

2.     To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an "Ordinary Course Professional Agreement"), such indemnification provisions are approved subject to the following modifications, applicable during the pendency of these chapter 11 cases:

   a.     The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

   b.     Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, wilful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary

2

Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court.

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing these chapter 11 cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor with the Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment.  All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement.  In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

3.    The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

4.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

5.    This Order is without prejudice to the Debtors' right to request modification of the OCP Monthly Caps (as defined in the OCP Compensation Procedures).

6.    Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

3

7.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

8.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

9.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are

4

valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10.     Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of any order of this Court approving the post-petition secured debtor-in-possession financing facility and the use of cash collateral (any such order, a "Financing Order"), including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith, the terms of the applicable Financing Order (including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith) shall govern.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of any Financing Order.

11.     Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13.     The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:      ___, 2024
            Houston, Texas

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

### Exhibit 1

### OCP Compensation Procedures

(a)     Each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "Ordinary Course Professional Declaration"), substantially in the form attached hereto as **Exhibit A**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed, and shall periodically update such Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

(b)     The Debtors' attorneys shall promptly file each Ordinary Course Professional Declaration with the Court and serve it on the following parties (collectively, the "Reviewing Parties"):

    (i)     the U.S. Trustee; 515 Rusk St., Suite 3516, Houston, Texas 77002 (Attn: Susan Hersh (Susan.Hersh@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov));

    (ii)     Akin Gump Strauss Hauer & Feld LLP, 2001 K Street, N.W., Washington, DC 20006 (Attn: Scott Alberino (salberino@akingump.com) and Kate Doorley (kdoorley@akingump.com)); and

    (iii)     counsel to any statutory committee appointed in these chapter 11 cases.

(c)     The Reviewing Parties shall then have 10 days following such service (the "Objection Deadline") to notify the Debtors, the Debtors' attorneys, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration.  The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d)     If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work.

(e)     If an objection is asserted by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within 10 days of the Objection Deadline (the "Resolution Deadline"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least 14 days from the Resolution Deadline, or such other date that may be agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting Reviewing Party.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration has been filed with the Court and (i) the Objection Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

(f)        Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors shall be permitted to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, 100% of the post-petition fees and disbursements incurred; *provided*, that, prior to the confirmation of a plan in these chapter 11 cases, (i) the fees of each Ordinary Course Professional set forth on the Tier 1 OCP List attached to the Motion as **Exhibit A**, excluding costs and reimbursable expenses, may not exceed $200,000 per month on average over a rolling three-month period (the "Tier 1 OCP Monthly Cap"), (ii) the fees of each Ordinary Course Professional set forth on the Tier 2 OCP List attached to the Motion as **Exhibit B**, excluding costs and reimbursable expenses, may not exceed $50,000 per month on average over a rolling three-month period (the "Tier 2 OCP Monthly Cap"), and (iii) the fees of each Ordinary Course Professional set forth on the Tier 3 OCP List attached to the Motion as **Exhibit C**, excluding costs and reimbursable expenses, may not exceed $20,000 per month on average over rolling three-month period (the "Tier 3 OCP Monthly Cap" and, together with the Tier 1 OCP Monthly Cap and the Tier 2 OCP Monthly Cap, the "OCP Monthly Caps"). The Debtors may increase the OCP Monthly Caps for any Ordinary Course Professional with the consent (email being sufficient) of the Reviewing Parties. Absent consent, the Debtors shall file a motion seeking Court authority to increase the applicable OCP Monthly Cap.

(g)        Notwithstanding any professional being designated as an Ordinary Course Professional, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate. To the extent an Ordinary Course Professional seeks compensation in excess of its applicable OCP Monthly Cap (the "Excess Fees"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered, and disbursements actually incurred. The Reviewing Parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If no objection is filed after 14 days, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(h)        Unless a chapter 11 plan has been confirmed, at three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning with the three-month interval which commences on the Petition Date, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all post-petition payments made to that Ordinary Course Professional through the reported Quarter; and (iv) a general description of the services rendered by that Ordinary Course Professional. The initial Ordinary Course Professional statement shall cover the period beginning on the Petition Date and ending on January 31, 2025 and shall be filed no later than February 28, 2025.

(i)      The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these chapter 11 cases; *provided*, that such Ordinary Course Professionals shall comply with these procedures.

(j)      If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professionals List during these chapter 11 cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List (the "Supplemental Notice of Ordinary Course Professionals"), along with the attendant Ordinary Course Professionals Declaration.

(k)      If no objection to a Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Debtors' counsel as set forth above, so as to be actually received within 10 days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order.   Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

**Exhibit A**

**Ordinary Course Professional Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| | Jointly Administered |
| Debtors. | **Re: Docket No.** |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO
THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, _____, declare under penalty of perjury:

1.      I am a [Position] of [Firm], located at [Street, City, State, Zip Code] (the "Firm").

2.      Wellpath Holdings, Inc. and certain of its affiliates (collectively, the "Debtors"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide those services.

3.      Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are claimants or other parties in interest in these chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

4.      Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

5.      Neither I nor [any partner or associate of the Firm] has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than partners and associates of the Firm.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      I further understand that this Declaration will not suffice as the Firm's proof of claim against any of the Debtors.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____

**[DECLARANT]**

2