IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered) |

**OBJECTION TO THE AMENDED INTERIM ORDER
ENFORCING THE AUTOMATIC STAY**

COMES NOW, ARIEL HILL, individually and as the next of kin of CLARENCE MANNING, and SHIRLEY NELSON as the Administrator of the Estate of CLARENCE MANNING (collectively "Manning"), and JENNIFER O'NEAL, individually as the Surviving Spouse of JOSHUA CAIN CAPES and ADEL TILLMAN CAPES, as Administrator of the Estate of JOSHUA CAIN CAPES, deceased, (collectively "Capes") ( Capes and Manning are collectively the "Objectors") and files this their Objection to the Amended Interim Order Enforcing the Automatic Stay (Docket No. 69). Both Objectors will also be a Motion for Relief from Automatic Stay Pursuant to U.S.C. § 362 (the " Motion") to allow Manning and Capes to continue litigation against the Debtor in the State Court Actions as defined below and to pursue recovery from any of the Debtor's insurance policies, their proceeds, and their claim in the bankruptcy case.

**Jurisdiction and Venue**

1.

The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

2.

This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. FACTUAL BACKGROUND

### A. Manning State Court Action

3.

On November 11, 2024 (the "Petition Date"), WellPath Holdings, LLC, *et al.*[1], filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4.

The Debtor WellPath, LLC, contracted with the DeKalb Sheriff's Department to provide medical care and treatment to the inmates of DeKalb County Jail.

5.

Clarence Manning was incarcerated at the DeKalb County Jail between February 17, 2019, and May 11, 2019.

6.

On May 11, 2019, Clarence Manning died at Emory Decatur Hospital in DeKalb County, Georgia.

7.

On June 7, 2023, ARIEL HILL, individually and as the next kin of CLARENCE MANNING, and SHIRLEY NELSON as the Administrator of the Estate of CLARENCE

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

2

MANNING filed a Complaint against the Debtor seeking damages for professional negligence, abandonment, and wrongful death ("Manning Complaint") captioned styled: ARIEL HILL, individually and as the next of kin of CLARENCE MANNING, and SHIRLEY NELSON as the Administrator of the Estate of CLARENCE MANNING v. WellPath, LLC; Tinisha Tiffany Ransome, M.D.; William Brown and Denise S. Reid, State Court of DeKalb County, State of Georgia, Civil Action File No. 21A04173 (the "Manning State Court Action"). The claims against WellPath, LLC, are under the theory of respondeat superior.

B. Capes State Court Action

8.

The Debtor WellPath, LLC, contracted with the Cobb County Adult Detention Center ("CCADC") and which is operated by Sheriff Craig D. Owens of Cobb County, Georgia. WellPath, LLC provided medical services at CCADC, including medical treatment, staffing, supplies and pharmaceuticals to inmates and at the on-site infirmary at CCADC, managing and administering the operations of said Infirmary, conducting a mental health screening during the Receiving Screening, and making and documenting referrals for Mental Health Services.

9.

Joshua Cain Capes was held at the CCADC between April 24, 2022, and May 2, 2022.

10.

On May 2, 2022, Joshua Cain Capes died in an ambulance in transport to Wellstar Cobb Hospital.

11.

On April 25, 2024, JENNIFER O'NEAL, individually as the Surviving Spouse of JOSHUA CAIN CAPES and ADEL TILLMAN CAPES, as Administrator of the Estate of JOSHUA CAIN

CAPES, deceased, filed a Complaint against the Debtor seeking damages for medical malpractice, negligence and wrongful death ("Capes Complaint") captioned styled: JENNIFER O'NEAL, individually as the Surviving Spouse of JOSHUA CAIN CAPES and ADEL TILLMAN CAPES, as Administrator of the Estate of JOSHUA CAIN CAPES, deceased, v. WellPath, LLC; Johnnetta M. Collins; Dodou M. Jones and Andelson Maximin, State Court of Cobb County, Georgia, Civil Action File No. 24-A-2129 (the "Capes State Court Action"). The claims against WellPath, LLC are under the theory of respondeat superior.  Defendants Dodou M. Jones and Andelson Maximin are not related to the Debtors, and are in fact employees of Cobb County, Georgia Sheriff's Office

    C.  <u>Current Status of State Court Action</u>

12.

