IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re:

WELLPATH HOLDINGS, INC., et. al., Debtors.
_____/

CASE NO: 24-90533 (ARP)
CHAPTER 11 (JOINTLY ADMINISTERED)

**<u>CLAIMANTS LONNIE WRIGHT'S, CEDRIC STEWART'S AND EUGENE MILLER'S OBJECTION TO ENTRY OF A FINAL ORDER ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO ENFORCE THE AUTOMATIC STAY OR IN THE ALTERNATIVE EXTEND THE AUTOMATIC STAY TO NON-DEBTOR and DEBTOR DEFENDANTS</u>**

Lonnie Wright, Cedric Steart and Eugene Miller (hereinafter collectively referred to as "Claimants"), by and through their undersigned counsel, hereby file this Objection to Debtor's Entry of a Final Order on Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants, ("Emergency Motion"), and state as follows:

1. Each of the three claimants have pending pre-petition civil rights claims asserted against Debtors and various Non-debotor defendants (the "Litigation"), which are briefly described below:

    a. Mr. Stewart initiated a civil rights action in the United States District Court for the Western District of Pennsylvania on August 5, 2024, at docket number 3:24-cv-181, alleging that Debtor Wellpath and Non-debtor Sathiavathi Natarajan, MD, failed to provide him adequate medical care after he was diagnosed with extensive facial fractures, resulting in a disfigured face, significant chronic pain, and increased risk that his face will be further injured in the future due to poor structural integrity.

    b. Mr. Wright initiated a civil rights action in the United States District Court for the Eastern District of Pennsylvania on October 25, 2023, at docket number 2:23-cv-4115, alleging that Debtor Wellpath and Non-debtors Matthew Micelli,

1

  MD and Joseph Walsh, PA, failed to provide him adequate medical care when his squamous cell carcinoma was not timely diagnosed or treated until it reached Stage IV, causing his survival rate to be severely reduced.

  c. Mr. Miller initiated a civil rights action in the United States District Court for the Middle District of Pennsylvania on February 16, 2023, at docket number 4:23-cv-282, alleging that Debor Wellpath and Non-debors Marty Cole, MD, Grinder, Malhi, MD, and Gabrielle Nalley, PA, failed to provide him adequate medical care when his cancer went undiagnosed and untreated for over a year, allowing significant spread of the cancer into his vertebrae and causing pathological fractures and other poor outcomes.

2. On November 12, 2024, Debtors moved for the Automatic Stay in this bankruptcy proceeding to be extended to all non-debtor defendants, [ECF 17], which this Honorable Court subsequently granted pending a final hearing on December 5, 2024. [ECF 69].

3. For the following reasons, Claimants respectfully request that this Honorable Court lift the stay as to all Non-debtor defendants, and permit the above-described claims to proceed against the Non-debtor defendants.

**<u>The Stay as to Non-debtor defendants is unnecessary.</u>**

4. The Claimants are seeking compensation from their very serious bodily injuries from the Non-debtor defendants described above.

5. In Pennsylvania, where each of the Claimants' Litigation is pending, all medical providers, including the Non-debor defendants, are required to be covered by malpractice insurance. *See* Act of March 20, 2002 (P.L. 154, No. 13), known as the Medical Care Availability and Reduction of Error (MCARE) Act.

6. Based on the disclosures and representations which have been made to the Claimants in the Litigation, they understand that the Non-debtor defendant medical providers in

the Litigation are covered by medical malpractice insurance in the amount of $500,000.00, which is separate and distinct from the Debtors' own coverage.

7. As such, Claimants are able to vindicate their rights in the Litigation and obtain compensation from the Non-debor defendants via their insurance funds, without implicating or impacting the Debtors or their ongoing bankruptcy proceedings, which remain subject to the Automatic Stay.

8. Debtors asserted in their Emergency Motion that the Automatic Stay must be extended even to Non-debtor defendants, because Debtors have entered into "certain PC Management Services Agreements [which require Debtor to] indemnify the Professional Corporations and the PC Physicians for losses caused in conjunction with the Professional Corporations' operations (including patient care provided by the PC Physicians)." [ECF 17, para. 4].

9. This argument lacks any merit whatsoever. The Debtors' indemnification obligations, if any, in the Litigation would merely serve to transfer identity of the payee in the event of a judgment or settlement, from the Claimants to the respective Non-debtor Defendants. Because such Debtor obligations are already covered by Automatic Stay, and will be subject to the discharge requirements at the termination of this bankruptcy proceeding, it is immaterial and irrelevant whether Debtor owes the Claimants directly, or the Non-debtor defendants via its indemnification agreement.

