IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WELLPATH HOLDINGS, INC., et al | ) | Case No. 24-90533 (ARP) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF MARTIN VARGAS TO DEBTOR'S EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS**

1. Martin Vargas ("Mr. Vargas") is a tort claimant creditor of Wellpath, LLC, ("Wellpath") one of the Debtors in the above-captioned Chapter 11 case, in connection with a lawsuit he filed against Wellpath, together with two non-debtor defendants—the United States of America ("United States") and The GEO Group, Inc. ("GEO Group")—seeking redress for the events leading to the death of his father. *Vargas v. United States*, Case No. 5:23-cv-03800-JWH-SP (C.D. Cal. Mar. 7, 2023).

2. Mr. Vargas opposes the Debtor's Emergency Motion for Entry of Interim and Final Order to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants [ECF No. 17] ("the Motion") and responds as follows:

**PRELIMINARY STATEMENT**

3. Mr. Vargas joins the RESPONSE OF CERTAIN CLAIMANTS TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO ENFORCE THE AUTOMATIC STAY OR IN THE ALTERNATIVE EXTEND THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS that was filed on December 2, 2024.

1

4. This Court should additionally deny the motion with respect to Mr. Vargas's above-referenced ongoing federal litigation against non-debtors USA and the GEO Group because the Debtor has not established the elements required for the extension of an automatic stay under 11 U.S.C. § 362 to Mr. Vargas's case. Extensions of automatic stays against non-debtors are exceptionally justified only where litigation against non-debtors would effectively be a suit against the debtor. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). That is not the case in Mr. Vargas's litigation.

5. Mr. Vargas's case, filed in March of 2023 in the United States District Court of the Central District of California, is a survival and wrongful death action brought on behalf of his father, Martin Vargas Arellano, who died in March of 2021 of complications brought about by COVID-19, which he contracted while detained by the United States at the Adelanto ICE Processing Center ("Adelanto"). The GEO Group operates Adelanto and, at the time of Mr. Vargas Arellano's detention, contracted with Wellpath, LLC to provide medical care for detainees. The GEO Group's contract with Wellpath, LLC expired in 2021, and was not renewed. Mr. Vargas asserts separate claims against three distinct defendants: the United States, GEO Group, and Wellpath. These claims are based on each defendant's independent and separate acts of negligence.

6. The stay as applied to the United States and the GEO Group would be wholly inappropriate because neither defendant's liability is derivative of Wellpath's obligations. Mr. Vargas' claims against the United States arise under the Federal Torts Claims Act (FTCA), which by their nature cannot be based on theories of vicarious liability. *See Edison v. United States*, 822 F.3d 510, 514 (9th Cir. 2016) ("[T]he government's liability under the FTCA is limited. The government cannot be held liable for torts committed by its independent

contractors."). GEO's liability stems from its own actions related to its operation of the Adelanto Processing Center, including failing to enforce COVID-19 protocols in the facility, that resulted in Martin Vargas Arellano's contraction of COVID-19.

7.      Moreover, the case has been in active litigation for almost two years, with substantial progress made, including completion of a full day mediation with a U.S. Magistrate Judge, which led to an agreement to the material terms of a settlement between Mr. Vargas and the United States, *Vargas*, Case No. 5:23-cv-03800-JWH-SP, Dkt. 177 (C.D. Cal. Nov. 8, 2024), and mutually agreed upon continued active settlement communications between Mr. Vargas and the GEO Group.

8.      Staying this litigation as to United States would prejudice Mr. Vargas's ability to finalize the settlement with the United States, whose material terms have already been agreed to in form but are awaiting court approval. *Id*. It would also interfere with his ongoing settlement negotiations with GEO for claims arising out of its own negligence that are independent of any indemnity or contractual relationship with Wellpath. There is no risk that Wellpath's estate will be depleted, let alone affected in anyway, by allowing the litigation to proceed against the United States and GEO Group. Accordingly, the stay should not be extended to these non-debtors in Mr. Vargas's case.

## ARGUMENT

### A. Wellpath Has Not Met Its Burden to Justify Extending the Stay to the United States and GEO

9.      The Fifth Circuit strictly limits the extension of automatic stays to non-debtors to rare and unusual circumstances. *See e.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors."). "By exception, a bankruptcy court may invoke § 362 to stay proceedings against

nonbankrupt co-defendants where such identity between the debtor and the third-party defendant exists that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.*

10. Notably, "[t]he burden of proof to show that the automatic stay is applicable to a non-debtor is on the party invoking the stay." *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 111 (Bankr. S.D. Tex. 2014)*; see also* 2 William L. Norton, Jr., Norton Bankruptcy Law and Practice § 43:4 (3d ed. Supp. 2010) ("[T]he party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor . . . .").

