IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**WELLPATH HOLDINGS, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>Jointly Administered |

**LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS TO ENFORCE
THE AUTOMATIC STAY OR IN THE ALTERNATIVE
EXTEND THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS**
[Relates to Dkt. No. 17]

Jamie Vinson, Administrator of the Estate of Philemon S. Vinson ("Vinson"), files this *Limited Objection to Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* (the "Stay Motion") and would respectfully show the Court as follows:

**I.
Background**

1. Prior to Debtors' Petition Date, Vinson filed suit in the Circuit Court for the City of Norfolk, Virginia on behalf of decedent Philemon S. Vinson ("Decedent"), a twenty-four (24) year old inmate who committed suicide at the Norfolk Virginia City Jail just four (4) days after being taken into custody on August 13, 2022.[2] In the Subject Lawsuit, Vinson asserts claims against:

- City of Norfolk Sheriff Jospeh P. Brown ("Sheriff Brown");

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent as https://dm.epiq11.com/Wellpath. The Debtors' services address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] The "Subject Lawsuit" is styled as *Jamie Vinson, Administrator of the Estate of Philemon S. Vinson v. Wellpath, LLC, et. al.*, pending in The Circuit Court for the City of Norfolk and bearing Case No. CL24-5057. *See* First Amended Complaint, attached as **Exhibit 1**.

1

- City of Norfolk Sheriff's Office Chief of Staff Wayne Handley ("Chief Handley");

- City of Norfolk Sheriff's Deputy Cinclair Howard ("Deputy Howard");

- City of Norfolk Sheriff's Office Director of Mental Health Services Anne Purkerson ("Director Purkerson");

- City of Norfolk Sheriff's Office Director of Inmate Health Services Melissa Peppenhorst ("Director Peppenhorst");

- Debtor Wellpath LLC ("Wellpath"); and

- Wellpath employee Sharon Rice ("Nurse Rice").[3]

Among other things, Vinson alleges that Decedent's death resulted from the grossly negligent understaffing of the City of Norfolk Jail and grossly negligent treatment provided to Decedent after his brief incarceration. As set forth in detail in Exhibit 1, Vinson asserts the following claims against Defendants:

| Defendant | Relationship to Debtor | Claims |
|---|---|---|
| Sheriff Baron | N/A | Wrongful Death—Gross Negligence, Negligence, and Willful and Wanton Negligence<br><br>Section 1983 Deprivation of Civil Rights |
| Chief Handley | N/A | Wrongful Death—Gross Negligence, Negligence, and Willful and Wanton Negligence<br><br>Section 1983 Deprivation of Civil Rights |
| Deputy Howard | N/A | Wrongful Death—Gross Negligence, Negligence, and Willful and Wanton Negligence<br><br>Section 1983 Deprivation of Civil Rights |
| Director Purkerson | Former Wellpath employee, current | Wrongful Death--Gross Negligence |

---

[3] Collectively, Sheriff Baron, Chief Handley, Deputy Howard, Director Purkerson, Director Peppenhorst, Debtor Wellpath, and Nurse Rice are the "Defendants."

2

| | | |
|---|---|---|
| | employee of Norfolk Sheriff's Office | |
| Director Peppenhorst | Former Wellpath employee, current employee of Norfolk Sheriff's Office | Wrongful Death—Gross Negligence<br><br>Section 1983 Deprivation of Civil Rights |
| Wellpath | Debtor | Vicarious Liability for claims against Nurse Rice and certain claims against Directors Purkerson and Peppenhorst<br><br>Section 1983 Deprivation of Civil Rights |
| Nurse Rice | Wellpath employee | Wrongful Death—Negligence; Section 1983 Deprivation of Civil Rights |

2. On November 11, 2024 ("Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors filed the Stay Motion.

3. In connection with the first day pleadings, including the Stay Motion, Timothy J. Dragelin, Debtors' and non-Debtor Affiliates' Chief Restructuring Officer and Chief Financial Officer stated that:

- Debtors provide health care to vulnerable patients in clinical environments, including correctional facilities, inpatient and residential treatment facilities, forensic treatment facilities, and civil commitment centers in approximately 420 facilities in 39 states;

