IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTH DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| WELLPATH HOLDING, INC., *et al*, | : | Case No. 24-90533 (ARP) |
| Debtor(s). | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: December 5, 2024 |
| | | Objection Date: December 2, 2024 |
| | : | Re: Doc. No. 17 |

------------------------------X

**OBJECTION OF RICHARD REICHART TO ENTRY OF A FINAL ORDER TO ENFORCE THE AUTOMATIC STAY OR IN THE ALTERNATIVE EXTEND THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS UNDER SECTION 11 U.S.C. § 362(d)(1)**

Richard Reichart ("Mr. Reichart") submits this objection to entry of a final order granting *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants under Section 11 U.S.C. § 362(D)(1)* (the "Motion"). Mr. Reichart, the plaintiff in a pending civil rights action against multiple defendants, including Debtor Wellpath LLC ("Wellpath") and Nicola S. Wiener ("Ms. Wiener"), the representative of the estate of deceased former Wellpath employee Dr. Steven Wiener ("Dr. Wiener"), objects to the Motion and the relief requested therein insofar as it would extend the automatic stay on a final basis to Ms. Wiener in her capacity as the representative of Dr. Wiener's estate.[1]

**I.    BACKGROUND**

1.    Mr. Reichart, who is disabled and requires a wheelchair for mobility, is the plaintiff in an action against Wellpath and Ms. Wiener (in her capacity as the representative of Dr. Weiner's estate), as

---

[1] Mr. Reichart separately intends to seek relief from the automatic stay as to Wellpath.

well as the Pennsylvania Department of Corrections and certain current and former Pennsylvania DOC employees (collectively, the "Pennsylvania DOC Defendants"), styled *Reichart v. Pennsylvania Department of Corrections et al.*, Civil Action No. 2:22-cv-04480-JHS (E.D. Pa.) (the "*Reichart* Action").

2.     In his Second Amended and Supplemental Complaint ("SAC") in the *Reichart* Action, a true and correct copy of which is attached hereto as Exhibit 1, Mr. Reichart has asserted claims against Wellpath and Ms. Wiener pursuant to 42 U.S.C. § 1983, for the violation of Mr. Reichart's Eighth Amendment right to protection against cruel and unusual punishment, arising from injuries he suffered and continues to suffer while incarcerated at SCI Phoenix, a state prison located in Pennsylvania. Ex. 1 at 1 – 4.

3.     Wellpath, as successor to Correct Care Solutions, contracted with the Pennsylvania DOC to provide medical care to people incarcerated at SCI Phoenix, including Mr. Reichart.[2] Dr. Wiener, prior to his death in January 2022, was a Wellpath Medical Director responsible for overseeing the medical care for Mr. Reichart and other people incarcerated at SCI Phoenix. *Id.* ¶ 25. Following Dr. Wiener's death, Nicola S. Wiener was named the personal representative of Dr. Wiener's estate. *Id.*; *see also* Exhibit 2.

4.     On November 23, 2020, Mr. Reichart slipped and fell in a handicap accessible shower in SCI Phoenix, suffering multiple injuries. *Id.* ¶¶ 29-30. Mr. Reichart alleges that, for fourteen days, Wellpath, Dr. Wiener and the Pennsylvania DOC Defendants denied Mr. Reichart access to *any* medical care for his injuries pursuant to policies and practices adopted and implemented by Wellpath and Dr.

---

[2] Wellpath LLC was formed through a merger between Correct Care Solutions and Correctional Medical Group. *See* Private Equity Stakeholder Project, "HIG Capital's and Wellpath's Correctional Healthcare Investment Risks," June 2019, p. 1, https://pestakeholder.org/wp-content/uploads/2019/06/HIG-Capitals-Correctional-Healthcare-Investment-Risks-PESP-062519.pdf.

Wiener. Those policies and practices including without limitation a policy or practice of denying access to medical treatment during periods of understaffing, and denying access to offsite medical treatment during Dr. Wiener's absence from SCI Phoenix while he was undergoing treatment for cancer. *Id.* ¶ 39. As a result of intentionally denying Mr. Reichart medical treatment, his injuries worsened, he began to experience complete numbness in his arms and legs, and fell a second time, further exacerbating his already serious injuries. *Id.* ¶¶ 45-46. Only after this second fall was Mr. Reichart finally transported to an emergency room, belatedly provided medical treatment and diagnosed with multiple serious injuries including a spinal burst fracture. *Reichart* Action ¶ 47.

5. Ms. Wiener, through counsel, accepted service of the complaint in the *Reichart* Action on October 11, 2024, and filed an answer on October 15, 2024. Discovery in the *Reichart* Action is ongoing.

6. On November 11, 2024 ("Petition Date"), Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code. Debtors simultaneously filed the Motion. In the Motion, Debtors seek to extend the automatic stay to certain "Non-Debtor Defendants," which Debtors define to include "certain Professional Corporations and their respective PC Physicians" as defined in Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief (the "PC Motion"). Motion at 2 & n.2. The PC Motion in turn defines "Professional Corporations" and "PC Physicians" as follows:

> To comply with the variety of laws regulating their businesses and contractual arrangements, the Debtors utilize a structure commonly known in the industry as a "friendly professional corporation" structure, pursuant to which the Debtors contract with and provide various management and administrative services to professional entities (collectively, the "Professional Corporations") that are owned exclusively by licensed

physicians affiliated with the Debtors (collectively, the "PC Physicians") in accordance with applicable requirements. [ECF No. 15 at 4].

