IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-90533 (ARP) |
| | ) | |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DEBORAH YOUNG'S OBJECTION TO FINAL ORDER/AUTOMATIC STAY**
**[This Objection relates to the Motion at Doc. 17 and Interim Order at Doc. 69]**

Deborah Young ("Creditor" or "Plaintiff"), as the Personal Representative of the Estate of Gwendolyn Young ("Ms. Young" or "Creditor"), as a Creditor, and her attorneys Smolen & Roytman ("Counsel"), submit this Objection to the Amended Interim Order Enforcing the Automatic Stay filed on November 12, 2024 [Doc. 69] (the "Interim Order"). In support of its Objection, Creditor and her Counsel state and allege as follows:

**RELEVANT BACKGROUND**

Creditor initially filed an underlying civil rights action against Correctional Healthcare Companies, Inc., n/k/a Correctional Healthcare Companies, LLC (hereinafter, "CHC") on May 31, 2013. *See* Case No. 13-CV-315 (N.D. Okla.). Creditor brought her § 1983 death claim against CHC, alleging violations of Ms. Young's Eighth Amendment right to adequate medical care. At all pertinent times, CHC was the private medical contractor responsible for operation of the health care delivery system at the Tulsa County Jail ("Jail").

CHC filed a Motion for Summary Judgment on August 24, 2017. On October 6, 2020, then-presiding Judge John E. Dowdell issued an Opinion and Order denying CHC's Motion for

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

1

Summary Judgment. Addressing the "subjective component" of the deliberate indifference standard, Judge Dowdell held and reasoned:

> [T]he record evidence would support a finding that … medical staff were deliberately indifferent to Ms. Young's serious medical needs. Ms. Young's condition worsened over the course of a week to the point that she was in respiratory distress, could not eat or drink, vomited for days, fell, was extremely weak, and was left in her cell after being incoherent and unresponsive to questions and directions. Despite days of reportedly vomiting blood, refusing medications, not eating or drinking, complaining of respiratory distress, falling, and being observed in an incoherent state, Ms. Young was not taken to a hospital for the emergency medical care she needed. …. [N]ursing staff …. refused to call for emergency care... A jury could also reasonably find that the delay in seeking treatment caused her death.

*Young v. Glanz,* No. 13-CV-315-JED-JFJ, 2020 WL 5937899, at *4 (N.D. Okla. Oct. 6, 2020). In denying summary judgment as to Creditor's municipal liability theory, Judge Dowdell further held and reasoned:

> [A] reasonable jury could find that, in the years prior to Ms. Young's death in 2013, ***CHC maintained a policy and custom of failing to provide medical care in response to serious medical needs of Jail inmates, failing to provide proper training and supervision regarding emergent medical conditions, and continuing to adhere to a constitutionally deficient system of care for detainees with serious medical needs.***

*Young,* 2020 WL 5937899*Id.* at *8 (emphasis added).

On June 1, 2022, the District Court directly reassigned the case to Judge Iain D. Johnston of the United States District Court for the Northern District of Illinois. Judge Johnston set trial of the *Young* matter for February 13, 2023.

The underlying civil rights matter was tried on February 13-17 and 21-23, 2023. After deliberating, the jury entered a verdict in favor of Creditor and against CHC on February 24, 2023. The jury awarded Creditor ***$14 million in compensatory damages and $68 million in punitive damages.***

On March 28, 2023, the District Court entered Judgment "consistent with the jury's verdict…."

CHC subsequently filed two post-judgment motions: (1) a "Renewed Motion for Judgment as a Matter of Law" ("Rule 50(b) Motion"); and (2) a "Motion for New Trial or in the Alternative, Motion for Remittitur" ("Motion for New Trial"). As part of the Motion for New Trial, CHC argued that a new trial, or in the alternative, remittitur, was warranted due to Counsel's purported "misconduct."

Creditor filed extensive and comprehensive Responses in Opposition to the Rule 50(b) Motion and the Motion for New Trial.

On January 8, 2024, the District Court filed its Memorandum Opinion and Order denying CHC's Rule 50(b) Motion ("Rule 50(b) Order"). *See Young v. Corr. Healthcare Companies, Inc.*, No. 13-CV-315-IDJ-JFJ, 2024 WL 81547 (N.D. Okla. Jan. 8, 2024). As part of its Rule 50(b) Order, Judge Johnston found, held, and reasoned:

