IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*<br><br>Debtors. | CASE NO: 24-90533 (ARP)<br>CHAPTER 11<br>(JOINTLY ADMINISTERED) |

### AS ADMINISTRATOR OF THE ESTATE OF DARUIS PIZARRO, PLAINTIFF LIZA PIZARRO'S OBJECTION TO ENTRY OF A FINAL ORDER ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO ENFORCE THE AUTOMATIC STAY OR IN THE ALTERNATIVE EXTEND THE AUTOMATIC STAY TO NON-DEBTOR AND DEBTOR DEFENDANTS

Plaintiff Liza Pizarro, as administrator of the Estate of Daruis Pizarro, ("Plaintiff") by and through her undersigned counsel, hereby files *Plaintiff Liza Pizarro's Objection to Entry of a Final Order on Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants*, ("Objection"), respectfully sets forth and shows:

1. Plaintiff files this Objection to the entry of a final order on the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants,* ECF No. 17. This Objection is filed pursuant to the dictates contained in the *Amended Interim Order Enforcing the Automatic Stay*, ECF No. 69.

2. Plaintiff also joins the *Response of Certain Claimants to Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants*. ECF No. 245.

1

3. Plaintiff filed a pre-petition federal court action pursuant to 42 U.S.C. § 1983 and New York State law against Wellpath Holdings, Inc. ("Debtor"), and related non-debtors New York Correct Care Solutions PC, Helene Bishop, and Jerome Norton ("Related Non-Debtors") in the Southern District of New York on January 16, 2024, as well as non-debtor Westchester County ("the County"). *See Pizarro v. Westchester County et al.*, 24 Cv. 331 (KMK) (S.D.N.Y.).

4. Plaintiff's claims against the Debtor, Related Non-Debtors, and the County arise out of those parties' denial of adequate mental health care to Daruis Pizarro in 2022 while Mr. Pizarro was incarcerated as a pre-trial detainee in the custody of the Westchester County Jail, a facility serviced by Wellpath and located in Valhalla, New York.

5. On July 1, 2024, Plaintiff added the United States of America ("the United States") as a Defendant to the action by filing an Amended Complaint. *Pizarro v. Westchester County et al.*, 24 Cv. 331, at ECF No. 36 (KMK) (S.D.N.Y.). Plaintiff's claims against the United States arise from the negligent and tortious acts of the United States Marshals Service and Federal Bureau of Prisons in their transfer and intake of Mr. Pizarro into federal custody at the Metropolitan Detention Center in Brooklyn, New York. Mr. Pizarro died by suicide while in federal custody on October 19, 2022. The United States answered the Amended Complaint on October 9, 2024.

6. Plaintiff's claims against the United States arise under the Federal Torts Claim Act ("FTCA") and are legally distinct from its claims against the Debtor and Related Non-Debtors. Plaintiff's claims against the United States are also factually distinct from its claims against the Debtor and Related Non-Debtors because they concern events that

occurred after Mr. Pizarro left the Westchester County Jail, such as the care and treatment he was denied at the federal prison to which he was transferred.

7. A settlement conference was scheduled between Plaintiff, the United States, and the other Defendants for December 5, 2024.

8. Plaintiff's pre-petition federal court action against the United States should be excluded from this Court's Final Order and the automatic stay be lifted as against the United States because:

   a. As a preliminary matter, the United States does not fall into any of the categories of non-debtor defendants as to which Wellpath specifically seeks a stay. *See* ECF No. 17 at ¶ 1 (seeking a stay as to "certain Professional Corporations and their respective PC Physicians", the directors and officers of certain of the Debtors' non-Debtor affiliates", and the "Debtors' consultant and private equity sponsor, HIG"). In fact, the United States itself has objected to the application of the stay in a separate action. *See* ECF No. 242.

   b. In any event, "[t]he burden to show that the stay is applicable to a non-debtor is on the party invoking the say." *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 WL 1767003, at *3 (N.D. Tex. Apr. 22, 2019) (cleaned up), and noneone of the three bases identified by Debtor—(1) the overlapping nature of the claims, (2) indemnification obligations, and (3) burden to the Debtor's Estate— justify the extraordinary application of a stay to the United States, a defendant in Plaintiff's pre-petition action.

