**IN THE UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| *IN RE:* § | |
| WELLPATH HOLDINGS, INC., et al., § | |
| § | JOINTLY ADMINISTERED |
| *Debtors*. § | **CASE NO. 24-90533 (ARP)** |
| § | CHAPTER 11 |
| | |
| KENNETH EVANS AND KENYA EVANS § | |
| Independent Administrators of the § | |
| Estate of KHAYLA J. EVANS, § | |
| *DECEASED* § | |
| *Movants,* § | HEARING: **JANUARY 9, 2025** |
| § | **AT 11:00AM** |
| v. § | |
| § | |
| WELLPATH HOLDINGS, INC., et al., § | |
| *Respondents.* § | |
| § | |
| § | |

# MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH LITIGATION AND REQUEST FOR ADEQUATE PROTECTION REGARDING INSURANCE PROCEEDS

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO REACH AN AGREEMENT.

IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT REACH AGREEMENT, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 9, 2025, AT 11:00AM IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002.

**TO THE HONORABLE ALFREDO R. PÉREZ, UNITED STATES BANKRUPTCY JUDGE:**

Kenneth Evans and Kenya Evans, as Independent Administrators of the Estate of Khayla J. Evans (the "Movants"), respectfully submit this Motion for Relief from the Automatic Stay pursuant to *11 U.S.C. § 362(d)* to continue litigation in federal and state courts, pursue recovery limited to applicable insurance proceeds, and request adequate protection concerning the insurance policies covering Movants' claims.

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(G).
2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL & PROCEDURAL BACKGROUND

3. Movants are plaintiff in a lawsuits involving Wellpath Holdings, Inc. ("Debtor")  The action, *Evans v. Wellpath, LLC et. al.,* is pending in the United States District Court for the Northern District of Illinois, Eastern Division (*CASE NO. 23-cv-04248*).
4. This case involves allegations under 42 U.S.C. § 1983 of deliberate indifference to the serious medical needs of Khayla J. Evans, a detainee who died in custody after Wellpath and its employees failed to provide timely and adequate medical care. *See,* EXHIBIT 1 (AMENDED COMPLAINT).
5. On November 11, 2024, Wellpath, LLC filed for Chapter 11 bankruptcy in this Court under Case No. *24-90563 (ARP)*, triggering the automatic stay under 11 U.S.C. § 362(a). *See,* EXHIBIT 4 (WELLPATH, LLC'S VOLUNTARY BANKRUPTCY PETITION)
6. Subsequently, on November 12, 2024, the Court entered an order directing the joint administration of Wellpath's case with its' affiliated entities under Case No. *24-90533*

*(ARP)*. The joint administration applies to Wellpath Holdings, Inc. and other related entities operating in healthcare services. *See*, EXHIBIT 5 (ORDER DIRECTING JOINT ADMINISTRATION)

7. Following the bankruptcy filing, this Court issued an *Interim Order* on November 12, 2024, reinforcing the scope of the automatic stay. Notably, *Paragraph 3 of the Interim Order* explicitly preserves the rights of creditors, including Movants, to seek relief from the stay under *11 U.S.C. § 362(d)*. This language clarifies that parties like Movants are not prohibited from pursuing litigation against Wellpath to the extent that recovery is limited to non-estate assets, such as insurance proceeds. *See*, EXHIBIT 6 (INTERIM BANKRUPTCY ORDER)

8. Wellpath holds liability insurance policies that cover the claim at issue. Under established Fifth Circuit precedent, these insurance proceeds are considered non-estate assets and are thus outside the scope of property protected by the automatic stay (*In re Edgeworth*, 993 F.2d 51 (5th Cir. 1993).

9. Movants seek relief from the automatic stay solely to proceed with the pending litigation in the appropriate forum and recover from Wellpath's insurance policies. Movants are not seeking to recover from estate property or otherwise interfere with the Debtors' bankruptcy case.

### III.  LEGAL BASIS FOR STAY RELIEF AND REQUEST FOR ADEQUATE PROTECTION

10. Pursuant to *11 U.S.C. § 362(a)(1)*, a debtor seeking protection under the United States Bankruptcy Code is immediately protected by an automatic stay which precludes "the commencement or continuation" of any proceeding against the debtor.

11. Movants seek relief from the automatic stay under *11 U.S.C. § 362(d)(1)*, which provides that the Court may grant relief "for cause." Since "cause" itself isn't defined by the code, bankruptcy courts are granted broad discretion when tasked to consider granting relief from a stay.

12. Courts have consistently recognized that cause exists to lift the stay when a movant seeks recovery from non-estate assets, such as insurance proceeds, and when granting such relief will not prejudice the bankruptcy estate or creditors.

13. Movants' request is supported by judicial economy. The federal and state courts where the cases are pending are already familiar with the facts and procedural histories, and those forums are the most efficient venues for resolving the disputes.

Allowing the litigation to proceed avoids duplicative efforts and delays, which would be contrary to the interests of justice.

14. Moreover, lifting the stay will have no adverse impact on Wellpath's reorganization or its creditors. The costs of defense and any potential liability will be borne by Wellpath's insurers, ensuring that no estate assets are implicated.

