**Corey Slater, Plaintiff**
**PO Box 19995**
**Denver, CO 80219**
**613golem@gmail.com**
**720-584-6368**

United States Courts
Southern District of Texas
F I L E D

DEC 09 2024

Nathan Ochsner, Clerk of Court

**Honorable Judge Perez**
United States Bankruptcy Court
Southern District of Texas
515 Rusk Street
Dallas, TX 77002

**Re: Corey Slater Case # 24-CV-1681 in reference to 24 BK 90533**
**Pro Se Filing – Notification of Filing Difficulties and Request for Accommodations**

Dear ~~Atmahalt~~ Judge Perez

I am writing to bring to your attention significant difficulties I have encountered as a **pro se plaintiff** in my case, 24-CV-1681, and to request reasonable accommodations due to my **disability** and limitations imposed by the court's **electronic filing system (ECF)**. These difficulties have severely impacted my ability to comply with filing requirements, and I seek your assistance in navigating these challenges.

As a **disabled individual**, I am unable to file documents effectively through the **electronic filing system** due to the **technical limitations** and **poor usability** of the system. The current ECF platform in use by the Southern District of Texas Bankruptcy Court is difficult to navigate, and **pro se plaintiffs** are often unable to submit filings unless they are responding to a claim. Additionally, the system has not allowed me to file essential documents in a timely manner, causing further delays in my case.

The challenges I face are compounded by my **medical disabilities**, including partial paralysis, full incontinence, and partial use of dominant hand. These disabilities are, in part, the result of the **wrongdoing by the defendants**, which further exacerbates my difficulties in participating in this legal process.

In light of these issues, I respectfully request the following accommodations:

1. **Alternative filing methods**: Allow me to file documents via **regular mail** or **email** rather than requiring electronic submission through the ECF system.
2. **Extended filing deadlines**: Due to my disability and the technical problems with the ECF system, I request that any filing deadlines be extended as necessary to accommodate these issues.
3. **Assistance with the filing process**: I would appreciate any further guidance on how to properly file documents without facing further technical obstacles.

2

I have taken all possible steps to address these issues, but as a **pro se litigant**, I am at a distinct disadvantage and lack the resources to resolve these challenges independently. I kindly request that you consider my situation and provide reasonable accommodations to allow me to participate fully in my case. I have included relevant motions and documents along with this letter.

Thank you for your understanding and attention to this matter. I look forward to your response and the possibility of resolving these issues promptly.

Respectfully,

Corey Slater
Pro Se Plaintiff

## UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF TEXAS
(Houston Division)

**In re:**
Wellpath Holdings, Inc., Debtor
Case No. 24-90533
Chapter 11

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

### 1. Introduction

COMES NOW, Corey Slater, Pro-se, a creditor and party in interest in this case, and files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), and in support thereof states as follows:

### 2. Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).
3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### 3. Background

1. On November 11, 2024, Wellpath Holdings, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.
2. Movant is the plaintiff in a civil lawsuit against the Debtor, filed in the District of Colorado, under Case Number 24-CV-1681, alleging medical malpractice and ADA violations
3. The lawsuit is currently stayed pursuant to 11 U.S.C. § 362(a) as a result of the Debtor's bankruptcy filing.

2

## 4. Relief Requested

Movant requests that this Court enter an order modifying the automatic stay to allow Movant to proceed with the pending civil lawsuit in the District of Colorado solely to determine the Debtor's liability and liquidate the claim.

## 5. Basis for Relief

1. **Cause Exists to Lift the Automatic Stay:**
   Pursuant to 11 U.S.C. § 362(d)(1), "cause" exists to lift the automatic stay because:
   o The lawsuit involves personal injury claims that are outside the core jurisdiction of the Bankruptcy Court.
   o Allowing the lawsuit to proceed will promote judicial economy and reduce the burden on this Court.
2. **Balance of Hardships:**
   o The Movant will suffer significant prejudice if the stay is not lifted due to specific medical problems caused by the Defendant, loss of evidence, and delay in pursuing justice.
   o The continuation of the lawsuit will not harm the Debtor's bankruptcy estate, as the Movant is not seeking collection of any judgment at this time.
3. **Insurance Coverage:**
   Upon information and belief, the Debtor has insurance that will cover any potential liability in the pending lawsuit, minimizing the impact on the bankruptcy estate.

