IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*<br><br>Debtors. | CASE NO: 24-90533 (ARP)<br>CHAPTER 11<br>(JOINTLY ADMINISTERED) |

### AS ADMINISTRATOR OF THE ESTATE OF MARC CRAWFORD, PLAINTIFF DAWN CRAWFORD'S OBJECTION TO ENTRY OF A FINAL ORDER ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO ENFORCE THE AUTOMATIC STAY OR IN THE ALTERNATIVE EXTEND THE AUTOMATIC STAY TO NON-DEBTOR AND DEBTOR DEFENDANTS

Plaintiff Dawn Crawford, as administrator of the Estate of Marc Crawford, ("Plaintiff") by and through her undersigned counsel, hereby respectfully states as follows in support of *Plaintiff Dawn Crawford's Objection to Entry of a Final Order on Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants*, ("Objection"):

1. Plaintiff files this Objection to the entry of a final order on the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants,* ECF No. 17. This Objection is filed pursuant to the dictates contained in the *Amended Interim Order Enforcing the Automatic Stay*, ECF No. 69.

2. Plaintiff also joins the *Response of Certain Claimants to Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants*. ECF No. 245.

3. A Complaint was filed in the United States District Court for the Eastern District of

1

    Kentucky against John Tilley (Secretary of Kentucky's Public Safety and Justice Cabinet), James Erwin, Madison County Detention Center (and its agents and officers Doug Thomas, Tom Jones, and Nolan Winkler), Southern Health Partners, Inc. (and its providers Kayla Frye and Roy Washington), Kentucky State Reformatory (and its agents and officers Aaron Smith and Jahrell Johnson), and Debtors, as Correct Care Solutions, LLC (and its providers Janice Garth, Sheridan Thomas, Kirstie Proctor, and Dr. Elton Amos), on November 26, 2018 (the "Crawford Litigation"). The Crawford Litigation was docketed as *Crawford v. Tilley, et al.,* 5:18-cv-00623-CHB-MAS. Plaintiff's claims against the Debtor and the thirteen other Defendants in the Crawford Litigation arise out of those parties' denial of adequate mental health care to Marc Crawford in 2017 while Marc Crawford was incarcerated as a pre-trial detainee in the custody of the Madison County Detention Center and then Kentucky State Reformatory, a facility serviced by Debtor in LaGrange, Kentucky.

4. Marc Crawford, a former resident of Madison County, was released from the hospital in early May, 2017, after having a stent placed in his kidney and following receiving care for a recurrence of his stage 4 lung cancer. When he was released from the hospital, he was hopeful that the plan developed by his oncologist for the care and treatment of his cancer would lead to remission and that he would eventually become cancer-free. Of course, at the time he was a medically vulnerable individual who had been prescribed multiple medications essential to his survival and the management of pain associated with his cancer. He had scheduled follow-up appointments for chemotherapy and consultation with his oncologist that he knew he needed to keep if he was to survive this recurrence of his cancer.

5. Unfortunately, he was arrested at his home on May 25, 2017 in relation to charges

arising from a traffic incident. He was then incarcerated as a pre-trial detainee at Madison County Detention Center ("MCDC") from May 25, 2017 through May 30, 2017. During this time, he was denied any medical treatment for his health issues by Madison County Detention Center (and its agents Tom Jones, Doug Thomas, and Nolan Winkler), and its healthcare provider Southern Health Partners, Inc. (and its providers Kayla Frye, and Roy Washington), and was subjected to numerous medical errors that resulted in adverse side-effects, over-medication, and deterioration of his health.

6. Crawford was eventually transported to Kentucky State Reformatory ("KSR") on May 31, 2017. Despite presenting with severely elevated heart rate, difficulty breathing, and a painfully swollen leg, the KSR medical providers refused to treat him for any of these medical conditions. At the time, the Debtor was the contracted healthcare provider for KSR inmates. Medical staff at KSR, including Janice Garth, Kirstie Proctor, and Sheridan Thomas, ignored Crawford's complaints of pain, and failed to provide him with either his prescribed narcotics or breathing treatments. Medical staff also failed to provide his chemotherapy treatment. On June 20, 2017, Garth scheduled an appointment for Crawford with an oncologist for July 5, 2017. Unfortunately, Crawford passed away only four days later—on June 24—and never visited an oncologist after his arrest.

7. The allegations in the Crawford Litigation are that Crawford was a victim of a health care model utilized in Kentucky's correctional facilities that runs counter to national standards and falls far short of meeting inmates' critical medical needs. The Complaint alleges that the Kentucky Justice and Public Safety Cabinet (the "Cabinet"), MCDC, KSR, and the private health care providers with which they contracted, including the Debtor and Southern Health Partners, Inc. ("Southern Health"), had in force unconstitutional policies, practices, and customs that caused inmates, including Crawford, to suffer constitutional

deprivations in relation to the provision of health care services. Like many other Kentucky inmates, Crawford fell victim to this culture of indifference and suffered a horrible, avoidable death.

8. The Crawford Litigation has been actively litigated over the past several years. The parties to the Crawford Litigation, including Debtor, were previously operating under a Scheduling Order, pursuant to which all parties submitted expert reports regarding Crawford's claims. The Debtor's expert reports were served upon Crawford on October 28, 2024. The case thereafter proceeded to the expert discovery phase of litigation, with deadlines for the filing of summary judgment motions having been established by the District Court's Scheduling Order.

