## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*[1], | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

### DELL FINANCIAL SERVICES L.L.C.'S LIMITED OBJECTION TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Dell Financial Services L.L.C ("DFS") and files this *Limited Objection to Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* (the "Limited Objection") to the alleged cure amount set forth in the *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 194] (the "Notice") served upon DFS by the Debtors, and in support thereof would show as follows:

## I.    BACKGROUND

1.    On November 11, 2024 ("Petition Date"), Debtors commenced these Chapter 11 cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their affairs as debtors-in-possession under 11 U.S.C §§ 1107 and 1108.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

2.      On November 27, 2024, the Debtors filed their Notice, including the amounts the Debtors believe were required to cure all defaults then existing under such contracts to be assumed (the "Cure Amounts").

3.      The Debtors indicated in the Notice that they intend to assume the Contract (the "Proposed Assumed Contract") with DFS.

4.      Pursuant to the Notice, the Debtors identified $38,696.09 as the amount which it alleges to be owing to DFS under the Proposed Assumed Contract (the "Proposed Cure Amount").

5.      DFS agrees to the assumption of Proposed Assumed Contract with the Debtors; however, DFS disputes the Proposed Cure Amount in the Notice.  DFS' books and records reflect a cure amount of $44,441.88. A true and correct copy of the Open Item Report is attached hereto as **Exhibit 1**. The Proposed Cure Amount is less than what is owed under the Proposed Assumed Contract.

## II.      DELL OBJECTION TO CURE AMOUNT

6.      DFS entered into a Master Lease Agreement No. 615913-88849 and five (5) related schedules with Debtors (collectively, the "DFS Contract") in which Dell provided certain goods and/or software as more fully described in the DFS Contract.  DFS has no objection to the assumption of the DFS Contract provided the proper cure amount is paid.  Accordingly, DFS files this Limited Objection objecting to the Proposed Cure Amount set forth in the Notice.

7.      Pursuant to 11 U.S.C. § 365(b)(1)(A), the Debtors must cure any defaults under the Proposed Assumed Contract in connection with any proposed assumption, as well as provide adequate assurance of future performance.  In this case, Debtors' Proposed Cure Amount of

$38,696.09 fails to cure the existing defaults under the DFS Contract, as is required under Section 365 prior to assumption.

8.      The correct cure amount is $44,441.88 for prepetition payment defaults under the DFS Contract.  As a result, under 11 U.S.C. § 365(b)(1)(A), in order to assume the DFS contract, DFS must receive a cure payment of at least $44,441.88.  Otherwise, the Proposed Assumed Contract cannot be assumed pursuant to Section 365.

WHEREFORE, DFS respectfully requests (i) that the cure amount set forth in the Notice be corrected to reflect the correct prepetition cure amount of $44,441.88, which represents prepetition amounts due and owing under the DFS Contract; (ii) that DFS be paid a cure payment of $44,441.88 in connection with the assumption of the Proposed Assumed Contract; and (iii) that DFS be awarded such other and further relief to which it may be justly entitled at law or in equity.

Dated:  December 11, 2024

Respectfully submitted,

*/s/ Richard D. Villa*
Richard D. Villa
Texas Bar No. 24043974
Southern District of Texas Bar No. 596106
**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9905 Telephone
(512) 236-9904 Facsimile
villa@slollp.com

**ATTORNEYS FOR
DELL FINANCIAL SERVICES L.L.C.**

### CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 11th day of December, 2024 upon all parties requesting service via ECF Notification and the Objection Notice Parties, which are as follows:

McDermott Will & Emery, LLP,
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Attn: Felicia Gerber Perlman

and

Bradley Thomas Giordano
Jake Jumbeck,
Carole Wurzelbacher
Carmen Dingman
One Vanderbilt Avenue
New York, New York 10017,
Attn: Steven Z. Szanzer

**Counsel to the Debtors**

Akin Gump Strauss Hauer & Feld, LLP
2001 K Street N.W.
Washington, DC 20006
Attn.: Scott L. Alberino and Kate Doorley

**Counsel to the DIP Lenders and the Ad Hoc Group**

Cahill Gordon & Reindel LLP
32 Old Slip, New York, NY 10005
Attn: Joel H. Levitin, Jordan A. Wishnew, and Norton Rose Fulbright

and

US LLP
1550 Lamar Street, Suite 2000,
Houston, TX 77010
Attn: Bob Bruner
Email: bob.bruner@nortonrosefulbright.com

**Counsel to the Prepetition First Lien Administrative Agent and Prepetition Second Lien Administrative Agent**
Scott Allen for the estate of Brady Allen
c/o Gardner Trial Attorneys

3100 Cumberland Blvd., Ste 1470
Atlanta, GA 30339
Attn: Timothy Gardner

and

Elizabeth Naranjo for Estate of Cristo Canett
c/o Holland, Holland Edwards & Grossman, LLC
1437 N. High Street
Denver, CO 80218
Attn: Anna Holland Edwards

**Counsel to the Committee of Unsecured Creditors**

515 Rusk Street, Suite 3516,
Houston, Texas 77002
Attn: Susan Hersch and Ha Nguyen

**U.S. Trustee**

*/s/ Richard D. Villa*
Richard D. Villa