**Exhibit B**

**Redline of Revised Bar Date Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 109** |

**ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (a) establishing Bar Dates for filing Proofs of Claim in these chapter 11 cases, (b) approving the manner of filing Proofs of Claim, certain procedures in connection therewith, and the Proof of Claim Form attached hereto as **Exhibit A**, (c) approving the proposed form and manner of notice of the Bar Dates and the procedures for filing Proofs of Claim in these chapter 11 cases using the Bar Date Notice and Publication Notice, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related

1 A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and this Court having found that the form and manner of the Bar Date Package and Publication Notice to be served or published, as applicable, are reasonably calculated to provide known and unknown creditors with (a) proper notice of the Bar Dates and (b) sufficient information to file properly prepared and executed Proofs of Claim in a timely manner; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Unless subject to an Exception set forth in paragraph 11 below, each person or other entity (including each individual, partnership, corporation, estate, trust, or governmental unit) asserting a prepetition claim against one or more of the Debtors is required to file a separate Proof of Claim in the chapter 11 case of each Debtor against whom such claim is asserted; *provided,* that the Debtors may agree in writing (email being sufficient), without further order of

this Court, to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies each Debtor and its corresponding liability.

2. **General Bar Date**. Except as otherwise set forth herein, any person or other entity asserting a prepetition claim against any of the Debtors in these chapter 11 cases must file a Proof of Claim in connection therewith utilizing one of the Approved Methods set forth in paragraph 9 below by **4:00 p.m. (prevailing Central Time) on the date that is ~~30~~100 days from the Service Date** (the "General Bar Date"); *provided*, that the Debtors, in consultation with the Statutory Unsecured Claimholders' Committee (the "Committee"), are authorized (but not required) to agree in writing (email being sufficient), without further order of this Court, to extend the General Bar Date on behalf of a requesting claimant; *provided*, *further*, that, in the event that the General Bar Date occurs after a Court-approved voting deadline for a chapter 11 plan (a "Voting Deadline"), a holder of a claim who files its Proof of Claim prior to the General Bar Date but after the Court-approved voting record date may still vote on the solicited chapter 11 plan on account of the claim set forth in such Proof of Claim if the Proof of Claim is filed at least ten days prior to the Voting Deadline (for the avoidance of doubt, the foregoing shall not extend the Voting Deadline for such holder of a claim). The General Bar Date applies to all persons and other entities holding claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date and are not subject to an Exception or other Bar Date, including claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (*e.g.*, claims entitled to priority under sections 503(b)(9) and 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured non-priority claims.

3. **<u>Governmental Bar Date</u>.** Unless subject to an Exception or other Bar Date, all governmental units holding a prepetition claim against any of the Debtors must file a Proof of Claim on account of such claims by **4:00 p.m. (prevailing Central Time) on Monday, May 12, 2025** (the "<u>Governmental Bar Date</u>").

4. **<u>Amended Schedules Bar Date</u>.** If, on or after the Service Date, a Debtor amends its Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of any claim listed therein, (b) change the amount, nature, or classification of a claim against the Debtor reflected in its Schedules, or (c) remove a claim from its Schedules, each affected creditor shall have the opportunity to file a Proof of Claim, or amend any previously-filed Proof of Claim, in respect of the amended or removed scheduled claim prior to **the later of (y) the General Bar Date or the Governmental Bar Date, as applicable, and (z) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date on which the Debtors provide notice of such amendment to the affected creditor** (together, the "<u>Amended Schedules Bar Date</u>").

5. Except as set forth in any Court order authorizing the rejection of an executory contract or unexpired lease, including the Rejection Procedures Order [Docket No. [●]], the deadline to file a Proof of Claim on account of a Debtor's rejection of an executory contract or unexpired lease shall be **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date that the Debtors provide notice of this Court's entry of an order authorizing such rejection to the affected contract or lease counterparty** (together, the "<u>Rejection Damages Bar Date</u>").

6. The Proof of Claim Form, substantially in the form attached hereto as **<u>Exhibit A</u>**, is hereby approved in all respects. To the extent used by the Debtors, the Proof of Claim Form

shall identify how the Debtors have scheduled each creditor's claim in the Schedules, including (a) the identity of the Debtor against which each creditor's claim is scheduled, (b) the amount of each scheduled claim, (c) whether each claim is listed as contingent, unliquidated, or disputed, and (d) whether each claim is listed as secured, unsecured priority, or unsecured non-priority. For the avoidance of doubt, an Electronic Proof of Claim filed through the Claims Agent's Claims Portal shall be deemed a Proof of Claim Form, so long as it includes all information otherwise required in the Proof of Claim Form. Similarly, Proofs of Claim that properly use Official Bankruptcy Form 410 shall be deemed a Proof of Claim Form.

7. If a creditor disagrees with information specific to its claim (*e.g.*, amount, characterization, responsible Debtor) set forth on the Schedules or the Proof of Claim Form received from the Debtors, the creditor must timely file a Proof of Claim Form utilizing an Approved Method described in paragraph 9 below along with the requisite information ~~needed for consideration~~specified in the Proof of Claim Form. For the avoidance of doubt, if a creditor timely and properly files a Proof of Claim Form using an Approved Method for a claim already listed on the Schedules, or for which a Proof of Claim was already filed, the information in the last-filed Proof of Claim Form shall supersede the prior claims, whether or not the Proof of Claim Form includes information different from or additive to what is contained in the Schedules or the previously-filed Proof of Claim.

