IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF FIRST SUPPLEMENTAL SCHEDULE
OF POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court") on November 11, 2024.

**PLEASE TAKE FURTHER NOTICE** that, on November 12, 2024, the Debtors filed a motion (the "Motion")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the Sale Transactions and the Auctions (the "Bidding Procedures"), (b) the proposed sale of substantially all of the Recovery Solutions Assets to the Recovery Solutions Stalking Horse Bidder, subject to the submission of higher or otherwise better offers, (c) the form and manner of notice related to the Sale Transactions, and (d) procedures for the assumption and assignment of contracts and leases in connection with the Sale Transactions (the "Assumption and Assignment Procedures").

**PLEASE TAKE FURTHER NOTICE** that, on November 19, 2024, the Court entered an order [Docket No. 11] (the "Original Bidding Procedures Order") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale Transactions, the Auctions, and the Assumption and Assignment Procedures.

**PLEASE TAKE FURTHER NOTICE** that, on November 27, 2024, the Debtors filed and served upon each non-Debtor Counterparty the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 194] with a schedule listing the Potential Assumed Contracts (the "Original Potential Assumed Contracts Schedule") and the amounts, if any, necessary for the assumption and assignment of the Potential Assumed Contracts pursuant to section 365(b) of the Bankruptcy Code (the "Cure Costs").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Pursuant to the Assumption and Assignment Procedures, an objection to the Cure Costs (a "Cure Objection") of any Potential Assumed Contract listed on the Original Potential Assumed Contracts Schedule must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes are required to cure defaults under the relevant Assumed Contract, and (d) by no later than **December 21, 2024 at 4:00 p.m. (prevailing Central Time)**, (i) be filed with the Court and (ii) be served on the Objection Notice Parties (as defined below).

**PLEASE TAKE FURTHER NOTICE** that, on December 11, 2024, the Court entered that certain *Stipulated and Agreed Amended Order (I) Approving the Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving Entry into a Stalking Horse Purchase Agreement for the Recovery Solutions assets, (III) Authorizing the Recovery Solutions Expense Reimbursement, (IV) Authorizing Potential Selection of Stalking Horse Bidders for the Corrections Assets an Approving Related Corrections Asset(s) Bid Protections, (V) Establishing Related Dates and Deadlines, (VI) Approving the Form and manner of Notice Thereof, (VII) Approving the Assumption and Assignment Procedures, and (VIII) Granting Related Relief* [Docket No. 384] (the "Bidding Procedures Order"), which amended and replaced the Original Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that a schedule listing additional Potential Assumed Contracts that were inadvertently not included in the Original Potential Assumed Contracts Schedule is attached hereto as **Exhibit 1** (the "First Supplemental Potential Assumed Contracts Schedule"). Pursuant to the Assumption and Assignment Procedures, a Cure Objection relating to any Potential Assumed Contract listed on the First Supplemental Potential Assumed Contracts Schedule must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes are required to cure defaults under the relevant Assumed Contract, and (d) by no later than **December 30, 2024 at 4:00 p.m. (prevailing Central Time)** (the "Cure Objection Deadline"), (i) be filed with the Court and (ii) be served on the Objection Notice Parties.

**You are receiving this notice because you have been identified as a Counterparty to a Potential Assumed Contract that has been added to the First Supplemental Potential Assumed Contracts Schedule. The assumption and assignment of the Contracts on the First Supplemental Potential Assumed Contracts Schedule is not guaranteed and is subject to approval by the Court and the Debtors' or Successful Bidder's right to remove an Assumed Contract or Assumed Lease from the First Supplemental Potential Assumed Contracts Schedule.**

**Obtaining Additional Information**

Copies of the Motion and the Bidding Procedures Order, as well as all related exhibits (including the Bidding Procedures) and all other documents filed with the Court, are available free of charge on the Debtors' case information website located at *https://dm.epiq11.com/Wellpath* or can be requested by email at WellpathInfo@epiqglobal.com.

