IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DITRICT OF TEXAS
HOUSTON DIVSION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WELLPATH HOLDINGS, INC., *et al*.,[1] | ) Case No. 24-90533 (ARP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**THE TEXAS MEDICAL BOARD'S LIMITED
OBJECTION TO THE DEBTORS' SALE OF ASSETS**
**(Relates to D.E. 21, 111, and 384)**

The Texas Medical Board ("TMB"), by and through the Office of the Attorney General of Texas, respectfully files this limited objection (the "Limited Objection") to the sale of the Recovery Solutions/Consolidated Sale Transaction [D.E. 21, 111, 384] (the "Sale") by Wellpath Holdings, Inc. and its debtor affiliates (the "Debtors").[2] A hearing on the Sale is scheduled for December 31, 2024 with objections due on or before December 26, 2024.[3] In support of its Limited Objection, TMB respectfully states as follows:

### I. LIMITED OBJECTION

1. The TMB, as a regulator of healthcare for Texas citizens, is charged with the public's health, safety, and welfare. The TMB is not opposed to a sale of the Debtors' assets, but wants to ensure that all applicable laws and regulations are followed in connection with the expedited Sale timeline, especially since the "as-is, where-is" Sale concerns the Debtors' Recovery Solutions Business, which services vulnerable patients in providing inpatient behavioral health services,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the cited pleadings.
[3] See Stipulated and Agreed Amended Order, pp. 11-12 at ¶¶ 14-15 [D.E. 384].

including inpatient and residential treatment, partial hospitalization and outpatient programs.[4] The Sale terms also propose to include a broad and expansive general release, and the TMB has not been provided information regarding what steps, if any, have been taken or planned regarding patient notice and records maintenance and management.

2. Specifically, the TMB wants to preserve: (a) the State of Texas's police and regulatory powers that any entity would be subject to as the owner or operator of property after the effective date of the sale; (b) any liability to the State of Texas under police and regulatory statutes or regulations that any entity would be subject to as owner or operator of property after the effective date of the sale, including regulations on the transfer of any licenses; (c) any liability to the State of Texas on the part of any person other than the Debtors; and (d) any causes of action the State of Texas may have under applicable non-bankruptcy law, including all rights, claims and defenses to setoff and recoupment.

3. The Debtors and any purchaser are required to comply with state law obligations.[5] To avoid any ambiguity or confusion and to make sure that any potential purchasers are aware of the continual obligations under applicable statutes, regulations or laws, and alert the parties to the TMB's position with respect to any future obligations, the TMB's counsel reached out to counsel for the Debtors several times requesting clarifying information regarding any known patient care issues and the Debtors' intentions regarding records maintenance and management and notice to patients regarding how and where they can obtains continued care and their records.  The TMB also requested that certain standardized language be included in any order approving the Sale that ensures that applicable laws and regulations are followed and regulatory liabilities are preserved.

---

[4] See *Declaration of Timothy J. Dragelin as Chief Restructuring Officer and Chief Financial Officer of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* at pp. 3-4 and Ex. B – Restructuring Support Agreement, p. 11 [D.E. 20].
[5] See 28 U.S.C. § 959(b).

4. To date, the TMB has not received any clarifying information from the Debtors, and the provisions contained in the proposed Recovery Solutions Stalking Horse Agreement provide that the Sale is "as-is, where-is," and include broad release that also may seek to cutoff regulatory liability and the rights of setoff and recoupment, in contravention of state laws and regulations.[6]

5. Accordingly, to preserve police and regulatory powers and laws, and any liability under police and regulatory statutes or regulations, the TMB respectfully requests that any order approving the Sale include (a) notice to patients regarding how and where they can obtain continued care and their records, and (b) the following language:

> Nothing in this Order or related documents, including any agreement related to the sale of the purchased assets, shall release, nullify, discharge, bar, impair, enjoin, or otherwise preclude or affect: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the date hereof; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner, agent, lessor, lessee, permittee, controller, or operator of property or rights to property that such entity owns, operates, licenses, or leases on or after the date hereof; or (iv) any liability to a Governmental Unit on behalf of any non-Debtor. Nor shall anything in this Order release the Debtors from any Claim against the estate based on any pre-Closing actions nor enjoins, limits, or bars a Governmental Unit from asserting, exercising, or enforcing, outside this Court, any liability described in the preceding sentence or any police and regulatory powers.
>
> Further, nothing in this Order or related documents, including any agreement related to the sale of the purchased assets, authorizes the assumption, sale, transfer or assignment of any governmental (i) license, (ii) permit, (iii) registration, (iv) authorization or (v) approval, or the discontinuation of any obligation thereunder (collectively, "Governmental Interests"), without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order shall: (i) be interpreted to require any Governmental Unit to approve or otherwise consent to the assumption, sale, assignment or transfer of any Governmental Interests; (ii) relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit; (iii) affect any setoff or recoupment rights of any Governmental Unit; or (iv) divest any tribunal of any jurisdiction

---

[6] See Bid Procedures Motion at p. 35 [D.E. 384]; Recovery Solutions Stalking Horse Agreement at section 12.17 [D.E. 384].

3

it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

## II. CONCLUSION

6. WHEREFORE, the TMB respectfully requests that this Court: (a) sustain the Objection; (b) include provisions in any order approving the Sale as reflected herein; and (c) grant such other and further relief, both at law and in equity to which the TMB may be justly entitled.

Dated: December 23, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Roma N. Desai*
**ROMA N. DESAI**
Texas State Bar No. 24095553
Southern Dist. Bar No. 3557728
**STEPHANIE EBERHARDT**
Texas State Bar No. 24084728
Southern Dist. Bar No. 3872052
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
roma.desai@oag.texas.gov
stephanie.eberhardt@oag.texas.gov

ATTORNEYS FOR THE TEXAS MEDICAL BOARD

4

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on December 23, 2024.

*/s/ Roma N. Desai*
**ROMA N. DESAI**
Assistant Attorney General