In The United States ~~District~~ Bankruptcy Court For The Southern District of Texas-Houston Division

Wellpath Holdings, INC., et al. | Case No. 24-90533
Debtors.

## Section 362/525 Objection(s) of Macarton N. Pierre to Docket No. 15 Order Granting Debtors Relief

### I. Objections

1. Herecomes Macarton N. Pierre a Plaintiff (sole) in Pierre V. Garcia 1:23-cv-269; Pierre V. Anselm, et al. 4:23-cv-2044; & Pierre V. Chang, et al. 2:23-cv-2036; (collectively "Debtor-Defendants"); to seek equitable, Remand, &/or Relief, &/or Expedited Severance from this Court's (Docket No. 15) Order granting the Debtors relief placing Automatic stay &/or PC Stay on Plaintiff's cases. Collectively, "Pierre's Objections" included in this are founded on the grounds that: (1) the possibility of prejudice to other parties in these actions; (2) Extent to which State law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) Presence of related proceedings commenced in State Court or other Non-bankruptcy Case(s); (5) Existence to the right of a jury trial; (6) The presence in the proceeding of non-debtor Parties; Can & will prejudice Plaintiff Pierre from a fair & adequate opportunity to pursue his claims against the Debtor-Defendants &/or non-Debtor-Defendants. Each case was filed prior to the ~~petiti~~ Petition date.

\* Debtor-Defendants: Trisha Garcia; Elizabeth Anselm; & Eric Chang.

1 of 6

2. In Pierre V. Garcia, Garcia is the sole debtor-defendant in this case & caused the plaintiff irreparable harm to the Plaintiff Vision by being deliberately indifferent to Plaintiff's diagnosis of Glaucoma & denied the Plaintiff Medical care & Vision treatment. Garcia is in the discovery stage & was scheduled to ~~have~~ end in February, 2025 for a jury trial to be scheduled. Under 42 U.S.C § 1983, Pierre is entitled to a jury trial & this Stay order is prejudicing that right & will cause Plaintiff to lose witnesses. Plaintiff ask this case to be remand & reopened on equitable ground in the Pa. Western District of the United States District Court as the "Stay order" caused Pierre V. Garcia to be Administratively Closed Prejudicing the Plaintiff from an adequate & fair opportunity to pursue his claims against Garcia. ~~The stay as well~~

3. In Pierre V. Anselm, Anselm denied the Plaintiff Mental health care after plaintiff alerted her to his thoughts of suicide due to his conditions of confinement. Plaintiff was appealing the dismissal of these claims for failure to Exaust Administrative Remedies as the grievance procedure was "unavailable" in the 3rd Circuit Court of Appeals of U.S. District Court - Middle District. The "Stay order" has prejudice the plaintiff preventing ~~him~~ his ability to appeal the difficult or unsettled nature of applicable (P.L.R.A) Law, Prohibiting his appeal. Plaintiff asks this Court to lift the Stay order, allowing plaintiff to appeal this case, with adequate & fair opportunity.

Further, Plaintiff ask this Court to Sever Pierre V. Anslem in regard to the non-debtor defendants of this case as the claims against non-debtor defendant Richards are distinct & seperable to prevent predudice to the Plaintiff's right to a Jury trial. The claims against Anslem are medical care & the claims against Richards are Condition of Confinement & retaliation.

4. In Pierre V. Chang, Chang denied Plaintiff adequate medical care to Plaintiff's injuries of torn-tendons causing irreparable harm. Currently, this case was filed in state court of Pennsylvania & was removed to the U.S. District Court for the Western District of Pennsylvania; There is a jurisdictional issue present in this case as to "Service". This matter is currently unsettled & if settled the stay would impact this case. In the event, Plaintiff ask for an expedited Severance as the claims against non-debtor defendants are distinct & Seperable as to not prohibit the Plaintiff to a right of a Jury trial.

5. In regards to post-petition filings, Plaintiff Pierre objects in advance & declares his right to pursue claims against would-be Debtor-Defendants for harms he suffered prior to petition date as the "Stay order" will predudice the Plaintiff of a right to Jury trial on triable issues &/or claims; in advance Plaintiff ask this Court to lift &/or Modify the Stay order &/or Severance from non-debtor parties as to not impede Plaintiff fair & adequate opportunity.

