IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re:   CASE NO: 24-90533 (ARP)
         CHAPTER 11
         (JOINTLY ADMINISTERED)

WELLPATH HOLDINGS, INC., *et.al.,*
         Debtors.
_____/

**PLAINTIFFS MARIA VENDRELL and HURTADO VENDRELL, AS CO-PLENARY GUARDIANS OF J.V., MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW INSURANCE COVERED LIABILITY ACTION TO PROCEED AND TO INITIATE ACTION AGAINST THIRD PARTY THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES ("DCF")**

This is a motion for relief from the automatic stay.  If it is granted, the movant may act outside of the bankruptcy process.  If you do not want the stay lifted, immediately contact the moving party to settle.  If you cannot settle, you must file a response and send a copy to the moving party at least seven (7) days prior to the hearing.  If you cannot settle, you must attend the hearing.  Evidence may be offered at the hearing and the Court may rule.

Represented parties should act through their attorney.

There will be a hearing on this matter via video conference: https://meet.goto.com/JudgePerez or telephonic participation: 1-832-917-1510/conference room: 282694

--

Plaintiffs, MARIA VENDRELL and HURTADO VENDRELL, as CO-PLENARY GUARDIANS OF J.V., ("Plaintiffs"), by and through counsel, and pursuant to 11 U.S.C. §362(d), and the Amended Interim Order Enforcing Automatic Stay, [ECF#69], hereby move the Court for two forms of relief from the automatic stay ordered in this proceeding.  First the Plaintiffs seek relief from the automatic stay to allow their state court lawsuit to proceed against Wellpath Recovery Solutions, LLC, a subsidiary of the Debtor (hereinafter "Wellpath") and second, the

1

Plaintiffs seek to file an amended complaint in their state court action against Wellpath to include the Florida Department of Children and Families ("DCF") an entity that hired Wellpath to run the hospital where the serious, life-altering injuries to JV occurred.

**A. Summary of the State Court Action**

1. The complaint was filed on February 13, 2024, in the Seventeenth Judicial Circuit in and for Broward Couty, Florida, *M.V. and H.V., as Co-Plenary Guardians of J.V vs. Wellpath Recovery Solutions,* Case No.: CACE-24-002009 ("State Court Action"), alleging multiple causes of action against Wellpath Recovery Solutions, LLC (hereafter "Wellpath"). A true and correct copy of the Complaint filed in the State Court Action is attached as **"Exhibit A."**

2. On September 22, 2023, the incapacitated ward, "J.V." ("JV") was the victim of a brutal assault which resulted in the JV's eyes being gouged out by another patient. The horrific attack lasted over seven (7) minutes and was fully captured on surveillance video. JV is now permanently blind and traumatized. This attack occurred at South Florida State Hospital (the "Hospital"), located in Broward County, Florida.

**B. The Existing Stay in this Court**

3. On November 12, 2024, the Court entered an "Amended Interim Order Enforcing the Automatic Stay." (Docket Entry 69). The Order provides that any lawsuits filed against Debtor Wellpath as of the date of the bankruptcy petition shall be "stayed in their entirety, including the Plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." Docket Entry 69 at 2, ¶2.

**C. Status of the State Court Action**

2

4.     Thirteen (13) depositions were taken in the State Court Action, and the case was set for trial in 2025. The Plaintiffs were going to file an amended complaint adding DCF, a non-debtor, who owns the Hospital where the attack occurred, and who contracted with Wellpath to serve as its provider of mental health services at the Hospital.[1] However, the bankruptcy stay as currently constituted prevents the Plaintiffs from proceeding with the filing of the amended complaint.

5.     Pursuant to its contract with the Florida Department of Children and Families, Wellpath received a nine-figure sum as payment in exchange for operating and maintaining the Hospital. Moreover, pursuant to its contract, Wellpath was required to maintain continuous adequate liability insurance coverage with limits of $10,000,000 per occurrence and $10,000,000 in the aggregate, by an insurer with a minimum rating of "A" by A. M. Best or an equivalent rating firm. Moreover, Wellpath was required to file proof of insurance coverage with the Department and list the Department as a named insured.

