IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Joint Administration Requested) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
DIAMOND DRUGS, INC.
TO DEBTORS' PROPOSED SALE ORDER RELATING TO THE RECOVERY
SOLUTIONS ASSETS SALE AND SALE OF ANY OTHER ASSETS OF THE DEBTORS**
[Related to Doc. Nos. 818, 384 & 21]

Diamond Drugs, Inc. ("Diamond"), hereby files this limited objection and reservation of rights (the "Limited Objection") with respect to the Debtors' Proposed Sale Order Relating to the Recovery Solutions Assets Sale [Doc. No. 818] (the "Proposed Sale Order"), the Sale Motion filed at Docket No. 21and the sale of any other assets of the Debtors.  In support of this Limited Objection, Diamond respectfully states as follows:

**BACKGROUND**

1.      On November 22, 2024 ("Petition Date") Wellpath Holdings, Inc. and its debtor affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered under the case number assigned to Wellpath Holdings, Inc. (Case No. 24-90533).

---

[1]      A complete list of the Debtors in the Chapter 11 Cases (each as defined below) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for the Chapter 11 Cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

2.      Prior to the Petition Date, Debtor, Wellpath Holdings, Inc., and Diamond entered into that certain Master Pharmacy Services Agreement originally dated December 1, 2012 (as amended) (the "Agreement") whereby Diamond sold certain stock medication ("Stock Drugs") and patient specific medication ("Prescription Drugs" and, collectively with the Stock Drugs, the "Goods") to the Debtors on credit. The Debtors are indebted to Diamond in connection with the provision of Goods by Diamond to the Debtors both pre- and post-petition.

3.      As of the Petition Date, the Debtors owed Diamond an aggregate principal amount not less than $18,372,448.92 under the Agreement.[2]

4.      On their petitions, the Debtors listed Diamond and/or affiliates thereof as the holder of an unsecured claim in the amount of $7,419,885.  See Case No. 24-90533, ECF No. 1, Official Bankruptcy Form 204, at Pg. 30 of 38.  In their Schedules, the Debtor, Wellpath LLC, scheduled Diamond as the holder of a non-contingent, liquidated, and undisputed claim in the amount of $7,436,155.35. See, ECF No. 662. Schedule E/F, at Pg. 379 of 1572.

5.      The Cure Schedule filed by the Debtors includes the Agreement.  See Cure Schedule at Page 45 of 158.  The Debtors' proposed "Cure Amount" in respect of the Agreement is incorrectly listed as "$7,419,882.01".

6.      On November 29, 2024, Diamond served its Reclamation Demand on the Debtors and filed its *Notice of Reclamation Demand of Diamond Drugs, Inc.* [Docket No. 208].

7.      On December 11, 2024, Diamond timely filed and served its Limited Objection and Reservation of Rights to Debtors' Proposed Assumption and Assignment of Contracts and Proposed

---

[2]      Recently, the Debtors made payment to Diamond on account of Diamond's claim under 11 U.S.C. § 503(b)(9). Diamond continues to analyze the claims that it has against the Debtors pursuant to the Agreement and otherwise, including whether certain claims are subject to setoff rights, lien rights, or qualify for administrative expense or priority status under the Bankruptcy Code.  Diamond intends to timely file proofs of claim in the Debtors' bankruptcy cases and reserves all rights with respect thereto.  Nothing in this Objection shall be construed as a limitation or determination of the nature or quantum of claims that Diamond may have against the Debtors.

Cure Amounts [Docket No. 414] ("Limited Objection").  By the Limited Objection, Diamond did not

generally oppose the prospect of  the Agreement being assumed but objected to the amount needed

to cure the defaults under the Agreement before it could be assumed..

8.      Since the Petition Date, Diamond has been working with the Debtors to reconcile and

agree on the amounts owed under the Agreement.

9.      In doing so, Diamond has provided the Debtors with the account history documents,

including but not limited to the invoices and purchase orders, evidencing the amounts owed under

the Agreement.

10.     Diamond files this limited objection in the abundance of caution.[3] Diamond does not

oppose the proposed sale as contemplated by the Proposed Sale Order. Diamond also does not oppose

an assumption and assignment of its Agreement so long as the full cure amount owed to Diamond

under the Agreement is paid in full.  As such, Diamond objects to any sale, including the Recovery

Assets sale, to the extent that it proposes to assume and assign the Agreement to the Buyer without

fully curing the amount owed under the Agreement pursuant to 11 U.S.C. § 365(b).  Diamond has

been in negotiations with the Debtors concerning the cure amount for the Agreement, amongst other

items, and has been advised by the Debtors' that the current sale of the Recovery Assets as set forth

in the Proposed Sale Order does not contemplate the assumption and assignment of the Agreement.

