IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Joint Administration Requested) |

**SECOND SUPPLEMENTAL DECLARATION OF JAMES SEITZ AS DIRECTOR OF INSURANCE OF WELLPATH HOLDINGS, INC. AND CERTAIN OF ITS AFFILIATES AND SUBSIDIARIES IN SUPPORT OF THE DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND STAY EXTENSION REPLY**

I, James Seitz, hereby declare under penalty of perjury:

1. I submit this declaration (this "Declaration"), as a supplement to my prior declarations dated January 7, 2025[2] and January 10, 2025,[3] in support of the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 827] (the "Objection"), and the *Debtors' Omnibus Reply in Support of Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or In the Alternative to Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 897] (the "Stay Reply").[4]

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Extension Reply* [Docket No.828] (the "Original Declaration").

[3] *Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Stay Extension Reply* [Docket No.898] (the "First Supplemental Declaration").

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection, the Stay Reply, the Original Declaration, or the First Supplemental Declaration, as applicable.

2. I am the Director of Insurance for Wellpath Holdings, Inc. (together with its debtor affiliates, the "Debtors" and, collectively with their non-Debtor affiliates, "Wellpath"). I joined Wellpath in August 2018 and lead the Debtors' insurance team. As a result of my tenure with Wellpath, I am generally familiar with the Debtors' insurance coverage and the administration of claims under such insurance policies.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents of the Debtors prepared in the ordinary course of business, other information prepared or collected by the Debtors' employees, information supplied to me by other members of the Debtors' management and third-party advisors, or my opinion based on my experience with the Debtors' operations. In making my statements based on documents and other information prepared or collected by the Debtors' employees or my conversations with the Debtors' counsel or other advisors, I have relied upon the accuracy of such documentation and other information. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

### The Debtors' Insurance

4. The descriptions of the Debtors' insurance program set forth in the Original Declaration and First Supplemental Declaration are incorporated herein by reference.

5. In November 2022, I participated in settlement negotiations for a claim made in the 2018-2020 coverage period (the "2018-2020 Claim"). At that time, based on my discussions with the Debtors' insurance broker and my review of various erosion and loss run reporting, I understood that approximately $5.7 million of the $10 million aggregate limit of the 2018-2020 Umbrella Policy remained available. Additionally, the full $10 million aggregate limit remained

from the excess liability policy underwritten by Scottsdale, covering $10 million per claim and $10 million in the aggregate (the "Scottsdale Excess Policy"), was also available.

6. The 2018-2020 Claim was settled for approximately $17.5 million, exhausting all remaining amounts under the 2018-2020 Umbrella Policy as well as the full aggregate amount available under the Scottsdale Excess Policy. As a result, the Debtors have no remaining third-party coverage for the 2018-2020 period and retain risk for the full amounts of each remaining claim made during this period.

7. Based upon my review of various erosion and loss run reporting, supplemented by my internal knowledge of settlements and other expenditures which aren't accounted for in such reporting, as of the filing of this Declaration, the estimated remaining incurred aggregate limits of approximately $20 million in total for the 2020-2021 period, approximately $15 million in total for the 2021-2022 period, approximately $15 million in total for the 2022-2023 period, approximately $10 million in total for the 2023-2024 period, and approximately $10 million for the 2024-2025 period.

8. As described in the Original Declaration and the First Supplemental Declaration, however, before reaching any third party liability transfer, the Debtors retain risk to pay $3,000,000 for each and every claim in the 2020-2021 period, $8,000,000 for each and every claim in the 2021-2022 period, $8,000,000 for each and every claim in the 2022-2023 period, $15,000,000 for each and every claim in the 2023-2024 period, and $15,000,000 for each and every claim in the 2024-2025 period.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 12, 2025

/s/ *James Seitz*
Name: James Seitz
Title: Director of Insurance

4