IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **WELLPATH HOLDINGS, INC.,** *et al.*[1] | § | CASE NO. 24-90533 (ARP) |
| *Debtors* | § | |
| | § | (Jointly Administered) |

**SONYA CYPRESS, AS PERSONAL REPRESENTATIVE OF THE STATE OF AARON CYPRESS, AHLENA CYPRESS, AHLANIA CYPRESS, AND AARON CYPRESS, NATURAL CHILDREN OF AARON CYPRESS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON **FEBRUARY 18, 2025, AT 2:00 P.M**. IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.

Sonya Cypress, as Personal Representative of the State of Aaron Cypress, Ahlena Cypress, Ahlania Cypress, and Aaron Cypress, Natural Children of Aaron Cypress ("Cypress" or "Movant"), creditor and party in interest in the above referenced bankruptcy cases, files this Motion for Relief from Stay pursuant to 11 U.S.C. §362(d), and would respectfully show the Court as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. §§ 362(d).

## CONSTITUTIONAL AUTHORITY

2. This Court has constitutional authority to enter a final order regarding relief from the automatic stay. 11 U.S.C. § 362 has no state law equivalent. Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, matters related to the automatic stay imposed under § 362 of the Bankruptcy Code are essential bankruptcy matters which trigger the "public rights" exception. *See Id.* The automatic stay is established by an express provision of the Bankruptcy Code and is central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

## RELIEF REQUESTED

3. The Movant, a creditor against the Debtor Wellpath, LLC, seeks relief from the automatic stay solely to liquidate their claims to finality, but not to collect on any judgment against the Debtors or their Estates except through the bankruptcy process, or through payment from proceeds of any applicable insurance policies or non-debtors. The Movant, a representative of the Estate of Aaron Cypress, has filed a case for medical malpractice and wrongful death resulting from personal injuries that Aaron Cypress sustained as a consequence of medical negligence. Movant now seeks to have their "day in court." To deny that right would deprive Movant of their

Constitutional rights, resulting in continued financial distress that, among other things, would contravene the established and longstanding equitable principles of the Bankruptcy Code. As this Court lacks jurisdiction to liquidate the Movant's claims, the Debtors' insurers are (or presumably will be) defending against the claims, and the underlying litigation involves non-debtor third parties, the lifting of the automatic stay will neither cause nor result in any prejudice to the Debtors or their Estates. Because the requisite "cause" for relief from the automatic stay is clearly present, the Motion should be granted.

## PROCEDURAL BACKGROUND

4.      On November 11, 2024 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), thereby creating their bankruptcy estates (the "**Estates**") and commencing their bankruptcy cases, jointly administered as the Bankruptcy Cases.

5.      The Debtors remain in possession of their Estates, and no trustee has been appointed in the Bankruptcy Cases.

## SUMMARY OF FACTUAL BACKGROUND

6.      The underlying prospective litigation involves medical negligence claims brought on behalf of Aaron Cypress, deceased, against the Debtor and two of its employees, Marioara Lazar, M.D., and Rolando Quiroz Santos, APRN. On September 12, 2024, these Prospective Defendants were each served with a Notice of Intent to Initiate Litigation for Medical Negligence and Wrongful Death Pursuant to Florida Statutes §§ 766.106(2) (the "**Notice of Intent**"). A copy of the Notice of Intent is attached hereto as **Exhibit A**. Further, the Movant, by and through counsel, has also put Broward County and Broward Sheriff's Office on notice of claims related to the negligent supervision of Mr. Cypress while he was an inmate at their facility. A copy of the notices mailed to Broward County and Broward Sheriff's Office are attached hereto as **Exhibit B**.

7. The medical negligence claims stem from the death of Aaron Cypress due to the electrolyte imbalance and malnutrition he suffered during the time he was provided treatment by the Debtor and its employees while at the Broward County Jail. The medical records of the Debtor indicate that the day after entering the facility on May 28, 2022, Mr. Cypress was 183 pounds. By the time Mr. Cypress was brought to the Emergency Department at Broward Health Medical Center on June 13, 2022, it was documented that Mr. Cypress had, in fact, not been eating for over two weeks. It was further documented that he had lost a significant amount of weight since May 28, 2022. His estimated weight upon admission was 110 pounds. Mr. Cypress was 6 feet, 2 inches tall.

8. At the time of his admission to Broward Health Medical Center, Mr. Cypress was diagnosed with dehydration, acute kidney failure, altered mental status, anxiety disorder, acute failure to thrive, hypernatremia, and severe protein malnutrition. Blood cultures were positive for MRSA, a bacterial infection. Mr. Cypress was unable to overcome his condition and passed away on June 19, 2022, at Broward Health Medical Center.

9. The Notice of Intent alleges that the Debtor and its employees, including its nursing staff, Marioara Lazar, M.D., and Rolando Quiroz Santos, APRN, failed to provide an appropriate level of care to Aaron Cypress from May 31, 2022, through June 13, 2022, which caused and/or contributed to cause his death.

