IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WELLPATH HOLDINGS, INC., *et al.*[1] | § | CASE NO. 24-90533 (ARP) |
| *Debtors* | § | |
| | § | (Jointly Administered) |

## OBJECTION TO DEBTORS' MOTION FOR ENTRY OF FINAL ORDER IMPOSING THE AUTOMATIC STAY FOR THE BENEFIT OF NON-DEBTORS
[RELATES TO 17 & 69]

COMES NOW, Valerie Tobia, as Personal Representative of the Estate of Joseph Kirk, and on Behalf of the Lawful Survivor, to wit: J.K., a Natural Minor Child ("Tobia"), by and through counsel, objects to entry of the Amended Final Order Enforcing the Automatic Stay, and shows as follows:

### PRELIMIARY STATEMENT

1. The Court should deny the Stay Motion. On January 10, 2025, the Debtor's filed a proposed Amended Final Order Enforcing the Automatic Stay (the "Proposed Stay Order") that wrongfully attempts to substantively expand a nationwide automatic stay for the benefit of an unknown group of non-debtor parties in all lawsuits pending nationwide, regardless of whether the Debtors are parties to such lawsuits. The defined terms used in the Proposed Stay Order likely exceed the authority of the Court, is a furtherance of misrepresentation and abuse of process that has already occurred in other jurisdictions by non-debtor defendants wrongfully claiming that they are beneficiaries of a non-debtor stay, is contrary to the interest of justice and well beyond the plain language of the original relief requested in the Debtors' Stay Motion. The Debtors should not be allowed to expand the protections of the automatic stay to cover a group of unknown

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

defendants in unknown lawsuits.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

2. On November 12, 2024, the Debtors filed Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay and to Extend the Automatic Stay to Non-Debtor Parties (the "Stay Motion"). The Stay Motion, in pertinent part, stated in Paragraph 1:

> "As of the Petition Date, certain of the Debtors were defendants in numerous lawsuits stemming from the Debtors' business operations. Although the Debtors are named in all of these lawsuits (collectively, the "Lawsuits"), and undisputably stayed under the Bankruptcy Code, many of the Lawsuits also name non-Debtors, including (a) certain Professional Corporations and their respective PC Physicians (each as defined in the PC Motion), (b) the directors and officers of certain of the Debtors' non-Debtor affiliates (collectively, the "D&Os"), and (c) the Debtors' consultant and private equity sponsor, H.I.G. Capital, LLC ("HIG" and, collectively, with the Professional Corporations, the PC Physicians, and the D&O's, the "NonDebtor Defendants")."

See Dkt 17, at ¶1.

3. After an initial emergency hearing on the Stay Motion, on November 12, 2024, the Court entered the Amended Interim Order Enforcing the Automatic Stay at Dkt. 69 (the "Interim Stay Order").

4. The Interim Stay Order provides that "capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion." See Dkt. 69 at footnote #2. Next, the Interim Stay Order states, in pertinent part:

> "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code."

See Dkt 69 at ¶2.

5. By the clear language of the Interim Stay Order, the automatic stay only extends to non-debtor defendants in lawsuits where the Debtors are a party.

6. Tobia, as the Personal Representative of the Estate of Joseph Kirk, is the named Plaintiff in a state court lawsuit pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court Lawsuit"). Gregory Tony, in his official capacity as

Sherriff of Broward County, Florida (the "Sherriff"), and Broward County are the only defendants in the State Court Lawsuit. For the avoidance of doubt, the Debtors are not parties to the State Court Lawsuit. See **Exhibit A** attached hereto and incorporated by reference.

7.  Despite the clear language of the Interim Stay Order, the Sherriff filed a Notice of Stay in the State Court Lawsuit alleging that the Interim Stay Order prohibits prosecution of the Plaintiff's claims against the Sherriff. **See Exhibit B.**

## OBJECTION AND JOINDER

8.  The relief requested by the Debtors should be denied. Tobia joins and incorporates by reference the objections to the Stay Motion filed at Dkt. 231, 236, 237, 238, 239, 242, 245, 249, 250, 254, 300, 314, 315 and 810.

9.  In furtherance of the Sherriff's misrepresentations in the State Court Lawsuit, the Debtors now seek a last-minute, material, and substantive change in the Proposed Stay Order to purportedly protect the Sherriff in the State Court Lawsuit. Debtors' last-minute attempts to grossly broaden the scope of the relief requested in the Stay Motion must be denied. In pertinent part, the Proposed Final Order filed on January 10, 2025, substantially expands the defined term of "Lawsuit." Now, the Debtor seeks imposition of the stay to "Lawsuits", regardless of if the Debtors are named parties to the lawsuit, if it could supposedly have a "direct impact, whether monetary or otherwise, on the Debtors' estates." Such a broad definition of Lawsuit is unwarranted and violates the substantive due process rights of Tobia and an unknown amount of injured parties. Accordingly, the Stay Motion should be denied.

10. Next, as this Court is aware, the legal impact of the automatic stay is tempered by the protections of the tolling provisions in 11 U.S.C. § 108(c). The Debtors wrongfully ask this Court to impose an automatic stay for the benefit of non-debtors without balancing the due process rights and potential limitations period that may apply to claims of creditors of non-debtors. Thus,

the Stay Motion should be denied.

Dated: January 13, 2025

        Respectfully submitted,

        **ANDREWS MYERS P.C.**

        */s/ T. Josh Judd*
        T. JOSH JUDD
        SBN: 24036866
        1885 Saint James Place, 15th Floor
        Houston, TX 77056
        Tel: 713-850-4200
        Fax: 713-850-4211
        jjudd@andrewsmyers.com

        **BANKRUPTCY COUNSEL FOR VALERIE TOBIA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH KIRK, AND ON BEHALF OF THE LAWFUL SURVIVOR, TO WIT: J.K., A NATURAL MINOR CHILD**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF.

        */s/ T. Josh Judd*
        T. JOSH JUDD