IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING LIZA PIZARRO'S STAY OBJECTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Liza Pizarro (the "Movant," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on January 16, 2024, Movant, as Administrator of the Estate of her son, Darius M. Pizarro ("Pizarro"), brought suit against certain of the Debtors and other defendants, including the United States (together with the Debtors, collectively, the "Defendants"), in *Pizarro v. Westchester County et al.*, 24-cv-331 (KMK) (S.D.N.Y.) in the United States District Court, Southern District of New York (the "Lawsuit");

WHEREAS, in the Lawsuit, Movant asserts certain claims and causes of action against the Defendants related to the alleged failure of Defendants to provide Pizarro with basic mental health care services while he was detained in the Westchester County Jail;

WHEREAS, the Debtors dispute any and all liability with regard to any of the damages alleged to have been suffered by Pizarro;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on December 2, 2024, Movant filed the *Plaintiff Liza Pizarro's Objection to Entry of a Final Order on Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 254] (the "Stay Objection") objecting to enforcement of the automatic stay with respect to United States and Westchester County in the Lawsuit;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants does not extend to claims or causes of action against the United States in the Lawsuit.

2. Except as set forth herein, the Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to all Non-Debtor Defendants (as defined in the Stay Extension Order) other than the United States in the Lawsuit remain in full force and

3

effect. For the avoidance of doubt, the Movant reserves all its rights and claims as against the Debtor and all Non-Debtor Defendants (as defined in the Stay Extension Order), including but not limited to the right to seek additional relief from the Stay Extension Order.

3. Entry of this Stipulation and Agreed Order shall resolve the Stay Objection. Any other relief sought in the Stay Objection with respect to the Stay Extension Order shall be deemed denied and any other objections with respect to the Stay Extension Motion shall be deemed overruled, except as otherwise specifically provided herein at paragraph 2.

4. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Dated: _____, 2025
Houston, Texas

_____
Alfredo R Perez
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 13TH DAY OF JANUARY, 2025:**

By: /s/ *Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              bgiordano@mwe.com
              jjumbeck@mwe.com
              cwurzelbacher@mwe.com
              cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:    (212) 547-5400
Facsimile:    (212) 547-5444
Email:        sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: /s/ *Katherine Rosenfeld*

Katherine Rosenfeld
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 5th Ave., Fl. 10,
New York, NY 10020
212.763.5000

*Counsel for Plaintiff Liza Pizzaro*