United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Joint Administration Requested)<br><br>**Re Docket Nos.:17, 69** |

**STIPULATED AND AGREED AMENDED ORDER (I) ENFORCING THE AUTOMATIC STAY ON A FINAL BASIS WITH RESPECT TO CERTAIN ACTIONS, (II) ENFORCING THE AUTOMATIC STAY ON AN INTERIM BASIS WITH RESPECT TO CERTAIN ACTIONS, (III) EXTENDING THE AUTOMATIC STAY ON AN INTERIM BASIS TO CERTAIN ACTIONS AGAINST NON-DEBTORS, (IV) SETTING A FINAL HEARING FOR THE INTERIM RELIEF GRANTED HEREIN, AND (V) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders, pursuant to section 362(a) of the Bankruptcy Code, enforcing the Automatic Stay in the Lawsuits[3] or in the alternative extending the application of the Automatic Stay to the Non-Debtor Defendants until consummation of a chapter 11 plan in these chapter 11 cases, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Debtors' Omnibus Reply in Support of Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief* [Docket No. 897] (the "Reply"). If there is any inconsistency between the terms of the Motion or Reply and the terms of this Order, the terms of this Order shall govern and control.

[3] "Lawsuits" shall mean any lawsuit against the Debtors and any lawsuit against a Non-Debtor Defendant, regardless if a Debtor is a named party in the lawsuit, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s).

to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the Reply, the *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Extension Reply* [Docket No. 828] (the "Seitz Declaration"), the *Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Stay Extension Reply* [Docket No. 898] (the "Supplemental Seitz Declaration"), and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the Reply, the Seitz Declaration, the Supplemental Seitz Declaration, and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, having been withdrawn, resolved, or overruled, in each case, with prejudice;

2

and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. Pursuant to section 362, and if applicable section 105, of the Bankruptcy Code, any claims or causes of action that have been or may be asserted against the Debtors, the Debtors' directors or officers, the Debtors' current or former employees to the extent the Debtors are also named defendants in the underlying lawsuit, H.I.G. Capital L.L.C. or its directors, officers, or current or former employees, in the Lawsuits are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025. Nothing shall prejudice the Debtors' right to seek a further extension of the stay granted in this paragraph or the right of any party interest to oppose such extension.

2. Any claims or causes of action that have been or may be asserted against any of the Professional Corporations[4] or their current or former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide the Debtors the opportunity, as requested by the Statutory Unsecured Claimholders' Committee

---

[4] The Professional Corporations are California Forensic Medical Group, Inc., California Health and Recovery Solutions, P.C., CCS-Kastre Nevada, P.C., Emerald Healthcare Services, P.C., Grand Prairie Healthcare Services, P.C., Great Peak Dental, P.C., Great Peak Healthcare Services, P.C., Massachusetts Correctional Healthcare Services, P.C., McDonald Dental Associates, P.A., Midwest Center, P.C., New Garden Healthcare Services, P.C., New York Correct Care Solutions Medical Services, P.C., Old Empire Dental, P.C., Old Empire Psychology, P.C., Southwest Correctional Medical Group, PLLC, Southeast Correctional Medical Group, PLLC, Stringfellow Correctional Dental, P.A., and Zenova Physicians, P.C.

(the "Committee"), to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations.

3. Any claims or causes of action that have been or may be asserted against any of the Debtors' current clients or customers or their current or former employees are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide Debtors, as requested by the Committee, the opportunity to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties.

4. Any claims or causes of action that have been or may be asserted against any of the Debtors' former clients or customers are stayed are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, solely to provide the Debtors the opportunity, as requested by the Committee, to establish that indemnification obligations exist such that allowing such claims or causes of action to go forward would result in an administrative claim against the Debtors' estate.

5. The Debtors agree to establish a process satisfactory to the Committee by which plaintiffs may seek a determination that the automatic stay does not apply to any claim or cause of action without filing a motion for relief from stay or any other pleading (the "Stay Determination Process"). Such Stay Determination Process shall be filed on the docket by the Debtors within five business days of the date hereof and served on all Notice Parties (as defined in the Motion). The Stay Determination Process provides that:

    a. Any plaintiff who intends to avail themselves of their rights under the United States civil justice system and pursue claims or causes of action subject to the automatic stay set forth in this Order (a "Requesting Plaintiff") shall submit a request to

the Debtors to pursue such claims or causes of action in the forum in which such claims or causes of action were pending as of the Petition Date (each, a "Request").

   b.  A Request may be made formally by written motion filed with the Court or informally by telephone, U.S. Mail, or electronic mail. The Stay Determination Process will include specific contact information for the Debtors a Requesting Plaintiff may use to make a Request.

   c.  Upon receipt of a Request, the Debtors shall timely notify the Committee and the Debtors, in consultation and/or collaboration with the Committee, will provide an expedited response to such Request.

   d.  To the extent Debtors determine that the claim or cause of action should be subject to the automatic stay, the Debtors will provide in writing to the plaintiff (or if provided verbally to the plaintiff, the Debtors will provide a written response to the Committee), with the basis for that conclusion, and the plaintiff may seek relief from the automatic stay via motion practice pursuant to the Bankruptcy Code.

   e.  To the extent the Debtors determine that the claim or cause of action is not subject to the automatic stay, the Debtors will so advise the Requesting Plaintiff and provide written consent for the Requesting Plaintiff to move forward with the claim or cause of action and, if required by the court where the claims or causes of action are pending, the Debtors shall provide written notice of its consent to such court as appropriate.

   f.  In agreeing to implement this process, the Debtors reserve all rights to challenge any motion for relief from the automatic stay, and nothing in the process shall impact a Requesting Plaintiff's rights or the Committee's rights to argue in favor of relief from the automatic stay.

6.	Debtors shall consult with the Committee prior to entering into any stipulation with any defendant or co-defendant in any of the Lawsuits.  The Committee shall provide written notice to the Debtors of the Committee's position on the stipulation within seven days of receipt. To the extent the Debtors still seek to enter any such stipulation after the receipt of the Committee's written notice, the Debtors shall notify the Court of the Committee's position (if any) on the proposed stipulation and provide the Committee and any plaintiff in the case in question notice and opportunity to oppose such relief.

7.	The relief granted in paragraph 1 of this Order is entered on a final basis such that no further hearing is necessary.  With respect to the remaining relief granted in this Order, the final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on February 18, 2025, at 2:00 p.m. (prevailing Central Time).  Any objections to entry of a Final Order on the Motion shall be filed and served on the Notice Parties and counsel to the Debtors and the Committee so as to be actually received on or before 4:00 p.m. (prevailing Central Time) on February 7, 2025.  The Debtors shall serve a copy of this Order on the Notice Parties within five business days of the date hereof.  In the event that no objections to the entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without the need for the Final Hearing.

8.	Nothing in this Order shall (a) prejudice the right of any creditor to seek relief from the Automatic Stay pursuant to section 362 of the Bankruptcy Code or (b) supersede or abrogate any prior Stipulation and Agreed Order interpreting, extending, or granting relief from the automatic stay.

9.	Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

11. The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: January 14, 2025

*Alfredo R Pérez*
Alfredo R Pérez
United States Bankruptcy Judge