United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 21, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
GRANTING RELIEF FROM AUTOMATIC STAY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Martin Vargas, individually and as Successor in Interest of the Estate of Martin Vargas Arellano ("Vargas"), and together with the Debtors, (the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on March 8, 2024, Vargas brought suit against Debtor Wellpath, LLC, the United States of America, and The GEO Group, Inc. ("GEO Group," and together with the United States and the Debtor, collectively, the "Defendants") in the case styled *Vargas v. United States of America et al.*, Case No. 5:23-cv-00380-JWH-SP in the District Court for the Central District of California (the "Lawsuit");

WHEREAS, in the Lawsuit, Vargas asserts certain claims and causes of action against the Defendants related to a string of COVID-related medical complications suffered by Vargas's father, Martin Vargas Arellano ("Arellano"), that led to hospitalizations, a stroke, and Arellano's death;

---

[1]   A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, the Debtors dispute any and all liability with regard to any of the damages alleged to have been suffered by Arellano;

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on December 2, 2024, Vargas filed the *Response of Martin Vargas to Debtors' Emergency Motion to Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 237] (the "Stay Extension Objection") objecting to the extension of the automatic stay to the United States and GEO Group in the Lawsuit;

WHEREAS, on December 2, 2024, the United States filed the *United States of America's Response in Opposition to Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 242] (the "United States Objection");

WHEREAS, on December 17, 2024, the Court entered an order [Docket No. 485] (the "United States Order") approving a stipulation as to the United States Objection (the "United

States Stipulation") which, in part, provides that the relief sought in the Stay Extension Motion does not extend the automatic stay to claims and causes of action against the United States in the Lawsuit; and

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1.      The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants pursuant to the Second Stay Extension Order does not extend to claims or causes of action against GEO Group in the Lawsuit.

2.      Entry of this Stipulation and Agreed Order shall resolve the Stay Extension Objection, and any other relief sought in the Stay Extension Objection with respect to the Stay Extension Order shall be deemed denied and any other objections with respect to the Stay Extension Motion shall be deemed overruled.

3.      For the avoidance of doubt, this Stipulation and Agreed Order does not modify the automatic stay imposed by section 362(a) of the Bankruptcy Code as to (i) any claims against the Debtors in the Lawsuit, which remain subject to the automatic stay, and (ii) any counterclaims or countersuits by the GEO Group that have been or may be asserted against the Debtors and such counterclaims and countersuits remain stayed.

4.      This Court retains exclusive jurisdiction over any matter arising from or related to

the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: January 21, 2025

Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 20TH DAY OF JANUARY, 2025:**

By: */s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              bgiordano@mwe.com
              jjumbeck@mwe.com
              cwurzelbacher@mwe.com
              cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:    (212) 547-5400
Facsimile:    (212) 547-5444
Email:        sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: /s/ *Laboni A. Hoq*

Stacy Tolchin (admitted pro hac vice)
Email: Stacy@Tolchinimmigration.com
Megan Brewer (admitted pro hac vice)
Email: Megan@Tolchinimmigration.com
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (admitted pro hac vice)
Email: khaled@nipnlg.org
National Immigration Project
1201 Connecticut Ave NW
Suite 531 #896645
Washington, DC 20036
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

Laboni A. Hoq (admitted pro hac vice)
Email: laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753
Pasadena, CA 91030
Telephone: (213) 973-9004

*Counsel to Vargas*

2