IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE YOUNG APPEAL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Deborah Young, as the Personal Representative of the Estate of Gwendolyn Young ("Young") and her attorneys Smolen & Roytman ("Young's Attorneys," and together with Young, the "Young Parties," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on May 13, 2013, Young brought suit against Correctional Healthcare Companies, Inc. (n/k/a Debtor Wellpath, LLC) and other defendants (together with the Debtor, collectively, the "Defendants") in *Young et al. v. Glanz et al.*, Case No. 13-CV-315, in the U.S. District Court for the Northern District of Oklahoma (the "Lawsuit");

WHEREAS, in the Lawsuit, Young asserts certain claims and causes of action against the Defendants related to alleged violations of Gwendolyn Young's constitutional right to adequate medical care;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, the Defendants dispute any and all liability with regard to any of the damages alleged to have been suffered by Young;

WHEREAS, on March 26, 2024, the Young Parties appealed certain findings of misconduct by Young's Attorneys to the Tenth Circuit Court of Appeals in *Young v. Correctional Healthcare Companies, Inc.*, Case No. 24-5033 (the "Appeal");

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on December 2, 2024, the Young Parties filed *Deborah Young's Objection to Final Order/Automatic Stay* [Docket No. 250] (the "Stay Objection") arguing the Stay Extension Motion and Stay Extension Order should not apply to the Appeal;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors,*

*(IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962].

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code is modified to allow the Appeal to proceed solely with respect to oral argument and a final decision at the Tenth Circuit Court of Appeals.

2. For the avoidance of doubt, the automatic stay shall not be modified as to any other claims or causes of action by the Young Parties against the Debtors, including any claims and causes of action or proceedings in the Lawsuit.

3. Entry of this Stipulation and Agreed Order shall resolve the Stay Objection, and any other objections to the Stay Extension Motion shall be deemed overruled.

4. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Dated: _____, 2025
Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 22ND DAY OF JANUARY, 2025:**

By: /s/ *Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:             mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:             fperlman@mwe.com
                       bgiordano@mwe.com
                       jjumbeck@mwe.com
                       cwurzelbacher@mwe.com
                       cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:     (212) 547-5400
Facsimile:      (212) 547-5444
Email:             sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: *s/ Mark A. Craige*

Mark A. Craige, OBA #1992
CROWE & DUNLEVY
222 North Detroit Avenue, Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
*Counsel to the Young Parties*