United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING MARZAN WILLIAMS' STAY RELIEF MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Marzan Williams (the "Movant," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on February 9, 2021, Movant brought suit against certain of the Debtors and other defendants, including the United States of America (together with the Debtors, collectively, the "Defendants"), in *Williams v. Heisner et al.*, Case No. 21-cv-730, in the United States District Court, Northern District of Illinois (the "Lawsuit");

WHEREAS, in the Lawsuit, Movant asserts certain claims and causes of action against the Defendants related to their alleged deliberate indifference to Movant's serious medical needs, which gave rise to the infliction of cruel and unusual punishment while Movant was in federal custody as a pretrial detainee in the Metropolitan Correctional Center in Chicago, Illinois;

WHEREAS, the Debtors dispute any and all liability with regard to any of the damages alleged to have been suffered by Movant;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on January 6, 2025, Movant filed the *Motion for Relief from Stay to Proceed with Litigation against Non-Debtors and against the Debtor' Insurance Policies* [Docket No. 814] (the "Stay Relief Motion") seeking to lift the automatic stay as to the Debtors and relief from the enforcement of the automatic stay with respect to the United States in the Lawsuit;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants does not extend to claims or causes of action against the United States, its agencies, bureaus, other subdivisions, or employees in the Lawsuit.

2. Except as set forth herein, the Second Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to the Debtor and all other Non-Debtor Defendants (as defined in the Stay Extension Order), other than the United States, in the Lawsuit shall remain in full force and effect.

3. Entry of this Stipulation and Agreed Order provides partial relief with respect to Movant's Stay Relief Motion and does not preclude Movant from seeking additional relief.

4. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: January 23, 2025

Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 22ND DAY OF JANUARY, 2025:**

By: /s/ Marcus A. Helt
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               bgiordano@mwe.com
               jjumbeck@mwe.com
               cwurzelbacher@mwe.com
               cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444
Email:         sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: /s/ *Jack Shadid*

Jack Shadid
Brian Zeeck
HINSHAW & CULBERTSON, LLP
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
312-704-3093

*Counsel for Creditor/Plaintiff Marzan Williams*