United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BY AND AMONG
THE DEBTORS AND THE UNITED STATES OF AMERICA
EXTENDING TIME TO TAKE ACTION TO DETERMINE
THE DISCHARGEABILITY OF A DEBT OWING TO
GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. § 523(c)**

This stipulation and agreed order (this "Stipulation") is entered into this February 18, 2025, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the United States of America (the "United States" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas (this "Court") commencing cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

**WHEREAS**, prior to the Petition Date, the United States commenced certain investigations related to the Debtors' business operations that could uncover potential violations of the False Claims Act, 31 U.S.C. §§ 3279-3733.

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code provides, in relevant part:

Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

>to a person as the result of an action filed under [the False Claims Act, 31 U.S.C. §§ 3721, *et al*.] or any similar State statute.…

11 U.S.C. § 1141(d)(6)(A).

**WHEREAS,** section 523(a)(2) of the Bankruptcy Code addresses the dischargeability of debts owed by individual debtors and provides that debts "obtained by . . . false pretenses, a false representation, or actual fraud . . ." are non-dischargeable. 11 U.S.C. § 523(a)(2)(A).

WHEREAS, section 523(c) of the Bankruptcy Code provides, in relevant part, that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." 11 U.S.C. § 523(c).

**WHEREAS**, pursuant to rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), a complaint to determine whether a debt is dischargeable under section 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a) (the "<u>523(c) Deadline</u>").

**WHEREAS**, the meeting of creditors required by section 341 of the Bankruptcy Code commenced on December 18, 2024. *See Notice of Chapter 11 Bankruptcy Case* [Docket No. 179]. Accordingly, to the extent applicable, the 523(c) Deadline would be February 18, 2025.[2]

**WHEREAS**, notwithstanding any language contained herein, nothing contained in this Stipulation constitutes any determination or admission that any such claim under section 523(a) or section 1141(d)(6) exists against the Debtors;

---

[2] Sixty days after December 18, 2024, is Sunday, February 16, 2025. Pursuant to Rule 9006(3)(a) of the Federal Rules of Bankruptcy Procedure, the deadline is extended to Tuesday, February 18, 2025, due to the intervening federal holiday.

**WHEREAS**, the United States asserts that section 1141(d)(6)(A) is self-executing, *see In re Hawker Beechcraft, Inc.,* 515 B.R. 416, 425 (S.D.N.Y. 2014), and does not require the filing of a nondischargeability complaint under section 523(c).

**WHEREAS**, out of an abundance of caution, to the extent that the filing of a nondischargeability complaint may be necessary, the United States seeks an extension of the 523(c) Deadline through and including March 29, 2025.

**WHEREAS**, by this Stipulation, the Debtors and the United States agree, subject to approval by this Court, to extend the 523(c) Deadline with respect to the United States through and including March 29, 2025.

**NOW THEREFORE,** the Parties, through their undersigned counsel, hereby stipulate and agree, and upon approval by this Court of this Stipulation, it is so ordered, as follows:

1. The above recitals are fully incorporated herein and made an express part of this Stipulation.

2. The deadline by which the United States may file a complaint in these chapter 11 cases to determine the dischargeability of a debt pursuant to section 523(c) of the Bankruptcy Code, shall be extended to March 29, 2025, without prejudice to the United States's right to seek further extensions of such deadline or to argue that such deadline should not apply in these chapter 11 cases, and without prejudice to the Debtors' rights, objections, defenses, or other assertions related thereto.

3. Nothing in this Stipulation constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, or that any deadline exists to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code.

4. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

5. This Stipulation shall constitute the entire agreement between the Parties hereto regarding the matters addressed herein. No extrinsic or parol evidence may be used to vary any of the terms herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

**THE FOREGOING STIPULATION IS HEREBY APPROVED AND SO ORDERED.**

Signed: February 19, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

Stipulated and agreed by:

Dated: February 18, 2025

| | |
|---|---|
| */s/  Marcus A. Helt*<br>Marcus A. Helt (Texas Bar #24052187)<br>MCDERMOTT WILL & EMERY LLP<br>2501 N. Harwood Street, Suite 1900<br>Dallas, Texas 75201-1664<br>Telephone:     (214) 295-8000<br>Facsimile:      (972) 232-3098<br>Email:             mhelt@mwe.com-<br><br>-and-<br><br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>Jake Jumbeck (admitted *pro hac vice*)<br>Carole Wurzelbacher (admitted *pro hac vice*)<br>Carmen Dingman (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606-0029<br>Telephone:     (312) 372-2000<br>Facsimile:      (312) 984-7700<br>Email:             fperlman@mwe.com<br>                      bgiordano@mwe.com<br>                      jjumbeck@mwe.com<br>                      cwurzelbacher@mwe.com<br>                      cdingman@mwe.com<br><br>-and-<br><br>Steven Z. Szanzer (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone:     (212) 547-5400<br>Facsimile:      (212) 547-5444<br>Email:             sszanzer@mwe.com<br><br>*Counsel for the Debtors and Debtors in Possession* | /s/ *Cortney Robinson*<br>KIRK T. MANHARDT<br>MARY A. SCHMERGEL<br>CORTNEY ROBINSON<br>Civil Division<br>U. S. Department of Justice<br>P. O. Box 875<br>Ben Franklin Station<br>Washington, D.C. 20044-0875<br>202-616-2265<br>cortney.robinson@usdoj.gov<br><br>*Counsel for the United States Department of Justice* |