IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE O'NEAL AND CAPES LIFT STAY MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Jennifer O'Neal, individually as the Surviving Spouse of Joshua Cain Capes and Adel Tillman Capes, as Administrator of the Estate of Joshua Cain Capes (the "Movants" and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on April 25, 2024, the Movants brought suit against certain of the Debtors and Cobb County Sheriff's Deputies Andelson Maximin and Dodou Jones (the "Deputies," and together with the Debtors, collectively, the "Defendants") in *Jennifer O'Neal, individually as the Surviving Spouse of Joshua Cain Capes and Adel Tillman Capes, as Administrator of the Estate of Joshua Cain Capes, deceased, v. Wellpath, LLC et al.*, Civil Action File No. 24-A-2129 (the "Lawsuit") in the State Court of Cobb County, Georgia (the "Georgia Court");

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

""

WHEREAS, in the Lawsuit, the Movants assert certain claims and causes of action against the Defendants related to the suicide of Joshua Cain Capes at the Cobb County Adult Detention Center;

WHEREAS, the Debtors dispute any and all liability with regard to all of the claims or causes of action asserted by the Movants;

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on December 2, 2024, the Movants filed the *Objection to the Amended Interim Order Enforcing the Automatic Stay* [Docket No. 231] (the "Stay Extension Objection");

WHEREAS, on January 2, 2025, the court entered the *Stipulation and Agreed Order Regarding the Deputies Lift Stay Motion* [Docket No. 769] (the "Deputies Order");

WHEREAS, on January 6, 2025, the Movants filed the *Motion for Relief from Automatic Stay to Proceed With Litigation* [Docket No. 809] (the "Lift Stay Motion") seeking to lift the automatic stay with respect to the Defendants to continue the Lawsuit;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the Second Stay Extension Order does not prevent the Movants from briefing and arguing their response to the Deputies' motion related to whether the doctrine of official immunity under Georgia state law requires dismissal of such claims against the Deputies (the "Official Immunity Issue") in the Lawsuit; *provided, however*, that, if the Georgia Court determines that any discovery is required in order to rule on the Deputies' motion related to the Official Immunity Issue, any such discovery will be subject to the automatic stay as set forth in the Second Stay Extension Order.

2. Except as for the Official Immunity Issue, the Second Stay Extension Order remains a fully enforceable order, the Lawsuit is otherwise subject to the automatic stay, and the stay's application to the Debtor and all other Non-Debtor Defendants (as defined in the Stay Extension Order) in the Lawsuit, including the Deputies, shall remain in full force and effect.

3. Entry of this Stipulation and Agreed Order shall resolve the Lift Stay Motion and solely as to the Movants, the Stay Extension Objection, and any other relief sought in the Lift Stay Motion shall be deemed denied and any other objections by the Movants shall be deemed overruled.

4. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: February 19, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 10TH DAY OF FEBRUARY, 2025:**

By: */s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
James W. Kapp (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               bgiordano@mwe.com
               jkapp@mwe.com

*Counsel to the Debtors and Debtors in Possession*

""

By: /s/ *Natalie S. Woodward*

Natalie S. Woodward
**Warshauer Woodward Atkins, LLC**
2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(678) 279-1422 (direct dial)
(470) 613-6881 (fax)
natalie@warlawgroup.com

*Counsel to Movants*