United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE HOPKINS LAWSUIT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Barry Hopkins ("Hopkins," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on March 10, 2023, Hopkins brought suit against certain of the Debtors and other defendants (together with the Debtors, collectively, the "Defendants") in *Hopkins v. PA DOC et al.*, Case No. 2:23-cv-00986-MSG in the U.S. District Court for the Eastern District of Pennsylvania (the "Lawsuit");

WHEREAS, in the Lawsuit, Hopkins asserts certain claims and causes of action against the Defendants related to the alleged denial of medical treatment for opioid use disorder while in custody at SCI-Phoenix in Collegeville, Pennsylvania;

WHEREAS, the Debtors dispute any and all liability with regard to all of the claims or causes of action asserted by Hopkins;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

WHEREAS, on January 23, 2025, the Debtors filed the *Stipulated Stay Determination Process in Accordance with Stipulated and Agreed Amended Order Regarding Automatic Stay* [Docket No. 1084] (the "Stay Determination Process Notice").

WHEREAS, on January 23, 2025, Hopkins counsel requested an agreement to allow certain claims to proceed in the Lawsuit pursuant to the Stay Determination Process Notice.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1.    The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the Second Stay Extension Order is modified solely for Hopkins to proceed with his claims for injunctive relief related to medical care in the Lawsuit.

2.    Except as set forth herein, the Second Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to the Debtor and all other Non-Debtor Defendants (as defined in the Stay Extension Order) in the Lawsuit, including any relief in the form of a declaratory judgment or money damages, shall remain in full force and effect.

3.    This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: February 19, 2025

*Alfredo R Pérez* (signature)
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 14TH DAY OF FEBRUARY, 2025:**

By: */s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098
Email:          mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
James W. Kapp (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:      (312) 372-2000
Facsimile:      (312) 984-7700
Email:          fperlman@mwe.com
                bgiordano@mwe.com
                jkapp@mwe.com

*Counsel to the Debtors and Debtors in Possession*

""

By: /s/ *Sarah Bleiberg Bellos*

Sarah Bleiberg Bellos
Staff Attorney
Pennsylvania Institutional Law Project
718 Arch St., Suite 304 South
Philadelphia, PA 19106
Office: 215-925-2966 | Direct: 215-925-8132

*Counsel to Hopkins*