United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE ALLEN LIFT STAY MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), Cobb County, Georgia, including the employees thereof (the "County"), the Cobb County Sheriff, including the employees thereof (the "Sheriff," and together with the County collectively, the "Cobb County Parties"), and Scott Allen, as Administrator of the Estate of Brady Allen and individually as father of Brady Allen, and Karen Allen, individually as mother of Brady Allen (the "Movants," and together with the Debtors and the Cobb County Parties, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on May 17, 2023, the Movants brought suit against Debtor Wellpath, LLC ("Wellpath"), certain Wellpath employees, and certain employees of the Sheriff (collectively, the "Defendants") in *Allen et al. v. Owens et al.*, Case No. 1:23-cv-02240 (the "Lawsuit") in the United States District Court for the Northern District of Georgia (the "District Court");

WHEREAS, in the Lawsuit, the Movants assert certain claims and causes of action against the Defendants related to the death of Brady Allen at the Cobb County Adult Detention Center;

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

WHEREAS, the Defendants dispute any and all liability with regard to all of the claims or causes of action asserted by the Movants;

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions, (II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order");

WHEREAS, on January 16, 2025, the Movants filed the *Motion for Relief from Automatic Stay to Proceed with Litigation* [Docket No. 990] (the "Lift Stay Motion") seeking to lift the automatic stay with respect to the Defendants to continue the Lawsuit;

WHEREAS, on February 11, 2025, the Cobb County Parties filed the *Objection of Cobb County, Georgia, and Cobb County Sheriff to Motion of Scott Allen and Karen Allen for Relief from Automatic Stay* [Docket No. 1326] (the "Cobb County Objection"); and

WHEREAS, on February 11, 2025, the Debtors filed the *Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 1336] objecting to, among other things, the relief sought in the Lift Stay Motion.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the Second Stay Extension Order is modified solely to allow the District Court to rule on the motions to dismiss at Docket Nos. 91 and 92 (together, the "Motions to Dismiss") in the Lawsuit; *provided, however*, that, if the District Court determines that any discovery is required in order to rule on the Motions to Dismiss, any such discovery will be subject to the automatic stay as set forth in the Second Stay Extension Order.

2. Except as for ruling on the Motions to Dismiss, the Second Stay Extension Order remains a fully enforceable order, the Lawsuit is otherwise subject to the automatic stay, and the stay's application to the Debtor and all other Non-Debtor Defendants (as defined in the Stay Extension Order) in the Lawsuit, including the Cobb County Parties, shall remain in full force and effect at this time.

3. Entry of this Stipulation and Agreed Order shall resolve the Lift Stay Motion and the Cobb County Objection, and any other relief sought in the Lift Stay Motion or the Cobb County Objection, as applicable, shall be deemed denied as moot.

4. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: February 19, 2025

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 17TH DAY OF FEBRUARY, 2025:**

By: */s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:             mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
James W. Kapp (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:             fperlman@mwe.com
                      bgiordano@mwe.com
                      jkapp@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: /s/ *Louis G. McBryan*

Louis G. McBryan, Georgia Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com

*Counsel to Movants*


By: /s/ *Jeff P. Prostok*

Jeff P. Prostok
State Bar No. 16352500
VARTABEDIAN HESTER & HAYNES, LLP
301 Commerce Street, Suite 3635
Fort Worth, TX 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vhh.law

*Counsel to the Cobb County Parties*