IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: <br><br> WELLPATH HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-90533 (ARP) <br><br> (Jointly Administered) <br><br> **Re Docket Nos.: 17, 69, 487** |

### AMENDED FINAL ORDER (I) ENFORCING THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS ON A FINAL BASIS, AND (II) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders, pursuant to section 362(a) of the Bankruptcy Code, enforcing the Automatic Stay in the Lawsuits[3] or in the alternative extending the application of the Automatic Stay to the Non-Debtor Defendants until consummation of a chapter 11 plan in these chapter 11 cases, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Debtors' Omnibus Reply in Support of Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief* [Docket No. 897] (the "Reply"). If there is any inconsistency between the terms of the Motion or Reply and the terms of this Order, the terms of this Order shall govern and control.

[3] "Lawsuits" shall mean any lawsuit against the Debtors and any lawsuit against a Non-Debtor Defendant, regardless if a Debtor is a named party in the lawsuit, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s).

proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the Reply, the *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Extension Reply* [Docket No. 828] (the "Seitz Declaration"), the *Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Stay Extension Reply* [Docket No. 898] (the "Supplemental Seitz Declaration"), the *Second Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objections to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 912] (the "Second Supplemental Seitz Declaration"); and the *Third Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 1337] (the "Third Supplemental Seitz Declaration"), and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the Reply, the Seitz Declaration, the Supplemental Seitz Declaration, the Second Supplemental Seitz

2

Declaration, the Third Supplemental Setiz Declaration, and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, having been withdrawn, resolved, or overruled, in each case, with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. Pursuant to section 362, and if applicable section 105, of the Bankruptcy Code, any claims or causes of action that have been or may be asserted against the Debtors, the Debtors' directors or officers, the Debtors' current or former employees to the extent the Debtors are also named defendants in the underlying lawsuit, H.I.G. Capital L.L.C. or its directors, officers, or current or former employees, in the Lawsuits are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025. Nothing shall prejudice the Debtors' right to seek a further extension of the stay granted in this paragraph or the right of any party interest to oppose such extension.

2. Any claims or causes of action that have been or may be asserted against any of the Professional Corporations[4] or their current or former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code

---

[4] The Professional Corporations are California Forensic Medical Group, Inc., California Health and Recovery Solutions, P.C., CCS-Kastre Nevada, P.C., Emerald Healthcare Services, P.C., Grand Prairie Healthcare Services, P.C., Great Peak Dental, P.C., Great Peak Healthcare Services, P.C., Massachusetts Correctional Healthcare Services, P.C., McDonald Dental Associates, P.A., Midwest Center, P.C., New Garden Healthcare Services, P.C., New York Correct Care Solutions Medical Services, P.C., Old Empire Dental, P.C., Old Empire Psychology, P.C., Southwest Correctional Medical Group, PLLC, Southeast Correctional Medical Group, PLLC, Stringfellow Correctional Dental, P.A., and Zenova Physicians, P.C.

on an final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025.

3. Any claims or causes of action that have been or may be asserted against any of the Debtors' current clients or customers or their current or former employees are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025.

4. The Debtors agree to continue the process agreed to by the Committee by which plaintiffs may seek a determination that the automatic stay does not apply to any claim or cause of action without filing a motion for relief from stay or any other pleading (the "Stay Determination Process"). *See* Docket No. 1070.

5. Debtors shall consult with the Committee prior to entering into any stipulation with any defendant or co-defendant in any of the Lawsuits. The Committee shall provide written notice to the Debtors of the Committee's position on the stipulation within seven days of receipt. To the extent the Debtors still seek to enter any such stipulation after the receipt of the Committee's written notice, the Debtors shall notify the Court of the Committee's position (if any) on the proposed stipulation and provide the Committee and any plaintiff in the case in question notice and opportunity to oppose such relief.

6. Nothing in this Order shall (a) prejudice the right of any creditor to seek relief from the Automatic Stay pursuant to section 362 of the Bankruptcy Code or (b) supersede or abrogate any prior Stipulation and Agreed Order interpreting, extending, or granting relief from the automatic stay.

7. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

8. The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

9. The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

                                          ALFREDO R. PÉREZ
                                          UNITED STATES BANKRUPTCY JUDGE