IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING THE HASNA LIFT STAY MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Hasna Alaoui a.k.a. Hasna Jalal (the "Movant," and together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on August 13, 2024, Movant brought suit against Wellpath Medical Services[2] and other defendants in *Hasna Alaoui a.k.a. Hasna Jalal v. City of Bayonne*, et al, Docket No. HUD-L-003034-24, in the Superior Court of New Jersey Law Division: Hudson County (the "Lawsuit");

WHEREAS, in the Lawsuit, Movant asserts claims and causes of action and damages against the Defendants City of Bayonne, Bayonne Police Department, Perla Estevez, and John and Jane Does One Through Five suffered during her initial arrest and detention before their transfer to the Hudson County Correctional Facility (the "Pre-Transfer Claims");

---

[1]  A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2]  Upon information and belief, the proper party to the Lawsuit (as defined herein) is Wellpath, LLC.

WHEREAS, in the Lawsuit, Movant asserts certain claims and causes of action and damages against the County of Hudson, Hudson County Correctional Center, Wellpath Medical Services, and John and Jane Does Six Through Thirteen suffered after their transfer to the Hudson County Correctional Facility (the "Post-Transfer Claims");

WHEREAS, the Debtors dispute any and all liability with regard to all of the claims or causes of action asserted by Movant;

WHEREAS, on November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on November 12, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion") seeking extension of the automatic stay imposed by section 362(a) of the Bankruptcy Code to Non-Debtor Defendants (as defined in the Stay Extension Motion), and the Court entered the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order") staying all Lawsuits (as defined in the Stay Extension Motion) in their entirety, including claims against the Non-Debtor Defendants, on an interim basis;

WHEREAS, on January 4, 2025, Movant filed the *Motion for Relief from the Automatic Stay To Allow the Pending Personal Injury Claim Against Debtor to Proceed* [Docket No. 795] (the "Lift Stay Motion") seeking to lift the automatic stay with respect to the Defendants to continue the Lawsuit; and

WHEREAS, on January 14, 2025, the Court entered the *Stipulated and Agreed Amended Order (I) Enforcing the Automatic Stay on a Final Basis with Respect to Certain Actions,*

2

*(II) Enforcing the Automatic Stay on an Interim Basis with Respect to Certain Actions, (III) Extending the Automatic Stay on an Interim Basis to Certain Actions Against Non-Debtors, (IV) Setting a Final Hearing for the Interim Relief Granted Herein, and (V) Granting Related Relief* [Docket No. 962] (the "Second Stay Extension Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**:

1. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants pursuant to the Second Stay Extension Order does not extend to claims and causes of action and damages against City of Bayonne, Bayonne Police Department, Perla Estevez, John and Jane Does One Through Five, County of Hudson, Hudson County Correctional Center, and John and Jane Does Six Through Thirteen with respect to the Pre-Transfer Claims.

2. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants pursuant to the Second Stay Extension Order does not extend to claims and causes of action and damages against County of Hudson, Hudson County Correctional Center, and John and Jane Does Six Through Thirteen with respect to the Post-Transfer Claims solely for discovery; *provided*, the Post-Transfer Claims will be stayed as to trial.

3. Except as set forth herein, the Second Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to Wellpath Medical Services and its employees in the Lawsuit shall remain in full force and effect.

4. The Parties agree that if Movant becomes aware that any of the individuals identified as John and Jane Does Six Through Thirteen are employees of Wellpath Medical

Services, Movant will immediately stay the action against that individual(s), inform Debtor, and will enter further stipulation or seek relief from this Court.

5. Entry of this Stipulation and Agreed Order shall resolve the Lift Stay Motion any other relief sought in the Lift Stay Motion shall be deemed denied.

6. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: February 20, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 19TH DAY OF FEBRUARY, 2025:**

By: /s/ *Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               bgiordano@mwe.com
               jjumbeck@mwe.com
               cwurzelbacher@mwe.com
               cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444
Email:         sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

By: */s/ John Paul Deverna*

JOHN PAUL DEVERNA, ESQ PC
John Paul DeVerna, Esq.
Attorney for MOVANT/PLAINTIFF
111 John Street, Suite 1850
New York, New York 10038
T- (212) 321-0025
F- (212) 321-0024

*Counsel to Movant*