United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS, THE STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE, THE PREPETITION AGENTS, AND THE REQUISITE
PREPETITION LENDERS EXTENDING THE CHALLENGE PERIOD**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Statutory Unsecured Claimholders' Committee (the "Committee"), the undersigned Prepetition Agents,[2] and the requisite Prepetition Lenders (the requisite Prepetition Lenders, together with the Debtors, the Committee, and the undersigned Prepetition Agents, collectively, the "Parties"), hereby enter into this stipulation and agreed order (this "Stipulation") and stipulate and agree as follows:

**RECITALS**

1.      On November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] A complete list of the debtors in these chapter 11 cases may be obtained on the website of the debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 388] (the "Final DIP Order").

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On November 25, 2024, the Office of the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 169].

4. On December 11, 2024, the Court entered the Final DIP Order. Subject to the limitations set forth in the Final DIP Order, including in paragraph 26 of the Final DIP Order, the Debtors represented, admitted, stipulated and agreed to the amount of the Prepetition Secured Obligations and to the validity, perfection and enforceability of the Prepetition Liens and the scope of the Prepetition Collateral and waived, discharged and released any right of the Debtors to challenge any of the Prepetition Secured Obligations, the priority of the applicable Debtors' obligations thereunder, and the validity, extent and priority of the Prepetition Liens securing the Prepetition Secured Obligations.

5. Pursuant to paragraph 26 of the Final DIP Order, the stipulations, admissions, waivers and releases referenced above and contained in paragraph E of the Final DIP Order are deemed binding upon the Debtors (including their representatives) and any successors and assigns thereto, including any official committee of unsecured creditors, or any chapter 7 or chapter 11 trustee appointed or elected for any of the Debtors, unless such party with requisite standing granted by an order of this Court (or such other court of competent jurisdiction), has duly filed a Challenge against the Prepetition Secured Parties or any such parties' respective affiliates or representatives in connection with any matter related to the Prepetition Credit Documents, the

Prepetition Collateral, the Prepetition Liens or the Prepetition Secured Obligations by the end of the Challenge Period.

6. Prior to expiration of the Challenge Period in a letter dated February 16, 2025 (the "February 16 Letter"), the Committee raised with the Debtors and the Ad Hoc Lender Group certain issues concerning the validity, scope, perfection and enforceability of certain of the Prepetition Liens and the Prepetition Secured Obligations, and the Debtors and the Prepetition Agents (acting at the direction of the requisite Prepetition Lenders) subsequently agreed to extend the Challenge Period solely for the benefit of the Committee to allow the parties additional time to consensually resolve such issues.[3]

7. Paragraph 26 of the Final DIP Order established February 24, 2025 as the deadline for the Committee to timely file an adversary proceeding or contested matter asserting a Challenge in accordance with the Final DIP Order.

8. Pursuant to Paragraph 26(a) of the Final DIP Order, the Challenge Period may be extended if agreed to in writing by each of the Debtors and Prepetition Agents, acting at the direction of the requisite Prepetition Lenders.

9. The Debtors and the Prepetition Agents, at the direction of the requisite Prepetition Lenders, hereby agree to extend the Challenge Period with respect to the Committee, solely with respect to the matters previously identified by counsel to the Committee, on the terms set forth herein.

---

[3] The Committee reserves its rights to argue that the challenges and causes of action raised in the February 16 Letter are not subject to the Challenge Period, including because they do not require use of the Debtors' avoidance powers under chapter 5 of the Bankruptcy Code, the Committee has standing to bring such challenge without obtaining derivative standing, and they could be brought by the Committee at any time as a claim objection. The Debtors, the Prepetition Agents and the Prepetition Lenders reserve their rights to argue to the contrary. Further, the Debtors', the Prepetition Agents' and the Prepetition Lenders' rights to argue that the Challenge Period has expired with respect to any issues not raised in the February 16 Letter and that the Committee has waived all rights to assert any Challenge not expressly contemplated in the February 16 Letter are hereby preserved.

3

**IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1. This Stipulation is effective and enforceable against each of the Parties immediately upon execution.

2. The foregoing recitals are hereby incorporated by reference into this Stipulation.

3. The Challenge Period, solely with respect to the Committee is hereby extended from February 24, 2025, to and including March 31, 2025.

4. Notwithstanding anything to the contrary contained in the Final DIP Order, the Debtors' right to use Cash Collateral is unaltered by this Stipulation.

5. Except as expressly set forth in this Stipulation, nothing herein shall (or shall be deemed to) modify, amend or derogate from the Final DIP Order and all Parties' respective rights, remedies, and limitations thereunder shall remain unaffected.

6. Except as explicitly provided for herein, this Stipulation does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, third party or incidental beneficiary.

7. This Stipulation may be executed and delivered (including by facsimile or portable document format transmission) in one or more counterparts, and by the different Parties hereto in separate counterparts, each of which when executed shall be deemed to be an original, but all of which taken together will constitute one and the same agreement.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

11. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: February 24, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated: February 24, 2025
Dallas, Texas

**MCDERMOTT WILL & EMERY LLP**, on behalf of the Debtors

*/s/ Marcus A. Helt*

Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:  (214) 295-8000
Facsimile:  (972) 232-3098
Email:  mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  fperlman@mwe.com
        bgiordano@mwe.com
        jjumbeck@mwe.com
        cwurzelbacher@mwe.com
        cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
Email:  sszanzer@mwe.com

*Counsel to the Debtors and Debtors in Possession*

**STINSON LLP**, on behalf of the Committee

*/s/ Ehud Barak*

Nicholas Zluticky (SDTX Bar No. 3845893)
Zachary Hemenway (SDTX Bar No. 3856801)
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
nicholas.zluticky@stinson.com
Zachary.hemenway@stinson.com

– and –

Lucas Schneider (admitted *pro hac vice*)
1144 Fifteenth St., Suite 2400
Denver, Colorado 80202
Telephone: (303) 376-8400
Facsimile: (303) 376-8439
lucas.schneider@stinson.com

– and –

**PROSKAUER ROSE LLP**

Brian Rosen (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Daniel Desatnik (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900 Email:
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

– and –

Paul V. Possinger (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3570
Email: ppossinger@proskauer.com

*Counsel to the Committee*

**Cahill Gordon & Reindel LLP**, on behalf of the Prepetition Agents

*/s/ Joel H. Levitin*
32 Old Slip
New York, NY 10005
Joel H. Levitin (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
Telephone:   (212) 701-3000
Email:   jlevitin@cahill.com
   jwishnew@cahill.com

– and –

**NORTON ROSE FULBRIGHT US LLP**

Robert B. Bruner
Maria B. Mokrzycka
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email:
   bob.bruner@nortonrosefulbright.com
   maria.mokrzycka@nortonrosefulbright.com

**Akin Gump Strauss Hauer & Feld, LLP, on behalf of the Requisite Prepetition Lenders**

*/s/ Marty Brimmage Jr.*
Marty Brimmage Jr.
2300 N. Field St., Suite 1800
Dallas, TX 75201
Phone: (214) 969-2800
Fax: (214) 969-4343
Email: mbrimmage@akingump.com

-and-

Scott L. Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
Benjamin L. Taylor (admitted *pro hac vice*)
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Phone: (202) 887-4000
Fax: (202) 887-4288
Email: salberino@akingump.com
   kdoorley@akingump.com
   taylorb@akingump.com

*Counsel to the Ad Hoc Lender Group*

**Certificate of Service**

    I certify that, on February 24, 2025 I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                             */s/ Marcus A. Helt*
                                             Marcus A. Helt