United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 24, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| | (Jointly Administered) |
| Debtors. | **Re Docket Nos.: 846** |

**ORDER MODIFYING THE AUTOMATIC STAY**

Upon the motion (the "Motion") of Nora Perkinson for entry of a final order, pursuant to

section 362(a) of the Bankruptcy Code, modifying the automatic stay as to the above-captioned

debtors and debtors in possession (collectively, the "Debtors") and Non-Debtor Defendants

(as defined in the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce*

*the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants*

[Docket No. 17] (the "Stay Extension Motion")) in the case styled *Perkinson v. Correct Care*

*Solutions, LLC et al.*, Case No. 21-CI-00123, in the Commonwealth of Kentucky Oldham Circuit

Court, as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference*

*to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having

found that it may enter a final order consistent with Article III of the United States Constitution;

and the Court having found that venue of the chapter 11 cases and related proceedings being proper

in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims
and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases
is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

having been provided, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, and at the Hearing establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1.    The automatic stay imposed by section 362 of the Bankruptcy Code is lifted in the Lawsuit so that Nora Perkinson may proceed solely against Wellpath, LLC's employment practices liability insurance provided by National Union Fire Insurance Company of Pittsburg, Pa., Policy Number 01-923-38-03.

2.    The automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the *Amended Final Order (I) Enforcing the Automatic Stay to Non-Debtor Defendants, and (II) Granting Related Relief* [Docket No. 1480] (the "Final Stay Extension Order") does not extend to claims or causes of action against Defendant Kentucky Department of Corrections in the Lawsuit.

3.    Except as set forth herein, the automatic stay's application to the Debtor in the Lawsuit shall remain in full force and effect.

4.    Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5.      The Court shall retain exclusive jurisdiction over any matter arising from or related

to the implementation, interpretation, and enforcement of this Order.


Signed: February 22, 2025


_____
Alfredo R Pérez
United States Bankruptcy Judge