United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re Docket Nos.: 181, 294, 302, 504, 598, 814, 955, 1000, 1144, & 1145** |

**FINAL ORDER (I) ENFORCING
THE AUTOMATIC STAY TO LIFT STAY MOVANTS
ON A FINAL BASIS, AND (II) GRANTING RELATED RELIEF**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

Upon the motions (the "Motions")[1] of the Movants[2] for entry of final orders, pursuant to section 362(a) of the Bankruptcy Code, modifying the automatic stay as to above-captioned debtors and debtors in possession (collectively, the "Debtors") and Non-Debtor Defendants (as defined in the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion")) in the Lawsuits (as defined herein), as more fully described in the Motions; and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the chapter 11 cases and related proceedings being proper in this district

---

[1] The "Motions" mean, collectively, (a) *Claimants Gracienne Myers And Daniel Myers Motion for Relief from Automatic Stay to Allow Insurance Covered Liability Action to Proceed* [Docket No. 181] (the "Myers Motion"); (b) *Motion for Relief from Automatic Stay to Proceed with Litigation and Request for Adequate Protection Regarding Insurance Proceeds* [Docket No. 294] (the "Evans Motion"); (c) *Motion for Relief from the Automatic* [Docket No. 302] (the "Slater Motion"); (d) *Plaintiff Samual Randolph's Motion for Relief from the Automatic Stay to Allow the Pending Person Injury and Civil Rights Claims Against the Debtor to Proceed* [Docket No. 504] (the "Randolph Motion"); (e) *Motion for Relief from Automatic Stay Under 11 U.S.C. § 362(d)(1)* [Docket No. 598] (the "Willie Motion"); (f) *Claimant Marzan Williams' Motion for Relief from Automatic Stay as to Non-Debtor Defendants and to Allow Insurance Covered Liability Action to Proceed* [Docket No. 814] (the "Williams Motion"); (g) *Motion to Be Included in the Final Hearing on the Stayed Extension Motion and PC Order* [Docket No. 955] (the "Herndon Motion"); (h) *Motion for Relief from Automatic Stay* [Docket No. 1000] (the "King Motion"); (i) *Motion for Relief from the Automatic Stay to Allow Pending Civil Action Brought Against Debtor Pursuant to 42 U.S.C. § 1983 in United States District Court, Eastern District of Arkansas, Delta Division, by Steven Pinder to Proceed* [Docket No. 1144] (the "Pinder Motion"); and (j) *Motion to Lift Stay on Civil Rights Action and Permission to Freeze Debtors' Assets* [Docket No. 1145] (the "Brown Motion").

[2] The "Movants" mean, collectively, (a) Gracienne Myers and Danielle Myers (collectively, the "Myers Movants"); (b) Kenneth Evans and Kenya Evans, as Independent Administrators of the Estate of Khayla J. Evans (the "Evans Movants"); (c) Corey A. Slater, pro se plaintiff (the "Slater Movant"); (d) Samuel Randolph (the "Randolph Movant"); (e) Diane Harris Willie, as Administratrix of the Estate of Akeem Juwan Willie (the "Willie Movant"); (f) Marzan Williams (the "Williams Movant"); (g) John Elwin Herndon, pro se plaintiff (the "Herndon Movant"); (h) Oliver King, pro se plaintiff (the "King Movant"); (i) Steven Pinder, pro se plaintiff (the "Pinder Movant"); and (j) Alton D. Brown, pro se plaintiff (the "Brown Movant").

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motions, the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 827] (the "First Omnibus Objection"), the *Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 1336] (the "Second Omnibus Objection"), the *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Extension Reply* [Docket No. 828] (the "Seitz Declaration"), the *Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Stay Extension Reply* [Docket No. 898] (the "Supplemental Seitz Declaration"), the *Second Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objections to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 912] (the "Second Supplemental Seitz Declaration"); and the *Third Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 1337] (the "Third Supplemental Seitz Declaration"), and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motions on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motions, the First Omnibus Objection, the Second Omnibus Objection, the Seitz Declaration, the

Supplemental Seitz Declaration, the Second Supplemental Seitz Declaration, the Third Supplemental Setiz Declaration, and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. Pursuant to section 362 of the Bankruptcy Code, any claims or causes of action that have been or may be asserted against the Debtors and the Non-Debtor Defendants, are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan, (b) dismissal of the chapter 11 cases of the Debtors, (c) conversion of these cases to chapter 7 of the Bankruptcy Code, or (d) April 30, 2025, in the lawsuits listed herein (collectively, the "Lawsuits"):

   a. *Myers et al. v. TB Isle Resort LP et al.*, Case No.: 2023-24472 CA 01 in Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida;

   b. *Evans v. Wellpath, LLC, et al.*, Case No. 23-cv-04248 (N.D. Ill.);

   c. *Slater v. Arapahoe County Detention Facility, et al.*, Case No. 24-cv-1681 (D. Colo.);

   d. *Randolph v. Wetzel et al.*, Case No.: 2:19-cv-00790-MRH-PLD (W.D. Penn.);

   e. *Diane Harris Willie, as Administratrix of the Estate of Akeem Juwan Willie v. Wellpath, L.L.C., et al.*, Case No. 2:24-cv-00494-WSH (W.D. Penn.);

   f. *Williams v. Heisner et al.*, Case No. 21-cv-730 (N.D. Ill.);

   g. *Herndon v. Daniel et al.*, Case No. 6:23-cv-06122-SOH (W.D. Ark.);

   h. *Herndon v. Wellpath, Inc. et al.*, Case No. 6:24-cv-06129-MEF (W.D. Ark.);

   i. *King v. Porter et al.*, Case No. 1:23-cv-13983 (N.D. Ill.);

   j. *Pinder v. Wellpath, LLC et al.*, Case No. 2:20-cv-00201 (W.D. Ark.);

3

      k.      *Brown v. Wexford Health Sources, Inc.*, Case No. 2:16-cv-01680 (W.D. Penn.); and

      l.      *Brown v. Wolf et al.*, Case No. 2:16-cv-1081 (W.D. Penn.).

2.      Except as set forth herein, the *Amended Final Order (I) Enforcing the Automatic Stay to Non-Debtor Defendants on a Final Basis, and (II) Granting Related Relief* [Docket No. 1480] otherwise remains a fully enforceable order and the automatic stay's application to the Debtor and all other Non-Debtor Defendants in the Lawsuits shall remain in full force and effect.

2.      Nothing in this Order shall prejudice the right of any Movant to seek relief from the automatic stay pursuant to section 362 of the Bankruptcy Code for injunctive relief related solely to medical care or upon an unforeseeable change in circumstances.

3.      Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

4.      The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

5.      The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: February 22, 2025

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge

4