IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re Docket Nos.: 1014** |

### ORDER MODIFYING THE AUTOMATIC STAY

Upon the motion (the "Motion") of MARIA ELENA GARCIA, ADRIEANA GARCIA, C.G., a minor by and through his *guardian ad litem* Maria Elena Garcia; S.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; J.G., a minor by and through her *guardian ad litem* Maria Elena Garcia; and GLORIA GARCIA (collectively, the "Movants") for entry of a final order, pursuant to section 362(a) of the Bankruptcy Code, modifying the automatic stay as to the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Non-Debtor Defendants (as defined in the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion")) in the case styled *Garcia v. City of Farmersville, et al.*, Case No. 1:21-CV-00482-KJM-EPG, in the United States District Court for the Eastern District of California (the "Lawsuit"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, and at the Hearing establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. The automatic stay imposed by section 362 of the Bankruptcy Code is lifted in the Lawsuit so that the Movants may proceed solely as to causes of action 2, 5, 6, 8, and 9; *provided, however*, cause of action 6 is lifted solely as to litigation of events occurring during the transfer of Decedent Manuel Garcia to the hospital in a patrol vehicle and not with respect to any medical care provided by California Forensic Medical Group, Inc. ("CFMG") and its employees, Tracia Anderson and Eric Krenz.

2. The Parties agree that the automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the *Amended Final Order (I) Enforcing the Automatic Stay to Non-Debtor Defendants, and (II) Granting*

*Related Relief* [Docket No. 1480] (the "Final Stay Extension Order") does not extend to claims or causes of action against the City of Farmersville or the City of Visalia in the Lawsuit.

3. Except as set forth herein, the Final Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to the Debtor and all other Non-Debtor Defendants (as defined in the *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Extension Order")) in the Lawsuit, including CFMG, CFMG's employees, Tracia Anderson and Eric Krenz, Tulare County, and Tulare County's employees, shall remain in full force and effect.

4. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5. The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE