United States Courts
Southern District of Texas
FILED

APR 08 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN JACKSON
Plaintiff.

COMPLAINT AND CLAIM
Case No:24-90533 (ARP)
CaseNo:16-2012-CA006288XXXXMA

-vs-

DEMAND FOR JURY TRIAL

WELLPATH HOLDINGS  Inc., et al.,
Defendants.

## OBJECTION TO PLAN AND DECLARATION OF CLAIMS

Comes now, Plaintiff  JOHN JACKSON   and do hereby file this OBJECTION AND REJECTION TO THE ANNOUNCED PLAN AS MISREPRESENTATION OF ALL PARTIES BEST INTEREST.

I  JOHN JACKSON   did file an objection to Bankruptcy and Demand for Trial on: JANUARY 21ST 2025 as such this filing was meant to preserve and in response for all parties effected at the Florida Civil Commitment Center. 13619 S.E. Hwy 70 Arcadia Fl. Were as pursuant to Bankruptcy Codes any party that demands Trial and preserve a right in Response preserves that right for all parties in like to Claim this would include upon agreement ERIC JOHNNY ADAMS et. al., who is the lead plaintiff case filer and this further incorporates the 'Patients Declaration' and Motion for 'Relief of Automatic Stay and other Reliefs filed in this matter.

As a Class 6 General Unsecured Claimant Holder  I am Entitled to vote and I do hereby Vote to Reject this Plan as submitted for the above mentioned reasons and the 'Patient Declaration' filing. The submitted remedy pursuant to the 'Alternative Dispute Resolution Agreement' has been presented as such with the terms of the Court being that the matter shall proceed to trial before the Bankruptcy Court for disposition of dispute.

The Debtors failed to give timely notice of the voter record deadline as the case will show the filing Document 1770-2 was filed on 03/12/25 and the listed date deadline was 03/11/2025 this is not proper to allow time to participate and thereby the availability to vote on Plan in rejection and objection is valid as to Claims.

The responding parties formed and joined a Committee named the Alternative Dispute Resolution Committee (ADRC) on: NOVEMBER 28, 2024 and as such when the filing was submitted it served to represent a reservation on all such rights to respond and answer in kind of cases.

Whereas these claims may not be dismissed for want of reasons that are not applicable pursuant to law in that Debtors et. al. WELLPATH HOLDINGS Inc., et al is a party to suit that was filed against the Respondents in State Court and the Claims of Injury was originally designated to be filed in State Court 'Civil Commitment Cases' and (the Civil Commitment Cases) are still ongoing in the Circuit Courts of Florida and as such the Debtors may not Stay a proceeding in a Lawsuit they initiated and participated in as a third party against a Respondent/Defendant and then attempt to deny him any and

every opportunity to respond and Counterclaim as a legal right pursuant to 768.14 and Negligent misrepresentation the alleged injury arising from such misrepresentation is objectively verifiable. If taken as true, such misrepresentation by WELLPATH HOLDINGS Inc. et al in their treatment progress reports subjected the circuit courts and others to undue influence of fraudulent and fugitive material literature and caused and or contributed to the prolonged and unjust detention of Me and Other civilly committed Respondents like ERIC JOHNNY ADAMS.

These matters are further being litigated in the of the Middle District Juan Vega Case No: who is a Respondent and Plaintiff in these matters likewise and as such the right to respond here in these counterclaims are so required and appropriated under Bankruptcy Codes.

## APPLICATION OF THE DISCOVERY RULE

That as a Plaintiff to raise the discovery rule in Bankruptcy Court as with the federal court, "a plaintiff need not expressly plead the rule. It is sufficient for a plaintiff to plead sufficient facts to put the defense on notice of the theories upon which the complaint is based. Simpson v. James 903 F.2d 372, 375 (5th Cir. 1990).11 U.S.C. SS 108.

