**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| WELLPATH HOLDINGS, INC., *et al*[1] | § | Case No. 24-90533 (ARP) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**CEDRIC BURTON, AS ADMINISTRATOR OF THE ESTATE OF JAMES MERITT BYRD, JASMAN MAXWELL ON BEHALF OF AKASHIA MAXWELL AND LADRIQUA MAXWELL AND AMBER GRIFFIN ON BEHALF OF FAITH GRIFFIN'S UNOPPOSED MOTION TO DEEM PROOFS OF CLAIMS AS TIMELY FILED**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Cedric Burton, as the Administrator of the Estate of James Merritt Byrd, Jasman Maxwell on behalf of Akashia Maxwell and Ladriqua Maxwell, minor children, and Amber Griffin on behalf of Faith Griffin, minor child, (collectively Claimants) file this *Unopposed Motion to Deem Proofs of Claims as Timely Filed* (Motion) and in support, state as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 USC §§ 157 and 1334. Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409. This is a core proceeding under 28 USC § 157(b).

---

[1] A complete list of the debtors in these chapter 11 cases may be obtained on the website of the debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

## II. FACTUAL BACKGROUND

2.      Claimants are personal injury claimants.  Their claims against Debtor Wellpath, LLC (the Debtor) arose from injuries James Merrit Byrd sustained beginning on or about January 14, 2022, and continuing until his death on January 23, 2022. Claimants filed their Amended Complaint against Debtor and other non-debtor defendants on January 10, 2024, in Cause No. 1:23-cv-05836-LMM, in the United States District Court, Northern District of Georgia, Atlanta Division, styled *Burton, et al. v. Ward, et al.* (Byrd Action).  A true and correct copy of the Amended Complaint is attached hereto as **Exhibit A**.

3.      On November 11, 2024, Debtor and its debtor affiliates (collectively with the Debtor, the Debtors) filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the Court), which are jointly administered in the above-captioned case (Bankruptcy Case).

4.      On December 18, 2024, the Court entered an *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 491], with the *Notice of Deadlines for Filing Proofs of Claim Against Any of the Debtors* [Docket No. 776] establishing a general bar date of April 7, 2025 (the General Bar Date) for filing proofs of claims.

5.      Underlying trial counsel timely filed a proof of claim for purposes of all plaintiffs in the Byrd Action on March 11, 2025 (Initial Proof of Claim).  *See* **Exhibit B**, POC No. 12831.  The Initial Proof of Claim lists "Byrd, James Merritt; Burton, Cedric" as the creditor and attaches the Amended Complaint, which identifies all claimants in the Byrd Action

6.      Claimants retained bankruptcy counsel on April 21, 2025.  In an abundance of caution, bankruptcy counsel advised Claimants to amend the proof of claim; file separate proofs of claims for each claimant; and move to deem late-filed proofs of claims as timely filed.  Bankruptcy counsel conferred with Debtors' counsel regarding same on April 22, 2025, and again on April 29, 2025.  Debtors' counsel represented they are unopposed to the relief sought.

7.      Claimants amended their Initial Proof of Claim and filed additional proofs of claims on April 29, 2025 (Proofs of Claims).  *See* **Exhibits C-F**, POC Nos. 14566, 14567, 14568 & 14571**.**

### III.    RELIEF REQUESTED

8.      The Claimants respectfully request entry of an order deeming the Proofs of Claims to be timely filed.

### IV.    ARGUMENTS AND AUTHORITIES

9.      Claimants request the Court find the Initial Proof of Claim encompasses all claims in the Byrd Action and find the Claimants' Proofs of Claims are amendments to the Initial Proof of Claim.  *See In re Expo Construction Group, LLC*, 630 B.R. 289, 292-94 (Bankr. S.D. Tex. 2021) (analyzing informal proofs of claims).

