United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 02, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-90533** |
| **WELLPATH HOLDINGS, INC.,** *et al.*,[1] | § | |
| Debtors. | § | **Jointly Administered** |
| | § | **CHAPTER 11** |

**Re Docket No.: 1749**

## CORRECTED ORDER (I) ENFORCING
## THE AUTOMATIC STAY IN THE REICHART LAWSUIT ON A FINAL
## BASIS, AND (II) GRANTING RELATED RELIEF

Upon *Richard Reichart's Motion Under 11 U.S.C. § 362(d)(1) for Relief from the Automatic Stay to the Extent it is Applicable to Debtor and Non-Debtor Parties* [Docket No. 1749] (the "Motion") of Richard Reichart (the "Movant") for entry of final order, pursuant to section 362(a) of the Bankruptcy Code, modifying the automatic stay as to above-captioned debtors and debtors in possession (collectively, the "Debtors") and Non-Debtor Defendants (as defined in the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Docket No. 17] (the "Stay Extension Motion")) in the Lawsuit (as defined herein), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 827] (the "First Omnibus Objection"), the *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Extension Reply* [Docket No. 828] (the "Seitz Declaration"), the *Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Stay Extension Reply* [Docket No. 898] (the "Supplemental Seitz Declaration"), the *Second Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objections to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 912] (the "Second Supplemental Seitz Declaration"); the *Third Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 1337] (the "Third

Supplemental Seitz Declaration"), the *Fourth Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Third Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 1747] (the "Fourth Supplemental Seitz Declaration"), the *Debtors' Fourth Omnibus Objection to Motions for Relief from the Automatic Stay* [Docket No. 2252] (the "Fourth Omnibus Objection"), and the *Sixth Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of Its Affiliates and Subsidiaries in Support of the Debtors' Fourth Omnibus Objection to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Docket No. 2255] (the "Sixth Supplemental Seitz Declaration"); and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Omnibus Objection, the Seitz Declaration, the Supplemental Seitz Declaration, the Second Supplemental Seitz Declaration, the Third Supplemental Seitz Declaration, the Fourth Supplemental Seitz Declaration, the Fourth Omnibus Objection, and the Sixth Supplemental Seitz Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1.       Pursuant to section 362 of the Bankruptcy Code, any claims or causes of action that have been or may be asserted against the Debtors or the Non-Debtor Defendants in *Reichart v. Pennsylvania Department of Corrections et al.*, Case No. 2:22-cv-04480, in the United States District Court for the Eastern District of Pennsylvania (the "Lawsuit")

are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan, (b) dismissal of the chapter 11 cases of the Debtors, (c) conversion of these cases to chapter 7 of the Bankruptcy Code, or (d) May 7, 2025.

2.      The automatic stay imposed by section 362(a) of the Bankruptcy Code and extended to Non-Debtor Defendants in the Lawsuit pursuant to the *Amended Final Order (I) Enforcing the Automatic Stay to Non-Debtor Defendants on a Final Basis, and (II) Granting  Related Relief* [Docket No. 1480] (the "Final Stay Extension Order") does not extend to Counts I, III, IV, and V against the Pennsylvania Department of Corrections and its employees in the Lawsuit.

3.      To the extent that the Movant remains in-custody, the Movant is granted relief from the automatic stay solely to proceed with requesting injunctive relief related to medical care, including, for avoidance of doubt, the right to have upcoming appointments, procedures, and treatments.

4.      Except as set forth herein, the Final Stay Extension Order otherwise remains a fully enforceable order and the automatic stay's application to the Debtors and the Non-Debtor Defendants, including Nicola S. Wiener, the representative of the estate of deceased Debtor's employee, Dr. Steven Wiener, in the Lawsuit shall remain in full force and effect, until May 7, 2025.

5.      Nothing in this Order shall prejudice the rights of the Movant or the Debtors to seek additional relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

6.      Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order

shall be effective and enforceable immediately upon its entry.

7.     The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

8.     The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

 SIGNED 05/02/2025

Alfredo R Pérez
United States Bankruptcy Judge