IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Post-Restructuring Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 2596** |

**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER, (II) OCCURRENCE OF EFFECTIVE DATE, AND (III) ADMINISTRATIVE CLAIMS BAR DATE**

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS BAR DATE AND OTHER INFORMATION THAT MAY AFFECT YOUR RIGHTS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN**

**PLEASE TAKE NOTICE** that, on May 1, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 2596] (the "Confirmation Order").[2]

**PLEASE TAKE FURTHER NOTICE** that each of the conditions precedent to the occurrence of the Effective Date, as set forth in Article X, has been satisfied or waived in accordance therewith, and the Plan became effective and was substantially consummated on **May 9, 2025** (the "Effective Date"). For purposes of calculating all Filing and other deadlines in the Plan and Confirmation Order determined by reference to the Effective Date, such time periods are deemed to have commenced on **May 9, 2025**.

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions (including, for the avoidance of doubt, the documents and instruments contained in the Plan Supplement) are binding on (i) the Post-Restructuring Debtors, (ii) Holders of Claims or Interests (irrespective of whether such Holders of Claims or Interests (a) are Impaired or Unimpaired, (b) have, or are deemed to

---

[1] A complete list of the Post-Restructuring Debtors (as defined in the Plan) in these chapter 11 cases may be obtained on the website of the Post-Restructuring Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Post-Restructuring Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"), a copy of which is attached as Exhibit A to the Confirmation Order. The rules of interpretation set forth in Article I.B of the Plan shall apply hereto. For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

have, accepted or rejected the Plan, or (c) failed to vote to accept or reject the Plan), (iii) the Liquidating Trustee, (iv) each Entity acquiring property under the Plan, (v) any other party in interest in these chapter 11 cases, (vi) any Entity making an appearance in these chapter 11 cases, and (vii) each of the foregoing's respective Related Parties.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Article II.A and paragraph 20 of the Confirmation Order, any and all requests for allowance or payment of Administrative Claims that accrued on or before the Effective Date and remain unpaid (other than Administrative Claims that are Professional Fee Claims, Restructuring Expenses, or Agent Fees), unless otherwise expressly set forth in the Plan, must be Filed with the Claims and Solicitation Agent and served on counsel for the Post-Restructuring Debtors on or before **June 8, 2025 at 11:159 p.m. (prevailing Central Time)** (the "Administrative Claims Bar Date"). Any such request must include, at a minimum, the following: (i) the name of the Holder of the Administrative Claim; (ii) the asserted amount of the Administrative Claim (denominated in United States dollars); (iii) the name of the applicable Post-Restructuring Debtor that is purported to be liable for the Administrative Claim and, if the Administrative Claim is asserted against more than one Post-Restructuring Debtor, the name of each Post-Restructuring Debtor and the exact amount asserted to be owed by each such Post-Restructuring Debtor; (iv) the basis of the Administrative Claim; (v) supporting documentation for the Administrative Claim, and (vi) be written in English or Spanish.

**UNLESS OTHERWISE ORDERED BY THE COURT, OR AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN (SEE BELOW), HOLDERS OF ADMINISTRATIVE CLAIMS THAT ARE REQUIRED TO, BUT DO NOT, PROPERLY FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE CLAIMS BY THE ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIMS AGAINST THE POST-RESTRUCTURING DEBTORS, THEIR ESTATES, THE LIQUIDATING TRUST, AS APPLICABLE, OR THEIR RESPECTIVE PROPERTY, AND SUCH ADMINISTRATIVE CLAIMS SHALL BE DEEMED DISCHARGED AS OF THE EFFECTIVE DATE WITHOUT THE NEED FOR ANY OBJECTION FROM POST-RESTRUCTURING DEBTORS OR THE LIQUIDATING TRUSTEE OR ANY NOTICE TO, OR ACTION, ORDER, OR APPROVAL OF, THE COURT OR ANY OTHER ENTITY.**

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Article VI, distributions shall only be made to the record Holders of Allowed Claims as of the Distribution Record Date. All Claim transfers occurring prior to the Confirmation Date should be registered with the Post-Restructuring Debtors. If a Claim, other than one based on a publicly traded Security, is transferred twenty or fewer days before the Distribution Record Date, the Post-Restructuring Debtors, the Distribution Agent, the Liquidating Trust, and each of the foregoing's respective Related Parties, as applicable, shall make distributions to the transferee only to the extent practical and, in any event, only if the relevant transfer form contains an unconditional and explicit certification and waiver of any objection to the transfer by the transferor. The foregoing parties otherwise are entitled to recognize only those record Holders set forth in the registers (including the lender registers) as of the Distribution Record Date.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Article II.C, no later than 45 days after the Effective Date, all applications for payment of Professional Fee Claims shall be Filed.  Distributions on account of Allowed Professional Fee Claims shall be made as soon as reasonably practicable after such Claims become Allowed by determination of the Court.

**PLEASE TAKE FURTHER NOTICE** that, substantially contemporaneously herewith, pursuant to paragraph 30 of the Confirmation Order, the Post-Restructuring Debtors are Filing a notice to revise the consolidated case caption of these chapter 11 cases reflecting changes to certain of the Post-Restructuring Debtors' legal names. Upon the Filing of such notice, the Post- Restructuring Debtors will, and all other parties are directed to, use such updated case caption in all further pleadings and other papers Filed in these chapter 11 cases and any adversary proceeding commenced thereunder.

**PLEASE TAKE FURTHER NOTICE** that, substantially contemporaneously herewith, pursuant to paragraph 43 of the Confirmation Order, Reorganized Wellpath Filed and served a notice providing that each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30, 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan.

**PLEASE TAKE FURTHER NOTICE** that all documents filed in these chapter 11 cases and other relevant case information are available free of charge on the following website maintained by Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring, LLC, in connection with these chapter 11 cases: https://dm.epiq11.com/wellpath. Copies of any pleadings or papers filed with the Court may be obtained by visiting the Court's website at https://ecf.txsb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

Dated: May 9, 2025  /s/ Marcus A. Helt
Dallas, Texas

Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:  (214) 295-8000
Facsimile:  (972) 232-3098
Email:  mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  fperlman@mwe.com
    bgiordano@mwe.com
    jjumbeck@mwe.com
    cwurzelbacher@mwe.com
    cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
Email:  sszanzer@mwe.com

*Counsel to the Post-Restructuring Debtors*