**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Post-Restructuring Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered) |

**DRAFT PROPOSED NOTICE OF TERMINATION OF AUTOMATIC STAY**

    **PLEASE TAKE NOTICE** that, on May 1, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 2596] (the "Confirmation Order") and the *Order (I) Further Extending the Automatic Stay to the Non- Debtor Defendants and (II) Granting Related Relief* [Docket No. 2599] (the "Extension Order").[2]

    **PLEASE TAKE FURTHER NOTICE** that the Plan became effective and was substantially consummated on **May 9, 2025** (the "Effective Date") [Docket No. 2680]. Accordingly, as set forth in Article XIII.H and the Extension Order, the automatic stay no longer remains in effect against the Debtors and the Non-Debtor Defendants.

    **PLEASE TAKE FURTHER NOTICE** that, as set forth in Article IX.A, all Claims and Causes of Action of any nature whatsoever against the Debtors are discharged. The distributions, rights, and treatment that are provided in the Plan are in complete satisfaction of such Claims and Causes of Action.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Article IV.J of the Trust Distribution Procedures attached as Exhibit I-3 [Docket No. 2555], Holders of General Unsecured Claims may either (i) participate in the Liquidating Trust's non-binding alternative dispute

---

[1] A complete list of the Post-Restructuring Debtors (as defined in the Plan) in these chapter 11 cases may be obtained on the website of the Post-Restructuring Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Post-Restructuring Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, the Extension Order, or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"), a copy of which is attached as Exhibit A to the Confirmation Order. The rules of interpretation set forth in Article I.B of the Plan shall apply hereto. For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

resolution process to determine the allowed amount for the claim or (ii) proceed in the appropriate civil court and litigate such claim with the Liquidating Trust included as a nominal defendant.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Article IX, each Holder of a Claim or Interest that did not affirmatively elect to opt out of the Plan's Third-Party Release may not bring Claims that arose prior to the Petition Date (*i.e.*, before November 11, 2024) against the non-Debtor Released Parties (including, the Debtors' past and present directors, officers, and employees (to the extent that they were acting within the scope of their employment) and H.I.G. Capital, LLC and its affiliates, directors, officers, and employees).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to paragraph 43 of the Confirmation Order, each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30, 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan. The deadline has already passed for all other parties to opt out of the Third-Party Release.

**PLEASE TAKE FURTHER NOTICE** that, cases filed before the Petition Date against the Professional Corporations, the Professional Corporations' current and former employees, and the Debtors' customers and clients may now proceed unaffected by the Chapter 11 Cases because these parties were not released under the Plan and the automatic stay no longer remains in effect as to all Non-Debtor Defendants.

**PLEASE TAKE FURTHER NOTICE** that all documents filed in the Chapter 11 Cases and other relevant case information are available free of charge on the following website maintained by Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring, LLC, in connection with the Chapter 11 Cases: https://dm.epiq11.com/wellpath. Copies of any pleadings or papers filed with the Court may be obtained by visiting the Court's website at https://ecf.txsb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: May 16, 2025<br>Dallas, Texas | */s/ Marcus A. Helt* |

Marcus A. Helt (Texas Bar #24052187)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone:   (214) 295-8000
Facsimile:    (972) 232-3098
Email:           mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Jake Jumbeck (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:   (312) 372-2000
Facsimile:    (312) 984-7700
Email:           fperlman@mwe.com
                     bgiordano@mwe.com
                     jjumbeck@mwe.com
                     cwurzelbacher@mwe.com
                     cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone:   (212) 547-5400
Facsimile:    (212) 547-5444
Email:           sszanzer@mwe.com

*Counsel to the Post-Restructuring Debtors*