**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.,*[1] | Case No. 24-90533 (ARP) |
| Post-Restructuring Debtors. | (Jointly Administered) |

## PROPOSED FORM ORDER REGARDING LIFT STAY MOTIONS

The Court having:

a. entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 2596] (the "Confirmation Order") on May 1, 2025; and

b. entered the *Order (I) Further Extending the Automatic Stay to the Non- Debtor Defendants and (II) Granting Related Relief* [Docket No. 2599] (the "Extension Order");[2]

**IT IS HEREBY FOUND, ORDERED, AND ADJUDGED THAT:**

1.     The Plan became effective and was substantially consummated on **May 9, 2025** (the "Effective Date") as set forth in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [Docket No. 2680].

2.     As set forth in Article XIII.H of the Plan and the Extension Order, the automatic stay no longer remains in effect against the Debtors or the Non-Debtor Defendants.

---

[1]     A complete list of the Post-Restructuring Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.  The Post-Restructuring Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, the Extension Order, or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"), a copy of which is attached as Exhibit A to the Confirmation Order.  The rules of interpretation set forth in Article I.B of the Plan shall apply hereto.  For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

3.     As set forth in Article IX.A of the Plan, and subject to Article V.E of the Plan, all Claims and Causes of Action of any nature whatsoever against the Debtors are discharged to the extent set forth in the Plan.  The distributions, rights, and treatment that are provided in the Plan and the Trust Distribution Procedures incorporated therein are in complete satisfaction of such Claims and Causes of Action.

4.     Pursuant to the Plan and the Trust Distribution Procedures, holders of personal injury tort and wrongful death Claims against the Debtors shall be subject to the Liquidating Trust's non-binding alternative dispute resolution process to determine the allowed amount for such Claim.  If a holder of a personal injury tort or wrongful death claim is dissatisfied with the outcome of that alternative dispute resolution process, they may, at their discretion, elect to either (i) have the allowed amount for such Claim determined by the Bankruptcy Court or (ii) seek determinations of the Debtors' liability by the appropriate civil court, with the Liquidating Trust as a nominal party, to recover, if at all, against the applicable insurance policies, as well as to determine the allowed amount for such Claim's distribution under the Plan from the Liquidating Trust; *provided*, outside of the Pro Rata distribution from the Liquidating Trust as well as recovery from the applicable insurance plan (if any), the Holders of such claims may not seek satisfaction of, and are permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit from, or in connection with, the Debtors, the Debtors' estates, or the Post-Restructuring Debtors.

5.     Holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against all Non-Debtor Defendants, including employees of the Debtors and/or Post-Restructuring Debtors. Such holders of Claims and Interests remain enjoined from enforcing recovery from the Debtors, the Debtors' estates, the

Liquidating Trust, or the Post-Restructuring Debtors with respect to any indemnification obligations for such employees; provided, that nothing shall prevent the Post-Restructuring Debtors from electing to honor such indemnification rights pursuant to the provisions of the Plan.

6.      Pursuant to Article IX of the Plan, each Holder of a Claim or Interest that did not affirmatively elect to opt out of the Plan's Third-Party Release may not bring Claims that arose prior to the Petition Date (*i.e.*, before November 11, 2024) against the non-Debtor Released Parties (including, the Debtors' past and present directors, officers, and employees (to the extent that they were acting within the scope of their employment) and H.I.G. Capital, LLC and its affiliates, directors, officers, and employees); *provided*, pursuant to paragraph 43 of the Confirmation Order, each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30, 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan.  For the avoidance of doubt, the deadline has already passed for all other parties to opt out of the Third-Party Release.

7.      Nothing in this Order shall prevent a party from requesting a hearing with this Court by contacting the Court's case manager by email at Tyler_Laws@txs.uscourts.gov or by phone at (713) 250-5421.

8.      For the avoidance of doubt, cases filed before the Petition Date against the Professional Corporations, the Professional Corporations' current and former employees, and the Debtors' customers and clients may now proceed unaffected by the Chapter 11 Cases because these parties were not released under the Plan and the automatic stay no longer remains in effect as to the Non-Debtor Defendants.

9.      To the extent any inconsistency may exist between paragraphs 3-6 of this Order and the Plan, the Plan shall govern in all respects.

Dated: _____, 2025
Houston, Texas

                                                  _____
ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE