IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Jointly Administered) |
| Marzan Williams<br>                       Plaintiff<br>          v.<br>Wellpath, LLC; and HCS Correctional Management, LLC<br>                       Defendants. | Adversary Proc. No. _____ |

**ADVERSARY COMPLAINT FOR**
**<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

This complaint seeks an order that may adversely affect you. If you oppose the complaint, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the complaint should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

---

[1] A complete list of the Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

1

Plaintiff, Marzan Williams (the "Plaintiff" or "Mr. Williams"), through his undersigned attorneys, submits this adversary complaint against Wellpath, LLC and HCS Correctional Management, LLC (the "Defendants" or "Wellpath"), and states as follows:

### **Nature of the Action**

1. An actual controversy has arisen and now exists between Plaintiff and Wellpath as to Plaintiff's legal rights and Wellpath's duties. Accordingly, Plaintiff seeks a judicial declaration of rights as to such matters, as well any further necessary and proper relief, including injunctive relief.

2. This is an action concerning the rights of Mr. Marzan Williams to acquire a designated record set[2] of his protected health information[3] ("PHI") pursuant to the provisions of the Health Insurance Portability and Accountability Act ("HIPAA") and its enacting regulations.

3. Plaintiff seeks a designated record set of his PHI because the law affords him a right of access to inspect and obtain a copy of his PHI in a designated record set.

4. Plaintiff requires his PHI in order to understand the medical care he received. Additionally, Plaintiff requires his PHI in order to objectively assess the value of the medically necessary health care benefits that Wellpath unjustly withheld when they showed deliberate

---

[2] Under 45 CFR § 164.501, "designated record set" means (1) A group of records maintained by or for a covered entity that is: (i) The medical records and billing records about individuals maintained by or for a covered health care provider; (ii) The enrollment, payment, claims adjudication, and case or medical management record systems maintained by or for a health plan; or (iii) Used in whole or in part, by or for the covered entity to make decisions about individuals. (2) For the purposes of this paragraph, the term record means any item, collection, or grouping of information that includes protected health information and is maintained, collected, used, or disseminated by or for a covered entity."

[3] Under 45 CFR § 160.103, "protected health information" means information that is a subset of health information, including demographic information collected from an individual, and: (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payments for the provision of health care to an individual; and (i) That identifies the individual; or (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual."

indifference to Plaintiff's serious medical needs and thereby inflicted cruel and unusual punishment upon him.

## Parties

5. Plaintiff, Marzan Williams, is a federal prisoner whose health and welfare benefits were managed by Wellpath between 2019 and 2024. Plaintiff currently resides in the Federal Correctional Institution Petersburg in Hopewell, Virginia.

6. Defendant, Wellpath, LLC is a Debtor in the above-captioned, jointly administered bankruptcy case and is limited liability company organized and existing under the laws of the States of Tennessee, Illinois, and others, with its principal place of business at 3340 Perimeter Hill Dr., Nashville, TN 37211.

7. Defendant, HCS Correctional Management, LLC (f/k/a Health Cost Solutions, LLC) is a Debtor in the above-captioned, jointly administered bankruptcy case and is a limited liability company organized and existing under the laws of the States of Tennessee, Illinois, and others, with its principal place of business at 3340 Perimeter Hill Dr., Nashville, TN 37211.

## Jurisdiction and Venue

8. This Court has jurisdiction over this adversary complaint pursuant to 28 U.S.C. §§ 157, 1334, 2201, and 2202.

9. Plaintiff consents to the entry of final orders or judgments by the Court in this adversary proceeding. See Fed. R. Bankr. P. 7008.

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory bases for the relief requested herein are 11 U.S.C. § 105 as well as 28 U.S.C. §§ 2201, and 2202.

12. Grounds for relief are also found under 45 CFR § 160.103, 45 CFR §§ 164.501, 164.502, 164.524 as well as Fed. R. Bankr. P. 7001.

**Factual Background**

13. This action seeks to determine whether the Health Insurance Portability and Accountability Act affords Marzan Williams a right to access his protected health information.

14. The Defendants hold Plaintiff's "protected health information," as defined at 45 CFR § 164.103.

15. The Defendants each satisfy the definition of a "covered entity" pursuant to 45 CFR § 160.103.

16. The Defendants each satisfy the definition of a "business associate" pursuant to 45 CFR § 160.103.

17. Plaintiff has requested copies of a designated record set of his protected health information from the Defendants in accordance with Plaintiff's rights under 45 CFR § 164.524.

