IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Post-Restructuring Debtors. | (Jointly Administered) |

**MOTION FOR ENTRY OF (I) FINAL DECREE (A) CLOSING CERTAIN CHAPTER 11 CASES AND (B) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES AND (II) ORDER (A) AMENDING THE ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 1, 2025, at 9:00 a.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will be by audio and video connection only.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in person hearings. To make your appearance, click the "Electronic Appearance"**

---

[1] A complete list of the Post-Restructuring Debtors (as defined below) in these chapter 11 cases may be obtained on the website of the Post-Restructuring Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Post-Restructuring Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

> **link on Judge Pérez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned post-restructuring debtors (collectively, the "Post-Restructuring Debtors") respectfully state as follows in support of this motion (the "Motion"):

## Relief Requested

1. By this Motion, and pursuant to sections 105 and 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Post-Restructuring Debtors seek entry of a final decree and order, substantially in the form attached hereto (the "Final Decree and Order"), (a) closing the 30 chapter 11 cases (the "Closing Cases") of the Post-Restructuring Debtors identified in **Exhibit A** hereto (the "Closing Debtors"), while leaving open the chapter 11 case styled *In re Wellpath SF HoldCo, LLC* Case No. 24-90566 (ARP) (Bankr. S.D. Tex.) (the "Remaining Case") of Wellpath SF HoldCo, LLC (the "Remaining Debtor"), (b) terminating certain claims and noticing services provided by Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims and Solicitation Agent") in connection with the Closing Cases, (c) amending the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 27] (the "Joint Administration Order"), (d) ensuring that the Post-Restructuring Debtors and the Liquidating Trust may continue to pursue Retained Causes of Action and Liquidating Trust Causes of Action, respectively, without any disruption, and (e) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

2

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Post-Restructuring Debtors confirm their consent to the entry of a final decree and order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of these chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

5. On November 12, 2024 (the "Petition Date"), the Debtors[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No request was made for the appointment of a trustee or examiner in these chapter 11 cases.

6. On November 25, 2024, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a statutory unsecured claimholders' committee (the "Committee") pursuant to section 1102 of the Bankruptcy Code. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 169].[3]

7. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Joint Administration Order entered by the Court in each of these chapter 11 cases.

8. On November 12, 2024, the Court entered the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined herein).

[3] On the Effective Date, the Committee was dissolved, except for certain matters as provided for in the Plan and Confirmation Order, and the members thereof were released and discharged from all rights and duties from or related to these chapter 11 cases pursuant to, and subject to the terms of, Article XIII.D of the Plan.

3

[Docket No. 29] (the "Epiq Retention Order"), thereby appointing Epiq as the claims, noticing, and solicitation agent for these chapter 11 cases.

9. On December 18, 2024, the Court entered the *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 491] establishing April 7, 2025 at 4:00 p.m. (prevailing Central Time) and May 12, 2025 at 4:00 p.m. (prevailing Central Time) as the General Bar Date and Governmental Bar Date, respectively (each as defined therein). Furthermore, pursuant to the Plan, the deadline for filing requests for payment of Administrative Claims is, (a) with respect to Administrative Claims other than Professional Fee Claims, Adequate Protection Claims, Restructuring Expenses, and Agent Fees, 30 days after the Effective Date and (b) with respect to Professional Fee Claims, 45 days after the Effective Date.

10. On May 1, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 2596] (the "Confirmation Order") confirming the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* attached thereto as Exhibit A (as modified, amended, or supplemented from time to time, the "Plan").

11.     On the Effective Date, the Liquidating Trust was established[4] and all Liquidating Trust Assets (other than the Liquidating Trust Subsequent Fundings[5]) vested in the Liquidating Trust free and clear of liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan and Confirmation Order.  *See* Plan, Art. IV.N.1; Confirmation Order, ¶ 12.  In addition, on the Effective Date, the Liquidating Trust also assumed the liabilities, obligations, and responsibilities of the Debtors for all General Unsecured Claims as set forth in the Plan and the Liquidating Trust Agreement.[6]  *See* Plan, Art. IV.N.2.

12.     On May 9, 2025, the Post-Restructuring Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [Docket No. 2680], establishing May 9, 2025 as the Effective Date of the Plan.

