# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUL 0 1 2025

Nathan Ochsner, Clerk of Court

IN RE

WELLPATH HOLDINGS, INC., et al.,

Post-Restructuring Debtors.

*ERIC Johnny ADAMS, et al*
*Claimant/Plaintiff*

(Former) Case No: 24-90533 (ARP)

(Open Case) CASE NO: 24-90566-(ARP)

CASE No: *2006-000033-MH-AX

(Jointly Administered) (Revised)

* (Counterclaim and Demand for Jury Trial)

Docket No. 2095-2268-2170-2626-2085-2

2102 AND 2108

---

**RESPONSE TO DEBTORS MOTION FOR ENTRY OF (1) FINAL DECREE, (A) CLOSING CERTAIN CHAPTER 11 CASES AND (B) TERMINATING CERTAIN CLAIMS AND NOTICING  SERVICES AND (II) ORDER (A) AMENDING THE ORDER DIRECTING JOINT ADMINISTRATION  OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

        The above named Plaintiff do hereby file this **RESPONSE TO THE DEBTORS MOTION** (the "Motion") Debtors Motion For Entry of (1) Final Decree, (A) Closing Certain Chapter 11 Cases and (B) Terminating Certain Claims and Noticing  Services and (II) Order (A) Amending the Order Directing Joint Administration  of Chapter 11 Cases and (B) Granting Related Relief WHERE  the Post-Restructuring Debtors seeks entry of a final decree and order, (the "Final Decree and

1

Order"), closing the chapter 11 cases (the "Closing Cases") of the Post-Restructuring Debtors thereto

termed in the filing as the ("Closing Debtors"), while leaving open the Chapter 11 Case styled In re

Wellpath SF Holdco, LLC Case No. 24-90566 (ARP) (Bankr. S.D. Tex.) (the "Remaining Case") of

Wellpath SF Holdco, LLC (the "Remaining Debtor"), and (b) terminating certain claims and noticing

services provided by Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims and Solicitation Agent")

in connection with the Closing Cases, (c) amending the Order Directing Joint Administration of Chapter

11 Cases [Docket No. 27] (the "Joint Administration Order"), (d) ensuring that the Post-Restructuring

Debtors and the Liquidating Trust may continue to pursue Retained Causes of Action and Liquidating

Trust Causes of Action, respectively, without any disruptions, and (c) granting related relief. "

The Plaintiff hereby files this RESPONSE OF NOTICE AND NOTE in regards to Cases and filings here

in *specific reference* of note to these Plaintiff Cases and the Circuit Court Cases (the "Circuit Cases")

No. 2006-00033-MH-AX et al. and Case No. 24-90533-(ARP) (Bankr. S.D. Tex.).

Whereas the Debtors Motion for orders terminating certain Claims and Noticing Service, Amending

the Order Directing Joint Administration of Chapter 11 Cases and for Granting of Related Relief is of

mention in that Certain Filings of Record in Case No. 24-90533-(ARP) be so entered into record of the

Open Chapter 11 Case Styled In re Wellpath SF HoldCo, LLC Case No 24-90566-(ARP) (Bankr. S.D.

Tex.) (the "Remaining Case") These Plaintiff Respectfully Request that the Orders make these additional

Statements of Record as to these Court Filings being that they have direct impact as to these Plaintiffs

Civil Commitment Cases as to reference of Court filings of Statement of position should the Debtors or

Trust Agents going Forward Deny, Reject or Disallow certain Claims that these Filings bare relevance to

certain points of Standings that are relevant to the ADR Procedures that has been sanctioned by the

Bankruptcy Courts Orders ( THE GENERAL FORM OF ORDER REGARDING LIFT STAY

MOTIONS) entered by the Court on 06/04/2025 Document 2907- 2095-2268-2170-2626-2085-2102

AND 2108 In further support of the Plaintiffs Request in Response :

1. " The Bankruptcy Court has "broad authority" under section 105(a) of the Bankruptcy Code; In re Padilla, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) (Section 105(a) gives Bankruptcy Courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and... authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code."") and that pursuant to these filings there has been and thereby so is a Statement of Position so proffered by the Post-Restructuring Debtors, The Liquidating Trust and its Trustee "(explaining that "[e]ven a cursory reading of this Rule leaves no doubt that the entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties of interest involved in a [c]hapter 11 case"). This result is consistent with the goals of the Bankruptcy Code, provides for the efficient implementation of the Plan and Confirmation Order, and would avoid an increase in administered expenses that would prejudice the recovery for unsecured claimholders..."

