UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WELLPATH HOLDINGS, INC., et al., | § | CASE NO. **24-90533 (ARP)** |
| | § | CHAPTER 11 |
| DEBTORS. | § | |

### MOTION TO CLARIFY AND ENFORCE RIGHT TO PROCEED AGAINST WELLPATH AS NOMINAL DEFENDANT AND OBTAIN DISCOVERY FROM DEBTOR AND NON-DEBTORS

(filed by Creditors Kenneth and Kenya Evans Independent Administrators of the Estate of KHAYLA J. EVANS)

***TO THE HONORABLE , UNITED STATES BANKRUPTCY JUDGE:***

Creditors Kenneth Evans and Kenya Evans, as Independent Administrators of the Estate of Khayla J. Evans ("Movants"), move for clarification of their post-confirmation rights under the confirmed Chapter 11 Plan of Wellpath Holdings, Inc. and its affiliated debtors ("Debtors"). Movants seek an order allowing them to proceed in the Northern District of Illinois litigation against Wellpath solely as a nominal defendant for the limited purpose of liquidating damages, to obtain discovery from Wellpath, and to pursue claims against non-debtor parties.

### I. INTRODUCTION

Movants are the duly appointed Independent Administrators of the Estate of Khayla J. Evans. They filed suit in the United States District Court for the Northern District of Illinois against Wellpath LLC, Lake County, and other defendants arising out of Ms. Evans' wrongful death while in custody at the Lake County Jail. The case was actively in discovery when Wellpath filed for bankruptcy protection in this Court.

Under the confirmed Plan, Movants timely opted out of the Third-Party Release, thereby preserving their rights to pursue claims against non-debtors and to proceed against Wellpath as a nominal defendant to recover from applicable insurance. Notwithstanding the expiration of the automatic stay, Wellpath has refused to participate in discovery and has moved to dismiss itself from the Illinois Action, creating uncertainty as to the scope of Movants' preserved rights.

## II. PROCEDURAL HISTORY

The underlying wrongful death and civil rights action was filed on June 30, 2023, in the Northern District of Illinois against Wellpath LLC, Lake County, and other defendants. The case caption is Evans v. Lake County, et al., Case No. 1:23-cv-04928. In the months leading up to Wellpath's bankruptcy filing, discovery was underway in the Illinois litigation.

On September 9, 2024, prior to the bankruptcy filing, Wellpath produced a limited set of documents. Subsequently, the parties met and conferred regarding additional electronically stored information ("ESI") that Wellpath was specifically obligated to produce, targeting, in particular, emails and correspondence regarding Khayla Evans. See ***EXHIBIT 1*** *- 10/1/2024 Joint Status Report, Case No. 1:23-cv-04928*.

This ESI was compelled to be produced on October 3, 2024 (Dkt. 98) in the Northern District of Illinois litigation. The production was never completed. As reflected in the parties' December 6, 2024 Joint Status Report, key categories of discovery remain outstanding, including the agreed-upon ESI, deposition testimony of former Wellpath employees, and certain insurance-related documents. See ***EXHIBIT 2*** *- 10/3/2024 Docket Entry - Joint Status Report - Order to Compel, Case No. 1:23-cv-04928*. See Also, ***EXHIBIT 5*** *- 10/6/2024 Docket Entry - Joint Status Report*.

On November 11, 2024, Wellpath Holdings, Inc. and its affiliates filed voluntary petitions for relief under Chapter 11 in this Court (Case No. 24-90533). On November 15, 2024, Wellpath filed a Suggestion of Bankruptcy in the Illinois Action, staying all proceedings.

On December 5, 2024, in this bankruptcy Movants filed a motion for relief from automatic stay (Docket No. 294 ) as well as Proof of Claim No. 3 asserting an unliquidated wrongful death claim. See ***EXHIBIT 3*** *- Creditor #12833142 proof of claim.*

On February 22, 2025, this Court entered an order enforcing the automatic stay until the earlier of plan confirmation or April 30, 2025, resolving Movants' Motion at Docket No. 294. The stay's effectiveness was later extended through May 7, 2025, to allow for confirmation of the Chapter 11 Plan (Docket No. 2592).

On May 1, 2025, this Court confirmed the First Amended Joint Chapter 11 Plan, which became effective on May 9, 2025. Article IX.F of the Plan allowed creditors to opt out of the Third-Party Release, preserving claims against non-debtors and the right to proceed against the debtor as a nominal defendant. The opt out deadline for incarcerated or formerly incarcerated indivduals was July 30, 2025.

On June 20, 2025, Movants timely opted out of the Third-Party Release via the Plan's electronic portal (confirmation # *UMYIMABINX* ) before the July 30 deadline. See **EXHIBIT 4** - *Movants' E-Filed Opt Out.*

Despite the expired stay and the opt-out, Wellpath has produced no more of the ESI discovery it was obligated to produce in the Illinois Action and has moved to dismiss itself with prejudice, prompting the Illinois court to direct the parties to seek clarification from this Court.

