UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WELLPATH HOLDINGS, INC., et al., | § | CASE NO. **24-90533 (ARP)** |
| | § | CHAPTER 11 |
| DEBTORS. | § | |

PROPOSED ORDER GRANTING MOTION TO CLARIFY AND ENFORCE RIGHT TO
PROCEED AGAINST WELLPATH AS NOMINAL DEFENDANT AND OBTAIN
DISCOVERY FROM DEBTOR AND NON-DEBTORS
**(RESOLVES DKT. NO. 3387)**

The Court, having reviewed the Motion to Clarify and Enforce Right to Proceed Against Wellpath as Nominal Defendant and Obtain Discovery from Debtor and Non-Debtors (DKT. NO 3387), any responses or objections thereto, the arguments of counsel, and the applicable law, finds and concludes as follows:

**IT IS HEREBY FOUND, ORDERED, AND ADJUDGED THAT:**

1. Movants Kenneth Evans and Kenya Evans, in their capacity as Independent Administrators of the Estate of Khayla J. Evans, timely opted out of the Third-Party Release under the Debtors' confirmed Plan and are not enjoined from proceeding against former Wellpath as a nominal defendant for the limited purposes described herein.

2. Movants are authorized to proceed against former Wellpath, as a nominal defendant only, in *Evans v. Cook County, Illinois, et al.*, Case No. 1:23-cv-04928, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division, for purposes of:

   (i) Ruling on any pending or future dispositive motions that may establish Wellpath's liability;

   (ii) Liquidating Movants' claims against Wellpath; and

   (iii) Pursuing any related claims against non-debtor parties, including insurers and indemnitors.

3. For purposes of claim liquidation in the above-captioned District Court litigation, Movants may obtain discovery from Wellpath, the Liquidating Trust, and any non-debtor parties to the extent such discovery is relevant to liability or damages in *Evans v. Cook County, Illinois, et al.*.

4. Nothing in this Order shall be construed to permit Movants to enforce any judgment for monetary damages against Wellpath or its property, except as provided in and consistent with the confirmed Plan and this Court's prior orders.

5. This Court retains jurisdiction to interpret, implement, and enforce the terms of this Order.

Dated: _____, 2025

__ _____

ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE
Houston, Texas

***END OF ORDER***