Prior to the Petition Date, the State Court Actions were active, had scheduled hearings and were deposing witnesses.

13.

The Manning State Court Action and the Capes State Court Action have not advanced since Debtor's Petition Date.

**II.    RELIEF REQUESTED**

Objectors oppose the Debtors' Motion and the continuation of the Order extending the stay, as the State Court Judges in the State Court litigation have stayed all matters in those cases, inclusive of certain non-debtor parties not defined as Non-Debtor Defendant in the Motion. The Objectors rights to have their personal injury claims adjudicated in accord with their 7th Amendment rights, and in contravention of 28 U.S.C. § 157 (b)(5), are infringed by the entry and continuation of Order extending the automatic stay.

Debtors have also sought and obtained An Amended Order (I) Authorizing The Debtors To (A) Honor And Incur Obligations To Professional Corporations And (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections To Professional Corporations, And (III) Granting Related Relief on November 14, 2024 (Docket No. 91)[2], that allows Debtors to retain the professionals whose actions may have given rise to many of the claims asserted or will be asserted against the Debtors, and which Amended Interim Order protects the professionals.

Yet, Debtors filed on November 21, 2024, Debtors' Motion for Entry of An Order (I) Approving Procedures for the Retention and Compensation of Ordinary Course Professionals and (II) Granting Related Relief (Docket No. 134). In that Motion, Debtors seek to retain the law firms that are defending Debtors, the Professional Corporations and the PC Physicians and their employees in the Capes and Manning State Court cases. The reason for the Amended Order (Docket No. 69) and Amended Order (Docket No. 91) appears to have been eliminated.

The Debtors' retention of the "ordinary course professionals" that defend the State Court cases at the expense of the estates and yet not allow the State Court cases to proceed is disingenuous. Recognizing the Debtors' argument that the extension of the automatic stay may affect the business of the Debtors' the law remains that the claims of the Objections/Movants cannot be liquidated in the Bankruptcy Court. The extension of the stay to non-debtors and even the PC Physicians and their employees cannot continue forever. Further, again acknowledging that the insurance policies of the Debtors are estate assets, the proceeds are definitely intended to benefit personal injury claimants as are the Objectors, not just the "ordinary course professionals" retained by Debtors' estate.  The extension of the automatic stay is unwarranted.

---

[2]Referencing the Debtors' Motion, Docket No. 15.

Debtors retained its restructuring parties, its CRO and its counsel, months before the Bankruptcy filing. The Debtors however do not assert nor provide an analysis of the varying insurance policies available to them. Thus, extension of the automatic stay any further is unwarranted.

### III.   ARGUMENT AND CITATION OF AUTHORITY

> It will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court form duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. At 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

Further, actions which involve the rights of third parties will often be permitted to proceed in another forum. *In re South Oaks Furniture,* 167 B.R. 307, 309 (Bankr. M.D. Ga 1994)(J. Walker)(allowing a state court action to proceed where it involved a non-debtor guarantor defendant).

Objectors acknowledge the 5th Circuit allows the extension of automatic stay to non-debtors.

> The Fourth Circuit has recognized an exception to the debtor-only application of § 362 in the circumstances where non-debtors are co-defendants with the debtor and "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986). In order to find an identity of interest between bankrupts and nonbankrupts, the A.H. Robins Co. court reasoned that there must be both "unusual circumstances" and "something more than the mere fact that one of the parties to the lawsuit has filed [for bankruptcy] ..." Id. at 999. The A.H. Robins Co. court provided an example of the type of situation that would qualify as one where "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." Id. In the case at bar, Debtor provided no such evidence to support a claim that Jimenez would be entitled to absolute indemnity by the Debtor. The Fifth Circuit has recognized the A.H. Robins Co.'s exception to the general rule, but the application has been limited 10 due to the stringent factual requirements necessary to warrant the extension of the stay to a non-debtor. *Reliant*

> *Energy Servs., Inc. v . Enron Can. Corp .*, 349 F.3d 816, 825 (5th Cir.2003) ;11 see also Arnold, 278 F.3d at 435–36, 439–40 ; F*eld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 761–62 (5th Cir.1995) ; *Edwards v. Armstrong World Industries*, 6 F.3d 312, 316–17 (5th Cir.1993), rev'd on other grounds, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ; In re S.I. Acquisition, 817 F.2d at 1147–48; In re TXNB Internal Case, 483 F.3d 292, 301 (5th Cir.2007) ("Section 362(a) operates to stay only actions against bankruptcy petitioners and their property " in regard to the plaintiff's attempt to collect past due payments for natural gas sold to various debtors) (emphasis added).