10. As such, the very basis for Debtors' request that the Automatic Stay be extended to Non-debtor defendants, demonstrates why this judicial action is unnecessary; regardless of whether the Automatic Stay is imposed as to Non-debtor defendants, Debtors themselves are fully protected by the Automatic Stay and discharge provisions.

11. Alternatively, Debtor has sought the Automatic Stay for cases where claims against Non-debtor defendants were based on alter ego theory. In the subject Litigation, none of the Claimants have alleged that any of the Non-debtor defendants are an "alter ego" of any Debtor, nor vice versa. As such, this potential issue is not a basis to continue the stay in the Litigation brought by Mr. Wright, Mr. Miller, or Mr. Stewart.

12. The Debtors have also argued that "continued litigation would burden the Estates and key personnel at a pivotal moment in the Chapter 11 cases." (ECF 15). This is completely inaccurate.

13. Allowing the Claimants to proceed solely as to third party Non-debtor defendants in their pending civil rights cases, and seek compensation solely from these third party Non-debtor defendants and their third party insurance carriers, would not burden the Debtors or their estates in any way.

14. Claimants have not, and will not, do anything to violate the Automatic Stay imposed against the Debtors. However, it is grossly disproportionate and unnecessary to prevent Claimants from resolving their claims against third parties, as Debtor is seeking.

**The Stay as to Non-debtor defendants is unjust and creates unnecessary hardship.**

15. The Claimants are seeking compensation from their very serious bodily injuries from the Non-debtor defendants described above.

16. Regardless of the outcome of Debtors' bankruptcy proceedings, eventually the Litigation against the Non-debtor Defendants will be resumed and concluded.

17. However, if this Honorable Court imposes an Automatic Stay as to all Non-debtor defendants, it will substantially delay the resolution of the Litigation, to the detriment of both the Claimants and the Non-debtor defendants.

18. It is axiomatic that "justice delayed is justice denied." *United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018).

19. Both Mr. Wright and Mr. Miller have suffered significant delays in the diagnosis and treatment of cancer, and while no person is guaranteed another day of life, their history of cancer renders litigation delays particularly damaging.

20. The stress and uncertainty of litigation weighs heavily on both plaintiffs and defendants alike, and therefore prohibiting Claimants from settling or otherwise resolving their claims in the Litigation with the Non-debtor defendants is unjust.

21. Mr. Wright was scheduled to mediate his claims with the Non-debtor defendants on November 20, 2024, and Mr. Miller was scheduled to mediate his claims with the Non-debtor defendants on December 18, 2024. Mr. Stewart was scheduled to undergo an "early neutral evaluation" on November 20, 2024.

22. Unfortunately, these mediation proceedings are stayed, due to the extension of the Automatic Stay to Non-debtor defendants.

23. Debtors' describe the disruption to Claimants efforts to resolve their claims as "minimal." [ECF 17, para. 6].

24. Candidly, this claim is absurd and disappointing. Given the serious physical injuries and health ramifications from which Claimants are suffering with, freezing their right to negotiate and settle their claims with third parties for an indefinite period of time is inexpressibly disruptive and distressing.

25. Moreover, the undersigned has spoken by phone to counsel for the Non-debtor Defendant Marty Cole, MD, who verbally confirmed his desire to proceed with mediation and resolve the claims against Dr. Cole.

26. As such, continuing the Automatic Stay as to all Non-debtor defendants would serve to frustrate the intent and wishes of both the Claimants and at least some of the Non-debtor defendants.

WHEREFORE, Claimants Lonnie Wright, Cedric Strewart, and Eugene Miller respectfully request that this Honorable Court deny the Emergency Motion for an Automatic Stay imposed on all Non-debtor Defendants, or at a minimum, lift the Automatic Stay as to Non-debtor defendants in the cases pending at 3:24-cv-181, 2:23-cv-4115, and 4:23-cv-282.

Respectfully submitted,

Date: December 2, 2024         MIZNER LAW FIRM

By: /s/ Joseph Caulfield

Joseph Caulfield
PA Bar No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
(814) 454-3889

*Attorney for the Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO: 24-90533 (ARP)
In Re:    CHAPTER 11 (JOINTLY ADMINISTERED)

WELLPATH HOLDINGS, INC., et. al., Debtors.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing Objection with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ Joseph Caulfield

Joseph Caulfield
PA Bar No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
(814) 454-3889

*Attorney for the Plaintiff*