11. Here, although Wellpath's motion seeks to enforce the automatic stay as to all "Lawsuits" in which it is a defendant, and thereby as to both claims against Debtor and non-debtor defendants, it only presents arguments, albeit weak and unpersuasive, with respect to three categories of non-debtor defendants: "certain Professional Corporations and their respective PC Physicians," "the directors and officers of certain of the Debtors' non-Debtor affiliates," and the "Debtors' consultant and private equity sponsor, HIG." ECF No. 17, at 7-10. None of these categories apply to either the USA or the GEO Group. The United States clearly falls outside the scope of any of these three categories. Similarly, the GEO Group has no affiliation with HIG. The GEO Group is a publicly traded corporation that operates detention facilities in the United States, and it is not a professional corporation of physicians or any other type of professional, medical or otherwise.

12. Wellpath has presented no argument at all to meet its burden that the stay applies or should be extended to the United States or the GEO Group and for this reason alone its motion

should be denied with respect to these two entities. As far as Mr. Vargas is aware, his case is the only Debtor litigation that involves either the United States or the GEO Group as a Defendant.

**B. Extension of the Stay to Defendants United States and the GEO Group Would Violate Fifth Circuit Precedent.**

13. As noted above, an extension of the stay to non-debtor defendants is exceptional and requires the unusual circumstance where there is an identity of interests between the non-debtor defendant and the debtor such that a judgment against the non-debtor functions as a judgment against the debtor. *See Garlock, Inc.*, 278 F.3d at 436.

14. No such identity of interest exists between Wellpath and the United States or the GEO Group in Mr. Vargas' case for several reasons.

15. First, as to the United States, Mr. Vargas is statutorily barred under the FTCA from bringing claims against the United States that function as claims against Wellpath. Under the FTCA—the only type of claim Mr. Vargas has brought against the USA—the United States is immune from liability for the actions of independent contractors and may only be held liable for its own negligent conduct. *See Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993). By definition, Wellpath cannot be held responsible for FTCA claims against the United States. Accordingly, Mr. Vargas's claims against the United States arise solely from the federal government's own conduct and cannot be attributed to Wellpath.

16. Second, there is no identity of interest between the GEO Group and Wellpath because the GEO Group is not entitled to absolute indemnity by Wellpath. An identity of interest exists to justify extension of the stay where the non-debtor defendant is entitled to absolute indemnity by the debtor. *See In re Divine Ripe, L.L.C.*, 538 B.R. 300, 308 (Bankr. S.D. Tex. 2015) (rejecting extension of stay to non-debtor defendant and noting that "Debtor provided no such evidence to support a claim that [non-debtor defendant] would be entitled to absolute

indemnity by the Debtor."); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986). Neither Wellpath nor the GEO Group has provided any evidence that such absolute indemnity applies.

17. Third, the stay should not be extended to the GEO Group because the claims against it and Wellpath are based on each of their independent and separate acts of negligence. Although Mr. Vargas brings negligence, negligent infliction of emotional distress, and claims under Cal. Gov. Code § 7320 for violations of detention standards against both defendants, Mr. Vargas alleges no theories of vicarious liability and is holding each defendant to their own negligent conduct.

## CONCLUSION

18. Based on the foregoing, the Court should deny the Motion without prejudice as applied to Defendant USA and the GEO Group in Mr. Vargas' case.

Dated: December 2nd, 2024

Respectfully submitted,

*/s/Stacy Tolchin*
Stacy Tolchin *(admitted pro hac vice)*
Email: *Stacy@Tolchinimmigration.com*
Megan Brewer *(admitted pro hac vice)*
Email: *Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe *(admitted pro hac vice)*
Email: *khaled@nipnlg.org*
National Immigration Project
1201 Connecticut Ave NW
Suite 531 #896645
Washington, DC 20036
Telephone: (202) 470-2082

Facsimile: (617) 227-5495

Laboni A. Hoq *(admitted pro hac vice)*
Email: *laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
Pasadena, CA 91030
Telephone: (213) 973-9004

*Counsel to Claimant Vargas Arellano*

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WELLPATH HOLDINGS, INC. et al., | ) ) | Case No. 24-90533 (ARP) |
| Debtor. | ) ) | |

**ORDER DENYING WITHOUT PREJUDICE EXTENSION OF STAY TO NON-DEBTOR DEFENDANTS USA AND GEO, PARTIES IN *VARGAS V. UNITED STATES*, CASE NO. 5:23-CV-03800-JWH-SP (C.D. CAL. MAR. 7, 2023).**

Came for consideration on a final basis the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [ECF No. 17] (the "Stay Motion"). The Court, having reviewed and considered the Motion, held a hearing to consider the relief requested in the Motion (the "Hearing"), and considered the evidence and statements of counsel at the Hearing, and after and after due deliberation, it is hereby ORDERED, ADJUDGED, and DECREED:

The Stay Motion is DENIED without prejudice as to non-debtors USA and the GEO Group, defendants in *Vargas v. United States*, Case No. 5:23-cv-03800-JWH-SP (C.D. Cal. Mar. 7, 2023).

Signed:

_____
Alfredo R. Pérez
United States Bankruptcy Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served at the time of filing, by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service in the above captioned case.

/s/*Stacy Tolchin*
Stacy Tolchin