- In 2023, the growth trend for Debtors did not continue due to, among other things, escalating operating and labor costs, rising professional liability expenses, and underperforming contracts; and

- "As of the Petition Date, I understand there are more than 1,500 claims and Lawsuits outstanding against the Debtors and certain Non-Debtor Defendants—e.g., certain Professional Corporations and their respective PC Physicians, the directors and officers of certain of the Debtors' non-Debtor affiliates, and the Debtors' consultant and private equity sponsor, HIG. I further understand many of these Lawsuits are active, have hearings scheduled within the next few weeks, and require timely deliverables from the Debtors within the near future. In addition, I understand these Lawsuits, because of a potential connection to the Debtors, may result in an inquiry against the Debtors themselves [and] Debtors may have to indemnify Professional Corporations and the PC Physicians for losses and causes in conjunction with the Professional Corporations' operations. I believe any costs,

3

expenses, or losses incurred by the Professional Corporations or the PC Physicians would actually be borne by the Debtors' estates."

*Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [Dkt. 20] ("Dragelin Declaration") at pp. 3, 16 and 42.  The Dragelin Declaration does not identify the "certain Professional Corporations and their respective PC Physicians."  Nor does the Dragelin Declaration affirmatively state that the Debtors have agreements to indemnify such parties, only that the Debtors "may have to indemnify Professional Corporations and PC Physicians for losses caused in conjunction with the Professional Corporations' operations."  *Id*. at ¶ 112.

4.  On November 12, 2024, Debtors filed the Stay Motion, asking the Court to stay, all lawsuits in which a Debtor is a named defendant, including claims against non-Debtor defendants like Sheriff Baron, Chief Handley, Deputy Howard, Director Purkerson, Director Peppenhorst, and Nurse Rice (collectively, the "Non-Wellpath Defendants").  *See* Dkt. 17-1.  A final hearing is scheduled for December 5, 2024.

## II.
## Objection

5.  Debtors have produced no evidence that the claims against the Non-Wellpath Defendants in the Subject Lawsuit should be stayed.  The unusual circumstances that could support the relief do not exist here.  *In Zale*, the Fifth Circuit explained that "the debtor's stay may be extended to non-bankrupt parties in 'unusual circumstances'" which include "1) when the non-debtor and the debtor enjoy such an identity of interests that the suit against the non-debtor is essentially a suit against the debtor and 2) when the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization*."  Feld v. Zale Corp. (In re Zale)*, 62 F.3d

4

746, 761. If neither circumstance exists, courts "may not enjoin the third-party action." *Id*.

6. It is difficult to understand how Vinson's litigation against employees of the City of Norfolk Sheriff's Office could adversely impact Wellpath's potential reorganization. On the other hand, it is easy to understand how staying Vinson's claims against the Non-Wellpath Defendants delays justice and inappropriately interferes with Vinson's ability to prosecute his claims. In any event, it is Debtors' motion and their burden. And Debtors have thus far produced no evidence that the Court should stay Vinson's claims against the Non-Wellpath Defendants. Accordingly, Vinson respectfully requests that the Court deny Debtors' request for entry of a final order imposing a country-wide, blanket stay of all claim in any lawsuit naming a Debtor.

7. <u>Reservation of Rights</u>. Vinson reserves the right to amend or supplement these Objections prior to final hearing and to file a motion to lift the stay as to the Subject Lawsuit.

## Conclusion

For the above reasons, Vinson respectfully requests that the Bankruptcy Court deny the Stay Motion.

Dated: December 2, 2024

Respectfully submitted,

MEHAFFY WEBER, P.C.

<u>/s/Holly C. Hamm</u>
Holly C. Hamm
State Bar No.24036713
HollyHamm@mehaffyweber.com
Blake Hamm
State Bar No. 24069869
BlakeHamm@mehaffyweber.com
P.O. Box 16
Beaumont, TX 77704
Telephone: (409) 835-5011
Facsimile: (409) 835-5177

**ATTORNEYS FOR JAMIE VINSON, ADMINISTRATOR OF THE ESTATE OF PHILEMON S. VINSON**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 2nd day of December 2024, I caused the foregoing objection to be served as provided under the Court's CM/ECF system.

                                          */s/Holly C Hamm*
                                          Holly C. Hamm