7. After Wellpath gave notice of this Bankruptcy Case in the Reichart Action, the court in the Reichart Action entered an Order affirming the automatic stay, specifying that the case is stayed "only as to Defendant Wellpath, LLC" and ordering Wellpath to file a status update every 90 days. *Reichart* Action, ECF No. 60.

## II. ARGUMENT

8. For two independent reasons, Mr. Reichart objects to the Motion insofar as Debtors contend that, by their definition of "PC Physicians" or otherwise, the automatic stay should extend to Dr. Wiener. First, that definition should ***not*** be construed as extending to Dr. Wiener. Second, to the extent the definition applies to Dr. Wiener, none of Debtors' stated reasons for seeking to extend the automatic stay justify doing so as to Dr. Wiener.

9. Debtors have limited the definition of "PC Physicians" to "licensed physicians affiliated with the Debtors" who "exclusively" own one or more "professional entities" to which Debtors "provide various management and administrative services." PC Mot. at 4. Reichart does not know whether Dr. Wiener was an owner of any such entities. If he was not, he was not a "PC Physician." If he was an owner, his status as such presumably terminated as a result of his death. Further, Mr. Reichart has not asserted claims against Dr. Wiener or his estate due to his status as an owner of any "Professional Corporation." Rather, as noted above, Mr. Reichart's claims concern Dr. Wiener's action and inaction as a Medical Director with responsibility for SCI Phoenix. As a result, there is no basis for extending the "PC Physicians" definition to Dr. Wiener, much less to his estate.

10. In any event, none of Debtors' stated reasons for extending the stay to PC Physicians is appliable in the case of Dr. Wiener or his estate. Debtors argue that "a Lawsuit alleging liability based on alter ego or other similar theories" warrants extending the stay to non-debtors. ECF No. 17 at 5, 13-

14. But Mr. Reichart has not alleged that Dr. Wiener was Wellpath's alter ego. Rather, Mr. Reichart alleges that Dr. Wiener personally violated Mr. Reichart's rights.

11. Debtors also argue that "Professional Corporations," "D&Os" or "HIG" may be able to assert "indemnification claims" against Debtors. ECF No. 17 at 8-10, 14-15. However, Mr. Reichart has not named any "Professional Corporations" or "HIG" as a defendant, has not alleged any relationship between Dr. Wiener and such entities and, to the best of his knowledge, has not asserted any claims against Dr. Wiener in any capacity as a "director" or "officer" of any Debtor (if he even held such capacity).

12. Debtors further assert that extension of the stay is necessary because litigation could "divert management's and in-house counsel's attention and resources." ECF 17 at 6, 15-16. However, Dr. Wiener was both a former employee and deceased by the time the *Reichart* Action was filed, and long before Debtors filed the Motion. Neither he nor his estate representative has any connection to the Debtors' operations, assets, or reorganization efforts. *See In re Vector Arms, Corp.,* No. 15-21039, 2015 WL 8999261, at *5–7 (Bankr. D. Utah Dec. 11, 2015) (the stay should not be extended where the non-debtors were former employees of the debtor by the time the bankruptcy was filed and they had nothing to do with the debtor's current operations or attempt to reorganize).

13. In sum, there is no justification for extending the automatic stay to Dr. Wiener or Ms. Wiener, his estate representative.

## III. CONCLUSION

For the reasons set forth herein, Mr. Reichart respectfully requests that this Court deny the Motion to the extent it seeks to extend the automatic stay to Dr. Wiener, his estate or Ms. Wiener.

Dated: December 2, 2024	Respectfully submitted,

*/s/ John D. Beck*
John D. Beck (TX Bar No. 24073898)
HOGAN LOVELLS US LLP
609 Main St Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile: (713) 632-1401
john.beck@hoganlovells.com

David Newmann (PA #82401)
Virginia Gibson (PA # 32520)
Elijah Freeman (PA #331835)
Kayla Fisher (PA #333823)
HOGAN LOVELLS US LLP
1735 Market Street 23rd Floor
Philadelphia, PA 19103
Tel.: 267-675-4600
Fax: 267-675-4601
david.newmann@hoganlovells.com
virginia.gibson@hoganlovells.com
elijah.freeman@hoganlovells.com
kayla.fisher@hoganlovells.com

*Counsel for Plaintiff Richard Reichart*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2024 a true and correct copy of the foregoing Objection of Richard Reichart to Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants' Motion Under Section 11 U.S.C. § 362(d)(1) was served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same.

By: */s/ John D. Beck*

John D. Beck (TX Bar No. 24073898)
HOGAN LOVELLS US LLP
609 Main St Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile: (713) 632-1401
john.beck@hoganlovells.com