> [T]he ***evidence*** at trial—even when viewed neutrally, not in the light most favorable to Plaintiff as this Court must do on this motion—***was overwhelming.*** [footnote omitted] In part, the Court allowed Plaintiff to establish her *Monell* claim with evidence of a similar constitutional violation—the death of [Elliott] Williams. Like Ms. Gwendolyn Young, Mr. Williams was accused by CHC staff of "faking" his medical condition and died because of CHC's actions and inactions. Mr. Williams died before Ms. Gwendolyn Young and yet CHC did nothing in response to prevent similar deaths. The video recording of Mr. Williams' death captures what can best be described as a slow-motion homicide. And, when questioned about the cause of Mr. Williams' death, CHC's former director of nursing at the Tulsa County Jail (Chris Rogers) testified that "the whole system" was responsible for Mr. Williams' death. The video recording of Ms. Gwendolyn Young gasping for breath while having a medical crisis is likewise painful to watch. … ***If the type and volume of evidence presented in this case doesn't establish a Monell claim, then the Court is unsure if a Monell claim could ever be established.***

*Young,* 2024 WL 81547 at *2 (emphasis added).

3

On February 29, 2024, the District Court filed its Memorandum Opinion and Order addressing the Motion for New Trial ("Order" or "February 29 Order"). *Young v. Corr. Healthcare Companies, Inc.,* 721 F. Supp. 3d 1209 (N.D. Okla. 2024), *appeal pending,* Appeal No. 24-5033 (10th Cir.). On one hand, the District Court denied CHC's request for a new trial. Echoing the Rule 50(b) Order, the Court found "there was an ***avalanche of evidence*** presented to the jury that CHC's deliberate indifference caused the constitutional violations inflicted on Ms. Gwendolyn Young, resulting in her pain, suffering, and death." *Young,* 721 F. Supp. 3d at 1217 (emphasis added). In denying the request for a new trial, Judge Johnston reiterated that the evidence of CHC's liability was "overwhelming" and supported by "a ***mountain of evidence.*** " *Id.* at 1249 (emphasis added). Similarly, "because of the overwhelming evidence," the Court denied CHC's request for remittitur "as to the jury's compensatory damage award of $14 million" finding it to be consistent with a "strikingly similar" case involving Elliott Williams. *Id.* at 1217-18 (citing *Burke v. Regalado,* 935 F.3d 960, 980 (10th Cir. 2019)).

On the other hand, the District Court granted CHC's request for remittitur as to the *punitive* damages, slashing the jury's award from $68 million to $7 million. *Id.* at 1218. In support of this remittitur, the Court found it "reasonably probable that the cumulative effect of Plaintiff's counsel's misconduct influenced the jury's punitive damages award." *Id.* The Court further catalogued in painstaking detail – for pages upon pages – its multiple findings of Counsel's "misconduct," primarily directed at Daniel E. Smolen. *Id.*

Subsequently, Creditor's *Counsel*, particularly Daniel E. Smolen and Robert M. Blakemore, filed an appeal with the Tenth Circuit Court of Appeals, solely seeking review of District Court's numerous findings – as stated in the February 29 Order – that they engaged in misconduct during the trial proceedings. *See* Appeal No. 24-5033 (10th Cir.) (hereinafter,

4

"Pending Appeal"). As part of that Pending Appeal, Counsel maintain that the District Court's findings of misconduct are improperly based on extrajudicial sources, plainly contradicted by the record, and unsupported by law. The Tenth Circuit has previously held that "an order finding that an attorney has committed an ethical violation but not imposing any other sanction, monetary or otherwise, can be appealed as a final order under § 1291." *Butler v. Biocore Med. Techs., Inc.,* 348 F.3d 1163, 1169 (10th Cir. 2003). An attorney's appeal of a district court's finding of misconduct is unique in numerous respects. For instance, it is reputational damage to the attorney, as opposed to any injury to his or her client, that provides the basis for jurisdiction. *See, e.g., Butler,* 348 F.3d at 1167-68. As recognized by the *Butler* Court, the damage to an attorney's professional reputation occasioned by a judicial finding of misconduct "'may prove harmful in a myriad of ways….'" *Id.* at 1168 (quoting *In re Williams,* 156 F.3d 86, 90 (1st Cir. 1998)).

After full briefing in the Pending Appeal, on November 5, 2024, the Circuit set the matter for oral argument on January 21, 2025.

Then, on November 11, 2024, CHC filed its "Suggestion of Bankruptcy and Notice of Stay" in the Pending Appeal, asserting that "[a]s a result of the operation of the automatic stay" issued by this Court in this case, "all parties are stayed from any further continuation" of the Pending Appeal.

Creditor and Counsel now hereby object to any stay of the Pending Appeal.

**OBJECTION**

1. Creditor and Counsel object to the Interim Order becoming a final order only as to the Pending Appeal. As described above, the Pending Appeal has been fully briefed and is merely awaiting oral argument and then a decision by the Tenth Circuit Court of Appeals.