   c. First, Plaintiff's claims against the United States are distinct from her claims against the Debtor and Related Non-Debtors. *Cf. id.* at *3 (stay appropriate where

"the allegations raised against co-defendants are 'inextricably interwoven' with claims against the debtor, such that severance would be inappropriate" (cleaned up)). Nor do Plaintiff's claims against the United States involve any of the "alter-ego or similar theories" the Debtor identifies as justifying the need for a stay against Non-Debtors, ECF No. 17 at ¶ 28. Plaintiff is suing the United States under the FTCA for its negligence in arranging Daruis Pizarro's transfer and his intake upon receipt into federal custody,[1] whereas her § 1983 and New York law claims against Debtor and the Related Non-Debtors involve the separate and negligent provision of medical care by Debtor and Related Non-Debtors while he was a pre-trial detainee at the Westchester County Jail, prior to Mr. Pizarro's transfer to federal custody. Accordingly, Plaintiff's claims against the United States can proceed without "resolv[ing] factual or legal issues that also affect the Debtors" or Related Non-Debtors and resolution of the stand-alone claims against the United States would not result in judicial inefficiency. *Gigi's Cupcakes*, 2019 WL 1767003, at *4.

d. Second, Debtor has no indemnification obligations with the United States that would otherwise "establish a shared identity of interests." ECF No. 17 at ¶ 29. *Cf. Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, No. CIV. 4:12-3120, 2013 WL 1948766 (S.D. Tex. May 9, 2013) ("[T]he § 362 stay should extend to nonbankrupt codefendants *only* when there is a formal or contractual relationship

---

[1] By their nature, FTCA claims cannot be based on theories of vicarious liability. *See Broussard v. United States*, 989 F.2d 171 (5th Cir. 1993) ("The United States has statutorily consented to suits pursuant to the Federal Torts Claim Act. This consent to be sued, however, does not extend to the acts of independent contractors."). As such, the United States' liability cannot be derivative of Wellpath's obligations as a matter of law.

    between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other." (emphasis added, cleaned up)).

   e. Finally, in light of the foregoing, continuation of the claims against the United States will not burden, directly affect, involve, or deplete the resources of Debtor's estate. In short, none of the "unusual circumstances" required to justify the extraordinary imposition of a stay against a non-debtor co-defendant are present. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also id.* at 999 ("[Section 362(a)(1)] is generally said to be available only to the debtor, not the third party defendants or co-defendants . . . . [I]n order for such relief for [] non-bankrupt defendants to be available under (a)(1), there must be 'unusual circumstances' and *certainly something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown* in order that proceedings be stayed against non-bankrupt parties. This 'unusual situation,' it would seem, arises where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (emphasis added)).

9. Additionally, Plaintiff's pre-petition federal court action against the County should also be excluded from this Court's Final Order and the automatic stay be lifted as against the County for the limited purpose of allowing discovery into the question of whether the County has applicable independent insurance beyond its contractual relationship with the Debtor.

a. The County does not fall into any of the categories of non-debtor defendants as to which Wellpath specifically seeks a stay. *See* ECF No. 17 at ¶ 1 (seeking a stay as to "certain Professional Corporations and their respective PC Physicians", the directors and officers of certain of the Debtors' non-Debtor affiliates", and the "Debtors' consultant and private equity sponsor, HIG").

b. The pre-petition lawsuit will serve to liquidate by a jury trial the amount of Plaintiff's damages in the event that a claim against the Debtor in this bankruptcy does become necessary.

WHEREFORE, Plaintiff respectfully requests that this Court sustain this Objection and exclude from the entry of any final order the Stay Extend Motion, the continued extension of the automatic stay as it related to action commenced by the Plaintiff against the United States and Westchester County, and for such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: December 2, 2024 | Respectfully submitted, |
| | EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP<br>600 5th Ave., Fl. 10,<br>New York, NY 10020<br>212.763.5000 |
| | By: */s/ Katherine Rosenfeld*<br>Katherine Rosenfeld<br>Ariadne M. Ellsworth |
| | *Attorneys for Plaintiff Liza Pizarro as Administrator of the Estate of Daruis Pizarro* |