15. To assist in the analysis of whether to grant relief from an automatic stay, various courts (including this one) have adopted several factors to consider. See, e.g., *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).[1]

16. The following relevant factors support granting relief in this motion:

    a. **Factor 1:** Granting relief will allow full adjudication of Movants' claims in the pending courts, ensuring a complete resolution of liability and damages.

    b. **Factor 2:** The claims are limited to insurance proceeds, which are non-estate assets and do not affect the administration of the bankruptcy case.

    c. **Factor 4:** Wellpath's insurance carrier is expected to provide a defense and indemnify against any judgment, minimizing any burden on the estate.

    d. **Factor 6:** Other creditors will not be prejudiced because Movants' recovery is limited to insurance proceeds and does not diminish the estate.

    e. **Factor 9:** The federal and state courts are familiar with the claims, ensuring efficient resolution without duplicating efforts.

    f. **Factor 11:** The stay imposes significant prejudice on Movants by delaying their ability to pursue claims, while lifting the stay imposes no harm on the estate.

17. *Additionally*, Movants request that the Court grant adequate protection under *11 U.S.C. § 361* by requiring the Debtors to:

    a. Provide proof of the existence, terms, and limits of pertinent insurance policies;

    b. Confirm that the insurance policies provide coverage for the claims asserted in the pending litigation;

    c. Confirm that the coverage limits are sufficient to address potential liability; and

---

[1] See, e.g., In re Xenon Anesthesia of Texas, PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). Those factors include: 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.

      d. Confirm that the insurer is prepared to defend and indemnify the Debtors against the claim.

18. This adequate protection request ensures transparency and fairness, allowing Movants to proceed efficiently while preserving the integrity of the bankruptcy estate.

## IV.    PRAYER FOR RELIEF

*WHEREFORE*, Movants respectfully request that this Court enter an order: Granting relief from the automatic stay to allow Movants to continue litigation in the federal courts, limited to recovery from insurance proceeds; Requiring adequate protection in the form of proof or confirmation of potentially applicable insurance policies; Waiving the 14-day stay under Bankruptcy Rule 4001(a)(3) to permit immediate enforcement of the order; and Granting such other and further relief as the Court deems just and proper.

**Respectfully Submitted,**
*Salvi, Schostok & Pritchard P.C*.
218 N. Martin Luther King Jr., Ave.
Waukegan, IL 60085
Phone: 847-249-1227
Fax: 847-249-0138
**ATTORNEY FOR MOVANTS**

BY : **/s/ Adrian C. Spearman**
ADRIAN C. SPEARMAN
TEXAS BAR # 24117085
*Spearman Legal Firm, P.C.*
3560 W. Camp Wisdom Rd.,
Suite 200 Dallas, Texas 75237
acs@spearmanlegal.com
214-888-8253(p)
**BANKRUPTCY COUNSEL FOR MOVANTS' ATTORNEY**

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 4001(a)(1) and BLR 4001-1(a)(1), I hereby certify that on December 2, 2024, at 11:05 a.m. Central Time, the undersigned counsel attempted to confer with counsel for the Debtors (Marcus Helt) regarding the relief requested in this Motion by telephone. I spoke with the receptionist at Debtors' counsel's office and left a detailed message regarding the substance of this Motion for relief from stay and requested a return call to discuss the Debtors' position. As of the time of filing, I have received no response from Debtors' counsel. Therefore, I am unable to represent whether this Motion is opposed or unopposed.

/s/ *Adrian C. Spearman*
**ADRIAN C. SPEARMAN**
**TX # 24117085**

## CERTIFICATE OF SERVICE

I, Adrian Spearman certify that on DECEMBER 3, 2024, a true and correct copy of the Motion for Relief from Automatic Stay to Proceed with Litigation and Request for Adequate Protection Regarding Insurance Proceeds was served via the Court's CM/ECF system upon all parties who have entered an appearance in this case and are registered to receive electronic service, including:

**US Trustee**
Office of the US Trustee
515 Rusk Ave Ste 3516
Houston, TX 77002
USTPRegion07.HU.ECF@USDOJ.GOV
*Added: 11/11/2024*
**US TRUSTEE**

**Wellpath Holdings, Inc.**
3340 Perimeter Drive
Nashville, TN 37211
*Added: 11/11/2024*
**DEBTOR**

**The Special Committee of the Board of Directors of CCS-CMGC Intermediate Holdings 2, Inc. at the Sole Direction of the Independent Directors**
McDonal Hopkins LLC
300 N. LaSalle Street Suite 2100
Chicago, IL 60654
312-642-2217
312-280-8232 (fax)
dagay@mcdonaldhopkins.com
*Assigned: 11/25/24*
**ATTORNEY FOR DEBTOR**

**Statutory Unsecured Claimholders' Committee of Wellpath Holdings, Inc., et al.**
Lucas Lyle Schneider
Stinson LLP
1050 17th St Ste 2400
Denver, CO 80265

6

720-728-7650
lucas.schneider@stinson.com
**ATTORNEY FOR CREDITOR COMITTEE**

**Marcus Alan Helt**
McDermott Will & Emery LLP
2501 North Harwood Street Suite 1900 Dallas, TX 75201
2142102801
9725285765 (fax)
mhelt@mwe.com
**ATTORNEY FOR DEBTOR**

/s/*ADRIAN C. SPEARMAN*
**Adrian C. Spearman**
**TX # 24117085**