## 6. Certificate of Service

I certify that a true and correct copy of this Motion has been served on the following parties via United States Postal Service on 12/02/2024:
                                                                 03

1. Wellpath Holdings, Inc., through its attorney of record:
   Marcus Alan Helt
   McDermott Will & Emery LLP
   2501 North Harwood Street, Suite 1900
   Dallas, TX 75201
2. The United States Trustee:
   Office of the U.S. Trustee
   515 Rusk Avenue, Suite 3516
   Houston, TX 77002
3. United States Bankruptcy Court
   Southern District of Texas

3

515 Rusk Street
Houston, TX 77002

## 7. Prayer for Relief

WHEREFORE, Movant respectfully requests that the Court:

1. Grant this Motion for Relief from the Automatic Stay to allow Movant to proceed with the lawsuit in The United States Court, District of Colorado, Case # 24CV1681;
2. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Corey Slater
PO Box 19995
Denver, CO 80219
720-584-6368
613golem@gmail.com
**Pro Se**

## Attachments

1. Exhibit A: Copy of the complaint or relevant pleadings from your civil lawsuit.
2. Exhibit B: Proof of claim, if applicable.
3. Proposed Order: Draft order granting the motion

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF TEXAS
(Houston Division)

**In re:**
Wellpath Holdings, Inc., Debtor
Case No. 24-90533
Chapter 11

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay filed by Corey Slater (the "Movant"), and after reviewing the evidence and arguments presented, the Court finds as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).
3. Proper notice of the Motion has been provided to all necessary parties.
4. Cause exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay as to Movant's pending lawsuit.

## IT IS HEREBY ORDERED THAT:

1. The automatic stay imposed by 11 U.S.C. § 362(a) is modified to allow the Movant to proceed with the lawsuit currently pending in United States District Court, District of Colorado, Case No. 24-CV 1681, solely for the purpose of determining liability and liquidating the Movant's claims against the Debtor.
2. Movant shall not seek to enforce any judgment or settlement against the Debtor's bankruptcy estate without further order of this Court.
3. This Order is effective immediately and is not stayed under Federal Rule of Bankruptcy Procedure 4001(a)(3).

Signed this ___ day of _____, 2024.

The Honorable Alfredo R. Perez
United States Bankruptcy Judge

I, Corey Slater, certify that on 12/03/2024, I served a true and correct copy of the following documents:

1. **Motion for Relief from Automatic Stay**
2. **Proposed Order**

on the following parties by United States Postal Service:

- **Debtor's Counsel:**
  Marcus Alan Helt
  McDermott Will & Emery LLP
  2501 North Harwood Street, Suite 1900
  Dallas, TX 75201
- **Office of the United States Trustee:**
  Office of the U.S. Trustee
  515 Rusk Avenue, Suite 3516
  Houston, TX 77002
- **United States Bankruptcy Court**
  Southern District of Texas
  515 Rusk Street
  Houston, TX 77002

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 12/03/2024

**Signature:**
Corey Slater
PO Box 19995
Denver, CO 80219
720-584-6368
613golem@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

**In re:**
Wellpath Holdings, Inc., Debtor
Case No. 24-90533
Chapter 11

Slater vs. Wellpath, LLC, I.e. Wellpath Holdings, Inc.,  Plaintiff
Case No. 24-CV-1681