9. On November 11, 2024, the Debtor filed a voluntary Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. On November 12, 2024, the Debtor filed its Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants. On the same day, the Court ordered that "[t]he final hearing [] on the Motion shall be held on December 5, 2024, at 3:00 p.m. [].[1] Any objections or responses to entry of a Final Order on the Motion shall be filed and served on the Notice Parties and counsel to any statutory committees appointed in these Chapter 11 cases so as to be actually received on or before 4:00 p.m. [] on December 2, 2024. The Debtors shall serve a copy of this Interim Order on the Notice Parties within five business days of the date hereof. In the event that no objections to the entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without the need for the Final Hearing." "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the

---

[1] Upon review of the docket in this action, it appears the hearing on this Motion has been rescheduled for December 11, 2024, at 9:30 a.m.

Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code."

10. Debtor filed a Suggestion of Bankruptcy and Notice of Stay in the Crawford Litigation on November 15, 2024. The District Court entered an Order staying the Crawford Litigation on November 21, 2024.

11. The stay entered by this Court and corresponding stay entered by the District Court in the Crawford Litigation halts all ongoing litigation and collection activities against the Debtor, including the Crawford Litigation. It poses significant impediments to the resolution of Crawford's claims not only against Debtor, but also against the other <u>thirteen</u> defendants in the Crawford Litigation, delaying the determination of liability and the damages owed to Crawford.

12. Plaintiff has also filed in this proceeding a Motion seeking relief from stay in this proceeding, which will be heard by the Court on January 9, 2025.

13. Plaintiffs' claims against Kentucky State Reformatory, its Warden Aaron Smith, John Tilley, the Madison County Detention Center, and its medical providers (the "Third Party Crawford Defendants") are distinct from its claims against the Debtor and Related Non- Debtors because they involve allegations that are either distinct from those relating to Marc Crawford's medical treatment by the Debtor or involve a facility at which the Debtor did not provide services.

14. The Crawford Litigation should be excluded from this Court's Final Order and the automatic stay be lifted because:

    a. As a preliminary matter, a majority of the Defendants named in the Crawford Litigation are not in the categories of non-debtor defendants as to which Wellpath specifically seeks a stay. *See* ECF No. 17 at ¶ 1 (seeking a stay as to

5

"certain Professional Corporations and their respective PC Physicians", the directors and officers of certain of the Debtors' non-Debtor affiliates", and the "Debtors' consultant and private equity sponsor, HIG").

b. In any event, "[t]he burden to show that the stay is applicable to a non-debtor is on the party invoking the say." *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 WL 1767003, at *3 (N.D. Tex. Apr. 22, 2019) (cleaned up), and none of the three bases identified by Debtor— (1) the overlapping nature of the claims, (2) indemnification obligations, and (3) burden to the Debtor's Estate— justify the extraordinary application of a stay to the Third-Party Crawford Defendants in the Crawford Litigation.

c. First, Plaintiff's claims against the Third-Party Crawford Defendants are distinct from her claims against the Debtor and Related Non-Debtors. *Cf. id.* at *3 (stay appropriate where "the allegations raised against co-defendants are 'inextricably interwoven' with claims against the debtor, such that severance would be inappropriate" (cleaned up)). Nor do Plaintiff's claims against the Third-Party Crawford Defendants involve any of the "alter- ego or similar theories" the Debtor identifies as justifying the need for a stay against Non-Debtors, ECF No. 17 at ¶ 28. Accordingly, Plaintiff's claims against the United States can proceed without "resolv[ing] factual or legal issues that also affect the Debtors" or Related Non-Debtors and resolution of the stand-alone claims against the United States would not result in judicial inefficiency. *Gigi's Cupcakes*, 2019 WL 1767003, at *4.

d. Second, Debtor has no indemnification obligations with the Third-Party Crawford Defendants that would otherwise "establish a shared identity of interests." ECF No. 17 at ¶ 29. *Cf. Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, No. CIV. 4:12-3120, 2013 WL 1948766 (S.D. Tex. May 9, 2013) ("[T]he §

6

362 stay should extend to nonbankrupt codefendants *only* when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other." (emphasis added, cleaned up)).

e. Finally, in light of the foregoing, continuation of the claims against the Third-Party Crawford Defendants will not burden, directly affect, involve, or deplete the resources of Debtor's estate. In short, none of the "unusual circumstances" required to justify the extraordinary imposition of a stay against a non-debtor co-defendant are present. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also id.* at 999 ("[Section 362(a)(1)] is generally said to be available only to the debtor, not the third party defendants or co-defendants [I]n order for such relief for[] non-bankrupt defendants to be available under (a)(1), there must be 'unusual circumstances' and *certainly something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown* in order that proceedings be stayed against non-bankrupt parties. This 'unusual situation,' it would seem, arises where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (emphasis added)).

15. Additionally, Plaintiff's pre-petition federal court action against the Debtor's Medical Providers should also be excluded from this Court's Final Order and the automatic stay be lifted as against the Debtor's Medical Providers for the limited purpose of allowing discovery into the question of whether those providers have applicable independent insurance beyond their contractual relationship with the Debtor.

7

    a. The Crawford Litigation will serve to liquidate by a jury trial the amount of Plaintiff's damages in the event that a claim against the Debtor in this bankruptcy does become necessary.

WHEREFORE, Plaintiff respectfully requests that this Court sustain this Objection and exclude from the entry of any final order the Stay Extend Motion, the continued extension of the automatic stay as it related to action commenced by the Plaintiff, and for such other and further relief as the Court may deem just and proper.

December 11, 2024                          Respectfully Submitted,

                                             */s/ Jessica Winters*
                                             Jessica Winters
                                             The Winters Law Group LLC 432 S. Broadway, Suite 2B Lexington, KY 40508
                                             jessica@thewinterslawgroup.com
                                             *Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

This is to certify that on December 11, 2024, I caused a true and correct copy of the foregoing document to be served upon the following via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                         /s/Jessica Winters

                                                         *Counsel for Dawn Crawford*