8. All Proofs of Claim must (a) substantially comply with the Proof of Claim Form or Official Bankruptcy Form No. 410, (b) be written in English or Spanish, (c) include a claim amount denominated in United States dollars, (d) attach any supporting documentation thereto in accordance with Bankruptcy Rules 3001(c) and 3001(d), and (e) be actually filed or received by the Claims Agent by the applicable Bar Date. In addition, any Proof of Claim asserting a claim

entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (x) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (y) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted, and (z) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

9. Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can ***only*** be filed in one of the following Approved Methods prior to the applicable Bar Date: (a) by completing an Electronic Proof of Claim through the Claims Portal on the Case Information Website maintained by the Claims Agent; (b) by electronic submission on this Court's PACER platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form directly to the Claims Agent as follows:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

10. Absent written consent of the Debtors or their counsel (email being sufficient), Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) ***will not*** be accepted or deemed filed until filed in one of the Approved Methods set forth above.

11. The following persons and other entities (each such instance, an "Exception") are **not required** to file Proofs of Claim:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any person or other entity that has already properly filed a Proof of Claim against the ~~correct~~applicable Debtor(s) and does not wish to change any information thereon, but only with respect to the claim asserted therein that was properly filed against the applicable Debtor(s);

c. any person or other entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," and/or "unliquidated," *and* (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including the Claims Agent and any professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

e. any party that is exempt from filing a Proof of Claim pursuant to ~~an~~a final order of this Court in these chapter 11 cases;

f. any person or other entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

g. current officers and directors of the Debtors who assert claims for indemnification or contribution arising as a result of such officers' or directors' services to the Debtors;

h. any Debtor asserting a claim against another Debtor;

i. any entity that is wholly owned by a Debtor;

j. any person or other entity whose claim against any of the Debtors has been allowed by an order of this Court prior to the Bar Date otherwise applicable;

k. a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit, including the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, (II) Authorizing Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Granting Related Relief* [Docket No. 68]; *provided*, that a current employee must file a Proof of Claim by the General Bar Date for all other claims arising prior to the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

l. any entity holding a claim for which a separate deadline has been fixed by this Court, including claims pursuant to the Rejection Procedures Order;

m. any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided,* that any holder of an equity interest who wishes to assert a claim against any of the Debtors other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting such claim prior to the General Bar Date pursuant to the procedures set forth herein;

n. the DIP Secured Parties and Prepetition Secured Parties for any claims arising from or related to any of the Prepetition Credit Documents or the DIP Term Loan Documents, as applicable, including, without limitation, as specified in the Debtors' Stipulations, or the payment of administrative expenses with respect to any of the DIP Obligations (all as defined in the Interim DIP Order); and

o. any party identified in the Interim DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder.

12. Proofs of Claim must be signed electronically by the claimant (or an authorized agent or legal representative thereof) or submitted electronically via the Claims Portal to be deemed acceptable for purposes of administration, including pursuant to Bankruptcy Rule 5005(a)(2).

13. To the extent that a Proof of Claim (even if filed employing one of the Approved Methods) does not include the information required by Bankruptcy Rule 3001 or this Order, such Proof of Claim shall not constitute prima facie evidence of the nature, validity, or amount, of such claim; *provided*, that if ~~such~~ documentation necessary to satisfy Bankruptcy Rule 3001 is voluminous, upon prior written consent of the Debtors' counsel (email being sufficient), such Proof of Claim Form may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, further*, that if the applicable documentation has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the Proof of Claim.

14. Except as otherwise provided herein, any person or other entity asserting Proofs of Claim against more than one of the Debtors shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which its claims are asserted. Any claim filed under the lead case of these chapter 11 cases (Wellpath Holdings, Inc., *et al.*, Case No. 24-90533 (ARP)), or otherwise without identifying a Debtor or identifying multiple Debtors, shall be deemed as filed only against Wellpath LLC, the Debtors' operating company. For ease of filing, all incarcerated individuals may file their Proofs of Claim against the lead Debtor; *provided* that (a) such Proofs of Claim must identify the correctional facility in which they are incarcerated and received medical or mental health services from a Debtor and (b) the Debtors will be allowed to deem such claims as filed against the appropriate Debtor that operates such correctional facility; *provided*, *further*, that timely filed Proofs of Claim that otherwise satisfy the requirements of this Order shall not be disallowed solely by reason of a failure to identify the correctional facility in which an individual is/was incarcerated.

15. Any person or other entity that is required but fails to properly and timely file a Proof of Claim in the form and manner specified herein (a) shall be forever barred, estopped, and enjoined from asserting such claim against any of the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases, (b) shall not, with respect to such claim, be treated as a creditor of any of the Debtors for the purpose of voting on any plan (if otherwise eligible) in these chapter 11 cases, and (c) shall not receive or be entitled to receive any payment or distribution of property from any of the Debtors or their successors or assigns with respect to such claim in these chapter 11 cases. Furthermore, such claim shall remain subject to discharge under any chapter 11 plan filed in these chapter 11 cases, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such chapter 11 plan.