**Filing Assumption and Assignment Objections**

Pursuant to the Assumption and Assignment Procedures, objections to the potential assumption and assignment of an Assumed Contract (an "Assumption and Assignment Objection") with respect to the ability of a Successful Bidder to provide adequate assurance of future performance must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes are required to cure defaults under the relevant Assumed Contract, (d) by no later than (x) **December 26, 2024 at 4:00 p.m. (prevailing Central Time)** for the Recovery Solutions / Consolidated Sale Transaction, and (y) **January 31, 2025 at 4:00 p.m. (prevailing Central Time)** for any Corrections Asset(s) Sale Transaction (each an "Assumption and Assignment Objection Deadline"), (i) be filed with the Court and (ii) be served on , (1) proposed counsel to the Debtors, McDermott Will & Emery, LLP, 444 West Lake Street, Suite 4000 Chicago, Illinois 60606-0029, Attn: Felicia Gerber Perlman, Bradley Thomas Giordano, Jake Jumbeck, Carole Wurzelbacher, and Carmen Dingman, and One Vanderbilt Avenue New York, New York 10017, Attn: Steven Z. Szanzer, (2) counsel to the DIP Lenders and the Ad Hoc Group, Akin Gump Strauss Hauer & Feld, LLP, 2001 K Street N.W. Washington, DC 20006, Attn.: Scott L. Alberino and Kate Doorley, (3) counsel to the Prepetition First Lien Administrative Agent and Prepetition Second Lien Administrative Agent, Cahill Gordon & Reindel LLP, 32 Old Slip, New York, NY 10005, Attn: Joel H. Levitin (jlevitin@cahill.com) and Jordan A. Wishnew (jwishnew@cahill.com) and Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, TX 77010, Attn: Bob Bruner (bob.bruner@nortonrosefulbright.com), (4) proposed counsel to the Committee, Proskauer Rose LLP, 11 Times Square, New York, NY 1036, Attn: Brian Rosen, Ehud Barak, and Daniel Desatnik, and Stinson LLP, 1201 Walnut, Suite 2900, Kansas City, MO 64106, Attn: Nicholas Zluticky and Zachary Hemenway, and (5) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Susan Hersch and Ha Nguyen (collectively, the "Objection Notice Parties").

**CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION**

*Any Counterparty to a contract or lease who fails to timely make an objection to the potential assumption and assignment of such contract or lease on or before the Assumption and Assignment Objection Deadline in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order, and this Notice (or in the case of a Supplemental Assumption and Assignment Objection, by 14 days from the date of service of such Supplemental Assumption and Assignment Notice) shall be deemed to have consented to the assumption and assignment of such contract or lease, including the Cure Costs (if any), set forth on a Potential Assumed Contracts Schedule or a Supplemental Assumed Contracts Schedule, and shall be forever barred from asserting any objection or claims against the Debtors, the Successful Bidder, or the property of any such parties relating to the assumption and assignment of such contract or lease, including asserting additional Cure Costs with respect to such contract or lease. Notwithstanding anything to the contrary in such contract or lease, or any other document, the Cure Costs set forth on a Potential Assumed Contracts Schedule or a Supplemental Assumed Contracts Schedule shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assumed Contract under section*

3

*365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of a Sale Transaction or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of a Sale Transaction or other applicable date upon which such assumption and assignment will become effective.*

### Other Important Dates and Deadlines[3]

In addition to the dates and deadlines described above with respect to filing Assumption and Assignment Objections, Cure Objections, and Supplemental Assumption and Assignment Objections, note the following important dates and deadlines:

(1) **Auctions.** In the event that the Debtors timely receive more than one Qualified Bid for the Assets, and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction for the applicable Assets. An Auction, if held, shall be conducted at McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, Illinois 60606 on (a) **December 23, 2024 at 9:00 a.m. (prevailing Central Time)** for the Recovery Solutions / Consolidated Sale Transactions, subject to the extension of such date in accordance with the Bidding Procedures if an "Extension Event" occurs, (b) **January 28, 2025 at 9:00 a.m. (prevailing Central Time)** for any Corrections Asset(s) Sale Transaction.

(2) **Sale Hearings**. The Court shall hold a hearing to consider approval of the Successful Bid(s) (and Alternate Bid(s), as applicable) and the proposed Sale Transaction(s) contemplated thereby (a "Sale Hearing"). The Sale Hearing with respect to any Recovery Solutions / Consolidated Sale Transaction(s) contemplated by any designated Successful Bid(s) (and the Alternate Bid(s), as applicable) shall be held on **December 31, 2024 at 10:00 a.m. (prevailing Central Time),** subject to the extension of such date in accordance with the Bidding Procedures if an "Extension Event" occurs. The Sale Hearing with respect to any Corrections Asset(s) Sale Transaction(s) contemplated by any designated Successful Bid(s) (and the Alternate Bid(s), as applicable) shall be held on **February 4, 2025 at 10:00 a.m. (prevailing Central Time)**.

---

[3] The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

| | |
|---|---|
| Dated: December 16, 2024<br>Dallas, Texas | /s/ Marcus A. Helt<br><br>Marcus A. Helt (Texas Bar #24052187)<br>MCDERMOTT WILL & EMERY LLP<br>2501 N. Harwood Street, Suite 1900<br>Dallas, Texas 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>Email: mhelt@mwe.com<br><br>-and-<br><br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>Jake Jumbeck (admitted *pro hac vice*)<br>Carole Wurzelbacher (admitted *pro hac vice*)<br>Carmen Dingman (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606-0029<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: fperlman@mwe.com<br>bgiordano@mwe.com<br>jjumbeck@mwe.com<br>cwurzelbacher@mwe.com<br>cdingman@mwe.com<br><br>-and-<br><br>Steven Z. Szanzer (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>Email: sszanzer@mwe.com<br><br>*Counsel to the Debtors and Debtors in Possession* |