3 of 6

## II. Legal Authority

6. A Bankruptcy Court is vested with broad discretion to remand an action on any equitable ground. Further, 28 U.S.C.S §1452(b), permits a federal district to remand a claim related to a bankruptcy case which has been removed to federal jurisdiction on any equitable ground. See (Aetna Life Ins. Co. V. Kottmeyer, 448 B.R. 749 (5th Cir. 2011).

7. See (Citi Financial Corp. V. Harrison, 453 F.3d 245, 250 (5th Cir. 2006)), Stating: "administrative closure is equivalent to a stay, prohibiting appellate review." An administratively closed case is one that is active on the Court's docket & may be reopened upon request of the parties or on the Court's own motion. Mire V. Full Spectrum Lending Inc., 389 F.3d 163, 166 (5th Cir 2004).

8. The Court may order a separate trial of any claim or separate issue in order to further convenience or to avoid prejudice. Separate trial of an issue or claim requires that it be "distinct & separate from others that a trial of it alone may be had without injustice." (quoting)(Swofford V. B. & W., Inc., 336 F.2d 406, 415 (5th Cir. 1964)). Plaintiff is seeking severance under Fed. R. Civ. P. 21 & 42(b) to "avoid any delay or prejudice resulting from automatic stay." (quoting)(Fed. Life Ins. Co. (Mut.) V. First Fin. Group of Tex., Inc., 3 B.R. 375, 376 (S.D. Tex. 1980).

9. In Compass Bank V. Vey Fin., LLC, 2011 U.S. Dist. Lexis 98064 (5th Cir. 2011), before the Court was a Plaintiff's Motion for expedited Severance; Plaintiff asked the Court to Sever Non-bankrupt defendants from the action so that its Claims could proceed unencumbered by a certain defendant's bankruptcy Proceeding; The Court granted the Motion for expedited Severance; The Court noted that the Stay Under title 11 U.S.C.S § 362 was rarely a basis on which to Stay actions against non-debtors; The Court found here that the existing Stay should not prohibit the case from continuing against all of the non-debtor defendants.

10. Title 28 U.S.C.S § 1334, provides for both mandatory & discretionary abstention in the face of a case which is removed to federal Court but remains founded in state law. See (Broyles V. U.S. Gypsom Co., 266 B.R. 778, 785 (E.D. Tex. 2001), for the factors considered in deciding to remand a case.

### III. Conclusion & Relief

11. WHEREFORE, Plaintiff request this Court to Sever Debtor-Defendants from Non-Debtor-Defendants in Pierre V. Anselm; Pierre V. Chang & reopen Pierre V. Garcia & any equitable relief this Court deem Just, Proper, & equitable, from Automatic Stay &/or "PC Stay" of Docket No. 15 order.

Dated: 12/18/24        Respectfully submitted,

Macarton N. Pierre, Pro se
#QP3160 / SCI-Fayette
50 Overlook Drive, Labelle, PA 15450

## Certificate of Service

I, Macarton N. Pierre, hereby certify that I have caused a true & correct copy of "Section 362/525 Objections of Macarton N. Pierre to Docket No. 15 Order Granting Debtors Relief" to be served & filed on the Debtors (Wellpath Holdings, etc.) & the Clerk of Court for the Southern District of Texas-Houston Division at the following addresses:

Wellpath Holdings & Attorneys
3340 Perimeter Hill Drive, Nashville, Tennessee 37211

Clerk of Court / Judge Nathan Ochsner / Bankruptcy
U.S. District Court, Southern District of Texas
P.O. Box 61010, Houston, TX 77208

Via U.S. Postal Service First Class mail & First Class (certified) mail this 19 day of December, 2024.

Signed:
Macarton N. Pierre

6 of 6

Macarton N. Pierre
QP3160
Sci-Fayette
Po Box 33028
St. Petersburg, Fl 33733
Smartcommunications/PaDoc

Clerk of Court
U.S. Bankruptcy Court
Southern District of Texas
P.o. Box 61010
Houston, Tx 77208

PITTSBURGH PA 150
20 DEC 2024 PM 9 L
FIRST CLASS

US POSTAGE »PITNEY BOWES
ZIP 15450
02 7W
0008030505DEC 20 2024
$ 000.69⁰

77208-101010

United States Courts
Southern District of Texas
F I L E D

DEC 30 2024

Nathan Ochsner, Clerk of Court