6.     The Debtor and the related debtors are covered for these incidents by a primary insurance policy with $3,000,000 per claimant in limits. The policy also covers defense costs and fees. See, attached to this Motion and made a part hereof as **Exhibit "B",** the Texas Instrument Insurance Policy. In addition, the Debtors have several additional excess insurance policies described in the attached affidavit of the Debtor's Director of Insurance. See **Exhibit "C."**

---

[1] Florida law requires that the Plaintiffs present the claim in writing to the State agency and provides a six-month waiting period prior to naming the State agency as a defendant. *§768.25(6)(a)*, Fla. Stat. (2023). Hence, the Florida Department of Children and Families was not a named defendant when the State Court Action was originally filed.

**D. Applicable Law**

7. 11 U.S.C. § 362(a)(1), which provides for an automatic stay "applicable to all entities, of . . . the continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . ."

8. The Plaintiffs do not seek a recovery against Wellpath through the State Court Action but do seek that they be permitted to proceed to jury trial in state court to liquidate the amount of the claim against the Debtor with the express understanding that recovery following a successful verdict against the Debtor would be in two parts, first a recovery against any applicable and available insurance. *See In re New York Medical Group, P.C.,* 265 B.R. 408 (S.D.N.Y., 2001) (relief from stay granted to claimant to proceed with medical malpractice action, not only to the extent of insurance coverage, but to judgment, with the excess becoming a claim against the bankruptcy estate.)

9. In this case adequate "cause" exists to grant the relief sought in this Motion pursuant to 11 U.S.C.362(d). The Debtor has liability insurance to cover the claims brought in the State Court Action. To the extent the applicable insurance may be insufficient to cover the judgment obtained the Plaintiffs will file a proof of claim in this Chapter 11 case for such differential.

10. Additionally, the Plaintiffs seek to amend their State Court Action to include DCF. The Fifth Circuit Court of Appeal has interpreted the "all entities" portion of the stay relief statute to mean "all entities proceeding against the debtor," and not non-debtor codefendants. (*Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (1983)). The automatic stay in this matter should not extend past the Debtor.

11. This ruling has been consistently followed to the present time. (*See Arnold v. Garlock*, 278 F.3d 426, 436 (5th Cir. 2001)( holding that "Section 362 is rarely . . . a valid basis on which to stay actions against non-debtors."); *McConathy v. Foundation Energy Fund*, 111 F.4th 574, 582 (5th Cir. 2024)(finding that "[t]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor, 'even if they are in a similar legal or factual nexus with the debtor.'" (internal citations omitted). "'The well-established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against codefendants.'" Id. (internal citations omitted).) Under the circumstances, Plaintiffs could readily obtain judgment against the non-debtor defendant without resulting in a judgment against Wellpath.

12. DCF does have potential absolute indemnity provisions against Wellpath that far proceeded Wellpath's bankruptcy filing. While the Plaintiffs are unaware if DCF has invoked such provisions at this time, the rights of DCF to potential indemnity from Wellpath existed prior to the bankruptcy filing, are and were a potential, unliquidated and potentially disputed claim that already existed when the bankruptcy was filed.

13. Allowing the Plaintiffs to proceed against DCF does not alter the obligations or potential claims that DCF may, or may not, have against Wellpath. DCF had and has the right to decide to file a claim in the Wellpath case for any potential indemnity it may believe Wellpath owes to it, but this should not prevent the Plaintiffs from pursuing their rights against DCF because of the bankruptcy filing.