Nonetheless, Diamond files this limited objection to preserve Diamond's rights while it continues to

negotiate with the Debtors and other interested parties over cure amounts and the ultimate assumption

and assignment of its Agreement whether under the sale currently contemplated under the Proposed

Sale Order or otherwise.

**LIMITED OBJECTION**

---

[3] At the time of this filing, Diamond is unsure whether the Debtors and Buyer intend to assume the Agreement in
connection with the Recovery Assets sale transaction.

11.    Section 365(b) of the Bankruptcy Code requires a debtor to cure any defaults under an executory contract at the time of assumption thereof.  The Debtors have identified the Agreement as executory contracts that will be assumed as part of the sale currently proposed under the Proposed Sale Order and/or other sale of the Debtors' assets.  Accordingly, all defaults must be cured.

12.    Diamond does not oppose the sale of the Recovery Assets nor the assumption and assignment of the Agreement, provided that it receives the proper cure required by 11 U.S.C. § 365.

13.    The amount listed in the Cure Schedule and the amount scheduled by Debtor Wellpath LLC is insufficient to cure the amount owed to Diamond in order to assume the Agreement.

14.    Unless and until the Debtors cure the balance owed to Diamond in full, the Debtors cannot assume and assign the Agreement.

15.    Diamond proposes that the determination of the proper cure amount to assume the Agreement under 11 U.S.C. § 365 be reserved for determination by the Bankruptcy Court at a time prior to the closing date of any transaction whereby the Agreement will be assumed and assigned.

16.    Diamond reserves its right to supplement this Objection or to raise additional or further objections to: (i) any proposed assumption or assignment of the Agreement or any other agreements to which Diamond is a party; (ii) adequate assurance of future performance of any proposed assignee of the Agreement; (iii) the Debtors' Cure Schedules; and (iv) the Debtors' Schedules of Assets and Liabilities.

17.    Diamond intends to continue to work with the Debtors to reach an agreement as to the amounts necessary to fully cure the Agreement.

WHEREFORE, Diamond respectfully requests that this Court enter an Order; (a) conditioning any assumption of the Agreement upon the payment of the cure amount described therein; (b)

4

reserving the determination of the cure amount to assume the Agreement; and (c) granting such other

and further relief as this Court deems equitable and proper.

DATED:  January 7, 2025

Respectfully submitted,

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

/s/ Aaron Guerrero
Aaron Guerrero (Texas State Bar No. 24050698)
Bryan Prentice  (Texas State Bar No. 24099787)
402 Heights Blvd.
Houston, Texas 77007
(713) 335-4990 telephone
(713) 335-4991 facsimile
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

and

**LEECH TISHMAN FUSCALDO & LAMPL LLC**

John M. Steiner (*pro hac vice*)
David W. Lampl (*pro hac vice*)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600
jsteiner@leechtishman.com
dlampl@leechtishman.com

**COUNSEL FOR DIAMOND DRUGS, INC. AND
DIAMOND PHARMACY SERVICES**

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2025, I caused a copy of the foregoing document to be served on all parties receiving notice via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and by email on the following:

(1) counsel to the Debtors, McDermott Will & Emery, LLP, Marcus Helt (mhelt@mwe.com), Felicia Gerber Perlman (fperlman@mwe.com), Bradley Thomas Giordano (bgiordano@mwe.com), Jake Jumbeck (jjumbeck@mwe.com), Carole Wurzelbacher (cwurzelbacher@mwe.com), Carmen Dingman (cdingman@mwe.com), and Steven Z. Szanzer (sszanzer@mwe.com);

(2) counsel to the DIP Lenders and the Ad Hoc Group, Akin Gump Strauss Hauer & Feld, LLP, Scott L. Alberino (salberino@akingump.com) and Kate Doorley (kdoorley@akingump.com);

(3) counsel to the Prepetition First Lien Administrative Agent and Prepetition Second Lien Administrative Agent, Cahill Gordon & Reindel LLP, Joel H. Levitin (jlevitin@cahill.com) and Jordan A. Wishnew (jwishnew@cahill.com) and Norton Rose Fulbright US LLP, Bob Bruner (bob.bruner@nortonrosefulbright.com);

(4) counsel to the Committee, Proskauer Rose LLP, Brian S. Rosen (brosen@proskauer.com), Ehud Barak (ebarak@proskauer.com), Daniel Desatnik (ddesatnik@proskauer.com), and Paul V. Possinger (ppossinger@proskauer.com) and Stinson LLP, Nicholas Zluticky (nicholas.zluticky@stinson.com), Zachary Hemenway (zachary.hemenway@stinson.com) and Lucas Schneider (lucas.schneider@stinson.com).

(5) the U.S. Trustee, Susan Hersh (susan.hersh@usdoj.gov) and Ha Nguyen (ha.nguyen@usdoj.gov).

*/s/ Aaron Guerrero*

6