**ARGUMENTS AND AUTHORITIES**

10. Under the Bankruptcy Code, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause." 11 U.S.C. § 362(d)(1). As recently emphasized by the Fifth Circuit, "[c]ourts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of

bankruptcy court, particularly when the claims are already the subject of pending litigation." *Kipp Flores Architects LLC v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017); *see also Bouchillon v. Caffey*, 539 B.R. 102, 104 (Bankr. N.D. Miss. 2015) ("This Court is bound by clear Congressional intent to deny bankruptcy courts the jurisdiction to hear such personal injury torts. This Court may only determine dischargeability of any debts arising from the tort, but not the underlying tort itself. The state court is the more appropriate forum for resolution of the underlying case.").

11. This principle is supported and confirmed by the legislative history of the automatic stay. As stated in the Senate Report accompanying the Bankruptcy Reform Act of 1978, "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836; see also 2 Collier on Bankruptcy § 362.07[3], at 362-71 (15th ed. 1991); *In re Robbins*, 964 F.2d 342, 345-46 (4th Cir. 1992). This is especially true in cases, like here, that are based on state law and lack any connection with or interference with the pending bankruptcy cases. *See Kipp Flores*, 852 F.3d at 414; *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor").

12. More importantly—and notwithstanding the filing of any proof of claim—this Court is without jurisdiction to liquidate or otherwise adjudicate the Movant's claims, which seek damages for personal injuries. Indeed, 28 U.S.C. § 157(b)(2)(o) explicitly excludes "personal injury tort or wrongful death claims" from "core proceedings." 28 U.S.C. § 157(b)(2)(o) ("Core proceedings include . . . other proceedings affecting the liquidation of the assets of the estate . . .

except personal injury tort or wrongful death claims"); see also id. at (b)(5); *In re Fowler*, 259 B.R. at 861 ("[A] personal injury and wrongful death claim cannot be tried in this Court . . . and if the creditor is not granted relief from the stay, he is left with no remedy in any court. That simply does not comport with due process"). Where the prepetition action concerns a personal injury suit, the case law overwhelmingly supports relief from the stay to permit the personal injury claim to be liquidated, as opposed to collection against a debtor. *See In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982); In re Fowler, 259 B.R. at 858; *In re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982) ("no 'great prejudice' resulted to the bankruptcy estate from the 11 U.S.C. § 362(a) modification because the bankruptcy court's modification order only allowed the state court to determine the debtor's liability").

13. Likewise, where a debtor has insurance in place covering the personal injury claim, "continuation of the civil action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *In re McGraw*, 18 B.R. at 142. *Accord In re Turner*, 55 B.R. 498, 501-02 (Bankr. N.D. Ohio 1985); *In re Honosky*, 6 B.R. 667, 669 (Bankr. W. Va. 1980); see also *In re Edgeworth v. Edgeworth*, 993 F.2d 51 (5th Cir. 1993),; *In re Fowler*, 259 B.R. at 858 (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor"); *Bouchillon,* 539 B.R. at 102.

14. In considering whether cause exists for relief from the automatic stay with respect to the continuation of prepetition litigation, this Court employs the following twelve-factor analysis:

> 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily

involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.

*In re Xenon Anesthesia of Tex. PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). The burden of proof is a shifting one: the creditor must make an initial showing of "cause," whereafter the burden on all other issues, including retaining the automatic stay in place, is on the debtor. *See, e.g., In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017).

15. Here, the Movant submits that an application of these factors weighs heavily in favor of granting relief from the stay to liquidate the claims:

i. Most importantly, as this Court does not have jurisdiction to liquidate the Movant's wrongful death claims, some other court will inevitably have to do so, meaning that relief from the automatic stay is necessary to enable the Movant to prove the claims. Preventing the Movant from doing so would deprive her of due process and result in great and manifest injustice, leaving the Movant with no remedy at all. *See In re Fowler*, 259 B.R. at 858. Likewise, the Debtors and the Estates will also benefit from an adjudication of these claims because the Movant's claims must be adjudicated to determine the respective distributions and recoveries of all unsecured creditors.

ii. Upon information and belief, insurance would provide a defense to the Movant's claims, meaning that the Debtors should not incur any material costs in defending against those claims.

iii. The Movant is not seeking to recover on the monetary claims as against the Debtors nor the Estates outside of the bankruptcy process, consequently no other creditor will be prejudiced if relief from the automatic stay is granted. On the contrary, as the Movant may be able to recover from non-Debtors and non-Estate property, the Debtors and other creditors may benefit from having the Movant's substantial claims satisfied in whole or in part from collateral sources of recovery.

iv. Severance of Movant's claims against Wellpath, LLC, from their claims against non-Debtors is not feasible and would be grossly wasteful. In addition, given that there are other potentially questions of comparative and proportional liability, a severance would be impractical and may lead to a multiplicity of suits that, in the end, would lead to greater costs and burdens on the Debtors and all other parties, as well as potentially inconsistent results.