## PROXIMATE AND SUPERCEDING  CAUSE

Proximate cause includes two essential elements (1)foreseeability, and(2) cause in fact... F.D.I.C.v. Ernst & Young 976 F.2d 166,170 (5th Cir. 1992) & (McClure v. Allied Stores of Texas, Inc., 608 S.W. 2d 901, 903(Tex. 1980))."

With this in assertion the Claimants are Respondents in Civil Commitment Proceedings and that the State of Florida has initiated a Lawsuit against the Respondent(s) and as such the Debtors et al was and are party to that suit. The Repondent(s) has not been released from that suit and the Debtors has not negotiated with the State of Florida to settle that suit as such these matters are in relation to such settlement of that suit also in that upon reaching this Settlement Agreement there are certain matters of record that has to be cleared up and assured under the State of Florida as a Co-defendants in this Counterclaim (the civil commitment cases ).

While it is stated that Claims are to be paid there is not a sincere trust that the Debtors will not attempt to deny, dispute or reject the Claims at a cost that will over whelm the Plaintiffs in these Claims being that at the current the Plaintiffs are being subjected to Complete Lockdown at the Facility ever since these claims were filed even though the Debtors D & O's that are named in the Claims as Defendants Specifically Defendant (46) Jon Carner and (47) Dr. Courtney Jones have personally orchestrated the lockdown and further deprivative retaliatory provisions against the resident population. It is projected that as long as these defendants are a part of the retained employees of the Purchasers KERP (Keep Employee Retention Plan) Agreement Plan that these are insiders and are a continuation of the previous or sellers and as such is a fraudulent transaction upon the Declaration and that the Debtors et al(including non-debtor defendants) may not attempt to gain, or gain  any fortitude form their misrepresentations.

Whereas the Debtors has asserted  that : " The Special Committee  has sought an Independent Investigation by the McDonald Hopkins LLC ("McDonalds Hopkins") to determine whether the Debtors estates may have any viable claims or causes of action against (1) the Debtors' majority equity owner, an

HIG entity (the "HIG Target"), or (2) any of the Debtors' current and former members, officers, directors, or affiliates (the "Company Targets" and, together with the HIG Target, collectively, the "Targets"). McDonald Hopkins made an assessment that there were no Claims that would both(1)present a reasonable chance of success and (2)result in an economic outcome with positive benefits for creditors..." This stands therefore as a Claim Rejection, Disputed or Denial and as such these Claims are to be placed before the Bankruptcy Court for disposition and a Motion for Relief of Automatic Stay to either allow such Claims here in the Bankruptcy Court and Settlement or in the Alternative Allow the Claims to be Filed in their intended original State in Circuit Court of the State of Florida. There is no Premise of Law that allows the Debtors to assert Claim Exclusion under the Bankruptcy Codes being that the Debtors are party to a Lawsuit that they initiated or joined in as a third party against Me as a Respondent and I filed Counterclaim Notice and Claim in Notice as such these Claims are a matter of the estate and Parent Company Liability as a result of the Joint Administered filing there is Joint Administered Liability and Responsibility to Pay Claims.

The rejected assertion of the Plan is that subjected to: "The Liquidating Trust Agreement, which will be filed with the Plan Supplement, and related documents will contain detailed claims reconciliation procedures to allow the economical resolution of such unliquidated litigation Claims, but will not deny such claimants the ability to seek to have their Claims determined by the District Court or another court of competent jurisdiction. While these procedures have not yet been finalized, it is contemplated that the Liquidating Trust will determine the value of such Claims individually, based first on basic eligibility requirements, including the filing of Proof of Claim by the Bar Date, with Holders of General Unsecured Claims having right to liquidate their Claims in a court of competent jurisdiction to the extent they disagree with the determination of the Liquidating Trustee. It is also contemplated that Holders of General Unsecured Claims will have an option to elect to receive an expedited payment in exchange for a full release of Claims rather than participating in the Claim valuation and distribution process contemplated by the procedures set forth in the Liquidating Trust Agreement. Ultimate recoveries will depend on the value of the Liquidating Trust Assets and overall amount of allowed General Unsecured Claims, both of which are unknown at this time..." Since in accordance with the proposed Plan L. Article IX of the Plan provides that you may not bring claims against certain non-Debtor parties (i.e. Released Parties) unless you follow the procedures to opt out of the Third Party Release. And that: "If the Plan is confirmed, you are deemed to consent to the Third-Party Release unless you elect to opt out of the Third-Party Release..." As the Parties here has done for these very reasons..."