10.      To the extent the Court determines Claimants' Proofs of Claims are not amended proofs of claims, the Court has discretion to allow an extension of time to file a proof of claim where the failure to act was the result of excusable neglect.  *See* FED. R. BANKR. P. 9006(b)(1); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387-99 (1993).  The seminal case defining excusable neglect is *Pioneer Investment Services.  In re Davenport*, 342 B.R. 482, 496 (Bankr. S.D. Tex. 2006).  In *Pioneer*, the Supreme Court set forth certain factors for courts to consider in making

determinations for excusable neglect.  *Id.* (citing *Pioneer*, 507 U.S. at 395).  These factors are: (1) danger of prejudice to the non-movant; (2) length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id.* The determination of whether a late filing of a proof of claim is the result of excusable neglect is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  *See In re Ginther*, No. 07-80200-G3-11, 2008 WL 2359974, at *3 (Bankr. S.D. Tex. Jun. 4, 2008) (citing *Pioneer*, 507 U.S. 380 at 395).  It is not limited to errors caused by circumstances beyond the late filing party's control and may include inadvertence, mistake, or carelessness.  *Id.*

11.     First, under *Pioneer*, the central inquiry is whether the debtor will be prejudiced.  *In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995).  Prejudice is lessened where a debtor knows of the claims prior to the late filing.  *See id.* at 737-38. Here, Debtors were aware of the Claimants' claims in advance of the late filings, having defended against the claims in the Byrd Action and filed a Suggestion of Bankruptcy and Notice of Stay therein.  *See* **Exhibit G**.  Claimants also filed the Initial Proof of Claim in the Bankruptcy Case, attaching the Amended Complaint in the Byrd Action. **Exhibits B**. Claimants' bankruptcy counsel further conferred with Debtors' counsel on April 22, 2025 and again on April 29, 2025, and Debtors' counsel represented Debtors are unopposed to the relief sought.

12.     Second, for length of delay, only three weeks has passed between the Bar Date and the Proofs of Claims.  As such, any delay should be excusable.  In comparison, courts have held that delays of several months and even years may be excused, so long as the delay does not have a significant impact on the bankruptcy proceedings.  *See In re*

*Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2011 WL 576070, at *4 (Bankr. N.D. Tex. Feb. 9, 2011) (nine months); *In re Eagle Bus. Mfg., Inc.*, 62 F.3d at 739 (six to eight months); *In re Beltrami Enters., Inc.*, 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (over two years).  Here, the effect of the Claimants' late-filed Proofs of Claims should not disrupt or adversely impact the effective administration of the bankruptcy proceeding.  Under Debtors' Plan [Dkt. 2552-1], general unsecured claims will be administered through a Liquidating Trust with procedures [Dkt. 2555] for the resubmission of claims for review by the Trust and with personal injury claimants retaining the right to adjudicate their claims outside the Bankruptcy Case and to collect against available insurance policies.

13.     Third, when addressing the reason for the delay, even if the circumstances surrounding the delay were in the control of the moving creditor, a court may still find excusable neglect.  *See In re Pilgrim's Pride Corp.*, 2011 WL 576070, at *3 (citing *Pioneer*, 507 U.S. at 395.  Here, Claimants timely filed an Initial Proof of Claim and only have amended and filed separate Proofs of Claims in an abundance of caution.

14.     Finally, the Claimants have acted in good faith.  There is no evidence of bad faith.  Claimants filed the Initial Proof of Claim.  Upon retaining bankruptcy counsel, Claimants sought to amend and file the Proofs of Claims and promptly conferred with Debtors' counsel regarding same.  The Claimants have nothing to gain with this delay.  As such, any delay here resulted from excusable neglect.

### V. PRAYER

WHEREFORE, the Claimants hereby respectfully request that the Court enter an order granting this Unopposed Motion, deeming the Proofs of Claims timely filed, and grating such other and further relief as is just and proper.

Respectfully submitted this 30th day of April 2025.

>  _____/s/ Ryan E. Chapple_____
> Ryan E. Chapple
> State Bar No. 24036354
> Email: rchapple@cstrial.com
> **CAIN & SKARNULIS PLLC**
> 303 Colorado Street, Suite 2850
> Austin, Texas 78701
> 512-477-5000
> 512-477-5011—Facsimile
>
> ***ATTORNEY FOR CLAIMANTS***

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the claimants has contacted counsel for the debtors and counsel for the debtors is unopposed to the relief sought in this motion.

>  _____/s/ Ryan E. Chapple_____
> Ryan E. Chapple

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Unopposed Motion has been served on counsel for Debtors, Debtors, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 30th day of April 2025.

>  _____/s/ Ryan E. Chapple_____
> Ryan E. Chapple