18. The Defendants have unjustifiably denied Plaintiff's request for his PHI in a designated record set.

19. Pursuant to 45 CFR § 164.502, HIPAA requires the Defendants to disclose protected health information to an individual, when requested under and required by 45 CFR § 164.524.

20. On February 10, 2025, counsel for the Plaintiff emailed counsel for Wellpath and requested copies of all PHI for Marzan Williams in a designated record set that is in the possession of Wellpath or any of the other Debtor entities.

21. Counsel for Wellpath responded on February 10, 2025, denying the request for PHI.

22. Later that day, counsel for the Plaintiff requested a legal justification for Wellpath's denial of the request for PHI.

23. Counsel for Wellpath failed to provide a justification or any response at all.

24. Counsel for Wellpath ignored subsequent emails inquiring about Plaintiff's PHI.

25. Providing Plaintiff with copies of his PHI in a designated record set will not jeopardize the health, safety, security, custody, or rehabilitation of either Plaintiff or any other inmate.

26. Providing Plaintiff with copies of his PHI in a designated record set will not jeopardize the safety of any officer, employee, or other person at the correctional institution.

27. Providing Plaintiff with copies of his PHI in a designated record set will not jeopardize the safety of anyone responsible for transporting Plaintiff or any other inmate.

## Count I – Declaratory Judgment
## 28 U.S.C. § 2201 and 11 U.S.C. 105(a)

28. Plaintiff repeats, realleges, and incorporates by reference herein all the allegations contained in this adversary complaint.

29. Plaintiff requests a declaration that HIPAA entitles him to access his PHI in Defendants' possession.

30. Plaintiff requests a declaration that litigation need not exist in order for HIPAA to compel a covered entity or business associate to produce PHI in response to a legally proper request.

WHEREFORE, Plaintiff requests that this Court enter an order declaring that HIPAA entitles Marzan Williams to receive copies of his PHI in a Designated Record Set as those terms are defined under HIPAA, because none of the exceptions stated in the HIPAA regulations applies in this case.

## Count II – Order Providing Access to Copies of PHI
## 11 U.S.C. § 105 and 28 U.S.C. § 2202

31. Plaintiff repeats, realleges, and incorporates by reference herein all the allegations contained in this adversary complaint.

32. Plaintiff requests that this Court order Wellpath to provide Plaintiff with his PHI in a designated record set.

WHEREFORE, Plaintiff requests that this Court enter an order compelling Wellpath, LLC and HCS Correctional Management, LLC to provide Marzan Williams with copies of his PHI in a designated record set, inclusive of billing, claims, utilization review, medical necessity, and communications related thereto, and all other information described in the HIPAA statutes and regulations.

### Count III – Injunctive Relief
### 11 U.S.C. § 105 and 28 U.S.C. § 2202

33. Plaintiff repeats, realleges, and incorporates by reference herein all the allegations contained in this adversary complaint.

34. Plaintiff requests that the Court enjoin Wellpath from violating Plaintiff's HIPAA rights.

WHEREFORE, Plaintiff requests that this Court enter an order enjoining Wellpath, LLC and HCS Correctional Management, LLC from violating Marzan William's HIPAA rights to access his PHI in a designated record set.

### Prayer for Relief

35. Plaintiff asks this Court to declare that Defendants have unjustifiably withheld Plaintiff's PHI, violated Plaintiff's rights under HIPAA, that the Court order Defendants to provide Plaintiff with copies of his PHI in a designated record set within 15 days from entry of judgment on this issue, and that the Court provide any additional relief that the Court deems appropriate.

By: /s/ *Jack Shadid*

Jack Shadid
HINSHAW & CULBERTSON, LLP
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
312-704-3093

*Counsel for Creditor/Plaintiff Marzan Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Adversary Complaint for Declaratory and Injunctive Relief to be served via the Electronic Case Filing system for the U.S. Bankruptcy Court for the Southern District of Texas upon all parties who have entered an appearance in this case and are registered to receive electronic service.

Dated:   May 27, 2025

                                                */s/Jack Shadid*
                                                          Jack Shadid
                            Counsel for Plaintiff/Plaintiff Marzan Williams