13.     On the Effective Date, all property in each Estate, all Retained Causes of Action, and any property acquired by any of the Debtors pursuant to the Plan (except the Liquidating Trust Assets) vested in each respective Post-Restructuring Debtor, free and clear of all liens, claims, charges, other encumbrances, and interests.  *See* Plan, Art. IV.K; Confirmation Order, ¶ 10.  From and after the Effective Date, each Post-Restructuring Debtor, as applicable, retains and may

---

[4] The Liquidating Trust was established for the purpose of, among other things, being vested with and liquidating the Liquidating Trust Assets, reconciling General Unsecured Claims, and making certain Plan Distributions to Holders of Allowed Claims to the extent set forth in this Plan and the Liquidating Trust Agreement.  *See* Plan, Art. IV.N.3.

[5] The Liquidating Trust Subsequent Fundings shall vest in the Liquidating Trust free and clear of liens, claims, charges, interests, and other encumbrances in accordance with, and on the dates set forth in, the Plan.  *See id.*, Art. IV.N.1.

[6] As a result, distributions in accordance with the Liquidating Trust Agreement and in accordance with the procedures contemplated therein constitute the sole source of recovery, if any, against the Debtors, their Estates, or the Post-Restructuring Debtors in respect of such General Unsecured Claims, and the Holders of such General Unsecured Claims shall have no other or further recourse to the Debtors, their Estates, or the Post-Restructuring Debtors.  In furtherance of the foregoing, the Liquidating Trust, subject to and only to the extent provided in the Liquidating Trust Agreement, shall have all defenses, cross-claims, offsets, and recoupments regarding General Unsecured Claims that the Debtors, as applicable have, or would have had, under applicable law, but solely to the extent consistent with the Liquidating Trust Agreement and the Plan.  *See id.*, Art. IV.N.2.

enforce all rights to commence, pursue, or settle (as appropriate and in accordance with the best interests of the Post-Restructuring Debtors), any and all Retained Causes of Action or Go-Forward Causes of Action.  *See* Plan, Art. IV.L; Confirmation Order, ¶ 8.  The Post-Restructuring Debtors and Liquidating Trust (as applicable) have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Retained Cause of Action or Liquidating Trust Causes of Action, respectively, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.  *See* Plan, Art. IV.L, N; Confirmation Order, ¶¶ 8–9.

14. The Post-Restructuring Debtors and the Liquidating Trust may pursue the Retained Causes of Action and the Liquidating Trust Causes of Action, respectively, in accordance with the best interests of the Post-Restructuring Debtors and the Liquidating Trust, as applicable.  No Entity (other than the Released Parties) may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Causes of Action against it as an indication that the Liquidating Trust, Debtors, or the Post-Restructuring Debtors, as applicable, will not pursue any and all available Causes of Action or Liquidating Trust Causes of Action, as applicable, of the Liquidating Trust, the Debtors, or the Post-Restructuring Debtors against it.  Except as specifically released, or as assigned or transferred under the Plan or pursuant to a Final Order (including the Financing Order), the Liquidating Trust, the Debtors, and the Post-Restructuring Debtors expressly reserve all rights to prosecute any and all Causes of Action or Liquidating Trust Causes of Action, as applicable, against any Entity, except as otherwise expressly provided in the Plan, including Article IX thereof, or pursuant to a Final Order (including the Financing Order).  Unless any Causes of Action against an Entity are expressly waived,

relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order (including the Financing Order), the Liquidating Trust and Post-Restructuring Debtors expressly reserve all Causes of Action and Liquidating Trust Causes of Action (as applicable) for later adjudication and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action or Liquidating Trust Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.

15. The Post-Restructuring Debtors and the Liquidating Trust reserve and retain the Retained Causes of Action and Liquidating Trust Causes of Action, respectively, notwithstanding the rejection of any Executory Contract or Unexpired Lease during these chapter 11 cases or pursuant to the Plan.