2. AND THAT: " *Article 12.1 language is impermissible being that Article 12.1 contains objectionable language...* " except as otherwise provided in this plan, on the effective date, (a) each person that has filed a proof of claim, and (b) to the fullest extent possible under applicable law, as such law may be extended or interpreted subsequent to the effective date, each entity (other than a debtor) that has held, holds, or may hold a claim or interest (each a "claimant") regardless of whether or not such claimant affirmatively votes to accept this plan ··· shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each released party from any and all causes of action whatsoever that constitute property of the estates, including any derivative causes of action asserted or that could be asserted on behalf of the debtors ··· This language is overly broad and pushes Article 12.1 into the realm of releases forbidden by Pacific Lumber.

3

3. *Pursuant to§1123(b)(3)(A) allows a plan to provide for " the settlement or adjustment of any claim or interest belonging to the debtor or to the estate…"*

4. *AND THAT: " The availability of settlements of claims may not be restricted under § 1123(b)(3)(a). under § 524, Congress 's intent to allow parties to agree to settle claims between them." and thus these languages as to Article 12.1 type assertions violates the requirements of consent and consideration for a valid settlement of claims ⋯" : and Article 12.4 consists of three parts; Article 12.4.1, 12.4.2., and 12.4.3. Article 12.4.1 is impermissible under the code. it provides that: except as otherwise specifically provided in the plan, the released parties are hereby released from and shall not have or incur any liability for any act taken or omission made in good faith in connection with or in any way related to(a) negotiating, formulating, implementing, confirming, administering, or consummating the plan. the disclosure statement or any plan document, or other agreement or document created in connection with or related to this plan, the disclosure statement, any plan of reorganization or liquidation or disclosure statement of any of the debtors, or the administration of these chapter 11 cases, or (b) any liability, claim or cause of action, whether known or unknown, asserted or unasserted, belonging to or assertable by the debtors or the estates against the released parties, from the beginning of time until the effective date; provided, however, that nothing in this section shall be construed to release any released party from willful misconduct as determined by a final order." when the plan is a liquidating plan, a debtor is not eligible for discharge. § 1141(d)(3). " even if these were the allowable case the debtors discharge under such a plan would be limited to those claims enumerated in §524 & 1141.. "*

5. That the Claimants Statement of Complaint and Claim are so filed in record in Case No. 24-90533 (ARP) and as such are so established as a matter of record in the open case No.24-90566

4

(ARP) as with all filings of record that may be referred to or drawn upon in any Go Forward

Bankruptcy Court proceedings or any other Court proceeding(s) for any necessary purpose of

establishing the record of filings. Claimant further states that the filings in Circuit Case No. 2006-

00033-MH-AX are filings of record and are such as purpose of establishing any such record of

filings as are necessary without any further need of filing or order of the Bankruptcy Court.

6. And that ( THE GENERAL FORM OF ORDER REGARDING LIFT STAY MOTIONS) [Doc.

2095-2268-2170-2626-2085-2102 AND 2108] entered by the Court on 06/04/2025 Document

2907 holds certain qualifications for the Claimant that may not be infringed upon with the

Debtors request for Order of Closing Designation of Certain Cases (Specifically Case No: 24-

90533 (ARP) ) in that the Retention of Jurisdiction of Disposition as to Final Claims Allowances

or Adjustment of Value or Amount of these Claims are particular to the Claimants rights to

Claims and of Claims and the disposition of said Claims has so been established as A *CLASS*

*CERTIFICATION AS TO THESE CLAIMS* ("A Court may certify a class with respect to

*particular issues* in a case rather than all elements of a claim or an entire case" ) FED. R. CIV. P.

23 ( C )(1)(B))." Section 1322 of the Bankruptcy Code allows for similar classification of claims

as class and the recognition of class in an action that has been previously designated as class. "

7. And that any such change or shift in position would ultimately effect the Motion for Relief of

Automatic Stay filed , Docket No (2095) Relief Sought : *"Respondent is aware that "a United*

*States Magistrate Judge may either (a) conduct all proceedings, including the entry of a final*

*order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all*

*proceedings and enter a final order as to specified motions only." 28 U.S.C. § 636(c); Fed. R.*

*Civ. P. 73; Local Rule 6.05. Appeals is directly to the United States Court of Appeals for the*

*Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment*

5

*of the district court. 28 U.S.C. §636(c)(3); Fed. R. Civ.P.73(c). Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1. Should this Court find Cause to not grant any such relief and entry of the Claims and the Order to lift automatic stay for purpose of settlement, then the respondent do so Appeal and submit this cause to the United State Magistrate Judge."*

8.  The Automatic Stay Order Docket No 2095-2268-2170-2626-2085-2102 AND 2108  does so affect this matter in that the Order does so allow for the disposition portal of these Claims upon the Liquidating  Trustees determination as to the status of Claims .