### III. CURRENT COURT STATUS

Following the expiration of the automatic stay on May 12, 2025, the parties resumed appearances in the Northern District of Illinois case, Evans v. Lake County, et al., Case No. 1:23-cv-04928. The case had been in the early stages of discovery before the bankruptcy filing, with Movants' compelled discovery requests to Wellpath still outstanding.

As reflected in the December 6, 2024 joint status report (Ex. 5), Wellpath has not completed the compelled ESI production ordered on October 3, 2024, and has refused to produce certain former employees for deposition. See **EXHIBIT 5** - *10/6/2024 Docket Entry - Joint Status Report, Case No. 1:23-cv-04928.*

On June 18, 2025 WellPath attorneys filed a motion to withdraw as counsel in the Illinois Action . Then on July 1, 2025, Wellpath filed a motion seeking to dismiss the case with prejudice, asserting that Movants'claims were discharged under the confirmed Chapter 11 Plan and that Wellpath had no continuing obligation to participate in the litigation. Wellpath also argued that it could not be compelled to respond to discovery. See **EXHIBIT 6**- *WellPath's Motion to Withdraw as Counsel* & **EXHIBIT 7** *WellPath's Motion to Dismiss, Case No. 1:23-cv-04928.*

Movants opposed this position, asserting that they had timely opted out of the Plan's Third-Party Release on June 20, 2025, preserving their rights to proceed against Wellpath as a nominal defendant and to pursue claims against non-debtor parties. Movants also noted that Wellpath's insurance coverage and participation as a nominal defendant were critical to the liquidation of damages and prosecution of claims against non-debtors.

At the August 4, 2025 hearing on Wellpath's pending motions, the Illinois federal court sought clarification from the parties regarding the scope of Movants' post-confirmation rights under the Plan and the enforceability of discovery obligations against Wellpath as a nominal defendant. The court terminated Wellpath's motion to withdraw and directed the parties to meet and confer regarding a potential stipulation by which Plaintiffs could proceed with discovery against now-defunct Wellpath, with a joint status report due August 18, 2025. See ***EXHIBIT 8**-08/05/2025 Docket Entry - Joint Status Report, Case No. 1:23-cv-04928*.

In light of these discussions, the court indicated that clarification from this Bankruptcy Court would assist in determining whether and to what extent discovery from Wellpath may proceed in support of Movants' claims against the debtor and non-debtor parties. A tracking status hearing has been set for September 8, 2025, at 9:00 a.m. in that matter.

**<u>The result is a procedural impasse:</u>**

- Movants maintain they are entitled to proceed against Wellpath as a nominal defendant and obtain discovery from Wellpath and non-debtor parties.

- Wellpath maintains it is discharged from any participation and seeks dismissal from the Illinois Action.

- The Illinois court has deferred further substantive rulings pending guidance from this Court.

This motion seeks that guidance so the Illinois Action can proceed in accordance with the Plan, the opt-out rights preserved by Movants, and applicable law.

## IV. ARGUMENT

### A. The Plan and Opt-Out Preserve Movants' Right to Proceed Against Wellpath as a Nominal Defendant

The confirmed plan expressly permits certain actions to continue post-confirmation for the purpose of liquidating claims against the Debtors and pursuing recovery from non-debtor sources, such as insurers, provided the plaintiff has timely opted out of the plan's third-party release. Movants timely submitted their opt-out on June 20, 2025, preserving their rights to proceed against Wellpath as a nominal defendant and to pursue non-debtor parties.

*Article VIII.F and VIII.I of the plan state*:

> "Nothing in the Plan, the Confirmation Order, or the Injunctions set forth in this ArticleVIII shall prohibit any holder of a Claim or Interest who has timely and properly opted out of the Third-Party Release from continuing to prosecute any action against a Released Party for the sole purpose of establishing liability to collect upon any applicable insurance policy or to recover from any other non-Debtor Person, provided that such holder shall not be entitled to recover on account of any such Claim or Interest from any Released Party beyond the extent of available insurance coverage or other recovery from a non-Debtor Person."

This carve-out contains no limitation on discovery where such discovery is a necessary procedural step in establishing liability. Because Movants' claims were unliquidated at confirmation and require proof through factual development, the plan contemplates that such litigation and attendant discovery can proceed.

### B. Case Law Confirms That Nominal Defendant Litigation May Proceed Post-Discharge

The Fifth Circuit has long held that a debtor's discharge does not impair a creditor's right to establish the debtor's liability for the purpose of recovering from available insurance or other third-party sources. Matter of Edgeworth, 993 F.2d 51, 54–55 (5th Cir. 1993). The court explained that "the fresh start policy is not intended to provide a windfall to insurance companies" and that a discharge "does not extinguish the debt itself" but merely relieves the debtor from personal liability. Id. Thus, creditors may proceed nominally against the debtor to

establish liability and collect from available insurance. Based on this reasoning, Movants contend that where the debtor possesses information or documents necessary to prove such liability, limited post-discharge discovery is appropriate as part of the process of enforcing the surviving claim against the insurer.