In re Divine Ripe, L. L.C., 538 B.R. 300,308 (Bankr. S.D. Tex. 2015)

But the 7th Circuit limits the extension of the stay. See *United States v. Wright*, 57 F.3d 561, 562 (7th Cir. 1995) ("The automatic stay does not apply to guarantors, sureties, insurers, partners, and other persons liable on the debt."); *Pitts v. Unarco Indus., Inc*., 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants.")

The Debtors assert the identity of interests test under *AH Robbins*.[3] The retention of defense counsel pursuant to the Debtors own motion makes clear the claims of Objectors must be liquidated in their respective State Court matters. But also importantly, the Debtors' make blanket claims that the Non-Debtor Defendants have the same identity as the Debtors. That is not the case here. While there may be some indemnification rights, those claims are pre-petition just as are the Objectors.[4] A judgment against a Professional Corporation or PC Physician is not an automatic judgment against the Debtors.

However, given an estate's lack of interest in the liability policy proceeds, courts typically hold that debtors do not suffer prejudice when creditors obtain stay relief to liquidate claims that are covered by such proceeds. *In re Jet Florida Systems. Inc.,* 883 F.2d 970, 975 (11th Cir. 1989).

---

[3] Debtors do not assert the irreparable harm. The irreparable harm test requires analysis under Fed.R.Civ.P 6.

[4] Objectors do not know, and Debtors do not state, whether Debtors are owed indemnification by the Professional Corporations and PC Physicians under the contracts.

In *Jet Florida*, the Eleventh Circuit allowed relief from stay and found that a debtor is not prejudiced by exposure to a liability claim, because the bankruptcy estate is not subject to any risk, which does not frustrate the policy of the Bankruptcy Code in giving the debtor a fresh start in his economic life. Further, when the policy proceeds will be available only to creditors with the type of claims covered by the policy, "there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy." *15375 Memorial,* 382 B.R. at 690. Finding relief from the stay for insurance purposes requires also this Court limit the automatic stay to non-debtors.

Finding relief from the automatic stay, and terminating the Court's Amended Interim Orders extending the stay to non-debtor parties to state court litigation is necessary under the limited circumstances here. The question of what the extent of the insurance policies and the limitations are, is required in the context of the State court actions.

Furthermore, the State Court has jurisdiction over all of the parties, and claims in the State Court Action. Interests of judicial economy dictate that the original forum; State Court, rather than the Bankruptcy Court, determines the issues of liability and the amount of Movant's claim.

If the stay is not lifted to allow the State Court Action to continue to finality, Movant will be precluded from finalizing the State Court Action against Debtor. The Bankruptcy Court does not have jurisdiction over the non-debtor defendants in the State Court Action. *See* 28 U.S.C. §157(b)(5). Interests of judicial economy dictate that the original forum, the State Court, rather than the Bankruptcy Court, determines the issues of liability and the amount of Movant's claim.

## IV. CONCLUSION

WHEREFORE, Objectors request that this Court deny the continuation and extension of the Amended Interim Order and decline to enter a Final Order enforcing the automatic stay to Non-Debtor Defendants, and grant Objectors such other and further relief as is just and proper.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
*Attorneys for Ariel Hill, Individually and as The Next of Kin of Clarence Manning, and Shirley Nelson as The Administrator of The Estate of Clarence Manning and Jennifer O'Neal, Individually as the Surviving Spouse of Joshua Cain Capes and Adel Tillman Capes, as Administrator of The Estate of Joshua Cain Capes, Deceased*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

This 2nd day of December 2024.

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com
*Attorneys for Ariel Hill, Individually and as The Next of Kin of Clarence Manning, and Shirley Nelson as The Administrator of The Estate of Clarence Manning and Jennifer O'Neal, Individually as the Surviving Spouse of Joshua Cain Capes and Adel Tillman Capes, as Administrator of The Estate of Joshua Cain Capes, Deceased*