2. The Pending Appeal, which addresses only findings of attorney misconduct and reputational harm to Creditor's Counsel, will have no economic, procedural or other impact upon the Debtors. Indeed, Counsel maintains that CHC has no standing in the Pending Appeal, in part because such appeal only involves "review [of] the district court's order – detailing the reasons for any finding of attorney misconduct – in addition to the appellant's brief." *Butler,* 348 F.3d at 1169. Simply put, the Pending Appeal, on its face, is not subject to the stay under 11 U.S.C. § 362(a) because it <u>does not involve the Debtors, their respective bankruptcy estates, or the Non-Debtors in any manner.</u>[2]

3. No prejudice to the Debtors will result from allowing the Pending Appeal to proceed to a decision by the Tenth Circuit. On the other hand, substantial prejudice to Creditor's Counsel, in the form of continuing reputational harm, will result if the Pending Appeal is stayed. *See, e.g., Frank v. Crawley Petroleum Corp.,* 992 F.3d 987, 992-995 (10th Cir. 2021) (finding that challenges to findings of attorney misconduct must be brought in the attorneys' own names, not

---

[2] While counsel for CHC have chosen to insert themselves in the Pending Appeal, they had no obligation to do so.

6

on behalf of their clients and that "delaying" an attorney's 'right to appeal has consequences that may be irreparable….").

4. The Pending Appeal, on its face, is not subject to the stay under 11 U.S.C. § 362(a) but would be subject to the Interim Order if the same becomes a Final Order.

5. The Debtors articulate the legal basis for the Interim Order in their Emergency Motion For Entry Of Interim And Final Orders To Enforce The Automatic Stay Or In The Alternative Extend The Automatic Stay To Non-Debtor Defendants filed November 12, 2024 [Doc. 17] (the "Motion").  As will be set forth below, none of the legal arguments presented in the Motion justify extension of the stay to the Pending Appeal.

6. As an initial note, the Motion was never served upon Creditor or her Counsel.

7. The arguments presented in Paragraphs 27 and 28 of the Motion do not apply to the Pending Appeal because there is no identity of interests between the parties to the Pending Appeal and any of the Debtors. The Pending Appeal is a discrete dispute involving findings that Creditor's Counsel engaged in "misconduct" during trial.

8. The Pending Appeal makes no claims against any of the Debtors. None of the issues in the Pending Appeal are interwoven with any interests of the Debtors. Rather, the findings of misconduct and resulting reputational harm are personal to Creditor's Counsel. *See, e.g., Butler,* 348 F.3d at 1167-68 (holding that, in such appeals, it is reputational damage to the attorney, as

opposed to any injury to his or her client, that provides the basis for appellate jurisdiction). As such, there is no exposure to the Debtors of any risk of collateral estoppel.

9. The arguments presented in Paragraphs 29 and 30 of the Motion do not apply to the Pending Appeal because no indemnity obligations of the Debtors will be triggered by the Pending Appeal.

10. The arguments presented in Paragraphs 31 and 32 of the Motion do not apply to the Pending Appeal because CHC has no obligation to do anything related to the Pending Appeal. Arguably, CHC has no standing in the Pending Appeal at all. *See, e.g., Butler,* 348 F.3d at 1169.

**WHEREFORE**, Creditor and her Counsel pray this Court deny the Debtors' Motion to extend the automatic stay to the Pending Appeal and find that the stay does not apply in any manner thereto.

Respectfully submitted,

s/*Christopher M. Staine*
Christopher M. Staine
State Bar No. 24104576
S.D. Tex. Bar No. 3233944
CROWE & DUNLEVY, P.C.
2525 McKinnon Street, Suite 425
Dallas, TX 75201
Telephone: 214.420.2163
Facsimile:  214.736.1762
Email: christopher.staine@crowedunlevy.com
**COUNSEL FOR CREDITOR DEBORAH YOUNG, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF GWENDOLYN YOUNG, AS A CREDITOR, AND HER ATTORNEYS SMOLEN & ROYTMAN**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 2, 2024, I electronically transmitted the above and foregoing instrument for filing and for transmittal of a Notice of Electronic Filing through the CM/ECF system to all ECF registrants in this case, and in accordance with Paragraph 1 of the Amended Interim Order Enforcing the Automatic Stay.

*/s/Christopher M. Staine*

**CERTIFICATE OF CONFERENCE**

Pursuant to L.B.R. 9013-1, I hereby certify that on December 2, 2024, counsel for Deborah Young, as the Personal Representative of the Estate of Gwendolyn Young, as a Creditor, and her attorneys Smolen & Roytman (collectively, the "respondents"), attempted to confer with counsel for the Debtors by phone to determine whether the Debtors opposed the relief requested by and through this Motion. As of the file-stamped time of this Objection, counsel for the respondents have not been able to reach counsel for the Debtors to attempt to resolve the matter and, therefore, it is presented to the Court for resolution.

/s/ *Christopher Staine*