---

**MOTION FOR ALTERNATIVE FILING ACCOMMODATIONS**

**TO THE HONORABLE JUDGE PEREZ:**

**COMES NOW** Corey Slater, the pro se filer in the above-captioned matter, and respectfully requests that this Court grant alternative filing accommodations due to the inaccessibility and limitations of the current Electronic Case Filing (ECF) system for pro se litigants. In support of this Motion, I state as follows:

## 1. Background and Financial Limitations

- I am a pro se litigant who has been granted indigent status by this The US District Court, District of Colorado.
- Due to my financial hardship, I am unable to afford the costs associated with certified mail and other traditional methods of service. My circumstances are compounded by significant medical disabilities, including partial paralysis, wrist injury, and cancer advancement for which the Defendant is at fault, which further limit my ability to comply with standard procedures.

## 2. Limitations of the Current ECF System

- The ECF system utilized by the Southern District of Texas Bankruptcy Court severely limits pro se litigants' access, restricting filing options to claims and excluding other critical case-related filings.
- The lack of comprehensive ECF access creates significant barriers for self-represented parties, undermining their ability to participate effectively in the legal process.

## 3. Need for Accommodations

- Given my financial and medical constraints, as well as the technological limitations of the ECF system, I am unable to file and serve documents in the manner typically required by the Court.
- These barriers have directly impacted my ability to prosecute this case and comply with procedural rules.



### 4. Request for Relief

- I respectfully request that the Court permit the following accommodations:
  a. Allowing filings via first-class mail or email in lieu of certified mail.
  b. Permitting service of filings to opposing counsel, the trustee, and other required parties via regular mail.
  c. Directing the Clerk's Office to facilitate the electronic filing of my submissions into the ECF system.

### 5. Legal Basis for the Motion

- The Court has inherent authority under Rule 9006 of the Federal Rules of Bankruptcy Procedure to modify procedural requirements in the interest of justice.
- My indigent status and disabilities qualify me for reasonable accommodations under the Americans with Disabilities Act (ADA) and other applicable laws.

### 6. Conclusion

- For the foregoing reasons, I respectfully request that the Court grant this Motion and issue an order allowing the requested filing and service accommodations.

**DATED:** 12/03/2024
**Respectfully submitted,**

Corey Slater
PO Box 19995
Denver, CO 80219
720-584-6368
613golem@gmail.com

1. **CERTIFICATE OF SERVICE**
   I hereby certify that a true and correct copy of the foregoing Motion for Alternative Filing Accommodations was served on all interested parties, including Wellpath Holdings, Inc., through its attorney of record:
   Marcus Alan Helt
   McDermott Will & Emery LLP
   2501 North Harwood Street, Suite 1900
   Dallas, TX 75201
2. The United States Trustee:
   Office of the U.S. Trustee
   515 Rusk Avenue, Suite 3516
   Houston, TX 77002

3. United States Bankruptcy Court
   Southern District of Texas
   515 Rusk Street
   Houston, TX 77002

, via Certified USPS Mail on 12/03/2024.

Corey Slater

**UNITED STATES BANKRUPTCY COURT**
**Southern District of Texas**
**In re: Wellpath, Debtor**
**Case No. 24-90533**
**Chapter 11**

**PROOF OF CLAIM**

1. **Creditor's Name and Address**
   Name of Creditor: Corey A. Slater
   Address: PO Box 19995, Denver, CO 80219
   Phone Number: 720-584-6368
   Email Address: 613golem@gmail.com
2. **Claimant's Relation to the Debtor**
   Plaintiff in a lawsuit against the debtor
3. **Amount of Claim**
   Total Amount of Claim: $1,000,000 punitive, $500,000 compensatory
   The amount is for constant medical malpractice permanently altering and shortening a life
4. **Basis for Claim**
   "This claim arises from a lawsuit filed on 06/17/2024 due to gross medical negligence. I am seeking
   compensation for damages related to diabetes care causing hypoglycemic reactions and kidney damage, denial
   of cancer treatment furthering the cancer, denial of medication causing hospitalization, as outlined in the
   complaint filed with The US Supreme Court District of Colorado, Case # 24CV1681."
5. **Supporting Documents**

   - Attached is a copy of the lawsuit complaint.