16. Paragraph 36 of the Interim DIP Order shall govern and control with respect to any Master Proof of Claim that the Prepetition Agents and DIP Agents (all as defined in the Interim DIP Order), as applicable, elect to file, and the terms of such applicable paragraph 36 shall control to the extent inconsistent with this Order.

17. Notice of the Bar Dates in the form and manner set forth herein (including the Bar Date Notice and the Publication Notice, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, and any supplemental notices that the Debtors may file or serve from time to time) are hereby approved and shall be deemed good, adequate, and sufficient notice of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Procedures.

18. On or prior to the Service Date, the Debtors, including through the Claims Agent, shall serve a Bar Date Package via first-class United States mail, postage prepaid, applicable foreign priority mail service, or, to the extent a physical address is not known or so requested by the recipient, via email, to the following known persons and entities holding potential prepetition claims against any of the Debtors (or their counsel, if applicable and if known):

a. the U.S. Trustee;

b. counsel to any statutory committee;

c. all creditors and other known holders of prepetition claims against a Debtor as of the date of ~~the~~this Order, including (i) all entities listed as creditors on the Schedules and (ii) all persons or entities that have submitted a medical grievance or complaint (whether official or otherwise) to a correctional facility relating to one or more Debtors' provision of services to the extent the Debtors have or are reasonably able to obtain information of the foregoing ("Grievance Claims");

d. all persons and other entities that have filed Proofs of Claim in these chapter 11 cases as of the date of ~~the~~this Order;

e. all known equity interest holders of a Debtor as of the date of ~~the~~this Order;

f. all persons and other entities that are party to executory contracts and unexpired leases with the Debtors;

g. all persons and other entities that are party to litigation with the Debtors including, without limitation, counsel representing such persons or entities in the litigation;

h. all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

i. all regulatory authorities that regulate the Debtors' businesses;

j. the Offices of the Attorney General for each of the states in which the Debtors operate;

k. the Internal Revenue Service and all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

l. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business or own property;

m. the Securities and Exchange Commission; and

n. all parties who filed a request for service of notices under Bankruptcy Rule 2002 as of the date of ~~the~~this Order.

19. The Bar Date Package to be delivered to any individual at a correctional facility shall include a pre-addressed, pre-paid return envelope.

20. The Debtors shall conduct a reasonable search of its books and records, including by requesting information from correctional facilities at which one or more Debtors provide services, to obtain the name and last known address of any entity that has submitted a Grievance Claim.

21. ~~19.~~ The Debtors may, but are not required to, make supplemental mailings of the Bar Date Package at any time up to 21 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors, subject to the Committee's right to challenge the timeliness of such supplemental mailing because the Debtors

knew or should have known the identity of the recipient creditor after reasonable inquiry as of the date of this Order. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors; for such creditors, the Publication Notice shall serve as sufficient notice.

20. The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit C**, in the national edition of *The New York Times*, *USA Today*, and/or *Prison Legal News* or another publication with similar national circulation no later than 21 calendar days (even if not a business day) before the General Bar Date.

22. The Committee may request that the Debtors make supplemental mailings of the Bar Date Package in one or more languages other than English as the Committee determines is necessary to address any potential language barriers present in the creditor pool. The Debtors shall not be required to make the supplemental mailings requested by the Committee; *provided*, *however*, that the Committee shall have the right to seek additional relief from the Court ordering and directing such supplemental mailings after notice and an opportunity for hearing.

23. The Debtors shall publish as soon as reasonably practicable after entry of this Order the Publication Notice, substantially in the form attached hereto as **Exhibit C**, (a) at least once in the national edition of each of *The New York Times* and *USA Today*, or another publication with similar national circulation, and (b) monthly, three times to the extent practicable, in the *Prison Legal News* or, in consultation with the Committee, another publication with similar national circulation.

24. **The Insurers.** Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Southern District of Texas, the Complex Procedures, any order of this Court, any Proof of Claim

Form, or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the applicable Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Wellpath Holdings, Inc., Case No. 24-90533 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies identified in the ACE Proof of Claim not only in the Lead Case, but also in the chapter 11 case of each of the Debtors listed in the ACE Proof of Claim; (b) Zurich American Insurance Company, on its own behalf and on behalf of all of its affiliates (collectively, the "Zurich Companies" and, together with the ACE Companies, the "Insurers"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Zurich Companies to (or providing coverage to) the applicable Debtors (or their predecessors) and any agreements related thereto (the "Zurich Proof of Claim" and, together with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Zurich Companies identified in the Zurich Proof of Claim not only in the Lead Case, but also in the chapter 11 case of each of the Debtors listed in the Zurich Proof of Claim; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not need to be filed with the Consolidated Claims, and the Insurers shall have thirty calendar days to provide such documents to the Debtors upon the Debtors' request. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the Insurers to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted,

or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (y) only in the Lead Case and only against Wellpath Holdings, Inc. (instead of in the bankruptcy cases of each or any of the other applicable Debtors), and/or (z) only by ACE American Insurance Company and/or Zurich American Insurance Company, as applicable (instead of by each of the ACE Companies or Zurich Companies), provided further, however, that to the extent that the Insurers elect to vote and/or opt-in (or opt-out) of any releases in connection with any chapter 11 plan filed by the Debtors, each of the Insurers, on their own behalf, and on behalf of each of the ACE Companies and Zurich Companies identified in a Consolidated Claim may submit respective consolidated ballots and the elections in such consolidated ballots shall be deemed to apply to each of the ACE Companies and Zurich Companies identified in the Consolidated Claim.