14. Courts have taken a restrictive approach to extending the automatic stay to non-debtors such as DCF. Generally, the stay extension would only be provided if there is an immediate adverse economic impact to a debtor's estate (*See In re Jefferson*, Ala., 491 B.R. 277

(Bankr. N.D. Ala. 2013)). While some courts have extended the stay to non-debtors when an absolute indemnity provision would effectively be a judgment against the debtor (*See In re Divine Ripe, L.L.C.*, 538 B.R. 300 (Bankr. S.D. Tex. 2015)) the analysis that should be considered is if there is a absolute indemnity provision, does that provision, if activated, and litigation against the non-debtor continue, have an immediate adverse economic impact on the debtor and its estate (See *In re Durr Mechanical Construction, Inc.*, 604 B.R. 131 (Bankr. S.D.N.Y. 2019)).

15. Whether the Debtor has already listed DCF is unknown as there are over 200 unsecured claims that are simply listed as "Name and Address Redacted" listed on the Debtor's filed Schedules. However, it is safe to state that with 347 alleged priority unsecured creditors, over 200 alleged unsecured non-priority, with just this one Debtor, the likelihood of any immediate adverse economic impact is not only speculative, but unrealistic. Coupled with the sale of what appears to be all or nearly all the Debtor's assets any impact is limited to a potential, disputed, unliquidated claim by DCF, assuming such is filed.

16. Additionally, not allowing the Plaintiffs to proceed in this matter against DCF amounts to a grave injustice. JV is a vulnerable party who suffered substantial harm and trauma because of the wrongful actions of Debtor's employees. Certainly, having one's eyes gouged out during a brutal 7-minute attack is one of the most egregious and irreprehensible torts imaginable. Delaying the resolution of JV's claims due to the automatic stay against DCF exacerbates the prejudice to the Plaintiffs while offering no corresponding benefit to the Debtor's bankruptcy estate. The automatic stay will severely prejudice the Plaintiffs by delaying the resolution of the State Court Action, which was trial ready and scheduled to commence trial in 2025. This will delay the financial relief, compound emotional trauma, and potentially deprive Plaintiffs of the funds necessary for JV's present and future care needs.

6

17. The impact of this stay is extremely prejudicial to JV. There is no question that DCF should not be able to escape liability because of Wellpath's bankruptcy, if the automatic stay is not lifted there will be a significant delay in conducting litigation against non-debtor defendants.

**WHEREFORE**, the Plaintiffs seek the Court to: 1) lift the automatic stay to allow the State Court Action to move forward to conclusion, 2) allow the Plaintiffs to recover against the Debtor's insurers, in so much as coverage is available or applicable, 3) allow the Plaintiffs to amend their State Court Action to include DCF and to proceed against DCF to conclusion and seek such recovery and collection against DCF is provided, allowable or recoverable without necessity to seek further relief from this Court, 4) to file a claim against the Debtor in an amount equal to what the Plaintiffs believe they will receive from a judgment obtained in the State Court Action, 5) allow the Plaintiffs to amend such claim, if necessary, against the Debtor if such judgment is greater or lesser than the claim amount filed with the Debtor forestalled from asserting any timeliness issues regarding the amending of such claim, and 6) for any other relief the Court deems appropriate in this matter.

## **CERTIFICATE OF CONFERENCE**

I HEREBY Certify that the undersigned counsel has attempted to resolve the above issues and the relief sought in this Motion, by attempting to speak with McDermott Will & Emery, LLP, Debtor's counsel. Counsel has not yet received a formal response from Debtor's counsel, likely due to the numerous pleadings/hearings occurring in this matter. Regardless, Debtor's counsel has not agreed with the relief sought in this Motion at the time of its filing.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties authorized to receive electronic Notices of Electronic Filing.

Respectfully submitted,

Paragon Law, LLC
Attorneys for Plaintiffs, Maria and Hurtado Vendrell,
as Co-Plenary Guardians of J.V.
2665 S. Bayshore Dr., Suite 220-10
Miami, FL 33133
Telephone: 305-812-5443
Email: ka@paragonlaw.miami

By: /s/ Kristopher Aungst
Kristopher Aungst
Florida Bar No. 55348