v.  Similarly, since the proposed lawsuit involves non-debtor defendants, namely Marioara Lazar, M.D. and Rolando Quiroz Santos, APRN, and the Broward County Sherrif, those defendants may be able to argue against continued litigation on the grounds that Debtor Wellpath, LLC, is a necessary and indispensable party, thus potentially leading to additional, severe, and actual prejudice on the Movant.

vi.  While Movant's claims are significant, so is the applicable insurance coverage. These Bankruptcy Cases are very large that involve billions of dollars of other claims. If the automatic stay is lifted, the Debtors will not be required to devote substantial resources and efforts to defend against Movant's claims, further confirming that granting relief will not interfere with the Bankruptcy Case.

vii.  The proposed lawsuit does not involve the Debtors as fiduciaries, there are no grounds to equitably subordinate the Movant's claims, and any successful judgment would not result in an avoidable judicial lien against the Debtors.

viii.  The interests of judicial economy and the expeditious and economical resolution of litigation strongly support granting relief from the automatic stay.

ix.  Filing of the proposed lawsuit would not harm the interests of other creditors in the Bankruptcy Case; on the contrary, insofar as the Debtors have insurance in place to satisfy any allowed claims, the interests of other creditors would be served from a prompt resolution because the payment of the Movant's claims, in whole or in part, from insurance coverage that would result in greater recoveries for other creditors in the Bankruptcy Cases. The Debtors have already been granted relief by this Court to continue their pre-petition insurance coverage and satisfy pre-petition obligations related thereto.

x.  The impact of the automatic stay and the balance of harms greatly support granting relief from the automatic stay: the proposed lawsuit will seek all recoverable economic and noneconomic damages on behalf of Movant as provided under the Wrongful Death Act and applicable Florida Statutes. To deny Movant her expeditious and timely "day in court" would violate their due process and constitutional rights, contravene both the statutory language and legislative history of 28 U.S.C. § 157(b) and 11 U.S.C. § 362, and—most importantly—subject them to significant economic and physical—harm by preventing the Movant from receiving meaningful and actual redress for the loss of capacity for enjoyment of life, past and present, mental pain and suffering, lost earnings, lost earning capacity, loss of parental companionship, instruction, and guidance, the mental pain and suffering as a result of the death of Aaron Cypress, the loss of past and future support and services, and future damages, as set forth under Florida law, and medical and funeral expenses paid by the survivors, while offering no material benefit to the Debtors or to the Estates, given the Movant's claims must inevitably be liquidated by another court.

16. The purpose of the automatic stay is to prevent a "race to the courthouse," to protect a debtor and its property in order to ensure an equitable distribution amongst all creditors, and to afford a debtor time to propose a plan of reorganization. None of these purposes are served by continuing the automatic stay here: there is no "race" to the courthouse because this Court cannot liquidate the underlying wrongful death claim, and these claims undeniably require liquidation; the Movant does not seek relief from the automatic stay to recover on claims against the Debtors and the Estates outside the bankruptcy process; and the Debtors have already achieved significant milestones in the Bankruptcy Cases and appear to be well on their way to filing and confirming a Plan. Nor is the purpose of the automatic stay to permanently enjoin creditors or protect third parties. Denying the Movant's Motion and depriving Movant of the requested relief will subject Movant to continuing, needless delay by depriving Movant of their day in court, while benefiting the interests of insurance carriers and non-debtor defendants, none of whom are entitled to protection by the automatic stay.

WHEREFORE, PREMISES CONSIDERED, the Movant respectfully requests that the Court enter an order: (i) granting this Motion; (ii) granting relief from the automatic stay to liquidate the claims to finality; (iii) allowing recovery from any applicable insurance policy or non-debtor (iv) retaining the automatic stay in place for purposes of any collection as against the Debtors, and to the extent that any such claims are not satisfied from the proceeds of any available insurance policies or non-debtor third parties, recovery solely as a general unsecured prepetition claims in the Debtors' chapter 11 cases, (v) granting such other and further relief to which Movant may be justly entitled.

Respectfully submitted.

ANDREWS MYERS P.C.

/s/ T. Josh Judd
T. JOSH JUDD
SBN: 24036866
jjudd@andrewsmyers.com
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211

*Bankruptcy Counsel for the Movant*

### CERTIFICATE OF CONFEREENCE

The undersigned certifies that in a good faith effort to resolve this matter prior to filing this motion, on January 8, 2025, he attempted to confer with counsel for the Debtors regarding the relief requested. As of the date of filing this Motion, Debtor's counsel has not responded to the attempts to confer regarding the relief requested.

/s/ T. Josh Judd
T. Josh Judd

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing Motion for Relief was served by ECF Notification by all parties requesting notice and by U.S. Mail to the Debtor, at Wellpath Holdings, Inc., 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

/s/ T. Josh Judd
T. Josh Judd