The Plaintiff has been required to respond and send responses and copies of filings and answers to approximately 16 lawyers or representatives of the Debtors in (5) Different States and have the Debtors repeatedly send notices of attempts to forfeit the right to Claims by deadlines and Dates that the Plaintiff (in civil commitment custody) of the very defendants that is subject to the complaints and injury has to turn over to for the filings or notices to get delivered or mailed. A task that was burdened by the staff returning the mailings claiming that they were not legal in nature and were not qualified for indigent legal mail this left a many residents discouraged and frustrated or intimidated to file their claims.

The Proposed Plan, The Liquidation Analysis clause which provides that the estimated recoveries for all Classes of Claims and Interests in an hypothetical liquidation under chapter 7 of the Bankruptcy Code upon disposition of the Debtors' assets (as an alternative to the Plan). Accordingly, the values discussed in the Liquidation Analysis may be different from amounts referred to in the Plan or the

3

Disclosure Statement. The Liquidation Analysis is based on certain assumptions in the Disclosure Statement and in the accompanying notes to the Liquidation Analysis."

And that pursuant to chapter 7 of the Bankruptcy Code these Claims and the value adjustment of each to proffer a net Settlement Amount of $372,000,000.00 is an acceptable adjustment value in the best interest hypothetical.

The voters record date of March 11 2025 for these claims are non-binding against these claims being that we are incarcerated at the Florida Civil Commitment Center and these mailings were not delivered until March 12th 2025 and as the filing shows the filing was not here dated until 03/12/2025 which would have made it impossible for these claimants to record their voter ability rights in a timely manner however, these claims are entitled to vote rights as a matter of law and as such seek to have these matter here noted as we have filed these matters to the Court.

Bankruptcy Court for these very reasons that the Claimant do not trust that should the Judge not serve as a mediator the Debtors will treat these claims and claimants fairly.

When viewing the <u>SUMMARY OF EXPECTED RECOVERIES</u> Class 6 General Unsecured Claims Treatment of Claim/Equity Interest states that the Holders of such Claims are to receive Pro Rata share of the beneficial interests in the Liquidating Trust along with the Holders of Allowed First Lien Deficiency Claims in Class 4 and Holders of Allowed Second Lien Deficiency Claims in Class 5. As of the Effective Date, the Debtors' liability for all General Unsecured Claims shall be (i) assumed by the Liquidating Trust without further act, deed, or Court order and (ii) administered and paid from the Liquidating Trust as set forth in the Liquidating Trust Agreement which has it listed as $260,000,000-$316,000,000 of projected amount of Claims however these Claims as filed in Class has a value amount of Approximately in excess of $ 2.5 Billion Dollars and the Alternative Dispute Resolution Agreement Proffer of $372,000,000.00 Settlement is a onetime payment to the Structured Social Development Inc. Transitional Services Firm of the (ADRC).

The Debtors et al WELLPATH HOLDINGS Inc. has agreed to settlement in a similar claim at the Florida Civil Commitment Center in Case No: (2:21-CV-771-JLB-KCD) Juan Francisco Vega v. Melinda Masters, Jon Carner in the Middle District Court, M.D. Florida Fort Myers Division it is asserted that the Debtors has offered a settlement to the Plaintiff Juan Vega an amount of $300,000.00 in settlement for denying him the right to visit his lawful wife and other deprivative acts was allocated to one Plaintiff and pursuant to Bankruptcy Codes the restitution to one plaintiff must be in fair consideration to all similarly situated plaintiffs and claims as these claims are so situated similarly.