16. From and after the Effective Date, the Liquidating Trustee possesses the rights of a party in interest pursuant to section 1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to these chapter 11 cases and, in connection therewith, (a) has the right to appear and be heard on matters brought before the Court or other courts, and (b) is entitled to (i) notice and opportunity for hearing on all such issues, (ii) participate in all matters brought before the Court, and (iii) receive notice of all applications, motions, and other papers and pleadings filed in the Court. *See* Confirmation Order, ¶ 13. The powers of the Liquidating Trustee include any and all powers and authority necessary or helpful to implement and carry out the provisions of the Plan and any applicable orders of the Court relating to the Liquidating Trust Assets. *See id.*; Plan, Art. IV.N.3. Moreover, the Liquidating Trustee is the representative of the Debtors' Estates with respect to the Liquidating Trust Assets appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. Plan, Art. IV.N.3. Without limiting the foregoing,

the Liquidating Trustee shall (t) hold, liquidate, invest, supervise, and protect the Liquidating Trust Assets, (u) effectuate the distributions contemplated by the Liquidating Trustee under the Plan, (v) investigate, prosecute, resolve, liquidate, or otherwise monetize the Liquidating Trust Causes of Action, as appropriate, (w) pay all reasonable fees, expenses, debts, charges, and liabilities of the Liquidating Trust, (x) file tax returns for, pay taxes of (if any), and represent the interests of the Liquidating Trust before any taxing authority in all matters, including any action, suit, proceeding, or audit, (y) take any action necessary to administer the Liquidating Trust, and (z) file appropriate certificates of dissolution of the Liquidating Trust, if any, pursuant to applicable state or provincial law. *See id.*

17. Nothing in the relief sought herein shall be construed to impair or otherwise limit the ability of the Liquidating Trust or the Post-Restructuring Debtors to bring, prosecute, or enforce any of the Retained Causes of Action or Liquidating Trust Causes of Action (as applicable) before the Court without the need for further order or action. The relief requested in this Motion is strictly procedural and is intended solely to facilitate the efficient implementation of the Plan by the Liquidating Trust and the Post-Restructuring Debtors, consistent with the rights and powers conferred upon them under the confirmed Plan and applicable law, for the benefit of all parties in interest. After the Effective Date, the property and rights addressed in the Plan remain subject only to the terms of the confirmed Plan, and the procedural steps taken herein do not affect the substantive rights of any party or prejudice any party.

## Basis for Relief

**A.    Entry of Final Decree and Order**

18. Section 350(a) of the Bankruptcy Code provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further

provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

19. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtors or the successor of the debtors under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

*Id.* Advisory Comm. Note (1991).[7]

20. Courts in the Fifth Circuit and elsewhere adopt the view that "these factors are not exhaustive nor must all six factors be present to establish that a case should be closed." *In re Valence Tech, Inc.*, No. 12-11580-CAG, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014); *see Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the [Advisory] Committee Note need not be present before the Court will enter a final

---

[7] Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

9

decree."); *see also, e.g.*, *In re SandRidge Energy, Inc.*, Case No 16-32488 (DRJ) (Bankr. S.D. Tex. Apr. 20, 2018) (entering final decree closing certain chapter 11 cases notwithstanding that claims objections and two adversary proceedings were pending); *In re AmeriForge Group Inc.*, Case No. 17-32660 (DRJ) (Bankr. S.D. Tex. Sept. 29, 2017) (same); *In re Idearc Inc.*, Case No. 09-31828 (BJH) (Bankr. N.D. Tex. Dec. 29, 2011) ("[A]ll of the factors in the [Advisory] Committee Note need not be present before the Court will enter a final decree.");

21. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated.[8] *See, e.g.*, *JCP Props.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re CoServe, LLC*, No. 01-48684, 2002 Bankr. LEXIS 2010, at *31 (Bankr. N.D. Tex. Oct. 25, 2002) (providing in the confirmation order that the debtors, "after substantial consummation as defined under 11 U.S.C. § 1101(2), shall [f]ile an application for final decree"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

22. All proceedings and matters, however, need not be fully resolved as a prerequisite for a bankruptcy court to enter a final decree and close a case. *See, e.g.*, *In re Westmoreland Coal Company*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Mar. 27, 2019) (entering final decree closing certain of the debtors' chapter 11 cases notwithstanding the pendency of certain claims); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. Apr. 20, 2018) (same); *In re AmeriForge Grp. Inc.*, Case No. 17-32660 (DRJ) (Bankr. S.D. Tex. Sept. 29, 2017) (same).

---

[8] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the (a) transfer of all or substantially all of the property proposed by the plan to be transferred, (b) assumption by the debtors or by the successor to the debtors under the plan of the business or of the management of all or substantially all of the property dealt with by the plan, and (c) commencement of distribution under the plan. *See* 11 U.S.C. § 1101(2).