9.  While the Plaintiff /Claimant has opted out o the Plan the matter of Settlement is in Regards to the Terms of the Plans Informal Formal and Review of the Court that is pertinent in the Plan. The Concern of Mention is that throughout these Chapter 11 Cases the Debtors has repeatedly attempted to initiate exculpation clauses in their filings especially their ***closing filings.***

10. Thereby the Filings and Records of filings in Case No. 24-90533-(ARP) are substantive foundations for STATEMENT OF POSITIONS in any oppositional proceedings going forward and as a right to Claims is so protected for reference of record going forward and is therefore prohibited from being exculpated through the Closing portal or any granted relief sought.

11. And further that Case No: 2490533(ARP) filings are substantive foundations for the evidence of reference in an  inappropriate application of Administrative§ execution of Authority of Law, Authority of Law as a Subject matter jurisdictional province of its own Authority of Law to give

6

the Authority of law so founded in the Fifth Judicial Circuit Court in and for Marion County Florida. In Case No. 2006-000033-MH-AX and these filings and records of responses are of astronomical importance going forward, in that the Bankruptcy Courts Automatic Stay filed Docket No (2095) Order did grant the Post-Restructuring Debtors the releases that they so ardently sought throughout these chapter 11 filings and subjected the resolution of these Claims to the Liquidating trust and that the Claimants were in agreement with such findings and did not seek appeal pursuant to such however in these closing statements it would appear that the Post Restructuring Debtors are *shifting their position* or attempting to do so and as such they are subject to certain 'Res Judicata and Collateral Estoppel' doctrine. Any attempt or purported attempt to obscufate or elude these arrangements shall be deemed to represent 'void ab initio' and not enforceable Pursuant to 'void ab initio'.

12. Thus, Wellpath Holdings Inc., filed a joint administrated Bankruptcy Chapter 11 protection to include current and past employees as such the Debtors et al (Post Restructuring Debtors) would thereby be automatically substituted as a party in their official capacity when they filed as such and remain parties in their individual capacities. Fed. R. Civ. P. 25(d).

13. And as such pursuant to 12 U.S.C.§ 1819 (b)(2)(B) once the action was filed as a joint administered chapter 11 in the Bankruptcy Court of the Southern District Houston Division and the Debtors filed for the extension of the automatic stay to be extended permanently to non-debtors defendants to include these defendants as ex-employees of WELLPATH HOLDINGS Inc., AND THIS is now a NOTICE OF SUBSTITUTION and IS SO FILED at this point the action may be applied to *the Post- Restructuring Debtors et al* estate and moved to the Bankruptcy Court for purpose of Settlement pursuant to Substitution.

14. Of note is the following passage in the filing for such an order "13. On the Effective Date, all property in each Estate, all Retained Causes of Action, and any property acquired by any of the Debtors pursuant to the Plan (except the Liquidating Trust Assets) vested in each respective Post-Restructuring Debtor, free and clear of all liens, claims, charges, other encumbrances, and interests. See Plan Art. IV. K: Confirmation Order. 10 From and after the Effective Date, each Post-Restructuring  Debtor, as applicable, retains and may enforce all rights to commence, pursue, or settle(as appropriate and in accordance with the best interests of the Post-Restructuring Debtors), any and all Retained Causes of Action or Go Forward Causes of Action. See   Plan, Art. IV, L; Confirmation Order. 8 The Post-Restructuring Debtors and Liquidating Trust (as applicable ) have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Retained Cause of Action or Liquidation Trust Causes of Action, respectively, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court. See Plan. Art. IV.L., N; Confirmation Order. 8-9.".