Likewise, the Eleventh Circuit in In re Jet Florida Sys., Inc., 883 F.2d 970, 975 (11th Cir. 1989), recognized that "nothing in the language or policy of the Bankruptcy Code" bars post-discharge actions when pursued solely to fix the debtor's liability and recover from a non-debtor source. Where discovery from the debtor is a necessary procedural step in liquidating the claim and pursuing recovery from such a source, it may proceed notwithstanding the discharge.

Together, these decisions confirm that nominal-defendant litigation may proceed post-discharge for the purpose of fixing liability to recover from insurance or other non-debtor sources, and that discovery from the debtor is permissible where it is a necessary procedural step in that process.

### C. Discovery Is Necessary to Effectuate Movants' Preserved Rights

Movants' wrongful death claims involve both debtor and non-debtor defendants. The discovery sought, including written discovery ordered before the bankruptcy and the deposition testimony of former Wellpath employees, is essential to proving liability and damages against both Wellpath as a nominal defendant and the non-debtor defendants whose conduct is intertwined. This testimony and documentation substantially overlap with the factual issues in the Illinois Action and are critical to liquidating Movants' claims.

The Illinois federal court has already acknowledged the need for clarity on this issue, as reflected in its August 4, 2025 minute order directing the parties to explore a stipulation for discovery against Wellpath and deferring substantive rulings pending guidance from this Court. That guidance is now sought so that the Illinois Action may proceed in the manner contemplated by the Plan, the opt-out provisions, and governing law.

### D. Clarification Will Facilitate Efficient Resolution of the Illinois Action Without Undermining the Plan

Clarification on these points will resolve the current procedural impasse in the Illinois litigation, where the presiding court has expressly deferred further proceedings pending this Court's guidance on the scope of Movants' post-confirmation rights. By confirming that Movants may proceed with the discovery obligations already in place prior to the bankruptcy filing, this Court will ensure that the claims can be litigated efficiently, consistent with the terms of the confirmed Plan and Movants' valid opt-out election.

### V. RELIEF REQUESTED

Movants respectfully request a hearing/status conference; *OR* an order from this Court clarifying that:

- They may proceed in the Illinois Action against Wellpath solely as a nominal defendant for the purpose of liquidating their damages;

- They may obtain discovery from Wellpath relevant to claims against non-debtor parties; and

- They may pursue claims against non-debtor defendants consistent with their timely opt-out of the Plan's Third-Party Release.

- Movants also request such other and further relief as the Court deems just and proper.

Respectfully Submitted,
*Salvi, Schostok & Pritchard P.C.*
218 N. Martin Luther King Jr., Ave.
Waukegan, IL 60085
Phone: 847-249-1227
Fax: 847-249-0138
**ATTORNEY FOR MOVANTS**

BY : **/s/ Adrian C. Spearman**
ADRIAN C. SPEARMAN
TEXAS BAR # 24117085
*Spearman Legal Firm, P.C.*
3560 W. Camp Wisdom Rd.,
Suite 200 Dallas, Texas 75237
acs@spearmanlegal.com
214-888-8253(p)
**BANKRUPTCY COUNSEL FOR MOVANTS' ATTORNEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Hearing was this the 12th day of August, 2025, forwarded to all parties-in-interest listed on the Debtor's mailing matrix by electronic means if available, and if not available, by First Class U.S. Mail.

Marcus Alan Helt
McDermott Will & Schulte LLP
2801 N. Harwood St.
Suite 2600 Dallas, TX 75201

and

STINSON LLP
Nicholas Zluticky
Zachary Hemenway
1201 Walnut, Suite 2900
Kansas City, MO 64106
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com

and

PROSKAUER ROSE LLP
Brian S. Rosen, Ehud Barak, Daniel Desatnik
Eleven Times Square
New York, NY 10036
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com
*ATTORNEYS FOR DEBTOR*

**US Trustee**
Office of the US Trustee
515 Rusk Ave Ste 3516
Houston, TX 77002
USTPRegion07.HU.ECF@USDOJ.GOV
*Added: 11/11/2024*
**US TRUSTEE**

**Wellpath Holdings, Inc.**
3340 Perimeter Drive
Nashville, TN 37211
*Added: 11/11/2024*
**DEBTOR**

**The Special Committee of the Board of Directors of CCS-CMGC Intermediate Holdings 2, Inc. at the Sole Direction of the Independent Directors**
McDonal Hopkins LLC
300 N. LaSalle Street Suite 2100
Chicago, IL 60654
312-642-2217
312-280-8232 (fax)
dagay@mcdonaldhopkins.com
*Assigned: 11/25/24*
**ATTORNEY FOR DEBTOR**

8

**Statutory Unsecured Claimholders' Committee of Wellpath Holdings, Inc., et al.**
**Lucas Lyle Schneider**
Stinson LLP
1050 17th St Ste 2400
Denver, CO 80265

/s/ ADRIAN C. SPEARMAN
ADRIAN C. SPEARMAN
ATTORNEY FOR MOVANTS