   - Wellpath has denied the Plaintiff access to his own medical records and denied allowing the plaintiff's doctors
     access to these records even with proper HIPAA authorization. Current and previous medical records would
     only be relevant if the Wellpath records were available for comparison.

   - Plaintiff has filed a Motion to Compel Documents in Case # 24-1681, however was rendered moot.

6. **Claimant's Signature**
   I declare under penalty of perjury that the information provided in this Proof of Claim is true and correct to the
   best of my knowledge.


   Signature: _____
   Date: [Date of Filing]

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Plaintiff**            **Case #: 24CV1681**
Corey Slater
PO Box 19995, Denver CO 80219 | 720-584-6368 | 613golem@gmail.com
**Defendants**
Wellpath, LLC.; John Does 1 - 4; Crystal Dickerson. 3340 Perimeter Hill Dr., Nashville, TN 37211
Arapahoe County Sheriff's Office; Tyler Brown 1301 E. Broncos Parkway, Centennial, CO 80112

## INTRODUCTION

I, **Corey Slater**, the plaintiff, have a long history of severe health issues, including **mantle cell lymphoma** (cancer), **type 1 diabetes**, and a **hit-and-run accident** leaving me disabled. Additionally, I face **mental health challenges** that have worsened due to these medical conditions.

From **November 7, 2023, to April 6, 2024**, I was incarcerated at the **Arapahoe County Detention Facility**, where I endured **cruel and unusual punishment**. The medical neglect I experienced caused **irreversible harm**, worsened my existing conditions, and obstructed my recovery.

Despite notifying the defendants of my serious medical needs, **Wellpath LLC** and the **Arapahoe County Sheriff's Office** failed to provide adequate care. Furthermore, **Wellpath refused to release my medical records**, preventing my doctors from properly assessing the damage and providing appropriate care after my release.

## D. STATEMENT OF CLAIMS

## A. Neglect and Medical Mismanagement

- **November 7, 2023**: I was incarcerated at the **Arapahoe County Detention Facility** and placed under the care of **Wellpath LLC.** Despite prior notification of my medical needs, the care provided was grossly inadequate.

- **January 1, 2024**: I suffered a **severe hypoglycemic reaction** that required the administration of glucagon to save my life. An ambulance would not have arrived in time to prevent my death had it worsened.

- **February 11, 2024**: I was locked in a cell during another hypoglycemic episode, **deprived of medical care**, risking my life. Response time was over 15 minutes.

- **March 7, 2024**: I was denied insulin until my **blood sugar exceeded 500 mg/dL**, resulting in **temporary vision loss.**

- **April 3, 2024**: I was provided an **insufficient insulin dosage**, leading to dangerously **unstable blood sugar levels** and ketoacidosis. Insulin was not til 10 p.m., 4 hours after food.

- Multiple other hypo and hyperglycemic events occurred , however due to not having writing instruments or hypoglycemic confusion they were not recorded. Wellpath refuses to release medical records so further events will need to be documented in discovery.

- Throughout his incarceration, the plaintiff was frequently denied access to insulin, a critical medication for managing his diabetes. On numerous occasions, the insulin was either withheld entirely or provided in an untimely manner. As a direct result of this neglect, Mr. Slater's hemoglobin A1c levels, a crucial indicator of long-term blood sugar control, soared to 9.2. This level was previously maintained between 6 and 7 through proper medical care. The elevation in his A1c levels led to irreversible kidney damage, exacerbating his already precarious health. This form of medical neglect is not only morally indefensible but also legally actionable under the doctrine of deliberate indifference to serious medical needs, as established in Estelle v. Gamble,429 U.S. 97 (1976). Wellpath was given specific dosage and timing instructions by the Plaintiff's doctors, which were entirely ignored throughout his stay, exacerbating the problems.