25. ~~21.~~ Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of the Interim DIP Order, the terms of the Interim DIP Order shall govern. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Interim DIP Order.

26. ~~22.~~ Other than the computation of the Service Date, any period of time prescribed or allowed by ~~the~~this Order shall be computed in accordance with Bankruptcy Rule 9006.

27. ~~23.~~ Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or

admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

28. ~~24.~~ This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

29. ~~25.~~ Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

30. ~~26.~~ The Debtors and the Claims Agent are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

31. ~~27.~~ This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _______________, 2024
Houston, Texas

_______________________________________
HONORABLE ALFREDO R. PÉREZ

UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Proof of Claim Form

# Exhibit B

## Form of Bar Date Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** |

**NOTICE OF DEADLINES FOR FILING**
**PROOFS OF CLAIM AGAINST ANY OF THE DEBTORS**

**TO: ALL PERSONS AND OTHER ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTORS:**

| DEBTOR | CASE NUMBER |
|---|---|
| Physicians Network Association, Inc. | 24-90532 (ARP) |
| Alpine CA Behavioral Health HoldCo, LLC | 24-90537 (ARP) |
| Behavioral Health Management Systems, LLC | 24-90538 (ARP) |
| Boynton Beach Florida Behavioral Health Hospital Company, LLC | 24-90539 (ARP) |
| CCS-CMGC Intermediate Holdings 2, Inc. | 24-90541 (ARP) |
| CCS-CMGC Intermediate Holdings, Inc. | 24-90540 (ARP) |
| CCS-CMGC Parent GP, LLC | 24-90534 (ARP) |
| CCS-CMGC Parent Holdings, LP | 24-90535 (ARP) |
| CHC Companies, LLC | 24-90542 (ARP) |
| Conmed Healthcare Management, LLC | 24-90543 (ARP) |
| Correct Care Holdings, LLC | 24-90544 (ARP) |
| Correct Care of South Carolina, LLC | 24-90545 (ARP) |
| Correctional Healthcare Companies, LLC | 24-90546 (ARP) |
| Correctional Healthcare Holding Company, LLC | 24-90547 (ARP) |
| Harborview Center, LLC | 24-90548 (ARP) |
| HCS Correctional Management, LLC | 24-90549 (ARP) |
| Healthcare Professionals, LLC | 24-90550 (ARP) |
| Jessamine Healthcare, LLC | 24-90551 (ARP) |
| Justice Served Health Holdings, LLC | 24-90552 (ARP) |
| Missouri JSH Holdco, LLC | 24-90553 (ARP) |
| Missouri JSH Manager, Inc. | 24-90554 (ARP) |
| Perimeter Hill RPA, LLC | 24-90555 (ARP) |

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

| | |
|---|---|
| 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC | 24-90536 (ARP) |
| Wellpath CFMG, Inc. | 24-90556 (ARP) |
| Wellpath Community Care Holdings, LLC | 24-90558 (ARP) |
| Wellpath Community Care Management, LLC | 24-90559 (ARP) |
| Wellpath Community Care Centers of Virginia, LLC | 24-90557 (ARP) |
| Wellpath Education, LLC | 24-90560 (ARP) |
| Wellpath Group Holdings, LLC | 24-90561 (ARP) |
| Wellpath Holdings, Inc. | 24-90533 (ARP) |
| Wellpath Hospital Holding Company, LLC | 24-90562 (ARP) |
| Wellpath LLC | 24-90563 (ARP) |
| Wellpath Management, Inc. | 24-90564 (ARP) |
| Wellpath Recovery Solutions, LLC | 24-90565 (ARP) |
| Wellpath SF Holdco, LLC | 24-90566 (ARP) |
| WHC, LLC | 24-90567 (ARP) |
| WPMed, LLC | 24-90568 (ARP) |

**OVERVIEW – KEY POINTS**

- This document is a legal notice concerning the chapter 11 cases of the Debtors (listed above). The Debtors provide medical and/or mental health services to the correctional facilities listed in **Exhibit 1** to this notice. The Debtors also provide various management and administrative services to professional entities in accordance with management services agreements.

- This document is being sent to all parties that may be owed money by the Debtors (known as "creditors").

- **This overview summarizes the key points of this document. Please read the entire document carefully for more information.**

- In a chapter 11 bankruptcy case, creditors may be required to file claim forms (a "proof of claim") stating the amount of money owed to them as of the day the bankruptcy cases were filed. This document explains how to file a proof of claim.