As articulated accordance to the announced and rejected Plan: "Pursuant to Document 1835-1 pg. 49 (A): General Settlement of Claims and Interests.

Pursuant to Section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the plan, upon the Effective Date, the [provisions of the plan shall constitute a good-faith compromise and

settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, or otherwise resolved pursuant to the plan. The Plan shall be deemed a motion to approve the good faith compromise and settlement of all such Claims, Interests, Causes of Action and controversies pursuant to Bankruptcy Rule 9019, and that entry of the Confirmation Order shall constitute the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates. Subject to article VI of the Plan, all Plan Distributions made to Holders of Allowed Claims (as applicable) in any Class are intended to be and shall be final…"

Therefore, the Plan does not allocate that these claims are allowed or that fair 'compensation or acknowledgement' of these claims and claim holders are to be treated fair, equitable, reasonable and in their best interests, not just the Estates' thereby the Bankruptcy Judge has been requested to intervene on behalf of these Claims to ensure that the Protection Clause is properly observed by all parties being that the power balance of the parties are substantially unbalanced and favorable to abuse or exploitative manipulation and deprivation.

## CLAIM IDENTITY

" A Party that has an unliquidated litigation Claim against one or more of the debtors that arose before the Petition Date," and that according to the proposed Plan, :"The Debtors' liability on account of that Claim will be discharged under the Plan. In accordance with Article IV.N.2 and IV.N.3 of the Plan, on the Effective Date, the Liquidating Trust shall assume the liabilities, obligations, and responsibilities of the Debtors for all such asserted litigation Claims as set forth in the Plan and the Liquidating Trust Agreement. The Holders of such litigation Claims, to the extent such Claims are Allowed, will receive the treatment afforded to Holders of Allowed Class 6 Claims…":

The Plaintiff has filed the *Proof of Claim* and as such has done so before the April 7th 2025 Deadline and that these Notices are Notice of Filings in the Bankruptcy Court.

And that the Plaintiff has enclosed A 'MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 3018(a) ALLOWANCE OF CLAIM FOR PURPOSE OF VOTING TO ACCEPT OR REJECT THE PLAN.

/s/ John Oliver Jackson
JOHN JACKSON
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia, FL 34266

5

STATE OF FLORIDA
COUNTY OF DESOTO

I, JOHN JACKSON , declare under penalty of perjury that the foregoing is true and correct.

/s/  *John Oliver Jackson*

JOHN JACKSON
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia, FL 34266

The foregoing instrument was acknowledged before me, an officer, duly authorized in the State and County aforesaid, to take acknowledgements this 1ST day of April 2025, by JOHN JACKSON.

NOTARY PUBLIC

Signed: *Pamela King*
Print: *Pamela King*
My Commission Expires: *Aug 6, 2027*
Commission Number: _____

> PAMELA KING
> Notary Public - State of Florida
> Commission # HH 591431
> My Comm. Expires Aug 6, 2027
> Bonded through National Notary Assn.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by way of the Florida and United States Mailbox Rule via United States Postal Services to: Marcus A. Helt (Texas Bar#24052187) MCDERMOTT WILL & EMERY LLP 2501 N. Harwood Street, Suite 1900 Dallas, Texas 75201-1664MCDERMOTT WILL & EMERY LLP 444 West Lake Street, Suite 4000 Chicago Illinois 60606-0029 Steven Z. Szanzer (admitted pro hac vice) Felicia Gerber Perlman (admitted pro hac vice) Bradley Thomas Giordano (admitted pro hac vice) Jake Jumbeck (admitted pro hac vice) Carole Wurzelbacher(admitted pro hac vice) Carmen Dingman (admitted pro hac vice) MCDERMOTT WILL & EMERY LLP 444 West Lake Street, Suite 4000 Chicago Illinois 60606-0029 MCDERMOTT WILL & EMERY LLP One Vanderbilt Avenue New York, New York 10017

/s/  *John Oliver Jackson*

JOHN JACKSON
Plaintiff,
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia Fl. 34266