10

For example, pending adversary proceedings do not preclude a court from entering a final decree. *See, e.g.*, *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *Valence Tech.*, 2014 WL 5320632, at *4 ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'") (citation omitted). Indeed, the Court has entered final decrees and closed cases when various claims and contested matters remained pending and the Court retained jurisdiction over open claims and ongoing adversary proceedings. *See, e.g.*, *In re Southern Foods Group, LLC*, Case No. 19-36313 (DRJ) (Bankr. S.D. Tex. May 25, 2021); *In re Tri-Point Oil & Gas Production Systems, LLC*, Case No. 20-31777 (DRJ) (Bankr. S.D. Tex. Sept. 29, 2020); *In re PetroQuest, Inc.*, Case No. 18-36322 (DRJ) (Bankr. S.D. Tex. March 29, 2019); *In re Seadrill Ltd.*, Case No. 17-60079 (DRJ) (Bankr. S.D. Tex. July 7, 2018); *In re Midstates*, Case No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 8, 2018); *In re Expro*, Case No. 17-60179 (DRJ) (Bankr. S.D. Tex. May 8, 2018).

23.     Furthermore, section 105(a) of the Bankruptcy Code confers to the Court broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Post-Restructuring Debtors' assets and the Liquidating Trust Assets, and ensuring the implementation of the Plan and distribution of value to the Debtors' constituencies in a reasonable, fair, and efficient manner. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section

11

105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (internal citations omitted).

24. As of the Effective Date, the Post-Restructuring Debtors maintain that the Closing Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. Furthermore, (a) the Effective Date for all of the Debtors has occurred and, as a result, the Plan has been substantially consummated with respect to the Closing Debtors within the meaning of section 1101(2) of the Bankruptcy Code, (b) all payments required of all of the Debtors to be made on the Effective Date pursuant to the Plan have been paid or provided for, (c) the Equity Financing transaction closed and the Equity Financing Securities were issued, (d) the Takeback Facility was issued, (e) the Liquidating Trust was established and the Liquidating Trust Assets have been transferred to, and have vested in, the Liquidating Trust, and the Liquidating Trustee has assumed the role of administering, liquidating, and distributing the Liquidating Trust Assets in accordance with the Plan and the Liquidating Trust Agreement, (f) all other assets, including the Retained Causes of Action, have vested in the Post-Restructuring Debtors, (g) all notes, instruments, certificates, credit agreements, indentures, Securities and other documents evidencing or

governing Claims or Interests (other than those Claims or Interests Reinstated under the Plan) were cancelled and the rights of the Holders thereof and obligations of the Debtors thereunder or in any way related thereto were deemed satisfied in full, cancelled, discharged, and of no force or effect, (h) the terms of the members of the board of directors of Wellpath Parent expired and the new directors and officers of the Post-Restructuring Debtors were appointed, and (i) all pending motions, contested matters, and adversary proceedings will have been finally resolved with respect to the Closing Debtors, or such pending motions, contested matters, and adversary proceedings will be addressable in the Remaining Case or by the Post-Restructuring Debtors or the Liquidating Trustee (on behalf of the Liquidating Trust), as applicable. Accordingly, the Post-Restructuring Debtors respectfully submit that the Closing Cases need not remain open for any purposes.

25. In light of the foregoing, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). To the extent that there are issues or actions pertaining to the Closing Debtors (*e.g.*, prosecuting the Liquidating Trust Causes of Action and the Retained Causes of Action), such issues and actions can be handled under the Remaining Case or by the Post-Restructuring Debtors or the Liquidating Trustee (on behalf of the Liquidating Trust), as applicable, without keeping the Closing Cases open. *See In re Clayton*, 101 F.3d 697 (5th Cir. 1996) ("[E]ntry of a final decree is . . . nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties involved in a [c]hapter 11 case.") (first alternation in original); *Greater Jacksonville Transp. Co. v. Willis (In re Greater Jacksonville Transp. Co.)*, 169 B.R. 221, 224 (explaining that "[e]ven a cursory reading of this last Rule leaves no doubt that the entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never

designed to determine with finality the substantive rights of parties of interest involved in a [c]hapter 11 case"). This result is consistent with the goals of the Bankruptcy Code, provides for the efficient implementation of the Plan and Confirmation Order, and would avoid an increase in administrative expenses that would prejudice the recovery for unsecured claimholders.