15. That all Supplemental Declarations of JAMES SEITZ AS DIRECTOR OF INSURANCE OF WELLPATH HOLDINGS, INC. AND CERTAIN OF ITS AFFILIATES AND SUBSIDIARIES IN SUPPORT OF THE DEBTORS FIRST, SECOND, THIRD, FOURTH, FIFTH ,SIXTH SUPPLEMENTAL DECLARATIONS (DATES AND DOCKET NO. JANUARY 7, 2025, JANUARY 10, 2025; JANUARY 12, 2025, FEBRUARY 11, 2025, AND MARCH 11, 2025, APRIL 15, 2025 DOC. NO.828 (the "Original Declaration") Doc. No. 827 (the "First Omnibus Objection")the Debtors 'Omnibus Reply in support of Debtors 'Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative to Extend the Automatic Stay to Non-Debtor Defendants [Docket No. 897](the "Stay Reply"),the Original Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the Third

8

Supplemental Declaration, or the Fourth, Fifth and Sixth Supplemental Declaration as applicable Doc. No. 898, 912, 1337, 1747, 2255. Debtors Exhibit 06 as to the descriptions of the Debtors' insurance program set forth in the Original Declaration, First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, and Fourth Supplemental Declaration were incorporated therein by reference. The EMPLOYEE PRACTICE LIABILITY TOWERS FROM 10/1/2018 TO 2/28/2025 EXHIBIT A Document 1337-1 Filed in TXSB on 02/11/25 re-filed as Document 2309-4 in TXSB on 04/18/2025 shows Claim deductibles, coverages, and pay set offs as such the Alternative Dispute Resolution Settlement Agreement to be proffered and as such hereto is so proffered is estimated pursuant thereto in the amount of $372.000.000.00 onetime payment to settle all Claims of Record against any and all Claim defendants pursuant to the WELLPATH HOLDINGS INC et al.

16. THAT SUCH ORDERS GRANTING DOCKETS NO. 2095-2268-2170-2626-2085-2102 AND 2108 FOR VOTING PURPOSES (but not limited to) ARE A MATTER OF RECORD AND POSITION OF CLAIMANTS STATUS OF RIGHT OF CLAIM FOR ANY DISPUTE OF CLAIM GOING FORWARD.

17. Whereas pursuant to Document 1832-2 TXSB 03/17/25 "The Confirmation Order shall and shall be deemed to authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the plan, including the Restructuring Transactions, including, for the avoidance of doubt, any and all actions required to be taken under applicable non-bankruptcy law."

18. With the noted filing of Document 828 Filed in TXSB 0n 01/07/2025 pg. 8 of 10 refiled as Document 2309-1 Filed in TXSB on 04/18/2025 pg. 8 of 11 "(25) The Debtor fully retain risk to

pay claims made under 2023-2024 Fronting Policy, and Texas Insurance Company is not liable for, and does not pay, any claims made pursuant to this policy. Accordingly, damages and defense costs accrued in connection with the underlying actions covered by the 2023-2024 Fronting Policy are borne solely by the Debtors. The Debtors' 2023-2024 Fronting Policy, 2023 2024 Buffer SIR, and 2023-2024 Captive Policy constitute $15 Million SIR coverage. AXA has liability for defense costs, damages, judgments, and settlements arising from any single claim only in excess of the Debtors $15 Million SIR for each and every claim. Whether such third party coverage has been triggered shall be determined by the Parties in Debtors Determination through negotiations with the Insurance Policy Holders in these such Cases. The same filing further shows such coverage from 2024-2025 and how it may be comprised, should these not represent the accurate or detailed necessary insurance statements of coverages then the Post-Restructured Debtors, Liquidating Trust and Trustee are so authorized and encouraged to pursue and negotiate the necessary Settlement terms with the appropriate Insurance Policy Grantees.

19. Does appear to conflict with Article IV Means for Implementation of the plan. Whereas the Plan was designated pursuant to the filings of the Structured Plan Supplement a motion to approve the good faith compromise and settlement of all such Claims, Interests, Causes of Action and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the bankruptcy Code and Bankruptcy Rule 9019 as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable and in the best interests of the Debtors and their Estates…"

20. Whereas there in the Plan "The Debtors reserve the right to modify the Plan in accordance with Article XI hereof to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification, including by modifying the treatment applicable to a

Class of Claims or Interests to render such Class of Claims or Interests Unimpaired (or Impaired) to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules…" emph. Added. It would be cleared that such would be set out as such in the filing of the Document seeking to Modify the Plan…which this clearly does not state, yet appears obfuscating or an attempt to do so or insinuate an allowance for such modification in the future by inference without need for filings or authority of the Bankruptcy Court.

21. The burden of establishing that a settlement is fair and equitable based on the balance of the above factors, the Claimants and Debtors burden is not high." In re Roqumore, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008). Indeed, the Court need only determine that the settlement does not fall beneath the lowest point in the range of reasonableness." See In re Idearc Inc. 423 B.R. at 182 (The Trustee need only show that his decision falls within the range of reasonable litigation alternatives.")