## B. Failure to Coordinate Insulin with Meals

In **Jefferson and Douglas Counties**, diabetic care includes insulin schedules coordinated with meals. However, at the **Arapahoe County Detention Facility**:

- **Insulin was administered without regard to meal times**, leading to **severe hypoglycemic reactions**.
- The facility's **prohibition on storing food** made it impossible for me to independently manage my diabetes by having snacks available.

## C. Delayed Cancer Treatment and Cystic Acne Mismanagement

- **Mantle Cell Lymphoma:** Despite Wellpath being notified of my cancer diagnosis, it took **four and a half months** to arrange an oncology appointment.
  - When I was finally seen, the treatment center did not provide the specific care required for my condition, **worsening my prognosis.**
- **Cystic Acne:** I was denied necessary medications for severe cystic acne, leading to **painful abscesses** requiring hospitalization.
  - These abscesses worsened the condition of my **lymph nodes**, causing the production of **malignant cells.**

## D. Systemic Failures and Monell Liability

The harm I endured was not isolated but part of a **systemic pattern of neglect**. Both **Wellpath LLC** and the **Arapahoe County Sheriff's Office** maintained policies or customs that directly caused my suffering, which makes them liable under **Monell v. Department of Social Services, 436 U.S. 658 (1978).**

- **Tyler Brown**, as Sheriff, was responsible for enforcing and overseeing these harmful policies.
- **Crystal Dickerson**, as the head of Wellpath, allowed delays in care, denied access to medical records, and oversaw negligent medical practices.

### E. Identification of John Does 1-4

The nurses identified as **John Does 1-4** intentionally refused to provide their **full names**. Despite multiple requests, they:

- **Withheld their last names,** making it difficult to hold them accountable. Deputies would get overly assertive for trying to acquire this information.
- These individuals can still be identified through **shift charts and medical records,** as they were involved in administering insulin at incorrect times and in improper dosages.

# LEGAL CLAIMS

### Claim I: Violation of the Americans with Disabilities Act (ADA)

The defendants violated the **ADA, 42 U.S.C. §§ 12101 et seq.,** by failing to provide reasonable accommodations for my disabilities. Specifically:

- **Insulin was not coordinated with meals,** resulting in life-threatening hypoglycemic episodes.
- **Bottom bunk accommodations** were denied, despite my paralysis and frequent insulin reactions, which made it dangerous to sleep in a top bunk.
- **Dietary needs were ignored,** which worsened my diabetes and overall health.

These failures constitute **discrimination based on disability,** as they denied me equal access to necessary medical care.

### Claim II: Eighth Amendment Violations

The **Eighth Amendment** prohibits cruel and unusual punishment, which includes **deliberate indifference to medical needs.** The defendants demonstrated deliberate indifference by:

- **Withholding insulin** and other life-sustaining medications.
- **Delaying cancer treatment** for several months, worsening my condition.
- **Refusing medication for cystic acne**, resulting in severe abscesses and additional medical complications..

This conduct meets the standard of deliberate indifference established in **Estelle v. Gamble, 429 U.S. 97 (1976)**, which holds that failing to provide adequate medical care constitutes an Eighth Amendment violation.

The defendants' actions also violated the plaintiff's Fourteenth Amendment rights by subjecting him to conditions that shock the conscience. The Fourteenth Amendment guarantees due process and protects against arbitrary denial of life, liberty, or property. The deliberate indifference to Mr. Slater's serious medical needs, resulting in life-threatening conditions and substantial deterioration of his health, constitutes a violation of substantive due process. The standard established in cases such as **County of Sacramento v. Lewis, 523 U.S. 833 (1998),** where conduct that "shocks the conscience" violates due process, applies here. The defendants' failure to provide adequate medical care, knowing the severe risks involved, represents an egregious breach of the plaintiff's constitutional protections.