- **Some creditors in the bankruptcy case are not required to file a proof of claim**. This document explains who is required to file a proof of claim and who is not required to file a proof of claim. **Please see paragraph 3 below for a complete list of parties not required to file a proof of claim.**

- **If you are not required to file a proof of claim, you do not need to complete and return a proof of claim form**, and you will still keep your rights to vote on a chapter 11 plan and receive payments under the plan. A chapter 11 plan is a document that explains how a debtor proposes to pay the amounts it owes to its creditors. Once filed,

this plan will be available for creditors to review. Who gets to vote on the plan will be determined at a later date. The amount that you may receive under the plan also will be determined at a later date.

- **If you are required to file a proof of claim against any of the Debtors**, you must do so by **[•],[2] 2025 at 4:00 p.m. (prevailing Central Time)**. A proof of claim form is provided with this document.

- **If you are required to file a proof of claim, and you fail to complete and return a proof of claim by the deadline above, you may lose your claim against the Debtors.** Please see paragraph 10 below for an explanation of the consequences of missing the deadline to file a proof of claim.

- **If you are required to file a proof of claim, you do not need to include copies of your medical records as attachments to your proof of claim.** If the Debtors determine that they need to review your medical records to determine whether to respond to your claim, the Debtors will contact you.

- Proofs of claims may be filed by (a) electronically filing through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/Wellpath), (b) electronically filing on the Court's Public Access to Court Electronic Records platform, located at http://ecf.txsb.uscourts.gov, or (c) mail or hand delivery to the addresses provided in paragraph 8 below.

After reading this document, if you require additional information regarding this notice, you may contact the Claims Agent at +1-(888) 884-6182 (toll-free in the U.S. and Canada), +1-(503) 479-4073 (international), by email at wellpathinfo@epiqglobal.com, or by first class mail at Wellpath Holdings, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420. Please note that the people answering the phone are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

[2] [This placeholder will be updated to indicate the date that is 100 days after the Service Date, subject to Bankruptcy Rule 9006.]

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 11, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 24-90533 (ARP).

**DEADLINE FOR FILING PROOFS OF CLAIM AGAINST ANY OF THE DEBTORS**

1. Pursuant to an order of the Court entered on [•], 2024 [Docket No. [•]] (the "Order"),[~~2~~3] the deadline for creditors to file proofs of claim (a "Proof of Claim") against any of the Debtors is **[•],**[~~3~~4] **~~202[4/5]~~2025 at 4:00 p.m. (prevailing Central Time)** (the "General Bar Date"); *provided*, that solely with respect to a governmental unit not otherwise subject to an Exception or other Bar Date, the deadline to file a Proof of Claim against any of the Debtors is **May 12, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date"). The General Bar Date applies to all persons and other entities holding claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date and are not subject to an Exception (see paragraph 3 below) or other Bar Date, including claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (*e.g.*, claims entitled to priority under sections 503(b)(9) and 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured non-priority claims. The Order also established procedures to be used for filing Proofs of Claim, which are summarized in this notice for your convenience.[~~4~~5]

2. **UNLESS YOU FALL INTO ONE OF THE CATEGORIES LISTED IN PARAGRAPH 3 BELOW, YOU MUST FILE A PROOF OF CLAIM IF YOU HAVE A CLAIM AGAINST ANY OF THE DEBTORS THAT AROSE PRIOR TO NOVEMBER 11, 2024.** Acts or omissions that occurred prior to November 11, 2024 may give rise to claims subject to the General Bar Date even if the claims may not have become known, fixed, or liquidated until on or after November 11, 2024. Under section

[~~2~~3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Order and Motion can be accessed free of charge on the Case Information Website located at https://dm.epiq11.com/Wellpath, which also contains the Claims Portal, blank Proof of Claim Forms, and additional information about these chapter 11 cases. If you have any questions, please contact, the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-(888) 884-6182 (toll-free in the U.S. and Canada), +1-(503) 479-4073 (international), or email wellpathinfo@epiqglobal.com. The Claims Agent cannot provide legal advice.

[~~3~~4] [This placeholder will be updated to indicate the date that is ~~30~~100 days after the Service Date, subject to Bankruptcy Rule 9006.]

[~~4~~5] In the event of any conflict or inconsistency with this Bar Date Notice and the Order, the Order shall govern.

101(5) of the Bankruptcy Code and as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