26. Finally, entry of the Proposed Final Decree and Order would assist in the effective administration of the Plan. The Proposed Final Decree and Order, if entered, would relieve the Post-Restructuring Debtors of the costly obligations to file post-confirmation reports and reduce the statutory fees payable to the U.S. Trustee each quarter, thereby facilitating the operational restructuring of the Corrections Business to further advance the Post-Restructuring Debtors' efforts in positioning themselves for long-term success.

27. For the foregoing reasons, the Post-Restructuring Debtors submit that the Court should enter the Proposed Final Decree and Order closing the chapter 11 cases of the Closing Debtors and amending the Joint Administration Order.

**B.    Termination of Claims and Noticing Services**

28. The Post-Restructuring Debtors further request entry of the Final Decree and Order to terminate the claims and noticing services provided by the Claims and Solicitation Agent with respect to the Closing Cases (the "<u>Claims and Noticing Services</u>"). Upon termination of the Claims and Noticing Services, except as otherwise provided herein or in the Epiq Retention Order, the Claims and Solicitation Agent shall have no further obligations under the Epiq Retention Order to the Court, the Closing Debtors, or any other party in interest with respect to the Closing Cases.

29. Should the Claims and Solicitation Agent receive any mail regarding the Closing Debtors after entry of the Final Decree and Order, the Claims and Solicitation Agent will collect and forward such mail (no less frequently than on a monthly basis) to, as applicable, (a) the Remaining Debtor at the following address (or such other address as may be subsequently provided

by the Remaining Debtor to Epiq) or (b) the Liquidating Trustee Matthew J. Dundon, Trustee, Wellpath Liquidating Trust, 10 Bank Street, Suite 1100, White Plains, New York, 10606, Attn: Matthew J. Dundon.

## Notice

30. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) Stinson LLP and Proskauer Rose LLP, as counsel to the Liquidating Trust; (c) the state attorneys general for states in which the Post-Restructuring Debtors conduct business; and (d) any party identified in section E of the *Procedures for Complex Cases in the Southern District of Texas* (collectively, the "Notice Parties"). A copy of this Motion and the Final Decree and Order approving it will also be made available on the Post-Restructuring Debtors' case information website located at https://dm.epiq11.com/Wellpath. Based on the circumstances surrounding this Motion and the nature of the relief requested, the Post-Restructuring Debtors respectfully submit that no other or further notice is required.

## No Prior Request

31. The Post-Restructuring Debtors have not previously sought the relief requested herein from the Court or any other court.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Post-Restructuring Debtors respectfully request entry of the Final Decree and Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated: June 9, 2025  
Dallas, Texas

/s/ *Marcus A. Helt*  
Marcus A. Helt (Texas Bar #24052187)  
MCDERMOTT WILL & EMERY LLP  
2801 N. Harwood Street, Suite 2600  
Dallas, Texas 75201-1664  
Telephone:    (214) 295-8000  
Facsimile:    (972) 232-3098  
Email:    mhelt@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)  
Bradley Thomas Giordano (admitted *pro hac vice*)  
Jake Jumbeck (admitted *pro hac vice*)  
Carole Wurzelbacher (admitted *pro hac vice*)  
Carmen Dingman (admitted *pro hac vice*)  
MCDERMOTT WILL & EMERY LLP  
444 West Lake Street, Suite 4000  
Chicago, Illinois 60606-0029  
Telephone:    (312) 372-2000  
Facsimile:    (312) 984-7700  
Email:    fperlman@mwe.com  
    bgiordano@mwe.com  
    jjumbeck@mwe.com  
    cwurzelbacher@mwe.com  
    cdingman@mwe.com

-and-

Steven Z. Szanzer (admitted *pro hac vice*)  
MCDERMOTT WILL & EMERY LLP  
One Vanderbilt Avenue  
New York, New York 10017  
Telephone:    (212) 547-5400  
Facsimile:    (212) 547-5444  
Email:    sszanzer@mwe.com

*Counsel to the Post-Restructuring Debtors*

16

**Certificate of Service**

      I certify that, on June 9, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Marcus A. Helt*
                                              Marcus A. Helt