22.    And that it falls upon the now Post-Restructuring Debtors, The Liquidating Trust and Trustee to appropriately pursue through negotiating portals the necessary terms upon which to retrieve the necessary set-off payment from each and every insurance coverage broker and or firm for their coverage amounts to pay settlement amount so proffered. The terms of those negotiations are of those Debtors purview with the Claimants positions that the Releases of Claims are subjected to the Agreement of Settlement Terms through Payment. The Parent Debtors CCS-CMGC-Parent Holdings, LP holds policies as well as other Subsidiaries of Record. Such necessary Triggering Requirements are so met and that the Debtors has so established their exclusive right to pursue these Causes of Action and as such are hereby granted permission on part of the Claimants to do so unencumbered so as long as these negotiations are conducted in good faith upon these terms of agreement.

23. Set-off derivative liability claims against H.I.G. Capital, LLC 1450 Brickwell Avenue, 31st Floor Miami Florida 33131 Attn. Richard Siegel, Esq. Akerman LLP 201 East Las Olas Boulevard, Suite 1800 Ft. Lauderdale, Florida 33301 Attn. Jason S. Oletsky and Eyal Berger McDonald Hopkins LLC 300 North LaSalle Street, Suite 1400 Chicago, Illinois 60654 Attn. David A. Agay and WELLPATH HOLDINGS, INC. 3340 PERIMETER HILL DRIVE NASHVILLE TENNESSEE 37211 Attn: Chief Executive Officer-Interim Chief Financial Officer- Chief Legal Officer.

24. Upon payment of Settlement Amount each of the Claimant Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor Parties, Post-Restructuring Debtor Parties, Liquidating Trust and Trustee from any and all claims, interests, damages, remedies, causes of action, demands, rights, debts, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter existing, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, asserted or assertable, direct or derivative, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Claimants against any of the Debtors or their Estates, that such claimant would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors and the TopCo Debtors (including the capital structure, management, ownership, equity sponsorship, or operation thereto), the business operations of the Debtors, actions taken by the Debtors' Board of Directors or Board of Managers, the purchase, sale, or recession of the purchase or sale of any security of the Debtors, the Post=Restructuring Debtors or Reorganized Wellpath, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan or the Recovery Solution Sale Order, the NBH Sale

12

Order, the business or contractual arrangements between or among any of the Debtors and any Released Party, the Debtors' restructuring efforts, the ownership or operation of the Debtors by any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the Debtors' in-or out-of-court restructuring efforts, any Avoidance Actions(but excluding Avoidance Actions brought as counterclaims or defenses to claims asserted against the Debtors), intercompany transactions(other than any intercompany claims that have been reinstated as contemplated above), the Restructuring Transactions, the Sale Transactions, entry into the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of as applicable, the orders approving the sale transactions, the Term Sheets, the Bidding Procedures, the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Equity Financing Documents, the DIP Documents, the Definitive Documents, or any other documents (including any legal opinion requested by any entity regarding any transaction, contrast, instrument, document or other agreement contemplated by the Recovery Solution Sale Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the orders approving the sale transactions, the Term Sheets, the Bidding Procedures, the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Equity Financing Documents, or the DIP Documents, the administration and implementation of the Plan, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than any obligations of any released party arising under the Plan, any Definitive Documents, or any other document, instrument, or agreement executed to implement the Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article IX.D do not release any lender under either the First Lien Credit Agreement or the Second Lien Credit Agreement from any indemnification or contribution claims of the applicable Prepetition Agent specifically

provided for in the First Lien Credit Agreement or the Second Lien Credit Agreement, as applicable."

## EXCULPATION

**The Claimants has alleged *willful misconduct, gross negligence, or actual fraud: \*"Other than in the case of willful misconduct, gross negligence, or actual fraud (but not, for the avoidance of doubt, Avoidance Actions)" The Debtors has no grounds for exculpation.***

1. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is exculpated from any Cause of Action or any claim arising from the Petition Date through the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable the Chapter 11 Cases, the Disclosure Statement, the Plan (including the Plan Supplement), the DIP Documents (including with respect to the DIP Facility and DIP Roll-Up Loans), the Restructuring Support Agreement, the Equity Financing Documents, the Purchase Agreement(s).

2. Motion for Order Pursuant to Bankruptcy Rule 3018(a) Allowance of Claim for Purpose of Voting to Accept or Reject the Plan [Docket No. 2102] [Docket No. 2127][Docket No. 2170][Docket No.2268] [Docket No.2095]-[Docket No.2268] –[Docket No. 2626]- [Docket No. 2085]-[Docket No. 2102] AND [Docket No. 2108] .