### Claim III: Violation of 42 U.S.C. § 1983

The defendants acted under **color of state law** to deprive me of my constitutional rights. Their deliberate indifference to my medical needs constitutes a violation of **42 U.S.C. § 1983**.

- **Wellpath LLC** and the **Arapahoe County Sheriff's Office** maintained policies that resulted in my harm.
- **Tyler Brown** and **Crystal Dickerson** are liable under **Monell v. Department of Social Services, 436 U.S. 658 (1978)** for overseeing these harmful policies and customs.

### Claim IV: Medical Malpractice

The defendants' failure to provide proper medical care constitutes **medical malpractice under Colorado law.**

- The care I received fell far below the accepted standard of medical practice.
- Expert testimony will demonstrate that the inadequate care provided caused **severe and preventable harm.**

## Claim V: Infliction of Emotional Distress

The defendants caused significant **emotional distress** by:

- Repeatedly exposing me to life-threatening hypoglycemic episodes.
- Denying necessary cancer treatment and medications for cystic acne.
- Leaving me in constant fear of death and severe health deterioration.

This constitutes both **intentional infliction of emotional distress (IIED)** and **negligent infliction of emotional distress (NIED)** under Colorado law.

## Claim VI: Violation of the Fourteenth Amendment (Due Process)

The defendants subjected me to conditions that **shock the conscience,** violating my **Fourteenth Amendment** rights to due process.

- The denial of insulin and proper medical care endangered my life.
- These actions represent a **substantive due process violation.**

## Claim VII: Declaratory and Injunctive Relief

I seek **declaratory and injunctive relief** to ensure that the defendants implement proper healthcare policies. Specifically, I request:

- **A declaratory judgment** stating that the defendants' actions violated my constitutional rights.
- **An injunction** requiring the defendants to implement policies ensuring:

- o   Proper insulin administration aligned with meals.
- o   Timely access to cancer treatment and necessary medications.
- o   Safe sleeping accommodations for inmates with disabilities (bottom bunk access).

# RELIEF REQUESTED

The plaintiff seeks the following relief:

1. **Compensatory Damages:**
   - o   $500,000 to address the physical and emotional suffering caused by the defendants' actions.
2. **Punitive Damages:**
   - o   $1,000,000 to deter future negligence and prevent further harm to inmates.
3. **Injunctive Relief:**
   - o   Implement policy changes to guarantee **adequate medical care** within the Arapahoe County Detention Facility.
   - o   Ensure timely insulin administration, coordinated with meals, and access to cancer treatment.
4. **Medical and Rehabilitation Costs:**
   - o   Coverage for the ongoing medical treatment and rehabilitation needed as a result of the defendants' actions.
5. **Protection from Retaliation:**
   - o   Safeguards to prevent further harassment or retaliation from the defendants during this legal process.
6. **Vacating Sentencing and Probation:**
   - o   Vacate the probation and sentencing tied to the case for which I was incarcerated, as the harm inflicted by the defendants contributed directly to my current condition.

**Legal Precedents and Statutes for the plaintiff's Case**

**1. Eighth Amendment Violations:**

**Estelle v. Gamble, 429 U.S. 97 (1976):** Established that deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment, violating the Eighth Amendment.

**Farmer v. Brennan, 511 U.S. 825 (1994):** Clarified that prison officials must both be aware of and disregard an excessive risk to inmate health or safety to violate the Eighth Amendment.

**Wilson v. Seiter, 501 U.S. 294 (1991):** Discussed the requirement of showing deliberate indifference in Eighth Amendment claims related to prison conditions.

**Helling v. McKinney, 509 U.S. 25 (1993):** Confirmed that exposure to harmful conditions can constitute an Eighth Amendment violation if prison officials were deliberately indifferent to the risk.

**2. 42 U.S.C. § 1983 Claims:**

**Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978):** Established that local governments can be sued under 42 U.S.C. § 1983 for constitutional violations resulting from official policies or customs.