3. The Order provides that the persons and other entities listed below in this paragraph 3 (each such instance, an "Exception") do **NOT** need to file Proofs of Claim by any Bar Date. **You need not file a Proof of Claim at this time if you are subject to an Exception.** The Court may enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of Exceptions and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following persons and other entities are **not required** to file Proofs of Claim:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any person or other entity that has already properly filed a Proof of Claim against the ~~correct~~applicable Debtor(s) and does not wish to change any information thereon, but only with respect to the claim asserted therein that was properly filed against the applicable Debtor(s);

c. any person or other entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," and/or "unliquidated," *and* (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including the Claims Agent and any professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

e. any party that is exempt from filing a Proof of Claim pursuant to ~~an~~a final order of the Court in these chapter 11 cases;

f. any person or other entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g. current officers and directors of the Debtors who assert claims for indemnification or contribution arising as a result of such officers' or directors' services to the Debtors;

h. any Debtor asserting a claim against another Debtor;

i. any entity that is wholly owned by a Debtor;

j. any person or other entity whose claim against any of the Debtors has been allowed by an order of the Court prior to the Bar Date otherwise applicable;

k. a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit, including the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, (II) Authorizing Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Granting Related Relief* [Docket No. 68]; *provided*, that a current employee must file a Proof of Claim by the General Bar Date for all other claims arising prior to the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

l. any entity holding a claim for which a separate deadline has been fixed by this Court, including claims pursuant to the Rejection Procedures Order;

m. any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided,* that any holder of an equity interest who wishes to assert a claim against any of the Debtors other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting such claim prior to the General Bar Date pursuant to the procedures set forth herein;

n. the DIP Secured Parties and Prepetition Secured Parties for any claims arising from or related to any of the Prepetition Credit Documents or the DIP Term Loan Documents, as applicable, including, without limitation, as specified in the Debtors' Stipulations, or the payment of administrative expenses with respect to any of the DIP Obligations (all as defined in the Interim DIP Order); and

o. any party identified in the Interim DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder.

4. **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST ANY OF THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

5. If a Debtor amends its Schedules after you receive this notice, such Debtor will give notice of that amendment to the holders of the claims that are affected by it, and those

holders will be given an opportunity to file Proofs of Claim before a new deadline that would be specified in that future notice.

6. The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. Except as set forth in any Court order authorizing the rejection of an executory contract or unexpired lease, including the Rejection Procedures Order [Docket No. [●]], the deadline to file a Proof of Claim on account of a Debtor's rejection of an executory contract or unexpired lease shall be **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date that the Debtors provide notice of the Court's entry of an order authorizing such rejection to the affected contract or lease counterparty** (together, the "Rejection Damages Bar Date").

**INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

7. A Proof of Claim Form for use in these chapter 11 cases accompanies this Bar Date Notice. Each filed Proof of Claim must (a) be written in English or Spanish, (b) include a claim amount denominated in United States dollars, (c) be signed ~~electronically~~ by the claimant (or an authorized agent or legal representative thereof) ~~or filed electronically via the Claims Portal on the Case Information Website~~, whether such signature is an electronic signature or is in ink, (d) conform substantially with the Proof of Claim Form accompanying this Bar Date Notice or Official Bankruptcy Form No. 410, (e) unless otherwise allowed under the Order, state a claim against no more than one Debtor and clearly indicate which Debtor the claim is being asserted against, and (f) attach any supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If your claim is included on the Schedules, the Proof of Claim Form may already be populated with certain information on the Schedules, including the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as contingent, unliquidated, or disputed. You may make corrections to the pre-populated information, if any, in your Proof of Claim Form. If you are an incarcerated individual, you may file a Proof of Claim against the lead Debtor in these chapter 11 cases (Wellpath Holdings, Inc., Case No. 24-90533 (ARP)); *however,* **you must identify on the Proof of Claim the correctional facility in which you are incarcerated** and received medical or mental health services from a Debtor.

8. Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can ***only*** be filed prior to the applicable Bar Date in one of the following methods (the "Approved Methods"): (a) by completing an Electronic Proof of Claim through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/Wellpath) maintained by the Claims Agent; (b) by electronic submission on the Court's Public Access to Court Electronic Records ("PACER") platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form ~~directly~~so as to be **actually received** by the Claims Agent on or before the applicable Bar Date as follows:~~[5]~~[6]

~~[5]~~[6] If you wish to receive acknowledgement of the Claims Agent's receipt of a Proof of Claim Form filed in this manner, you also must submit to the Claims Agent by the applicable Bar Date, and concurrently with submitting

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

Absent written consent of the Debtors or their counsel (email being sufficient), **Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) will NOT be accepted or deemed filed until filed in one of the Approved Methods set forth above.**

9. Except as otherwise provided in the Order, any person or other entity asserting a Proof of Claim against more than one of the Debtors shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which its claims are asserted. Any claim filed under the lead case of these chapter 11 cases (Wellpath Holdings, Inc., *et al.*, Case No. 24-90533 (ARP)), or otherwise without identifying a Debtor or identifying multiple Debtors, shall be deemed as filed only against Wellpath LLC, the Debtors' operating company.

**CONSEQUENCES OF MISSING THE DEADLINE FOR FILING CLAIMS**

10. **EXCEPT WITH RESPECT TO CLAIMS SUBJECT TO AN EXCEPTION (AS DESCRIBED IN PARAGRAPH 3 ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM PRIOR TO 4:00 P.M. (PREVAILING CENTRAL TIME) ON THE APPLICABLE BAR DATE ON ACCOUNT OF ANY PREPETITION CLAIM YOU WISH TO ASSERT AGAINST ANY OF THE DEBTORS, OR IF YOU DO NOT FILE YOUR CLAIM IN ACCORDANCE WITH THE INSTRUCTIONS DESCRIBED HEREIN, THEN:**

- **YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THESE CHAPTER 11 CASES;**

- **YOU SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF ANY OF THE DEBTORS FOR THE PURPOSE OF VOTING ON ANY PLAN (IF OTHERWISE ELIGIBLE) IN THESE CHAPTER 11 CASES;**

manner, you also must submit to the Claims Agent by the applicable Bar Date, and concurrently with submitting its original Proof of Claim Form, a copy of the original Proof of Claim Form and a self-addressed, stamped return envelope.