3. Alleges that the defendants "willful[ly], wanton[ly] and [with] reckless disregard deprived him of his liberty without due process of law…" Whereas Parrat v. Taylor 451 U.S. 527, 101 S. Ct.

14

1908, 68 L. Ed.2d 420 (1981), and its progeny do not apply to My allegations, and I had a right to attempt to prove I was entitled to relief..." Burch v. Apalachee Community Mental Health Services Inc., (C.A.11(Fla.)1988)."

4.  In that the material allegations of the complaint and its incorporated exhibits were and are to be taken as true, and liberally construing the complaint in favor of the plaintiff. Walker Process Equip. v. Food Machinery & Chemical Corp. 382 U.S. 172, 174-75, 86 S. Ct. 347, 348-49, 15 L. Ed.2d 247 (1965), Fed.R.Civ.P.8(f) Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) It did not appear beyond doubt that I as a Respondent could not prove no set of facts in support of My claim which would have entitled me to relief..." Conley, 355 U.S. at 45-46, 78 S. Ct. at 102..."

5.  That I further understand that I have opted out of the Plan and as such has and do agree to resolve my claims as a 'Given Class' whereas The Plan Treats Each Holder in a Given Class Similarly (11 U.S.C.§1123(a)(4) and as such Section 1123(a)(4) of the Bankruptcy Code requires a plan to "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." (Which I do not agree to a less favorable treatment of any such particular claim or interest) Thereby I, in accordance with Article III of the Plan that provides for the same treatment for each Claim or Interest of a particular Class, and that I waive the exception as a Holder of a Particular Claim or Interest to agree in writing to a less favorable treatment. I further agree that the Alternative Dispute Resolution Committee (as stated and formed ) shall continue to present these negotiations for these Settlement Agreements as a 'Given Class' and that I am a Common Consenter of the Majority and thereby agree to be represented by the Common Consent of the

Majority in the best interest of all.(provisions governing Plan Distributions, Disputed Claims, and claims reconciliation. (Article VI and VIII).

6. While the H.I.G. Indemnification pursuant to the Contract and Settlement Agreement with the Wellpath Holdings Inc. et al was ratified it further disconjoined the joint administered filing status of the entity and thereby H.I.G. became party to Derivative Liability Suit and Claim per the Notice of Claim Portal and as such do hereby stand as a Debtor of Liability and party to Settlement Agreement to Claims. Whereas the Claimants has included H.I.G. in the Releases Agreement upon Settlement Whereas specifically all Derivative Liability Claims shall be released as Settled upon this Settlement Agreement. Whereas any further negotiated offset amounts shall be resolved between the Debtor parties themselves as to the negotiated payment of $372,000,000.00 to avoid any doubt it is so related that the Claimants have a $186,000,000.00 Claims amount against H.I.G. per Claim (xs 2500) therefore the adjusted amount of claim can easily be 'recognized and acknowledged'. In that the (i) customary exculpations, releases, and provisions of injunctions does not affect these claims or these Plaintiffs of Class being that they are party to Suit initiated and voluntarily participated in by the Debtors so listed and are now Counterclaimed properly pursuant to Statute of Law and that these Derivative Liability Suits as Tort Claims of Personal Injury and Death are so of standing and as such the Parties has waived Objections and Trial see Filings as such and that as such should properly proceed as directed by their own Plan to the Alternative Dispute Resolution Portal with this Settlement Agreement and Payment. Such is further purported upon the assertion that these Debtor filings are reflective of a global compromise among the Debtors and their key stakeholders, including the Ad Hoc Group and the Committee to treat Holders of Claims against the Debtors in an economic and fair manner in accordance with the Bankruptcy Code's priority scheme and the good-faith compromise and settlement of certain claims and controversies among the Debtors and key stakeholders."

7.  The Claimant hereby respectfully submit that these provisions are consistent with Debtors (Post-Restructuring Debtors alike) as stakeholders interest and public policy and accordingly, satisfy the requirements of section 1123(a)(7) of the Bankruptcy Code."

8.  Agreement in these provisions demonstrates or will demonstrate that the Plan was proposed by the Debtors in good faith, with the legitimate and honest purpose of effectuating a reorganization of the Corrections Business and positioning the Post-Restructuring Debtors for long-term success, while enabling creditors to realize the highest possible recoveries under the circumstances of the Chapter 11 Cases, all as overseen by the Bankruptcy Court. Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 435 (1999) ([T]he two recognized policies underlying Chapter 11 [are] preserving going concerns and maximizing property available to satisfy creditors.") The just and expeditious Settlement of these Claims shall demonstrate the good faith arm's-length negotiations between the Debtors and certain of their key constituents including the Ad Hoc Group, the Committee, and the H.I.G. Corporations without any collusion, fraud, or attempt to take unfair advantage of any party in connection with such negotiations.