**Pyles v. Fahim, 771 F.3d 403 (7th Cir. 2014):** Held that grossly inadequate medical care constitutes an Eighth Amendment violation, supporting claims under 42 U.S.C. § 1983.

**Petties v. Carter, 836 F.3d 722 (7th Cir. 2016):** Reinforced that plaintiffs must show that officials actually knew of and disregarded a substantial risk of harm to succeed in Eighth Amendment claims under § 1983.

**Lockett v. Bonson, 2019 U.S. App. LEXIS 26066 (7th Cir. 2019):** Addressed the necessity of proving deliberate indifference for § 1983 claims related to medical care.

**3. Colorado Governmental Immunity Act (CGIA):**

**Colorado Revised Statutes § 24-10-101 to § 24-10-120:** Provides that governmental entities and employees are generally immune from liability, but immunity does not apply in cases of willful and wanton conduct.

**Gross Negligence and Willful Misconduct:** Claims against governmental entities can proceed if the plaintiff can demonstrate gross negligence or willful misconduct, as defined by CGIA.

**4. Cases Demonstrating Patterns of Neglect:**

**Disability Rights Montana v. Batista, 930 F.3d 1090 (9th Cir. 2019):** Highlighted the requirement for prisons to provide mental health care that meets minimum constitutional standards.

**Colwell v. Bannister, 763 F.3d 1060 (9th Cir. 2014):** Emphasized that failure to treat a serious medical condition that affects daily activities and causes chronic pain constitutes an Eighth Amendment violation.

**Melissa Lammert Case:** A recent lawsuit involving a diabetic inmate at Arapahoe County jail who fell into a coma due to inadequate medical care, illustrating systemic neglect similar to Mr. Slater's case.

**5. Federal and Constitutional Violations:**

**42 U.S.C. § 1983:** Allows individuals to sue for civil rights violations, including those protected by the Constitution, such as the Eighth Amendment.

**Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.:** Protects individuals with disabilities from discrimination and ensures they receive necessary accommodations, relevant to claims involving denial of medical care for known disabilities.

**Brown v. Plata, 563 U.S. 493 (2011):** Mandated that prisons must provide adequate medical care to meet minimum constitutional requirements, particularly concerning overcrowded conditions that lead to inadequate care.

**Harrington v. Scribner, 785 F.3d 1299 (9th Cir. 2015):** Clarified the need to show actual knowledge and disregard of substantial risk by officials in Eighth Amendment claims.

**Cortez v. Skol, 776 F.3d 1046 (9th Cir. 2015):** Supported claims of deliberate indifference to substantial risks of serious harm under the Eighth Amendment.

These legal precedents and statutes provide a comprehensive foundation for Corey Slater's claims of constitutional violations and deliberate indifference to his serious medical needs

# CONCLUSION

The systemic neglect and deliberate indifference demonstrated by the defendants caused **permanent damage** to my health and violated my constitutional rights. Despite my repeated requests for proper medical care, the defendants continued to deny me access to essential medications and treatments, worsening my condition and placing my life at risk.

This lawsuit seeks to hold the defendants accountable and **prevent future neglect** by implementing necessary reforms within the Arapahoe County Detention Facility. Judicial intervention is required to ensure that no other inmates suffer as I have.



U.S. POSTAGE PAID
FCM LG ENV
DENVER, CO 80218
DEC 03, 2024
$8.00
S2324M503005-28

Retail
77002
RDC 99

United States Courts
Southern District of Texas
F I L E D
DEC 0 9 2024
Nathan Ochsner, Clerk of Court

Corey Slater
PO Box 100195
Denver CO 80219

CERTIFIED MAIL
9589 0710 5270 1595 9604 66

United States Bankruptcy Co.
Southern District of Texas
Chapter 11 Wellpath Holdings Case #24 BK
515 Rusk St
Houston TX 77002