- **YOU SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM ANY OF THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM IN THESE CHAPTER 11 CASES; AND**
- **SUCH CLAIM WILL REMAIN SUBJECT TO DISCHARGE UNDER ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES, AND YOU SHALL BE SUBJECT TO ALL APPLICABLE RELEASES, INJUNCTIONS, AND OTHER TERMS OF SUCH CHAPTER 11 PLAN.**

## EXAMINATION OF ORDER AND SCHEDULES

11. Copies of the Order, the Schedules ~~(when filed)~~, and other information regarding these chapter 11 cases are or will be available for inspection free of charge on the Case Information Website (https://dm.epiq11.com/Wellpath).

12. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A login identification and password to PACER are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these chapter 11 cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

## PROOF OF CLAIM FORMS

13. Electronic Proof of Claim Forms can be filed through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/Wellpath). Additional Proof of Claim Forms can be obtained free of charge from any bankruptcy court clerk's office, your lawyer, certain business supply stores, on the Case Information Website (https://dm.epiq11.com/Wellpath), or by contacting the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-(888) 884-6182 (toll-free in the U.S. and Canada), +1-(503) 479-4073 (international), wellpathinfo@epiqglobal.com (email), or at one of the addresses listed above. Questions concerning the contents of this Bar Date Notice and requests for copies of filed proofs of claim should be directed to the Claims Agent in the same manner.

14. Please note that neither the Claims Agent's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. The Claims Agent cannot advise you how to file, or whether you should file, a Proof of Claim.

15. **A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

Dated: [·], 2024
Dallas, Texas

*/s/ DRAFT*

Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
bgiordano@mwe.com
jjumbeck@mwe.com
cwurzelbacher@mwe.com
cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: sszanzer@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit 1**

**Correctional Facilities**

# Exhibit C

## Form of Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24- 90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** |

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM AGAINST ANY OF THE DEBTORS (GENERAL BAR DATE IS [●][2], 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME))**

**THE GENERAL BAR DATE IS:**
**[__][2], 2025, AT 4:00 P.M. (PREVAILING CENTRAL TIME)**

**THE GOVERNMENTAL BAR DATE IS:**
**MAY 12, 2025, AT 4:00 P.M. (PREVAILING CENTRAL TIME)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 11, 2024, each of the debtors and debtors in possession listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 24-90533 (ARP).

| DEBTOR | CASE NUMBER |
|---|---|
| Physicians Network Association, Inc. | 24-90532 (ARP) |
| Alpine CA Behavioral Health HoldCo, LLC | 24-90537 (ARP) |
| Behavioral Health Management Systems, LLC | 24-90538 (ARP) |
| Boynton Beach Florida Behavioral Health Hospital Company, LLC | 24-90539 (ARP) |

1 A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

2 [This placeholder will be updated to indicate the date that is 30 days after the Service Date, subject to Bankruptcy Rule 9006.]

2 [This placeholder will be updated to indicate the date that is 100 days after the Service Date, subject to Bankruptcy Rule 9006.]

| | |
|---|---|
| CCS-CMGC Intermediate Holdings 2, Inc. | 24-90541 (ARP) |
| CCS-CMGC Intermediate Holdings, Inc. | 24-90540 (ARP) |
| CCS-CMGC Parent GP, LLC | 24-90534 (ARP) |
| CCS-CMGC Parent Holdings, LP | 24-90535 (ARP) |
| CHC Companies, LLC | 24-90542 (ARP) |
| Conmed Healthcare Management, LLC | 24-90543 (ARP) |
| Correct Care Holdings, LLC | 24-90544 (ARP) |
| Correct Care of South Carolina, LLC | 24-90545 (ARP) |
| Correctional Healthcare Companies, LLC | 24-90546 (ARP) |
| Correctional Healthcare Holding Company, LLC | 24-90547 (ARP) |
| Harborview Center, LLC | 24-90548 (ARP) |
| HCS Correctional Management, LLC | 24-90549 (ARP) |
| Healthcare Professionals, LLC | 24-90550 (ARP) |
| Jessamine Healthcare, LLC | 24-90551 (ARP) |
| Justice Served Health Holdings, LLC | 24-90552 (ARP) |
| Missouri JSH Holdco, LLC | 24-90553 (ARP) |
| Missouri JSH Manager, Inc. | 24-90554 (ARP) |
| Perimeter Hill RPA, LLC | 24-90555 (ARP) |
| 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC | 24-90536 (ARP) |
| Wellpath CFMG, Inc. | 24-90556 (ARP) |
| Wellpath Community Care Holdings, LLC | 24-90558 (ARP) |
| Wellpath Community Care Management, LLC | 24-90559 (ARP) |
| Wellpath Community Care Centers of Virginia, LLC | 24-90557 (ARP) |
| Wellpath Education, LLC | 24-90560 (ARP) |
| Wellpath Group Holdings, LLC | 24-90561 (ARP) |
| Wellpath Holdings, Inc. | 24-90533 (ARP) |
| Wellpath Hospital Holding Company, LLC | 24-90562 (ARP) |
| Wellpath LLC | 24-90563 (ARP) |
| Wellpath Management, Inc. | 24-90564 (ARP) |
| Wellpath Recovery Solutions, LLC | 24-90565 (ARP) |
| Wellpath SF Holdco, LLC | 24-90566 (ARP) |
| WHC, LLC | 24-90567 (ARP) |
| WPMed, LLC | 24-90568 (ARP) |