9.  Therefore the Post-Restructuring Debtors has sought not to prejudice the recovery for unsecured claimholders... as such it is of note that the    Filing Dated 03/17/25 Document 1832-2 and that the Debtors liability shall be assumed by the Liquidating Trust without further act, deed, or Court order and (ii) administered and paid from the Liquidation Trust as set forth in the Liquidation Trust Agreement, providing that such agreement and payment equates to the total sum of $372,000,000.00 to be paid in one payment to resolve all matters of claims in relation to these unsecured claims as agreed to by the common consent of the majority of responding claimants.

10. And that this General Settlement of Claims and Interests :Unless otherwise set forth in the plan, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distribution, releases, and other benefits provided under the plan, upon the Effective Date, the D & O Liability Insurance Policies shall be included to reach the payment yield of the $372,000,000.00 Total Compensation Settlement Amount to the Structured Secured Developments Inc. Escrow Account to be distributed to all claimants of class in the terms agreed upon by the common consent of the majority clause. This shall settle all pending unsecured claims in class in totality and dismiss All 'the counterclaims' with prejudice. The Bankruptcy Court requires among other things, a finding by the Bankruptcy Court that (a) the Plan "does not unfairly discriminate" and is "fair and equitable" with respect to any non-accepting Classes, (b) confirmation of the Plan is not likely to be followed by a liquidation or a need for further financial reorganization unless such liquidation or reorganization is contemplated by the Plan, and ( c) the value of distributions to non-accepting Holders of Claims within a particular Class under the Plan will not be less than the value of distributing such Holders would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code."


/s/ERIC JOHNNY ADAMS, PRO SE

RESPONDENT /CLAIMANT

ERIC JOHNNY ADAMS
FLORIDA CIVIL COMMITMENT CENTER
 13619 S.E. HWY 70
ARCADIA FLORIDA 34266

CERTIFICATE OF ACCURACY

I CERTIFY that the facts and circumstances described in the above pleadings giving rise to the **RESPONSE TO DEBTORS MOTION FOR ENTRY OF (1) FINAL DECREE, (A) CLOSING CERTAIN CHAPTER 11 CASES AND (B) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES AND (II) ORDER (A) AMENDING THE ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF** are true and accurate to the best of my knowledge, information, and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

Dated: _6/24/2025_

ERIC JOHNNY ADAMS Pro Se
RESPONDENT /CLAIMANT
FLORIDA CIVIL COMMITMENT CENTER
13619 S.E. HWY 70
ARCADIA FLORIDA 34266

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24 day of June 2025, I mailed this foregoing **Response To Debtors Motion For Entry Of (1) Final Decree, (A) Closing Certain Chapter 11 Cases And (B) Terminating Certain Claims And Noticing  Services And (Ii) Order (A) Amending The Order Directing Joint Administration  Of Chapter 11 Cases And (B) Granting Related Relief** to the Bankruptcy Clerk's Office at: United States Courthouse 515 Rusk Street Houston, TX 77002following Parties; Clerk of Court for the Southern District of Texas Houston Division: Gregory A. Kummerlen of Kummerlen Law, PLLC  601 Heritage Drive, Suite 432 Jupiter Florida 33458, Certificate of Service To: Marcus A. Helt  McDermott Will & Emery LLP 2801 N. Harwood Street, Suite 2600 Dallas Texas 75201 and Felicia Gerber Perlman, Bradley Thomas Giordano, Jake Jumbeck, Carole Wurzelbacher, Carmen Dingman at McDermott Will & Emery LLP 444 West Lake Street, Suite 4000 Chicago, Illinois 60606-0029 and Steven Z. Szanzer at McDermott Will & Emery LLP One Vanderbelt Avenue New York New York 10017.

Dated: 6/24/2025

/s/ERIC JOHNNY ADAMS, PRO SE

RESPONDENT /CLAIMANT

ERIC JOHNNY ADAMS
FLORIDA CIVIL COMMITMENT CENTER
13619 S.E. HWY 70
ARCADIA FLORIDA 34266

20

<u>OATH</u>

I, *Eric Johnny Adams* declare under penalty of perjury that the foregoing facts are true and correct Pursuant to Section 92.525, Florida Statutes, and Section 28 U.S.C. 1746 Federal Statutes (2016).