The Debtors provide medical and/or mental health services to certain correctional facilities. A list of these correctional facilities is available on the Case Information Website (https://dm.epiq11.com/Wellpath).

On [●], 2024, the Court entered an order [Docket No. [●]] (the "Order")[3] establishing certain deadlines (each, a "Bar Date") for the filing of proofs of claim ("Proofs of Claim") in these chapter 11 cases.

Pursuant to the Order, all persons, other entities, and governmental units who have a claim or potential claim against any of the Debtors that arose prior to November 11, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** prior to [●],[4] **2025 at 4:00 p.m. (prevailing Central Time)** (the "General Bar Date"); *provided*, that solely with respect to a governmental unit, the deadline to file a Proof of Claim against any of the Debtors is **May 12, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date").

Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can *only* be filed in one of the following methods (the "Approved Methods"): (a) by completing, prior to the applicable Bar Date, an Electronic Proof of Claim through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/Wellpath) maintained by the Claims Agent; (b) by electronic submission on the Court's Public Access to Court Electronic Records ("PACER") platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form ~~directly~~so as to be **actually received** by the Claims Agent~~,~~ on or before the applicable Bar Date as follows:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | Wellpath Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

Absent written consent of the Debtors or their counsel (email being sufficient), **Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) will NOT be accepted or deemed filed until filed in one of the Approved Methods set forth above.**

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Order and Motion can be accessed free of charge on the Case Information Website located at https://dm.epiq11.com/Wellpath, which also contains the Claims Portal, blank Proof of Claim Forms, and additional information about these chapter 11 cases. If you have any questions, please contact, the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email wellpathinfo@epiqglobal.com. The Claims Agent cannot provide legal advice.

[4] [This placeholder will be updated to indicate the date that is ~~30~~100 days after the Service Date, subject to Bankruptcy Rule 9006.]

Each filed Proof of Claim must (a) be written in English or Spanish, (b) include a claim amount denominated in United States dollars, (c) be signed by the claimant (or an authorized agent or legal representative thereof), whether such signature is an electronic signature or is in ink, (d) conform substantially with the Proof of Claim Form or Official Bankruptcy Form No. 410, (e) unless otherwise allowed under the Order, state a claim against no more than one Debtor and clearly indicate which Debtor the claim is being asserted against, and (f) attach any supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If you are an incarcerated individual, you may file a Proof of Claim against the lead Debtor in these chapter 11 cases (Wellpath Holdings, Inc., Case No. 24-90533 (ARP)); *however,* **you must identify on the Proof of Claim the correctional facility in which you are incarcerated** and received medical or mental health services from a Debtor.

**UNLESS EXCUSED BY THE TERMS OF THE ORDER, ANY PERSON OR OTHER ENTITY WHO FAILS TO PROPERLY FILE A PROOF OF CLAIM PRIOR TO 4:00 P.M. (PREVAILING CENTRAL TIME) ON THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM, THEN SUCH PERSON OR OTHER ENTITY (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THESE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF ANY OF THE DEBTORS FOR THE PURPOSE OF VOTING ON ANY PLAN (IF OTHERWISE ELIGIBLE) IN THESE CHAPTER 11 CASES; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM ANY OF THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM IN THESE CHAPTER 11 CASES. FURTHERMORE, SUCH CLAIM SHALL REMAIN SUBJECT TO DISCHARGE UNDER ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES, AND SUCH PERSON OR OTHER ENTITY SHALL BE SUBJECT TO ALL APPLICABLE RELEASES, INJUNCTIONS, AND OTHER TERMS OF SUCH CHAPTER 11 PLAN.**

Electronic Proof of Claim Forms can be filed through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/Wellpath). Additional Proof of Claim Forms can be obtained free of charge from any bankruptcy court clerk's office, your lawyer, certain business supply stores, on the Case Information Website (https://dm.epiq11.com/Wellpath), or by contacting the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-(888) 884-6182 (toll-free in the U.S. and Canada), +1-(503) 479-4073 (international), wellpathinfo@epiqglobal.com (email), or at one of the addresses listed above. Questions concerning the contents of this Bar Date Notice and requests for copies of filed proofs of claim should be directed to the Claims Agent in the same manner.

Please note that neither the Claims Agent's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. The Claims Agent cannot advise you how to file, or whether you should file, a Proof of Claim.

**A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED**

**BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**