6/24/2025
Date

Respondent
Florida Civil Commitment Center
13619 S.E. HWY 70
Arcadia Florida 34266

<u>AFFIDAVIT</u>

STATE OF FLORIDA  )

COUNTY  OF DESOTO


Before me, the undersigned authority, Personally appeared,

_____Eric Adams_____, *(Personally Known Or*
*Presented Identification Card)* who first being duly sworn, deposes and says that
he is the Respondent in the foregoing and that the facts therein are true and correct.

Sworn To And Subscribed To  Before me this _____24th_____ Day of
____June____ 2025.


Stamp of Notary  )

> BIANCA VELASCO
> NOTARY PUBLIC
> STATE OF FLORIDA
> NO. HH 131594
> MY COMMISSION EXPIRES JUN. 28, 2025



_____
Signature of Notary

Epiq Bankruptcy Solutions, LLC
PO BOX 4470
Beaverton, OR 97076-4470

Address Service Requested

Legal Documents Enclosed
Please direct to the attention
of the Addressee,
Legal Department or President



BAR(23) MAILID *** 000236225978 ***        **** WPT CLMLTR (MERGE2,TXNUM2)  4000044281 ****



ADAMS, ERIC JOHNNY
RESIDENT #990205
FLORIDA CIVIL COMMITMENT CENTER
13619 SE HWY 70
ARCADIA, FL 34266

April 10, 2025

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the WELLPATH
case ("Acknowledgement"). The claim is also publicly available at the following website address:
http://dm.epiq11.com/#/case/WPT/claims. To ensure that your claim has been recorded correctly, please
review the following information:

|  |  |
|---|---|
| **Debtor:** | WELLPATH HOLDINGS, INC. |
| **Case Number:** | 24-90533 |
| **Creditor:** | ADAMS, ERIC JOHNNY |
| **Date Received:** | 03/27/2025 |
| **Claim Number:** | 2850 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim image on our website at the address
listed above. To find your proof of claim image, enter your name or claim number listed above in the
Search Box. The PDF claim image will be accessible on the right side of the page.

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ( "PII") THAT YOU MAY HAVE SUBMITTED AS PART OF
YOUR CLAIM. PII can include information used to distinguish or trace an individual's identity,
such as a social security number, biometric records, driver's license number, account number,
credit or debit card number (including any passwords, access codes, or PIN numbers), or other
similar information which alone, or when combined with other personal or identifying information
(such as date, place of birth, mother's maiden name etc.), is linked or traceable to a specific
individual.**

**The Proof of Claim Form allows for redacted information. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://dm.epiq11.com/#/case/WPT/info and select "Submit Inquiry" in the Case Actions section.**

You may also contact us by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

Epiq Bankruptcy Solutions, LLC
PO BOX 4470
Beaverton, OR 97076-4470

Address Service Requested

Legal Documents Enclosed
Please direct to the attention
of the Addressee,
Legal Department or President



BAR(23) MAILID *** 000236225979 ***          **** WPT CLMLTR (MERGE2,TXNUM2) 4000044282 ****



ADAMS, ERIC JOHNNY
RESIDENT #990205
FLORIDA CIVIL COMMITMENT CENTER
13619 SE HWY 70
ARCADIA, FL 34266

April 10, 2025

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the WELLPATH
case ("Acknowledgement"). The claim is also publicly available at the following website address:
http://dm.epiq11.com/#/case/WPT/claims. To ensure that your claim has been recorded correctly, please
review the following information:

| | |
|---|---|
| **Debtor:** | WELLPATH RECOVERY SOLUTIONS, LLC |
| **Case Number:** | 24-90565 |
| **Creditor:** | ADAMS, ERIC JOHNNY |
| **Date Received:** | 03/27/2025 |
| **Claim Number:** | 2851 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim image on our website at the address
listed above. To find your proof of claim image, enter your name or claim number listed above in the
Search Box. The PDF claim image will be accessible on the right side of the page.

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") THAT YOU MAY HAVE SUBMITTED AS PART OF
YOUR CLAIM. PII can include information used to distinguish or trace an individual's identity,
such as a social security number, biometric records, driver's license number, account number,
credit or debit card number (including any passwords, access codes, or PIN numbers), or other
similar information which alone, or when combined with other personal or identifying information
(such as date, place of birth, mother's maiden name etc.), is linked or traceable to a specific
individual.**

**The Proof of Claim Form allows for redacted information. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://dm.epiq11.com/#/case/WPT/info and select "Submit Inquiry" in the Case Actions section.**

You may also contact us by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**